APPEAL,TYPE–A

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–03590–JEB</u>

| | |
|---|---|
| FEDERAL TRADE COMMISSION v. META PLATFORMS, INC. | Date Filed: 12/09/2020 |
| | Jury Demand: None |
| Assigned to: Chief Judge James E. Boasberg | Nature of Suit: 410 Anti–Trust |
| Case: 1:22–mc–00088–JEB | Jurisdiction: Federal Question |

Case in other court:  N. D. Cal., 21–CV–02108
N.D. Cal., 3:20–cv–08817
N.D. Cal., 3:21–cv–618
N.D. Cal., 3:21cv00336
N.D. Cal., 3:21cv00337
N.D. Cal., 4:20–cv–9217
N.D. Cal., 5:20–cv–09130
N.D. Cal., 5:21–cv–01117

Cause: 15:0053 Federal Trade Commission Act

**Plaintiff**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | represented by | **Anusha Sunkara** |
| | | RULE GARZA HOWLEY |
| | | 901 7th St NW |
| | | Washington, DC 20001 |
| | | 202–843–9280 |
| | | Email: sunkara@rulegarza.com |
| | | *TERMINATED: 11/12/2024* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Ario Fazli** |
| | | FEDERAL TRADE COMMISSION |
| | | 400 7th Street SW |
| | | Washington, DC 20024 |
| | | 202–326–3300 |
| | | Email: afazli@ftc.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Daniel John Matheson** |
| | | FEDERAL TRADE COMMISSION |
| | | Bureau of Competition |
| | | 400 7th Street, SW |
| | | Washington, DC 20024 |
| | | (202) 326–2075 |
| | | Email: dmatheson@ftc.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Erin Frake**
FEDERAL TRADE COMMISSION
Bureau of Competition
400 7th Street SW
Washington, DC 20024
202–326–2422
Email: efrake@ftc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Lorber**
2401 Pennsylvania Avenue NW #605
Washington, DC 20037
202–655–7118
Email: jlorber@ftc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Taylor**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2262
Email: ptaylor@ftc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abby L. Dennis**
FEDERAL TRADE COMMISSION
Constitution Center
400 7th Street SW
Washington, DC 20024
202–326–2381
Email: adennis@ftc.gov
*ATTORNEY TO BE NOTICED*

**Albert Teng**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–3272
Email: ateng@ftc.gov
*ATTORNEY TO BE NOTICED*

**Alicia Loh**
FEDERAL TRADE COMMISSION
400 7th Street SW
SUITE Office 6414
Washington, DC 20024
202–326–3021
Email: aloh@ftc.gov

*ATTORNEY TO BE NOTICED*

**Barrett James Anderson**
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
202–460–0766
Email: banderson1@ftc.gov
*ATTORNEY TO BE NOTICED*

**Benjamin D. Rashkovich**
2320 SE Morrison St.
Apt 3
Portland, OR 97214
914–330–4672
Email: brashkovich@ftc.gov
*ATTORNEY TO BE NOTICED*

**Brian Telpner**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
(202) 326–2782
Fax: (202) 326–3383
Email: btelpner@ftc.gov
*TERMINATED: 12/14/2020*

**Burke W. Kappler**
FEDERAL TRADE COMMISSION
Office of General Counsel
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326–2043
Email: bkappler@ccianet.org
*TERMINATED: 01/08/2021*

**Christopher Douglas Harris**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2492
Email: charris1@ftc.gov
*ATTORNEY TO BE NOTICED*

**Danica Noble**
FEDERAL TRADE COMMISSION
Northwest Region
915 2nd Avenue
Suite 2800
Seattle, WA 98104
206–220–5006
Email: dnoble@ftc.gov

*ATTORNEY TO BE NOTICED*

**David Brunfeld**
FEDERAL TRADE COMMISSION
Bureau of Competition
400 7th Street, S.W.
Suite 6412
Washington, DC 20580
202–326–2938
Email: dbrunfeld@ftc.gov
*ATTORNEY TO BE NOTICED*

**David E. Owyang**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–3013
Email: dowyang@ftc.gov
*TERMINATED: 09/29/2023*
*ATTORNEY TO BE NOTICED*

**Douglas A. Gretz**
FEDERAL TRADE COMMISSION
1 Bowling Green
New York, NY 10004
202–538–1974
Email: dgretz@ftc.gov
*TERMINATED: 07/29/2025*
*ATTORNEY TO BE NOTICED*

**Edward H. Takashima**
FEDERAL TRADE COMMISSION
400 7th Street SW
Washington, DC 20024
202–326–2464
Email: etakashima@ftc.gov
*TERMINATED: 04/22/2022*

**Elan J. Weinberger**
FEDERAL TRADE COMMISSION
400 7th Street SW
Washington, DC 20024
202–326–3243
Email: eweinberger@ftc.gov
*ATTORNEY TO BE NOTICED*

**Eric Cochran**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–3454
Email: ecochran@ftc.gov

*TERMINATED: 03/14/2022*

**Gary Mitchell London , Jr**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2451
Email: glondon@ftc.gov
*TERMINATED: 11/24/2025*
*ATTORNEY TO BE NOTICED*

**Henry J. Hauser**
PERKINS COIE
1900 Sixteenth Street Suite 1400
Denver, CO 80202
303–291–2343
Email: henry.hauser@usdoj.gov
*TERMINATED: 11/19/2021*

**James Harris Weingarten**
MILBANK LLP
1101 New York Avenue, NW
Washington, DC 20005
202–835–7525
Email: jweingarten@milbank.com
*TERMINATED: 06/06/2024*
*ATTORNEY TO BE NOTICED*

**Jennifer Elyse Tarr**
FEDERAL TRADE COMMISSION
400 7th Street SW
Washington, DC 20024
202–326–3346
Email: jtarr@ftc.gov
*ATTORNEY TO BE NOTICED*

**Jessica Moy**
FEDERAL TRADE COMMISSION
901 Market Street
Suite 570
San Francisco, CA 94103
415–848–5151
Email: jmoy@ftc.gov
*ATTORNEY TO BE NOTICED*

**June Burton**
FEDERAL TRADE COMMISSION
Technology Enforcement Division
400 7th Street SW
Washington, DC 20004
202–262–0805
Email: jburton@ftc.gov

*TERMINATED: 10/23/2023*

**June Hee Im**
FEDERAL TRADE COMMISSION
Bureau of Competition
400 7th Street SW
Suite 6316
Washington, DC 20024
202–326–2279
Email: jim@ftc.gov
*TERMINATED: 10/23/2023*
*ATTORNEY TO BE NOTICED*

**Karen Virginia Goff**
FEDERAL TRADE COMMISSION
90 7th Street
Suite 14–300
San Francisco, CA 94103
415–848–5124
Email: kgoff@ftc.gov
*ATTORNEY TO BE NOTICED*

**Krisha A. Cerilli**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–3337
Email: kcerilli@ftc.gov
*ATTORNEY TO BE NOTICED*

**Maria M. DiMoscato**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2315
Email: mdimoscato@ftc.gov
*ATTORNEY TO BE NOTICED*

**Mark Silvia**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–3291
Email: msilvia@ftc.gov
*TERMINATED: 02/06/2025*
*ATTORNEY TO BE NOTICED*

**Mary Casale**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2467

Email: mcasale@ftc.gov
*TERMINATED: 04/16/2021*

**Melissa M. Ihnat**
FEDERAL TRADE COMMISSION
Technology Enforcement Division
400 7th Street, SW
Suite 1067
Washington, DC 20024
202–326–2865
Email: mihnat@ftc.gov
*ATTORNEY TO BE NOTICED*

**Michael Mikawa**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Golden Gate Avenue
Suite 10–0101
Room 10–0101
San Francisco, CA 94102
415–229–2950
Email: michael.mikawa@usdoj.gov
*TERMINATED: 04/11/2022*

**Michael H Smith**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2031
Email: msmith9@ftc.gov
*ATTORNEY TO BE NOTICED*

**Michael David White**
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Ste Mailstop CC–10232
Washington, DC 20580
202–326–3196
Fax: 202–326–2752
Email: mwhite1@ftc.gov
*ATTORNEY TO BE NOTICED*

**Nathan Daniel Brenner**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2314
Email: nbrenner@ftc.gov
*ATTORNEY TO BE NOTICED*

**Nicholas A. Widnell**
FEDERAL TRADE COMMISSION

400 7th St SW
Washington, DC 20024
202–326–3027
Email: nwidnell@ftc.gov
*ATTORNEY TO BE NOTICED*

**Njeri Mugure**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2247
Email: nmugure@ftc.gov
*ATTORNEY TO BE NOTICED*

**Noel Miller**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–3639
Email: nmiller2@ftc.gov
*ATTORNEY TO BE NOTICED*

**Oren Vitenson**
FEDERAL TRADE COMMISSION
400 7th Street SW
Suite Cc–5411
Washington, DC 20024
202–326–2072
Email: ovitenson@ftc.gov
*ATTORNEY TO BE NOTICED*

**Owen T. Masters**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2138
Email: omasters@ftc.gov
*ATTORNEY TO BE NOTICED*

**Patricia Galvan**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2473
Email: pgalvan@ftc.gov
*ATTORNEY TO BE NOTICED*

**Rebecca Weinstein**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2922

Email: rweinstein@ftc.gov
*TERMINATED: 09/28/2023*
*ATTORNEY TO BE NOTICED*

**Robert E. Zuver , Jr.**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
(202) 326–3134
Fax: (202) 326–2286
Email: rzuver@ftc.gov
*ATTORNEY TO BE NOTICED*

**Stephen Pearson , III**
FEDERAL TRADE COMMISSION
400 7th Street SW
Washington, DC 20024
202–326–3323
Email: spearson@ftc.gov
*ATTORNEY TO BE NOTICED*

**Susan Musser**
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
202–663–6155
Email: susan.musser@wilmerhale.com
*TERMINATED: 09/30/2025*
*ATTORNEY TO BE NOTICED*

**Sylvia Zhang**
FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–3229
Email: szhang@ftc.gov
*TERMINATED: 09/28/2023*
*ATTORNEY TO BE NOTICED*

**Thomas G. Mattes**
FEDERAL TRADE COMMISSION
Bureau of Competition
400 7th Street, SW
Suite 5413
Washington, DC 20024
202–297–6108
Email: tmattes@ftc.gov
*TERMINATED: 09/30/2025*
*ATTORNEY TO BE NOTICED*

**Timothy Slattery**

FEDERAL TRADE COMMISSION
400 7th Street, SW
Washington, DC 20024
202–326–2471
Email: tslattery@ftc.gov
*TERMINATED: 01/16/2026*
*ATTORNEY TO BE NOTICED*

**William Stuart Hirschfeld**
FEDERAL TRADE COMMISSION
Northwest Regional Office
915 Second Avenue
Suite 2896
Seattle, WA 98104
202–683–0595
Email: shirschfeld@ftc.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FACEBOOK INC.**
*TERMINATED: 01/24/2022*

represented by **Mark Charles Hansen**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, PLLC
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7904
Fax: (202) 326–7999
Email: mhansen@kellogghansen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Martin Panner**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7921
Fax: (202) 326–7999
Email: apanner@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Geoffrey M. Klineberg**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7928

Fax: (202) 326–7999
Email: gklineberg@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Kevin Brent Huff**
KELLOGG HANSEN TODD FIGEL &
FREDERICK,
1615 M Street NW
Ste 400
Washington, DC 20036
202–326–7991
Email: khuff@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7900
Fax: (202) 326–7999
Email: kmiller@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Leslie V. Pope**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
202–326–7900
Fax: 202–326–7999
Email: lpope@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Silvija A. Strikis**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7900
Fax: 202–326–7999
Email: sstrikis@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**META PLATFORMS, INC.**            represented by **David Gringer**
WILMER CUTLER PICKERING HALE
& DORR LLP
7 World Trade Center

250 Greenwich Street
New York, NY 10007
212–230–8864
Email: david.gringer@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Brent Huff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Charles Hansen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sheila R. Adams James**
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
212–450–4000
Email: sheila.adams@davispolk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sonal Naresh Mehta**
WILMER CUTLER PICKERING HALE
& DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
650–600–5051
Email: Sonal.Mehta@wilmerhale.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aaseesh P. Polavarapu**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
202–326–7919
Email: apolavarapu@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Alex Parkinson**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.

1615 M St. NW
Suite 400
Washington, DC 20036
202–326–7900
Email: aparkinson@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Alex Treiger**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK P.L.L.C.
1615 M Street N.W.
Suite 400
Washington DC, DC 20036
202–326–7995
Email: atreiger@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Ana Nikolic Paul**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
202–326–7993
Email: apaul@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Andrew Edward Goldsmith**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7945
Fax: (202) 326–7999
Email: agoldsmith@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Andrew Skaras**
KELLOGG HANSEN TODD FIGEL &
FREDERICK, PLLC
1615 M Street, NW
Suite 400
Washington, DC 20036
202–326–7950
Email: askaras@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Ariela Migdal**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW

Suite 400
Washington, DC 20036
202–326–7900
Email: amigdal@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catalina Vergara**
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
213–430–6000
Fax: 213–430–6407
Email: cvergara@omm.com
*TERMINATED: 07/21/2023*
*PRO HAC VICE*

**Catherine Redlingshafer**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
202–326–7908
Email: credlingshafer@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel V. Dorris**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
202–326–7900
Fax: 202–326–7999
Email: ddorris@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Diego Negron–Reichard**
KELLOG, HANSEN, TODD, FIGEL &
FREDRICK, PLLC
1615 M St NW
Suite 400
Washington, Ste 400
Washington, DC 20036
202–367–7821
Email: dnegron–reichard@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Evan T. Leo**
KELLOGG, HANSEN, TODD, FIGEL &

FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
202–326–7930
Email: eleo@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Geoffrey M. Klineberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Dayle Carlin DePalo**
KELLOGG HANSEN TODD FIGEL AND
FREDERICK PLLC
1615 M Street Northwest
Suite 400
Washington, DC 20036
202–367–7975
Email: hdepalo@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Hilary Weaver**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC 20036
202–367–7804
Email: hweaver@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Jacob Hartman**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC 20036
202–326–7900
Fax: 202–326–7999
Email: jhartman@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James P. Rouhandeh**
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
212–450–4000
Email: rouhandeh@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan Reinold Garcia Gonzalez**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
404–556–7625
Email: jgonzalez@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph S. Hall**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, PLLC
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7983
Fax: (202) 328–7999
Email: jhall@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Justin Berg**
1615 M Street NW Suite 400
Washington, DC 20036
202–326–7900
Email: jberg@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Kevin David Horvitz**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
202–326–7900
Email: khorvitz@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Kevin J. Orsini**
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
Two Manhattan West
New York, NY 10001
212–474–1000
Email: korsini@cravath.com
*ATTORNEY TO BE NOTICED*

**Lillian V. Smith**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.

1615 M Street NW
Suite 400
Washington, DC 20036
202–326–7974
Fax: 202–326–7999
Email: lsmith@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Michael Stuart Scheinkman**
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
212–450–4754
Email: michael.scheinkman@davispolk.com
*ATTORNEY TO BE NOTICED*

**Natalie Giotta**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
202–367–7832
Email: ngiotta@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nataliia Gillespie**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
202–326–7966
Email: ngillespie@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Perry A. Lange**
WILMER CUTLER PICKERING HALE
& DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
202–663–6493
Email: perry.lange@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Silvija A. Strikis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary Michael Meskell**

KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
202–367–7836
Email: zmeskell@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Movant**

**SEQUOIA CAPITAL OPERATIONS.
LLC**

represented by **Samer Makram Musallam**
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
202–508–4850
Email: samer.musallam@ropesgray.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**NEW YORK TIMES COMPANY**

represented by **Dana R. Green**
THE NEW YORK TIMES COMPANY
620 8th Avenue
New York, NY 10018
(212) 556–5290
Fax: (212) 556–4634
Email: dana.green@nytimes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Tai**
THE NEW YORK TIMES COMPANY
620 8th Avenue
New York, NY 10018
212–556–1244
Email: tim.tai@aya.yale.edu
*TERMINATED: 08/08/2025*
*ATTORNEY TO BE NOTICED*

V.

**Non–Party Petitioner**

**SNAP INC.**

represented by **David A. O'Neil**
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue NW
Ste 500
Washington, DC 20004
(202) 383–8040
Fax: (202) 383–8118
Email: daoneil@debevoise.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Karin**
WILSON SONSINI GOODRICH &
ROSATI
31 West 52nd Street
Ste Fifth Floor
New York, NY 10019
212–497–7797
Email: jkarin@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Joseph Mucchetti**
CLIFFORD CHANCE US LLP
2001 K Street, NW
Washington, DC 20006
202–912–5053
Email: peter.mucchetti@cliffordchance.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robin S Crauthers**
WILSON SONSINI
1700 K Street
Suite 4/31
Washington, DC 20006
314–359–6563
Email: rcrauthers@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail L. Cessna**
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, NY 10019
212–878–8000
Fax: 212–878–8375
Email: abigail.cessna@cliffordchance.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James J. Pastore , Jr.**
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
212–909–6000
Email: jjpastore@debevoise.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justina Sessions**
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
650–618–9250
Email: justina.sessions@freshfields.com
*TERMINATED: 06/28/2023*
*PRO HAC VICE*

**Minji Reem**
MCDERMOTT WILL & SCHULTE LLP
919 Third Ave
New York, NY 10022
212–756–2310
Email: Minji.Reem@srz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas Folly**
DEBEVOISE & PLIMPTON LLP
650 California Street, Fl 31
San Francisco, CA 94108
415–738–5700
Email: nfolly@debevoise.com
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**PINTEREST, INC.**                    represented by    **Peter Joseph Mucchetti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Alexander**
CLIFFORD CHANCE US LLP
Two Manhattan West
375 9th Avenue
New York, NY 10001
212–878–8000
Fax: 212–878–8375
Email: john.alexander@cliffordchance.com
*ATTORNEY TO BE NOTICED*

**Minji Reem**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**MATCH GROUP, INC.**                    represented by    **C. Scott Lent**
ARNOLD & PORTER KAYE SCHOLER
LLP

250 West 55th Street
New York, NY 10019
212−836−8000
Email: scott.lent@arnoldporter.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin Hedge**
GREENBERG TRAURIG, LLP
2101 L Street, NW
Washington, DC 20037
202−331−3100
Email: justin.hedge@gtlaw.com
*TERMINATED: 09/26/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non−Party Petitioner**

**TWITTER INC.**                    represented by  **Kenneth R. O'Rourke**
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1700 K Street, NW
Fifth Floor
Washington DC, DC 20006−3814
202−973−8889
Fax: 202−973−8899
Email: korourke@wsgr.com
*TERMINATED: 01/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Joseph Mucchetti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non−Party Petitioner**

**LINKEDIN CORPORATION**            represented by  **Jonathan Ian Gleklen**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., NW
Washington, DC 20001
202−942−5454
Fax: 202−942−5999
Email: jonathan.gleklen@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Zane Watts**
ARNOLD & PORTER KAYE SCHOLER

LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942–6609
Fax: (202) 942–5999
Email: ryan_watts@aporter.com
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

| | | |
|---|---|---|
| **ORACLE CORPORATION** | represented by | **Craig A. Holman** |

ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington, DC 20001
202–942–5722
Email: craig.holman@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

| | | |
|---|---|---|
| **SARAL JAIN** | represented by | **David A. O'Neil** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James J. Pastore , Jr.**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas Folly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

| | | |
|---|---|---|
| **DAVID A. LEVENSON** | represented by | **David A. O'Neil** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James J. Pastore , Jr.**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas Folly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**JACOB ANDREOU**

represented by **David A. O'Neil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James J. Pastore , Jr.**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas Folly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**APPLE, INC.**

represented by **Karen Mary Lent**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Manhattan West
New York, NY 10001–8602
212–735–3276
Email: karen.lent@skadden.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan Kreiner**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Manhattan West
New York, NY 10001–8602
212–735–2491
Email: evan.kreiner@skadden.com
*ATTORNEY TO BE NOTICED*

**Joseph M. Rancour**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7532
Email: joseph.rancour@skadden.com
*ATTORNEY TO BE NOTICED*

**Michael A. Lanci**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Manhattan West
New York, NY 10001–8602
212–735–3423
Email: michael.lanci@skadden.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**RONAK SHAH**                    represented by  **Karen Mary Lent**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan Kreiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M. Rancour**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Lanci**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**KEITH COLEMAN**                 represented by  **Nicholas James Giles**
MCGUIRE WOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
804–775–4760
Email: ngiles@mcguirewoods.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**TIM PERZYK**                    represented by  **Nicholas James Giles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**JONATHAN CHEN**                 represented by  **Nicholas James Giles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**KEVIN SYSTROM**                 represented by  **David P. Wales**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW

Washington, DC 20005
202–371–7190
Fax: 202–661–9190
Email: david.wales@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Watters**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue NW
Washington, DC 20005
202–371–7093
Email: jessica.watters@skadden.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**NEERAJ ARORA**                    represented by    **Joseph J Matelis , II**
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Suite 700
Washington, DC 20006
(202) 956–7610
Email: matelisj@sullcrom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tracy Nelson Wirth**
PO Box 100592
Arlington, VA 22210
407–505–5913
Email: tracynwirth@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**BRIAN ACTON**                    represented by    **Joseph J Matelis , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tracy Nelson Wirth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Non–Party Respondent**

**TIKTOK INC.**                              represented by **Tiffany Rider Rohrbaugh**
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
202–912–4700
Email: trider@axinn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angela Marie Farren**
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
212–371–6600
Fax: 212–728–2201
Email: afarren@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig Matthew Reiser**
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue
Ste 33rd Floor
New York, NY 10111
212–728–2200
Email: creiser@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Crystal Danielle Dudding Irvine**
AXINN VELTROP & HARKRIDER, LLP
114 West 47th Street
New York, NY 10036
212–728–2217
Email: dirvine@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David P. Wales**
(See above for address)
*TERMINATED: 09/02/2022*

**Julia K. York**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7146
Email: julia.york@skadden.com
*TERMINATED: 09/02/2022*

**Michael L. Keeley**
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
5th Floor
Washington, DC 20036
202–721–5414
Fax: 202–912–4701
Email: mkeeley@axinn.com
*ATTORNEY TO BE NOTICED*

**Steven C. Sunshine**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7860
Fax: (202) 393–5760
Email: steven.sunshine@skadden.com
*TERMINATED: 09/02/2022*

**Non–Party Respondent**

**ALPHA EXPLORATION CO. INC.**          represented by   **Benjamin D. Margo**
WILSON SONSINI GOODRICH &
ROSATI
31 West 52nd Street
Ste Fifth Floor
New York, NY 10019
212–497–7732
Fax: 866–974–7329
Email: bmargo@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan R. Jaffe**
WILSON SONSINI GOODRICH &
ROSATI
One Market Plaza
Spear Tower
Suite 3300
San Francisco, CA 94105
415–947–2000
Email: jjaffe@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**ALPHABET, INC.**          represented by   **Evan D. Miller**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037

(202) 639–6605
Email: emiller@velaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory F Wells**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
202–639–5000
Email: gregwells@velaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**V PAPPAS**                            represented by  **Justin V. Shur**
MOLOLAMKEN LLP
600 New Hampshire Avenue, NW
Suite 660
Washington, DC 20037
(202) 556–2005
Email: jshur@mololamken.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Caroline A. Veniero**
MOLOLAMKEN LLP
600 New Hampshire Avenue
Suite 500
Washington, DC 20037
202–556–2008
Email: cveniero@mololamken.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Schubert**
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
212–607–5957
Email: jschubert@mololamken.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**ADAM PRESSER**                        represented by  **Tiffany Rider Rohrbaugh**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Angela Marie Farren**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig Matthew Reiser**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Crystal Danielle Dudding Irvine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**BLAKE CHANDLEE**                    represented by    **Tiffany Rider Rohrbaugh**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angela Marie Farren**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig Matthew Reiser**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Crystal Danielle Dudding Irvine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**ERIC MORRISON**                    represented by    **Tiffany Rider Rohrbaugh**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angela Marie Farren**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig Matthew Reiser**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Crystal Danielle Dudding Irvine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**SCOTT COLEMAN**                    represented by    **Peter Joseph Mucchetti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Alexander**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**JULIA ROBERTS**                    represented by    **Peter Joseph Mucchetti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Alexander**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**QUORA INC.**                    represented by    **Brad Estes**
LEWIS & LLEWELLYN LLP
601 Montgomery Street
Suite 2000
San Francisco, CA 94111
415–800–0590
Fax: 415–390–2127
Email: bestes@lewisllewellyn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace Ramirez**
LEWIS & LLEWELLYN
San Francisco
601 Montgomery St
Ste 2000
San Francisco, CA 94111
415–800–0590
Email: gramirez@lewisllewellyn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Furman**
LEWIS & LLEWELLYN LLP
601 Montgomery Street
Suite 2000
San Francisco, CA 94111
415–762–7692
Email: bfurman@lewisllewellyn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Siddhesh Pandit**
MAIER & MAIER PLLC
345 S. Patrick Street
Alexandria, VA 22314
703–740–8322
Email: svp@maierandmaier.com
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**NEXTDOOR HOLDINGS INC.**                    represented by    **Brad Estes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace Ramirez**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Furman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Siddhesh Pandit**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**WALMART INC.**                    represented by    **Anthony Stephen Ferrara**
MCDERMOTT WILL & EMERY
500 North Capitol Street NW
Washington, DC 20001
202–756–8435
Email: aferrara@mwe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elai Katz**
MCDERMOTT WILL & EMERY LLP

One Vanderbilt Ave
New York, NY 10017
212–547–5791
Email: ekatz@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marisa Poncia**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
202–639–6618
Email: rponcia@velaw.com
*TERMINATED: 05/21/2025*
*PRO HAC VICE*

**Non–Party Respondent**

**EPIC GAMES, INC.**                    represented by   **Bert Howard Deixler**
KENDALL BRILL & KENDALL LLP
10100 Santa Monica Boulevard
Ste 2500
Los Angeles, CA 90067
310–272–7910
Email: bdeixler@kbkfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Dugdale**
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd
Suite 2500
Los Angeles, CA 90067
310–272–7904
Email: rdugdale@kbkfirm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**KIMBERLY BAUMGARTEN**                 represented by   **Bert Howard Deixler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Dugdale**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

| | | |
|---|---|---|
| **DISCORD INC.** | represented by | **Adam Harber**<br>WILLIAMS & CONNOLLY<br>680 Maine Avenue SW<br>Washington, DC 20024<br>202–434–5000<br>Email: aharber@wc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Non–Party Respondent**

| | | |
|---|---|---|
| **JULIA TANG** | represented by | **Adam Harber**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Non–Party Respondent**

| | | |
|---|---|---|
| **FLORA HSU** | represented by | **Brad Estes**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Grace Ramirez**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Rebecca Furman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Siddhesh Pandit**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Non–Party Respondent**

| | | |
|---|---|---|
| **COURT SHOWERMAN** | represented by | **Brad Estes**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Grace Ramirez**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Rebecca Furman** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Siddhesh Pandit**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**AUTOMATTIC, INC.**            represented by   **Alan S. Lewis**
CARTER LEDYARD & MULBURN LLP
28 Liberty Street
41st Floor
New York, NY 10005
917–533–2524
Fax: 212–732–3232
Email: lewis@clm.com
*TERMINATED: 04/22/2025*
*LEAD ATTORNEY*

**Melinda M. Morton**
PROCOPIO
3000 El Camino Real
Suite 5–400
Palo Alto, CA 94306
650–645–9000
Email: mindy.morton@procopio.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**ELI TUCKER**                 represented by   **Alan S. Lewis**
(See above for address)
*TERMINATED: 04/22/2025*
*LEAD ATTORNEY*

**Melinda M. Morton**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**STRAVA, INC.**               represented by   **Ann O'Brien**
SHEPPARD MULLIN
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
202–747–1900
Email: aobrien@sheppardmullin.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2020 | 2 | ORDER granting 1 Sealed Motion. Signed by Chief Judge Beryl A. Howell on 12/9/2020. (ztd) (Entered: 12/11/2020) |
| 12/09/2020 | 3 | REDACTED DOCUMENT– Complaint by FEDERAL TRADE COMMISSION. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(ztd) (Entered: 12/11/2020) |
| 12/09/2020 | 4 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. N.D. Cal 28−8570. (ztd) (Entered: 12/11/2020) |
| 12/09/2020 | 5 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. N.D. Cal 20−cv−363 BLF. (ztd) (Entered: 12/11/2020) |
| 12/09/2020 | 6 | COMPLAINT against FACEBOOK INC. (Filing Fee: Waived) filed by FEDERAL TRADE COMMISSION.(ztd); (See docket entry no. 3 to view.) Modified on to add fee status 12/14/2020 (znmw). (Entered: 12/11/2020) |
| 12/11/2020 | 7 | SUMMONS (1) Issued Electronically as to FACEBOOK INC.. (Attachments: # 1 Notice and Consent)(ztd) (Entered: 12/11/2020) |
| 12/11/2020 | 8 | ERRATA *Correction to Signature Page of Plaintiff's Complaint* by FEDERAL TRADE COMMISSION 6 Complaint filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A)(Matheson, Daniel) (Entered: 12/11/2020) |
| 12/11/2020 | 9 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 1:20−cv−03589. (Matheson, Daniel) (Entered: 12/11/2020) |
| 12/11/2020 | 10 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 5:20−cv−08721. (Matheson, Daniel) (Entered: 12/11/2020) |
| 12/11/2020 | 11 | NOTICE of Appearance by Noel Miller on behalf of FEDERAL TRADE COMMISSION (Miller, Noel) (Entered: 12/11/2020) |
| 12/11/2020 | 12 | NOTICE of Appearance by David E. Owyang on behalf of FEDERAL TRADE COMMISSION (Owyang, David) (Entered: 12/11/2020) |
| 12/11/2020 | 13 | NOTICE of Appearance by Mark Silvia on behalf of FEDERAL TRADE COMMISSION (Silvia, Mark) (Entered: 12/11/2020) |
| 12/11/2020 | 14 | NOTICE of Appearance by Rebecca Weinstein on behalf of FEDERAL TRADE COMMISSION (Weinstein, Rebecca) (Entered: 12/11/2020) |
| 12/11/2020 | 15 | NOTICE of Appearance by Michael H Smith on behalf of FEDERAL TRADE COMMISSION (Smith, Michael) (Entered: 12/11/2020) |
| 12/11/2020 | 16 | NOTICE of Appearance by Sylvia Zhang on behalf of FEDERAL TRADE COMMISSION (Zhang, Sylvia) (Entered: 12/11/2020) |
| 12/11/2020 | 17 | NOTICE of Appearance by Mary Casale on behalf of FEDERAL TRADE COMMISSION (Casale, Mary) (Entered: 12/11/2020) |
| 12/11/2020 | 18 | NOTICE of Appearance by Krisha A. Cerilli on behalf of FEDERAL TRADE COMMISSION (Cerilli, Krisha) (Entered: 12/11/2020) |

| 12/11/2020 | 19 | NOTICE of Appearance by Maria M. DiMoscato on behalf of FEDERAL TRADE COMMISSION (DiMoscato, Maria) (Entered: 12/11/2020) |
|---|---|---|
| 12/11/2020 | 20 | NOTICE of Appearance by Patricia Galvan on behalf of FEDERAL TRADE COMMISSION (Galvan, Patricia) (Entered: 12/11/2020) |
| 12/11/2020 | 21 | NOTICE of Appearance by Henry J. Hauser on behalf of FEDERAL TRADE COMMISSION (Hauser, Henry) (Entered: 12/11/2020) |
| 12/11/2020 | 22 | NOTICE of Appearance by Burke W. Kappler on behalf of FEDERAL TRADE COMMISSION (Kappler, Burke) (Entered: 12/11/2020) |
| 12/11/2020 | 23 | NOTICE of Appearance by Gary Mitchell London, Jr on behalf of FEDERAL TRADE COMMISSION (London, Gary) (Entered: 12/11/2020) |
| 12/11/2020 | 24 | NOTICE of Appearance by Owen T. Masters on behalf of FEDERAL TRADE COMMISSION (Masters, Owen) (Entered: 12/11/2020) |
| 12/11/2020 | 25 | NOTICE of Appearance by Eric Cochran on behalf of FEDERAL TRADE COMMISSION (Cochran, Eric) (Entered: 12/11/2020) |
| 12/11/2020 | 26 | NOTICE of Appearance by Michael Mikawa on behalf of FEDERAL TRADE COMMISSION (Mikawa, Michael) (Entered: 12/11/2020) |
| 12/11/2020 | 27 | NOTICE of Appearance by Robert E. Zuver, Jr on behalf of FEDERAL TRADE COMMISSION (Zuver, Robert) (Entered: 12/11/2020) |
| 12/14/2020 | 28 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 5:20–CV–08815. (Matheson, Daniel) (Entered: 12/14/2020) |
| 12/14/2020 | 29 | NOTICE of Appearance by Brian Telpner on behalf of FEDERAL TRADE COMMISSION (Telpner, Brian) (Entered: 12/14/2020) |
| 12/14/2020 | 30 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Brian Telpner terminated. (Telpner, Brian) (Entered: 12/14/2020) |
| 12/18/2020 | 31 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 5:20–cv–09130. (Matheson, Daniel) (Entered: 12/18/2020) |
| 12/18/2020 | 32 | NOTICE of Appearance by Mark Charles Hansen on behalf of FACEBOOK INC. (Hansen, Mark) (Entered: 12/18/2020) |
| 12/18/2020 | 33 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FACEBOOK INC. (Hansen, Mark) (Entered: 12/18/2020) |
| 12/18/2020 | 34 | NOTICE of Appearance by Geoffrey M. Klineberg on behalf of FACEBOOK INC. (Klineberg, Geoffrey) (Entered: 12/18/2020) |
| 12/18/2020 | 35 | NOTICE of Appearance by Kevin J. Miller on behalf of FACEBOOK INC. (Miller, Kevin) (Entered: 12/18/2020) |
| 12/18/2020 | 36 | NOTICE of Appearance by Aaron Martin Panner on behalf of FACEBOOK INC. (Panner, Aaron) (Entered: 12/18/2020) |
| 12/18/2020 | 37 | NOTICE of Appearance by Silvija A. Strikis on behalf of FACEBOOK INC. (Strikis, Silvija) (Entered: 12/18/2020) |

| 12/18/2020 | 38 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kevin B. Huff, Filing fee $ 100, receipt number BDCDC–7978098. Fee Status: Fee Paid. by FACEBOOK INC. (Attachments: # 1 Declaration of Kevin B. Huff, # 2 Text of Proposed Order)(Miller, Kevin) (Entered: 12/18/2020) |
|---|---|---|
| 12/18/2020 | 39 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Leslie V. Pope, Filing fee $ 100, receipt number ADCDC–7978186. Fee Status: Fee Paid. by FACEBOOK INC. (Attachments: # 1 Declaration of Leslie V. Pope, # 2 Text of Proposed Order)(Miller, Kevin) (Entered: 12/18/2020) |
| 12/18/2020 | 40 | WAIVER OF SERVICE. FACEBOOK waiver sent on 12/9/2020, answer due 2/7/2021. (Matheson, Daniel) Modified to correct party waiving service on 12/21/2020 (ztd). (Entered: 12/18/2020) |
| 12/18/2020 | 41 | NOTICE *of Filing of Motion to Consolidate* by FEDERAL TRADE COMMISSION (Attachments: # 1 Exhibit A)(Matheson, Daniel) (Entered: 12/18/2020) |
| 12/21/2020 | 42 | Unopposed MOTION for Leave to File *Revised Partially Redacted Complaint and Updated Proposal Regarding Sealing* re 3 Redacted Document *Complaint* by FEDERAL TRADE COMMISSION (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Matheson, Daniel) Modified relief on 12/28/2020 (znmw). (Entered: 12/21/2020) |
| 01/04/2021 | 43 | NOTICE *of Filing of Response to Motion to Consolidate* by FACEBOOK INC. re 41 Notice (Other) (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 01/04/2021) |
| 01/05/2021 | 44 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 4:20–cv–9217. (Matheson, Daniel) (Entered: 01/05/2021) |
| 01/05/2021 | 45 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 3:20–cv–08817. (Matheson, Daniel) (Entered: 01/05/2021) |
| 01/08/2021 | 46 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Burke W. Kappler terminated. (Matheson, Daniel) (Entered: 01/08/2021) |
| 01/12/2021 | | MINUTE ORDER: Upon consideration of 41 Plaintiffs' Notice of Motion to Consolidate in State of New York, et al. v. Facebook, Inc., 20–cv–3589–JEB, and 43 Defendant's Notice of Response thereto, the Court, with the consent of Judge Boasberg, hereby directs the Clerk of Court, pursuant to Local Civil Rules 40.5(a)(3) and (c)(2), to transfer this case to the Calendar Committee for reassignment to Judge Boasberg as related to civil action 20–cv–3589. Signed by Judge Christopher R. Cooper on 1/12/2021. (lccrc2) (Entered: 01/12/2021) |
| 01/12/2021 | 47 | Case directly reassigned to Judge James E. Boasberg as there is an earlier related case. Judge Christopher R. Cooper is no longer assigned to the case. (rj) (Entered: 01/12/2021) |
| 01/12/2021 | 48 | Consent MOTION for Extension of Time to *Respond to Complaint* by FACEBOOK INC. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 01/12/2021) |
| 01/13/2021 | | MINUTE ORDER GRANTING Consent 48 Motion for Extension of Time. The Court ORDERS that: (1) Defendant shall file its answer or otherwise respond to Plaintiff's complaint by March 10, 2021; (2) Plaintiff shall file its opposition to Defendant's motion to dismiss, if any, by April 7, 2021; and (3) Defendant shall file |

| | | |
|---|---|---|
| | | its reply, if any, by April 21, 2021. So ORDERED by Judge James E. Boasberg on 1/13/2021. (lcjeb2) (Entered: 01/13/2021) |
| 01/13/2021 | | Set/Reset Deadlines: Answer due by 3/10/2021. Responses due by 4/7/2021. Replies due by 4/21/2021. (znbn) (Entered: 01/13/2021) |
| 01/13/2021 | | MINUTE ORDER GRANTING 38 Motion for Admission *Pro Hac Vice* of KEVIN B. HUFF. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. So ORDERED by Judge James E. Boasberg on 1/13/2021. (lcjeb2) (Entered: 01/13/2021) |
| 01/13/2021 | | MINUTE ORDER GRANTING 39 Motion for Admission *Pro Hac Vice* of LESLIE V. POPE. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. So ORDERED by Judge James E. Boasberg on 1/13/2021. (lcjeb2) (Entered: 01/13/2021) |
| 01/13/2021 | | MINUTE ORDER GRANTING Plaintiff's 42 Motion. The Court ORDERS that: (1) the Clerk of the Court shall place on the public docket Plaintiff's revised partially redacted Complaint, attached as Exhibit 1 to the 42 Motion; and (2) Plaintiff's unredacted Complaint shall remain sealed until further Order of the Court. So ORDERED by Judge James E. Boasberg on 1/13/2021. (lcjeb2) (Entered: 01/13/2021) |
| 01/13/2021 | | MINUTE ORDER: The Court ORDERS that Plaintiff's 41 Motion to Consolidate is HELD IN ABEYANCE until the Court reviews any forthcoming motions to dismiss or, if such are not filed, the initial scheduling conference. The parties are further advised that the Local Rules do not provide for notices of motions; parties should simply file the motions themselves. Any further motion notices will be stricken. So ORDERED by Judge James E. Boasberg on 1/13/2021. (lcjeb2) (Entered: 01/13/2021) |
| 01/13/2021 | 51 | REDACTED DOCUMENT – Complaint by FEDERAL TRADE COMMISSION. (ztth) (Entered: 01/21/2021) |
| 01/20/2021 | 49 | NOTICE of Appearance by Kevin Huff on behalf of FACEBOOK INC. (Huff, Kevin) (Entered: 01/20/2021) |
| 01/20/2021 | 50 | NOTICE of Appearance by Leslie V. Pope on behalf of FACEBOOK INC. (Pope, Leslie) (Entered: 01/20/2021) |
| 01/28/2021 | 52 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 3:21–cv–00618. (Matheson, Daniel) (Entered: 01/28/2021) |
| 01/28/2021 | 53 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 3:21–cv–00336. (Matheson, Daniel) (Entered: 01/28/2021) |
| 02/02/2021 | 54 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 3:21–cv–00337. (Matheson, Daniel) (Entered: 02/02/2021) |
| 02/17/2021 | 55 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 5:21–cv–01117. (Matheson, Daniel) (Entered: 02/17/2021) |
| 03/10/2021 | 56 | MOTION to Dismiss *FTC Complaint* by FACEBOOK INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Mark C. Hansen, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Text of Proposed Order)(Hansen, Mark) (Entered: 03/10/2021) |

| 03/11/2021 | 57 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 3:21–cv–01518. (Matheson, Daniel) (Entered: 03/11/2021) |
| 03/29/2021 | 58 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 3:21–cv–02017. (Matheson, Daniel) (Entered: 03/29/2021) |
| 04/07/2021 | 59 | Memorandum in opposition to re 56 MOTION to Dismiss *FTC Complaint* filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Daniel Matheson, # 2 Exhibit A, # 3 Text of Proposed Order)(Matheson, Daniel) (Entered: 04/07/2021) |
| 04/14/2021 | 60 | NOTICE OF RELATED CASE by FEDERAL TRADE COMMISSION. Case related to Case No. 21–CV–02108. (Matheson, Daniel) (Entered: 04/14/2021) |
| 04/16/2021 | 61 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Mary Casale terminated. (Matheson, Daniel) (Entered: 04/16/2021) |
| 04/21/2021 | 62 | REPLY to opposition to motion re 56 MOTION to Dismiss *FTC Complaint* filed by FACEBOOK INC.. (Hansen, Mark) (Entered: 04/21/2021) |
| 04/22/2021 | 63 | MOTION to Compel *A Rule 26(f) Conference* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Matheson, Daniel) (Entered: 04/22/2021) |
| 04/27/2021 | 64 | NOTICE OF SUPPLEMENTAL AUTHORITY by FACEBOOK INC. (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 04/27/2021) |
| 04/30/2021 | 65 | Unopposed MOTION for Leave to File *Response to Defendant's Notice of Supplemental Authority (ECF No. 64)* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Matheson, Daniel) (Entered: 04/30/2021) |
| 05/03/2021 | | MINUTE ORDER GRANTING Plaintiff's 65 Motion for Leave to File. The Court ORDERS that Plaintiff's Response, attached as Exhibit 1 to its Motion, is deemed filed. So ORDERED by Judge James E. Boasberg on 5/3/2021. (lcjeb2) (Entered: 05/03/2021) |
| 05/03/2021 | 67 | RESPONSE re 64 NOTICE OF SUPPLEMENTAL AUTHORITY filed by FEDERAL TRADE COMMISSION. (ztth) (Entered: 05/07/2021) |
| 05/06/2021 | 66 | Memorandum in opposition to re 63 MOTION to Compel *A Rule 26(f) Conference* filed by FACEBOOK INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 05/06/2021) |
| 05/10/2021 | 68 | REPLY to opposition to motion re 63 MOTION to Compel *A Rule 26(f) Conference* filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 05/10/2021) |
| 05/11/2021 | | MINUTE ORDER: The Court ORDERS that Plaintiff's 63 Motion to Compel Rule 26(f) Conference is DENIED. Given that Facebook's Motion to Dismiss raises a number of serious challenges to the Complaint, it would be premature for the parties to discuss discovery until the contours of what, if anything, remains are known. As the Court expects to issue a decision next month, moreover, there is little possibility of delay adversely affecting Plaintiff. So ORDERED by Judge James E. Boasberg on 5/11/2021. (lcjeb2) (Entered: 05/11/2021) |

| 05/17/2021 | 69 | NOTICE OF SUPPLEMENTAL AUTHORITY by FACEBOOK INC. (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 05/17/2021) |
|---|---|---|
| 05/21/2021 | 70 | Unopposed MOTION for Leave to File *Response to Defendant's Notice of Supplemental Authority (ECF No. 69)* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Matheson, Daniel) (Entered: 05/21/2021) |
| 05/21/2021 | | MINUTE ORDER GRANTING Plaintiff's 70 Motion for Leave to File. The Court ORDERS that Plaintiff's [70–1] Response is deemed filed. So ORDERED by Judge James E. Boasberg on 5/21/2021. (lcjeb2) (Entered: 05/21/2021) |
| 05/21/2021 | 71 | RESPONSE re 69 NOTICE OF SUPPLEMENTAL AUTHORITY filed by FEDERAL TRADE COMMISSION. (ztth) (Entered: 06/16/2021) |
| 06/28/2021 | 72 | ORDER: The Court ORDERS that: (1) Facebook's Motion to Dismiss is GRANTED; (2) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE; and (3) Plaintiff shall file any amended Complaint by July 29, 2021. Signed by Judge James E. Boasberg on 6/28/2021. (lcjeb2) (Entered: 06/28/2021) |
| 06/28/2021 | 73 | MEMORANDUM OPINION re 72 Order on Motion to Dismiss. Signed by Judge James E. Boasberg on 6/28/2021. (lcjeb2) (Entered: 06/28/2021) |
| 06/28/2021 | | Set/Reset Deadlines: Amended Pleadings due by 7/29/2021. (znbn) (Entered: 06/28/2021) |
| 07/23/2021 | 74 | Unopposed MOTION for Extension of Time to *File an Amended Complaint* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Text of Proposed Order)(Cerilli, Krisha) (Entered: 07/23/2021) |
| 07/23/2021 | | MINUTE ORDER GRANTING Plaintiff's Unopposed 74 Motion for Extension of Time. The Court ADOPTS the parties' proposed schedule and ORDERS that: 1) Plaintiff shall file an amended complaint by August 19, 2021; 2) Defendant shall file its answer or otherwise respond to Plaintiff's amended complaint by October 4, 2021; 3) Plaintiff shall file its opposition to Defendant's motion to dismiss, if any, by November 17, 2021; and 4) Defendant shall file its reply, if any, by December 1, 2021. So ORDERED by Judge James E. Boasberg on 7/23/2021. (lcjeb2) (Entered: 07/23/2021) |
| 07/23/2021 | | Set/Reset Deadlines: Amended Pleadings due by 8/19/2021. Answer due by 10/4/2021. Responses to Motion to Dismiss due by 11/17/2021. Reply due by 12/1/2021. (znbn) (Entered: 07/27/2021) |
| 08/19/2021 | 75 | Unopposed MOTION for Leave to File *to file First Amended Complaint Under Seal and Memorandum in Support* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit Ex. 1 – Redacted First Amended Complaint, # 2 Text of Proposed Order Proposed Order)(Matheson, Daniel) Modified event title on 8/20/2021 (znmw). (Entered: 08/19/2021) |
| 08/19/2021 | 76 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL TRADE COMMISSION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 UNREDACTED FIRST AMENDED COMPLAINT)(Matheson, Daniel) (Entered: 08/19/2021) |
| 08/19/2021 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER GRANTING Unopposed 75 Motion to file First Amended Complaint Temporarily Under Seal. The Court ORDERS that: (1) Plaintiff's unredacted First Amended Complaint shall remain sealed for ten calendar days from the date of this Order; (2) that any party or third party desiring confidential treatment of information contained in the First Amended Complaint shall seek an appropriate order from the Court within ten calendar days of the date of this Order. So ORDERED by Judge James E. Boasberg on 8/19/2021. (lcjeb2) (Entered: 08/19/2021) |
| 08/29/2021 | 77 | Joint MOTION for Extension of Time to File by FACEBOOK INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 08/29/2021) |
| 08/30/2021 | | MINUTE ORDER GRANTING Parties' 77 Joint Motion for Extension of Time. The Court ORDERS that Plaintiff's First Amended Complaint shall remain sealed until September 7, 2021. The Court further ORDERS that any party or third party desiring confidential treatment of information contained in the First Amended Complaint shall seek an appropriate order from the Court by September 7, 2021. So ORDERED by Judge James E. Boasberg on 8/30/2021. (lcjeb2) (Entered: 08/30/2021) |
| 08/30/2021 | | Set/Reset Deadlines: Any party or third party desiring confidential treatment of information contained in the First Amended Complaint shall seek an appropriate order from the Court by 9/7/21. (nbn) (Entered: 08/31/2021) |
| 08/30/2021 | | Set/Reset Deadlines: Any party or third party desiring confidential treatment of information contained in the First Amended Complaint shall seek an appropriate order from the Court by 9/7/2021. (znbn) (Entered: 08/31/2021) |
| 09/02/2021 | | MINUTE ORDER: The Court ORDERS that a conference call in Chambers is hereby set for Friday, September 3, 2021, at 10 a.m. to discuss the potential confidential treatment of information. The Court ORDERS that the parties shall dial into Chambers' toll–free conference–call number, (877) 402–9753, at this time (in Chambers). Chambers will contact the parties via email with the dial–in code. So ORDERED by Judge James E. Boasberg on 9/2/2021. (lcjeb3) (Entered: 09/02/2021) |
| 09/07/2021 | 78 | Joint MOTION Regarding Proposed Redactions to the Substitute Amended Complaint by FEDERAL TRADE COMMISSION. (Attachments: # 1 Proposed Order)(Matheson, Daniel) (Entered: 09/07/2021) |
| 09/07/2021 | 79 | Joint MOTION For Entry of Stipulated Order by FEDERAL TRADE COMMISSION. (Attachments: # 1 Proposed Stipulated Order)(Matheson, Daniel) (Entered: 09/07/2021) |
| 09/08/2021 | | MINUTE ORDER GRANTING Parties' 78 Joint Filing and Motion Regarding Proposed Redactions to the Substitute Amended Complaint. The COURT orders that: 1) within one calendar day, Plaintiff will file a redacted Substitute Amended Complaint; 2) that the redacted Substitute Amended Complaint will not include redactions for the information previously redacted in paragraphs 7, 21, 31, 40, 43, 54, 55, 57, 59, 61, 70, 75, 104, 126, 150, 176, 177, 178, 181, 182, 184, 185, 186, 193, 194, 198, 199, 200, 201, 211, and 212 of Plaintiff's First Amended Complaint; and 3) that the redacted Substitute Amended Complaint will redact information from paragraphs 2, 146, 206, 215, and 216, as indicated in the parties' Joint Filing and Motion Regarding Proposed Redactions to the Substitute Amended Complaint. So ORDERED by Judge James E. Boasberg on 9/8/2021. (lcjeb2) (Entered: 09/08/2021) |
| 09/08/2021 | 80 | |

| | | STIPULATED ORDER. Signed by Judge James E. Boasberg on 9/8/2021. (lcjeb2) (Entered: 09/08/2021) |
|---|---|---|
| 09/08/2021 | 81 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 80 Order (This document is SEALED and only available to authorized persons.)(Matheson, Daniel) (Entered: 09/08/2021) |
| 09/08/2021 | 82 | AMENDED COMPLAINT *Redacted Substitute Amended Complaint* against FACEBOOK INC. filed by FEDERAL TRADE COMMISSION.(Matheson, Daniel) (Entered: 09/08/2021) |
| 10/04/2021 | 83 | MOTION to Dismiss *FTC Amended Complaint* by FACEBOOK INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Mark C. Hansen, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Text of Proposed Order)(Hansen, Mark) (Entered: 10/04/2021) |
| 11/17/2021 | 84 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL TRADE COMMISSION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Under Seal Memorandum in Opposition to Facebook's Motion to Dismiss, # 3 Exhibit Proposed Order Denying Facebook's Motion to Dismiss)(Matheson, Daniel) (Entered: 11/17/2021) |
| 11/17/2021 | 85 | Memorandum in opposition to re 83 MOTION to Dismiss *FTC Amended Complaint* filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Text of Proposed Order)(Matheson, Daniel) (Entered: 11/17/2021) |
| 11/18/2021 | 88 | SEALED OPPOSITION filed by FEDERAL TRADE COMMISSION re 83 MOTION to Dismiss *FTC Amended Complaint* (ztth) (Entered: 12/06/2021) |
| 11/19/2021 | 86 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Henry J. Hauser terminated. (Matheson, Daniel) (Entered: 11/19/2021) |
| 12/01/2021 | 87 | REPLY to opposition to motion re 83 MOTION to Dismiss *FTC Amended Complaint* filed by FACEBOOK INC.. (Hansen, Mark) (Entered: 12/01/2021) |
| 01/11/2022 | 89 | ORDER: The Court ORDERS that: (1) Defendant's 83 Motion to Dismiss is DENIED; and (2) Defendant shall file its Answer to Plaintiff's Amended Complaint by January 25, 2022. Signed by Judge James E. Boasberg on 1/11/2022. (lcjeb1) (Entered: 01/11/2022) |
| 01/11/2022 | 90 | MEMORANDUM OPINION re 89 Order on Motion to Dismiss. Signed by Judge James E. Boasberg on 1/11/2022. (lcjeb1) (Entered: 01/11/2022) |
| 01/11/2022 | | Set/Reset Deadlines: Answer due by 1/25/2022. (nbn) (Entered: 01/11/2022) |
| 01/24/2022 | 91 | NOTICE *of Change of Party Name* by FACEBOOK INC. (Hansen, Mark) (Entered: 01/24/2022) |
| 01/24/2022 | 92 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FACEBOOK INC. (Hansen, Mark) (Entered: 01/24/2022) |
| 01/24/2022 | 93 | MOTION to Amend/Correct *Caption to Reflect Name Change* by FACEBOOK INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 01/24/2022) |
| 01/24/2022 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER GRANTING Unopposed 93 Motion to Amend the caption of Case No. 1:20−cv−03590−JEB to reflect Defendant's name change from Facebook, Inc. to Meta Platforms, Inc. The Court ORDERS that the Clerk of the Court shall modify the caption of this case so it reads as: Federal Trade Commission, Plaintiff, v. Meta Platforms, Inc., Defendant. So ORDERED by Judge James E. Boasberg on 1/24/2022. (lcjeb2) (Entered: 01/24/2022) |
| 01/25/2022 | 94 | *DEFENSES AND* ANSWER to 82 Amended Complaint *FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF* by META PLATFORMS, INC..(Hansen, Mark) (Entered: 01/25/2022) |
| 01/26/2022 | | MINUTE ORDER: An Initial Scheduling Conference is set for February 28, 2022, at 10:00 a.m. by telephone. The parties shall meet, confer, and submit a joint report pursuant to FRCP 26(f) and Local Rule 16.3. So ORDERED by Judge James E. Boasberg on 1/26/2022. (lcjeb2) (Entered: 01/26/2022) |
| 01/26/2022 | | Set/Reset Hearings: Initial Scheduling Conference set for 2/28/2022 at 10:00 AM in Telephonic/VTC before Judge James E. Boasberg. (znbn) (Entered: 01/27/2022) |
| 02/17/2022 | 95 | NOTICE of Appearance by Michael Stuart Scheinkman on behalf of META PLATFORMS, INC. (Scheinkman, Michael) (Entered: 02/17/2022) |
| 02/17/2022 | 96 | NOTICE of Appearance by James P. Rouhandeh on behalf of META PLATFORMS, INC. (Rouhandeh, James) (Entered: 02/17/2022) |
| 02/18/2022 | 97 | NOTICE of Appearance by David Gringer on behalf of META PLATFORMS, INC. (Gringer, David) (Entered: 02/18/2022) |
| 02/18/2022 | 98 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sonal N. Mehta, Filing fee $ 100, receipt number ADCDC−9054923. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Sonal N. Mehta, # 2 Text of Proposed Order)(Gringer, David) (Entered: 02/18/2022) |
| 02/22/2022 | | MINUTE ORDER GRANTING 98 Motion for Leave to Appear *Pro Hac Vice* of Sonal N. Mehta. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. So ORDERED by Judge James E. Boasberg on 2/22/2022. (lcjeb2) (Entered: 02/22/2022) |
| 02/22/2022 | 99 | NOTICE of Appearance by Sonal Naresh Mehta on behalf of META PLATFORMS, INC. (Mehta, Sonal) (Entered: 02/22/2022) |
| 02/22/2022 | 100 | MEET AND CONFER STATEMENT. (Attachments: # 1 Exhibit A – Plaintiff's Proposed Scheduling Order, # 2 Exhibit B – Defendant's Proposed Scheduling Order)(Matheson, Daniel) (Entered: 02/22/2022) |
| 02/28/2022 | | MINUTE ORDER: As discussed in today's scheduling conference, the Court ORDERS that: 1) The parties shall submit by March 2, 2022, a joint proposed scheduling order based on the Court's rulings today; 2) Plaintiff shall submit a brief of no more than 10 pages regarding contention interrogatories by March 7, 2022, to which Defendant shall respond with similar page limits by March 14, 2022, and Plaintiff shall reply with a brief of no more than 5 pages by March 16, 2022; and 3) If the parties cannot resolve their differences, the same briefing schedule and page limits shall apply to briefs regarding a protective order, ESI order, and Rule 502(d) order. So ORDERED by Judge James E. Boasberg on 2/28/2022. (lcjeb2) (Entered: 02/28/2022) |

| 02/28/2022 | | Minute Entry for proceedings held before Judge James E. Boasberg: Telephone Scheduling Conference held on 2/28/2022. Joint proposed scheduling order due by 3/2/2022. See Minute Order issued on 2/28/2022. (Court Reporter Lisa Griffith) (nbn) (Entered: 02/28/2022) |
|---|---|---|
| 03/01/2022 | 101 | NOTICE of Appearance by Nicholas A, Widnell on behalf of FEDERAL TRADE COMMISSION (Widnell, Nicholas) (Entered: 03/01/2022) |
| 03/02/2022 | 102 | MEET AND CONFER STATEMENT. (Matheson, Daniel) (Entered: 03/02/2022) |
| 03/03/2022 | 103 | SCHEDULING ORDER. Signed by Judge James E. Boasberg on 3/3/2022. (lcjeb2) (Entered: 03/03/2022) |
| 03/03/2022 | | Set/Reset Deadlines/Hearings: Amended Pleadings due by 2/15/2022. Discovery due by 1/5/2023. Initial Disclosure due by 2/22/2022. Fact Discovery due by 5/22/2023. Plaintiff Rule 26(a)(2) due by 7/3/2023. Defendant Rule 26(a)(2) due by 9/5/2023. (nbn) (Entered: 03/04/2022) |
| 03/07/2022 | 104 | NOTICE of Appearance by Susan Musser on behalf of FEDERAL TRADE COMMISSION (Musser, Susan) (Entered: 03/07/2022) |
| 03/07/2022 | 105 | STATUS REPORT by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A – Plaintiff's Proposed Protective Order, # 2 Exhibit B – Google Protective Order, # 3 Exhibit C – Google Hearing Transcript, # 4 Exhibit D– Declaration of Daniel Matheson, # 5 Exhibit E– Meta's Proposal)(Matheson, Daniel) (Entered: 03/07/2022) |
| 03/07/2022 | 106 | STATUS REPORT. (Attachments: # 1 Text of Proposed Order Regarding Discovery Procedure, # 2 Text of Proposed Order Regarding Federal Rule of Evidence 502(d))(Matheson, Daniel) Modified event title on 3/8/2022 (znmw). (Entered: 03/07/2022) |
| 03/08/2022 | 107 | STIPULATED FEDERAL RULE OF EVIDENCE 502(d) ORDER. Signed by Judge James E. Boasberg on 3/8/2022. (lcjeb2) (Entered: 03/08/2022) |
| 03/08/2022 | 108 | STIPULATION AND ORDER REGARDING DISCOVERY PROCEDURE. Signed by Judge James E. Boasberg on 3/8/2022. (lcjeb2) (Entered: 03/08/2022) |
| 03/08/2022 | 109 | TRANSCRIPT OF PROCEEDINGS before Judge James E. Boasberg held on 2–28–2022; Page Numbers: 1–39. Date of Issuance:3–8–2022. Court Reporter/Transcriber Lisa Walker Griffith, Telephone number 202 354–3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 3/29/2022. Redacted Transcript Deadline set for 4/8/2022. Release of Transcript Restriction set for 6/6/2022.(Griffith, Lisa) (Entered: 03/08/2022) |
| 03/14/2022 | 110 | NOTICE of Appearance by Abby L. Dennis on behalf of FEDERAL TRADE COMMISSION (Dennis, Abby) (Entered: 03/14/2022) |
| 03/14/2022 | 111 | NOTICE of Appearance by Danica Noble on behalf of FEDERAL TRADE COMMISSION (Noble, Danica) (Entered: 03/14/2022) |
| 03/14/2022 | 112 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Eric Cochran terminated. (Matheson, Daniel) (Entered: 03/14/2022) |
| 03/14/2022 | 113 | STATUS REPORT *and Proposal for Protective Order* by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hansen, Mark) (Entered: 03/14/2022) |
| 03/15/2022 | 114 | NOTICE of Appearance by Michael David White on behalf of FEDERAL TRADE COMMISSION (White, Michael) (Entered: 03/15/2022) |
| 03/16/2022 | 115 | NOTICE of Appearance by Albert Teng on behalf of FEDERAL TRADE COMMISSION (Teng, Albert) (Entered: 03/16/2022) |
| 03/16/2022 | 116 | REPLY re 113 Status Report filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 03/16/2022) |
| 03/16/2022 | 117 | NOTICE of Appearance by Peter Joseph Mucchetti on behalf of Snap Inc., Pinterest, Inc. (Mucchetti, Peter) (Entered: 03/16/2022) |
| 03/16/2022 | 118 | MOTION for Leave to File *Non−Parties Position Statement on the Protective Order* by Pinterest, Inc., Snap Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order for Leave to File, # 2 Exhibit Non−Parties Position Statement on the Protective Order, # 3 Exhibit Exhibit A to Non−Parties Position Statement on the Protective Order, # 4 Certificate of Service)(Mucchetti, Peter) (Entered: 03/16/2022) |
| 03/16/2022 | 119 | ENTERED IN ERROR.....MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Minji Reem, Fee Status: No Fee Paid. by Snap Inc.. (Attachments: # 1 Declaration of Minji Reem in Support of Motion for Admission pro hac vice, # 2 Text of Proposed Order for admission pro hac vice)(Mucchetti, Peter) Modified on 3/17/2022 (zeg). (Entered: 03/16/2022) |
| 03/16/2022 | 120 | NOTICE of Appearance by Justin P. Hedge on behalf of Match Group, Inc. (Hedge, Justin) (Entered: 03/16/2022) |
| 03/16/2022 | 121 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Abigail L. Cessna, Filing fee $ 100, receipt number ADCDC−9108826. Fee Status: Fee Paid. by Snap Inc.. (Attachments: # 1 Declaration of Abigail L. Cessna in Support of Motion for Admission pro hac vice, # 2 Text of Proposed Order)(Mucchetti, Peter) (Entered: 03/16/2022) |
| 03/16/2022 | 122 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Minji Reem, Filing fee $ 100, receipt number ADCDC−9108848. Fee Status: Fee Paid. by Pinterest, Inc., Snap Inc.. (Attachments: # 1 Declaration of Minji Reem in Support of Motion for Admission pro hac vice, # 2 Text of Proposed Order)(Mucchetti, Peter) (Entered: 03/16/2022) |

| 03/16/2022 | 123 | NOTICE of Appearance by Kenneth R. O'Rourke on behalf of TWITTER INC. (O'Rourke, Kenneth) (Entered: 03/16/2022) |
| 03/17/2022 | 124 | NOTICE of Appearance by Jonathan Ian Gleklen on behalf of LINKEDIN CORPORATION (Gleklen, Jonathan) (Entered: 03/17/2022) |
| 03/17/2022 | 125 | NOTICE of Appearance by Ryan Zane Watts on behalf of LINKEDIN CORPORATION (Watts, Ryan) (Entered: 03/17/2022) |
| 03/17/2022 | | NOTICE OF CORRECTED DOCKET ENTRY: re 119 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Minji Reem, Fee Status: No Fee Paid. was entered in error and counsel has refiled said pleading in docket entry 122 . (zeg) (Entered: 03/17/2022) |
| 03/17/2022 | 126 | NOTICE of Appearance by Edward H. Takashima on behalf of FEDERAL TRADE COMMISSION (Takashima, Edward) (Entered: 03/17/2022) |
| 03/17/2022 | 127 | NOTICE of Appearance by Craig A. Holman on behalf of ORACLE CORPORATION (Holman, Craig) (Entered: 03/17/2022) |
| 03/17/2022 | | MINUTE ORDER GRANTING 121 Motion for Admission *Pro Hac Vice* of Abigail L. Cessna. So ORDERED by Judge James E. Boasberg on 3/17/2022. (lcjeb2) (Entered: 03/17/2022) |
| 03/17/2022 | | MINUTE ORDER GRANTING 122 Motion for Admission *Pro Hac Vice* of Minji Reem. So ORDERED by Judge James E. Boasberg on 3/17/2022. (lcjeb2) (Entered: 03/17/2022) |
| 03/21/2022 | 128 | NOTICE of Appearance by Minji Reem on behalf of Pinterest, Inc., Snap Inc. (Reem, Minji) (Entered: 03/21/2022) |
| 03/22/2022 | 129 | NOTICE of Appearance by Jessica Moy on behalf of FEDERAL TRADE COMMISSION (Moy, Jessica) (Entered: 03/22/2022) |
| 03/22/2022 | 130 | NOTICE of Appearance by Abigail L. Cessna on behalf of SNAP INC. (Cessna, Abigail) (Entered: 03/22/2022) |
| 03/22/2022 | 131 | ORDER: The Court ORDERS that: (1) The parties shall jointly submit a revised proposed Protective Order that incorporates the rulings in the attached Order by March 25, 2022 (2) If Meta agrees with the Third Parties regarding designations, the Protective Order shall include that language; (3) If Meta disagrees, it shall file a brief by March 25, 2022, setting forth its objections, and the parties shall file two proposed Protective Orders, one with the language and one without, and the Court shall make its decision and sign the appropriate one; and (4) Third Parties' 118 Motion for Leave to File is GRANTED. Signed by Judge James E. Boasberg on 3/22/2022. (lcjeb2) (Entered: 03/22/2022) |
| 03/22/2022 | | Set/Reset Deadlines: Revised Proposed Protective Order due by 3/25/2022. (znbn) (Entered: 03/22/2022) |
| 03/22/2022 | 135 | Civil Statement from SNAP INC., PINTEREST, INC.. (Attachment: # 1 Exhibit A)(ztth) (Entered: 03/29/2022) |
| 03/23/2022 | 132 | NOTICE of Appearance by Nathan Daniel Brenner on behalf of FEDERAL TRADE COMMISSION (Brenner, Nathan) (Entered: 03/23/2022) |
| 03/25/2022 | 133 | |

| | | NOTICE of Proposed Order by FEDERAL TRADE COMMISSION re 131 Order on Motion for Leave to File,, (Matheson, Daniel) (Entered: 03/25/2022) |
|---|---|---|
| 03/25/2022 | 134 | PROTECTIVE ORDER. Signed by Judge James E. Boasberg on 3/25/2022. (lcjeb2) (Entered: 03/25/2022) |
| 03/30/2022 | 136 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– C. Scott Lent, Filing fee $ 100, receipt number ADCDC–9137912. Fee Status: Fee Paid. by MATCH GROUP, INC.. (Attachments: # 1 Declaration of C. Scott Lent in Support of Motion, # 2 Text of Proposed Order)(Hedge, Justin) (Entered: 03/30/2022) |
| 03/30/2022 | | MINUTE ORDER GRANTING 136 Motion for Leave to Appear *Pro Hac Vice* of C. Scott Lent. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. So ORDERED by Judge James E. Boasberg on 3/30/2022. (lcjeb2) (Entered: 03/30/2022) |
| 03/30/2022 | 137 | NOTICE of Appearance by Scott Lent on behalf of MATCH GROUP, INC. (Lent, Scott) (Entered: 03/30/2022) |
| 04/11/2022 | 138 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Michael Mikawa terminated. (Matheson, Daniel) (Entered: 04/11/2022) |
| 04/12/2022 | 139 | NOTICE of Appearance by Christopher Douglas Harris on behalf of FEDERAL TRADE COMMISSION (Harris, Christopher) (Entered: 04/12/2022) |
| 04/13/2022 | 140 | NOTICE of Appearance by Kevin J. Orsini on behalf of META PLATFORMS, INC. (Orsini, Kevin) (Entered: 04/13/2022) |
| 04/15/2022 | 141 | NOTICE of Appearance by Jennifer Elyse Tarr on behalf of FEDERAL TRADE COMMISSION (Tarr, Jennifer) (Entered: 04/15/2022) |
| 04/22/2022 | 142 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Edward H. Takashima terminated. (Matheson, Daniel) (Entered: 04/22/2022) |
| 05/19/2022 | 143 | NOTICE of Appearance by William Stuart Hirschfeld on behalf of FEDERAL TRADE COMMISSION (Hirschfeld, William) (Entered: 05/19/2022) |
| 05/27/2022 | 144 | NOTICE of Appearance by Timothy Slattery on behalf of FEDERAL TRADE COMMISSION (Slattery, Timothy) (Entered: 05/27/2022) |
| 05/31/2022 | 145 | NOTICE of Appearance by Karen Virginia Goff on behalf of FEDERAL TRADE COMMISSION (Goff, Karen) (Entered: 05/31/2022) |
| 05/31/2022 | 146 | Joint STATUS REPORT *Regarding Discovery* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit Meta Attachment, # 2 Declaration Meta Attachment)(Matheson, Daniel) (Entered: 06/01/2022) |
| 06/16/2022 | 147 | MOTION for Discovery *for Issuance of Letters of Request* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support, # 2 Bytedance Letter of Request, # 3 TRANSLATED Bytedance Letter of Request, # 4 Tencent Letter of Request, # 5 TRANSLATED Tencent Letter of Request, # 6 Telegram Letter of Request)(Hansen, Mark) (Entered: 06/16/2022) |
| 06/16/2022 | | MINUTE ORDER: At the request of the parties, a discovery dispute hearing is set for Wednesday, June 22, 2022, at 11:00 a.m. by Zoom. So ORDERED by Judge James |

| | | |
|---|---|---|
| | | E. Boasberg on 6/16/2022. (lcjeb2) (Entered: 06/16/2022) |
| 06/17/2022 | | Set/Reset Hearings: Discovery Hearing set for 6/22/2022 at 11:00 AM by VTC before Judge James E. Boasberg. (lsj) (Entered: 06/17/2022) |
| 06/22/2022 | | Minute Entry for proceedings held before Judge James E. Boasberg: Video Status Conference held on 6/22/2022. Minute Order forthcoming. (Court Reporter Lisa Griffith) (nbn) (Entered: 06/22/2022) |
| 06/22/2022 | | MINUTE ORDER: As discussed in today's hearing, the Court ORDERS that: 1) The parties shall brief the privilege issue as follows: Meta's brief (limited to 30 pages) is due July 5, 2022; the FTC's response (limited to 30 pages) is due July 19, 2022; and Meta's reply (limited to 15 pages) is due July 26, 2022; 2) The parties shall brief the interrogatories issue as follows: Meta's brief (limited to 20 pages) is due on June 30, 2022; the FTC's response (limited to 20 pages) is due July 14, 2022; and Meta's reply (limited to 10 pages) is due July 21, 2022; and 3) The parties shall submit a further Joint Status Report on Meta's document production by July 29, 2022. So ORDERED by Judge James E. Boasberg on 6/22/2022. (lcjeb2) (Entered: 06/22/2022) |
| 06/22/2022 | | Set/Reset Deadlines: Status Report due by 7/29/2022. (nbn) (Entered: 06/22/2022) |
| 06/22/2022 | 148 | ORDER GRANTING 147 Motion for Issuance of Letters of Request. So ORDERED by Judge James E. Boasberg on 6/22/2022. (lcjeb2) Modified to remove "minute" on 6/28/2022 (znbn). (Entered: 06/22/2022) |
| 06/30/2022 | 149 | STRICKEN PURSUANT TO THE MINUTE ORDER FILED ON 7/1/2022..... MOTION to Compel *Answer to Interrogatory No. 10* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Text of Proposed Order)(Hansen, Mark) Modified on 7/5/2022 (nbn). (Entered: 06/30/2022) |
| 06/30/2022 | 150 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 149 MOTION to Compel *Answer to Interrogatory No. 10* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 06/30/2022) |
| 07/01/2022 | | MINUTE ORDER: The Court ORDERS that Defendant's 149 Motion to Compel is STRICKEN for violating the Court's Local Rule on excessive footnotes, which also appear in this case as an effort to circumvent page limits. Defendant may refile today with no more than five footnotes containing no more than 20 aggregate lines of text. So ORDERED by Judge James E. Boasberg on 7/1/2022. (lcjeb2) (Entered: 07/01/2022) |
| 07/01/2022 | 151 | MOTION to Compel *Answer to Interrogatory No. 10* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Text of Proposed Order)(Hansen, Mark) (Entered: 07/01/2022) |
| 07/05/2022 | 152 | MOTION to Compel *Production of 2012 and 2014 FTC Memoranda* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support – Redacted, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Text of Proposed Order)(Hansen, Mark) (Entered: 07/05/2022) |
| 07/05/2022 | 153 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by META PLATFORMS, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support – Sealed)(Hansen, Mark) (Entered: 07/05/2022) |

| 07/05/2022 | 154 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by META PLATFORMS, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit E, # 2 Exhibit F)(Hansen, Mark) (Entered: 07/05/2022) |
|---|---|---|
| 07/06/2022 | | MINUTE ORDER GRANTING 153 Sealed Motion for Leave to File Document Under Seal. The Court ORDERS that an unredacted version of the document will be filed under seal and a redacted version filed on the public docket. So ORDERED by Judge James E. Boasberg on 7/6/2022. (lcjeb2) (Entered: 07/06/2022) |
| 07/06/2022 | | MINUTE ORDER GRANTING 154 Sealed Motion for Leave to File Document Under Seal. So ORDERED by Judge James E. Boasberg on 7/6/2022. (lcjeb2) (Entered: 07/06/2022) |
| 07/06/2022 | 155 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 152 MOTION to Compel *Production of 2012 and 2014 FTC Memoranda* filed by META PLATFORMS, INC. (This document is SEALED and only available to authorized persons.)(ztth) (Entered: 07/11/2022) |
| 07/06/2022 | 156 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 152 MOTION to Compel *Production of 2012 and 2014 FTC Memoranda* filed by META PLATFORMS, INC. (This document is SEALED and only available to authorized persons.) (Attachment: # 1 Exhibit)(ztth) (Entered: 07/11/2022) |
| 07/14/2022 | 157 | Memorandum in opposition to re 151 MOTION to Compel *Answer to Interrogatory No. 10* filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A – Declaration of Daniel Matheson, # 2 Exhibit B, # 3 Exhibit C – Redacted, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Matheson, Daniel) (Entered: 07/14/2022) |
| 07/14/2022 | 158 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 157 Memorandum in Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit C – Filed Under Seal, # 2 Exhibit E – Filed Under Seal)(Matheson, Daniel) (Entered: 07/14/2022) |
| 07/15/2022 | 159 | NOTICE of Appearance by James Harris Weingarten on behalf of FEDERAL TRADE COMMISSION (Weingarten, James) (Entered: 07/15/2022) |
| 07/19/2022 | 160 | Memorandum in opposition to re 152 MOTION to Compel *Production of 2012 and 2014 FTC Memoranda* filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Elizabeth Tucci, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Declaration of Daniel Matheson, # 7 Exhibit A, # 8 Exhibit B, # 9 Exhibit C, # 10 Text of Proposed Order)(Matheson, Daniel) (Entered: 07/19/2022) |
| 07/21/2022 | 161 | REPLY to opposition to motion re 151 MOTION to Compel *Answer to Interrogatory No. 10* filed by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 07/21/2022) |
| 07/21/2022 | 162 | SEALED REPLY TO OPPOSITION filed by META PLATFORMS, INC. re 151 MOTION to Compel *Answer to Interrogatory No. 10* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Notice and Consent)(Hansen, Mark) (Entered: 07/21/2022) |
| 07/26/2022 | 163 | REPLY to opposition to motion re 152 MOTION to Compel *Production of 2012 and 2014 FTC Memoranda* filed by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Mark C. Hansen, # 2 Exhibit A)(Hansen, Mark) (Attachment 2 flattened and replaced on 7/27/2022.) (ztnr) (Entered: 07/26/2022) |

| 07/29/2022 | 164 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 07/29/2022) |
|---|---|---|
| 08/01/2022 | | MINUTE ORDER: In light of the parties' 164 Joint Status Report, the Court ORDERS that by August 5, 2022, Meta shall show cause why it cannot complete the relevant production by October 31, 2022, as opposed to November 30, 2022. The FTC shall offer any response by August 9, 2022. So ORDERED by Judge James E. Boasberg on 8/1/2022. (lcjeb2) (Entered: 08/01/2022) |
| 08/01/2022 | 165 | ORDER GRANTING 151 Motion to Compel. The Court ORDERS that: 1) By August 22, 2022, Meta shall submit to the FTC a list of each feature or activity available to users on Facebook, Instagram, WhatsApp, or Facebook Messenger that Meta wishes the FTC to categorize as included or excluded from the definition of "personal social networking"; 2) By September 12, 2022, the FTC shall inform Meta whether each such feature or activity is or is not within that definition; and 3) If, at any point in the future, the FTC takes a different position on any such feature or activity, the FTC shall so supplement its response. Signed by Judge James E. Boasberg on 8/1/2022. (lcjeb3) (Entered: 08/01/2022) |
| 08/01/2022 | 166 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Catalina J. Vergara, Filing fee $ 100, receipt number ADCDC–9408568. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Catalina J. Vergara, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Huff, Kevin) (Entered: 08/01/2022) |
| 08/01/2022 | | Set/Reset Deadlines: Response to Show Cause due by 8/5/2022. (lsj) (Entered: 08/01/2022) |
| 08/01/2022 | | MINUTE ORDER GRANTING 166 Motion for Admission *Pro Hac Vice* of Catalina J. Vergara. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Judge James E. Boasberg on 8/1/2022. (lcjeb2) (Entered: 08/01/2022) |
| 08/02/2022 | 167 | NOTICE of Appearance by Catalina Vergara on behalf of META PLATFORMS, INC. (Vergara, Catalina) (Entered: 08/02/2022) |
| 08/05/2022 | 168 | RESPONSE TO ORDER TO SHOW CAUSE re 165 Order, filed by META PLATFORMS, INC. (Hansen, Mark) Modified to add docket entry relationship on 8/8/2022 (ztth). (Entered: 08/05/2022) |
| 08/09/2022 | | MINUTE ORDER: As the Court may decide to review certain documents in camera, it ORDERS that by August 12, 2022, the FTC shall provide it with the following documents from the FTC's Privilege Log (ECF No. 160–8): 1 through 1(e), 2 through 2(g), 3, 4, 5(e). In addition, the FTC shall provide the following documents from the Log in both fully unredacted form and in the redacted form produced to Meta: 6 & 6(a), 7 & 7(a), 8 & 8(a), 9 & 9(a), 10 & 10(a), 11 & 11(a), 12 & 12(a), 13 & 13(a). So ORDERED by Judge James E. Boasberg on 8/9/2022. (lcjeb2) (Entered: 08/09/2022) |
| 08/09/2022 | 169 | RESPONSE TO ORDER TO SHOW CAUSE re Order, filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 08/09/2022) |
| 08/10/2022 | | MINUTE ORDER: The Court ORDERS that Meta shall substantially complete its document production in response to the FTC's first set of requests by November 16, 2022, which is five months after it began its collection. So ORDERED by Judge James E. Boasberg on 8/10/2022. (lcjeb2) (Entered: 08/10/2022) |

| 08/12/2022 | 170 | DECLARATION *of Daniel Matheson* by FEDERAL TRADE COMMISSION re Order,,. (Matheson, Daniel) (Entered: 08/12/2022) |
|---|---|---|
| 08/15/2022 | 171 | NOTICE of Appearance by Steven C. Sunshine on behalf of TikTok Inc. (Sunshine, Steven) (Entered: 08/15/2022) |
| 08/15/2022 | 172 | NOTICE of Appearance by Julia K. York on behalf of TikTok Inc. (York, Julia) (Entered: 08/15/2022) |
| 08/15/2022 | 173 | NOTICE of Appearance by David P. Wales on behalf of TikTok Inc. (Wales, David) (Entered: 08/15/2022) |
| 08/16/2022 | 174 | MOTION Non–Party Tiktok's Inc.'s Motion to Deny Defendant's Designated In–House Counsels Access to Highly Confidential Information by TikTok Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Julia K. York, # 3 Exhibit A – Declaration of Julia K. York, # 4 Exhibit B – Declaration of Julia K. York, # 5 Exhibit C – Declaration of Julia K. York, # 6 Exhibit D – Declaration of Julia K. York, # 7 Exhibit E – Declaration of Julia K. York)(Sunshine, Steven) (Entered: 08/16/2022) |
| 08/16/2022 | | NOTICE OF ERROR re 174 Motion for Miscellaneous Relief; emailed to steven.sunshine@skadden.com, cc'd 136 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Please do not refile. In future, the signature on the pleading must match login credentials. (ztth, ) (Entered: 08/16/2022) |
| 08/16/2022 | | MINUTE ORDER: The Court ORDERS that Non–Party Tiktok's 174 Motion is DENIED WITHOUT PREJUDICE. The Court's 103 Scheduling Order describes how discovery disputes are handled. So ORDERED by Judge James E. Boasberg on 08/16/2022. (lcjeb3) (Entered: 08/16/2022) |
| 08/17/2022 | 175 | WITHDRAWN PURSUANT TO NOTICE FILED ON 8/18/2022.....MOTION for Discovery *for Issuance of Discovery Orders and Letters Rogatory* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit A– TRANSLATED, # 4 Exhibit B, # 5 Exhibit B– TRANSLATED, # 6 Exhibit C, # 7 Exhibit C– TRANSLATED, # 8 Exhibit D, # 9 Exhibit D– TRANSLATED)(Hansen, Mark); Modified on 8/19/2022 (ztth). (Entered: 08/17/2022) |
| 08/18/2022 | 176 | NOTICE OF WITHDRAWAL OF MOTION by META PLATFORMS, INC. re 175 MOTION for Discovery *for Issuance of Discovery Orders and Letters Rogatory* (Hansen, Mark) (Entered: 08/18/2022) |
| 08/31/2022 | 177 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 08/31/2022) |
| 08/31/2022 | 178 | Joint STATUS REPORT *[CORRECTED]* by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 08/31/2022) |
| 09/01/2022 | 179 | NOTICE of Appearance by Tiffany Rider Rohrbaugh on behalf of TIKTOK INC. (Rohrbaugh, Tiffany) (Entered: 09/01/2022) |
| 09/01/2022 | 180 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Craig M. Reiser, Filing fee $ 100, receipt number ADCDC–9486198. Fee Status: Fee Paid. by TIKTOK INC.. (Attachments: # 1 Declaration of Craig M. Reiser, # 2 Certificate of Good Standing – Reiser NY, # 3 Text of Proposed Order)(Rohrbaugh, Tiffany) |

| | | |
|---|---|---|
| | | (Entered: 09/01/2022) |
| 09/01/2022 | 181 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Angela M. Farren, Filing fee $ 100, receipt number ADCDC–9486221. Fee Status: Fee Paid. by TIKTOK INC.. (Attachments: # 1 Declaration of Angela M. Farren, # 2 Certificate of Good Standing – Farren NY, # 3 Text of Proposed Order)(Rohrbaugh, Tiffany) (Entered: 09/01/2022) |
| 09/01/2022 | 182 | NOTICE of Appearance by Michael L. Keeley on behalf of TIKTOK INC. (Keeley, Michael) (Entered: 09/01/2022) |
| 09/01/2022 | | MINUTE ORDER GRANTING 180 Motion for Admission *Pro Hac Vice* of Craig M. Reiser. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Judge James E. Boasberg on 9/1/2022. (lcjeb2) (Entered: 09/01/2022) |
| 09/01/2022 | | MINUTE ORDER GRANTING 181 Motion for Admission *Pro Hac Vice* of Angela M. Farren. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Judge James E. Boasberg on 9/1/2022. (lcjeb2) (Entered: 09/01/2022) |
| 09/02/2022 | 183 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TIKTOK INC.. Attorney Julia K. York terminated. (York, Julia) (Entered: 09/02/2022) |
| 09/02/2022 | 184 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TIKTOK INC.. Attorney Steven C. Sunshine terminated. (Sunshine, Steven) (Entered: 09/02/2022) |
| 09/02/2022 | 185 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TIKTOK INC.. Attorney David P. Wales terminated. (Wales, David) (Entered: 09/02/2022) |
| 09/02/2022 | | MINUTE ORDER: To the extent that the parties have not resolved their dispute regarding "hit count reports" in the FTC's first RFP, the Court ORDERS Plaintiff to file a brief of no more than 5 pages supporting its position by September 7, 2022, with Defendant's response of no more than 5 pages by September 12, 2022, and Plaintiff's reply of no more than 3 pages by September 14, 2022. So ORDERED by Judge James E. Boasberg on 9/2/2022. (lcjeb2) (Entered: 09/02/2022) |
| 09/02/2022 | | Set/Reset Deadlines: Brief due by 9/7/2022. Responses due by 9/12/2022. Replies due by 9/14/2022. (nbn) (Entered: 09/07/2022) |
| 09/06/2022 | 186 | NOTICE of Appearance by Craig Matthew Reiser on behalf of TIKTOK INC. (Reiser, Craig) (Entered: 09/06/2022) |
| 09/06/2022 | 187 | NOTICE of Appearance by Angela Marie Farren on behalf of TIKTOK INC. (Farren, Angela) (Entered: 09/06/2022) |
| 09/06/2022 | 188 | ORDER DENYING 152 Motion to Compel. For the reasons set forth in the accompanying Memorandum Opinion, the Court ORDERS that Defendant's Motion to Compel is DENIED. Signed by Judge James E. Boasberg on 9/6/2022. (lcjeb2) (Entered: 09/06/2022) |
| 09/06/2022 | 189 | MEMORANDUM OPINION re 188 Order on Motion to Compel. Signed by Judge James E. Boasberg on 9/6/2022. (lcjeb2) (Entered: 09/06/2022) |
| 09/07/2022 | 190 | MEMORANDUM re Order, by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Matheson, Daniel) (Entered: 09/07/2022) |

| 09/07/2022 | 191 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 190 Memorandum (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Matheson, Daniel) (Entered: 09/07/2022) |
| 09/12/2022 | 192 | RESPONSE re 190 Memorandum *re Hit Count Reports* filed by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Geoffrey M. Klineberg, # 2 Exhibit A)(Klineberg, Geoffrey) (Entered: 09/12/2022) |
| 09/14/2022 | 193 | REPLY to opposition to motion 191 filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Matheson, Daniel) (Entered: 09/14/2022) |
| 09/19/2022 | 194 | ORDER re 190 : The Court ORDERS that by September 26, 2022, Meta shall produce: (i) the number of documents generated by each search string, and (ii) the total number of documents for each custodian that hit on the complete set of search terms. Signed by Judge James E. Boasberg on 9/19/2022. (lcjeb2) (Entered: 09/19/2022) |
| 09/19/2022 | | Set/Reset Deadlines: Meta shall produce: (i) the number of documents generated by each search string, and (ii) the total number of documents for each custodian that hit on the complete set of search terms due by 9/26/2022. (nbn) (Entered: 09/20/2022) |
| 09/29/2022 | 195 | MEMORANDUM by META PLATFORMS, INC.. (Klineberg, Geoffrey) (Entered: 09/29/2022) |
| 09/29/2022 | 196 | Supplemental MOTION Monthly Updates by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 09/29/2022) |
| 09/30/2022 | | Minute Entry for proceedings held before Judge James E. Boasberg: Video Status Conference held on 9/30/2022. Order forthcoming. (Court Reporter Lisa Griffith) (nbn) (Entered: 09/30/2022) |
| 09/30/2022 | | MINUTE ORDER: As discussed in today's discovery hearing, the Court ORDERS that: 1) The parties shall now provide joint status reports on discovery every 45 days, as opposed to every three months, with the next one due on October 31, 2022; and 2) The parties shall use best efforts to ensure that this Court handles all third–party discovery disputes. This will streamline the litigation, avoid delays in other jurisdictions, offer predictability and consistency in discovery rulings, and help inform the Court on the relevant issues. As a result, where the FTC or Meta seeks the Court's intervention, it shall join the third party in a telephone call to chambers to set a hearing. Where a third party files a discovery motion in a different court, the FTC or Meta shall inform that court of this Order and seek transfer here. So ORDERED by Judge James E. Boasberg on 9/30/2022. (lcjeb2) (Entered: 09/30/2022) |
| 09/30/2022 | | Set/Reset Deadlines: Joint Status Report due by 10/31/2022. (nbn) (Entered: 09/30/2022) |
| 10/06/2022 | 197 | NOTICE of Appearance by Benjamin D. Margo on behalf of Alpha Exploration Co. Inc. (Margo, Benjamin) (Entered: 10/06/2022) |
| 10/11/2022 | 198 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jordan R. Jaffe, Filing fee $ 100, receipt number ADCDC–9588636. Fee Status: Fee Paid. by Alpha Exploration Co. Inc.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Margo, Benjamin) (Entered: 10/11/2022) |
| 10/11/2022 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER GRANTING <u>198</u> Motion for Admission *Pro Hac Vice* of Jordan R. Jaffe. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Judge James E. Boasberg on 10/11/2022. (lcjeb2) (Entered: 10/11/2022) |
| 10/11/2022 | | MINUTE ORDER: At the request of the parties, a hearing to address Meta's motion to compel Alpha Exploration Co.'s responses to Meta's February 22, 2022 subpoena is set for Thursday, October 13, 2022 at 5:15 p.m. by Zoom. The Court ORDERS that the parties shall submit a pleading of no more than 3 pages by Wednesday, October 12, 2022 at 5:00 p.m. explaining their respective positions. So ORDERED by Judge James E. Boasberg on 10/11/2022. (lcjeb2) (Entered: 10/11/2022) |
| 10/11/2022 | | Set/Reset Hearings: Status Conference set for 10/13/2022 at 05:15 PM in Telephonic/VTC before Judge James E. Boasberg. (znbn) (Entered: 10/11/2022) |
| 10/12/2022 | <u>199</u> | RESPONSE TO ORDER OF THE COURT re Order, filed by META PLATFORMS, INC.. (Gringer, David) (Entered: 10/12/2022) |
| 10/12/2022 | <u>200</u> | RESPONSE TO ORDER OF THE COURT re Order, *STATEMENT OF NON–PARTY ALPHA EXPLORATION CO. INC. (CLUBHOUSE) IN OPPOSITION TO THE MOTION TO COMPEL BY META PLATFORMS, INC.* filed by Alpha Exploration Co. Inc.. (Jaffe, Jordan) (Entered: 10/12/2022) |
| 10/13/2022 | <u>201</u> | NOTICE of Appearance by Peter Taylor on behalf of FEDERAL TRADE COMMISSION (Taylor, Peter) (Entered: 10/13/2022) |
| 10/13/2022 | | Minute Entry for proceedings held before Judge James E. Boasberg: Video Status Conference held on 10/13/2022. (Court Reporter Jan Dickman) (nbn) (Entered: 10/13/2022) |
| 10/17/2022 | <u>202</u> | NOTICE of Appearance by Justina Sessions on behalf of SNAP INC. (Sessions, Justina) (Entered: 10/17/2022) |
| 10/19/2022 | | MINUTE ORDER: At the request of the parties, a hearing to address Meta's motion to compel Snap Inc.'s responses to Meta's subpoena is set for Monday, October 31, 2022 at 10:00 a.m. by Zoom. The Court ORDERS that the parties shall each submit a pleading of no more than 3 pages by Thursday, October 27, 2022 at 12:00 p.m. explaining their respective positions. So ORDERED by Judge James E. Boasberg on 10/19/2022. (lcjeb2) Modified to correct the time on 10/20/2022 (nbn). (Entered: 10/19/2022) |
| 10/19/2022 | | Set/Reset Hearings: Status Conference set for 10/31/2022 at 10:00 AM in Telephonic/VTC before Judge James E. Boasberg. (znbn) (Entered: 10/20/2022) |
| 10/24/2022 | <u>203</u> | NOTICE of Appearance by Njeri Mugure on behalf of FEDERAL TRADE COMMISSION (Mugure, Njeri) (Entered: 10/24/2022) |
| 10/27/2022 | <u>204</u> | RESPONSE TO ORDER OF THE COURT re Order, *Pleading of Non–Party Snap in Opposition to Metas Motion to Compel* filed by SNAP INC.. (Attachments: # <u>1</u> Appendix A – Snaps Offer to Meta, # <u>2</u> Appendix B – FTCs Priority Categories)(Sessions, Justina) (Entered: 10/27/2022) |
| 10/27/2022 | <u>205</u> | MOTION to Compel *Non–Party Snap to Produce Documents* by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 10/27/2022) |
| 10/31/2022 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge James E. Boasberg: Video Status Conference held on 10/31/2022. Minute Order forthcoming. (Court Reporter Lisa Griffith) (nbn) (Entered: 10/31/2022) |
| 10/31/2022 | | MINUTE ORDER: As discussed at today's hearing, the Court ORDERS that: 1) Meta's 205 Motion to Compel is GRANTED IN PART and DENIED IN PART; and 2) The parties shall submit a joint status report by November 21, 2022, in which Meta shall list any specific document requests on which the parties cannot reach agreement, and Snap shall provide its response on what it is willing to search and produce. So ORDERED by Judge James E. Boasberg on 10/31/2022. (lcjeb2) (Entered: 10/31/2022) |
| 10/31/2022 | | Set/Reset Deadlines: Status Report due by 11/21/2022. (nbn) (Entered: 10/31/2022) |
| 10/31/2022 | 206 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Matheson, Daniel) (Entered: 10/31/2022) |
| 11/01/2022 | | MINUTE ORDER: The Court ORDERS that the parties shall appear for a status hearing via Zoom on November 9, 2022, at 11 a.m. to discuss the issues raised in their 206 Joint Status Report. So ORDERED by Judge James E. Boasberg on 11/1/2022. (lcjeb2) (Entered: 11/01/2022) |
| 11/01/2022 | | MINUTE ORDER: At the request of the parties, a hearing to address Sequoia Capital's motion to quash FTC's subpoena is set for Thursday, November 10, 2022, at 10:00 a.m. by Zoom. The Court ORDERS that the parties shall each submit a pleading of no more than 3 pages by Monday, November 7, 2022, explaining their respective positions. Sequoia shall attach to its pleading a copy of the deposition notice. So ORDERED by Judge James E. Boasberg on 11/1/2022. (lcjeb2) Modified to amend name on 11/1/2022 (nbn). (Entered: 11/01/2022) |
| 11/01/2022 | | Set/Reset Hearings: Status Conference set for 11/9/2022 at 11:00 AM in Telephonic/VTC before Judge James E. Boasberg. Status Conference set for 11/10/2022 at 10:00 AM in Telephonic/VTC before Judge James E. Boasberg. (nbn) (Entered: 11/01/2022) |
| 11/01/2022 | 207 | TRANSCRIPT OF PROCEEDINGS before Judge James E. Boasberg held on 10−31−22; Page Numbers: 1−33. Date of Issuance:11−1−22. Court Reporter/Transcriber Lisa Griffith, Telephone number 202−354−3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 11/22/2022. Redacted Transcript Deadline set for 12/2/2022. Release of Transcript Restriction set for 1/30/2023.(Griffith, Lisa) (Entered: 11/01/2022) |
| 11/03/2022 | 208 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Collin R. White, Filing fee $ 100, receipt number ADCDC−9647328. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Klineberg, Geoffrey) (Entered: 11/03/2022) |
| 11/03/2022 | 209 | NOTICE of Appearance by Samer Makram Musallam on behalf of SEQUOIA CAPITAL OPERATIONS. LLC (Musallam, Samer) (Entered: 11/03/2022) |
| 11/04/2022 | | MINUTE ORDER GRANTING 208 Motion for Admission *Pro Hac Vice* of Collin R. White. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Judge James E. Boasberg on 11/4/2022. (lcjeb2) (Entered: 11/04/2022) |
| 11/06/2022 | 210 | TRANSCRIPT OF PROCEEDINGS before Judge James E. Boasberg held on 2−28−2022; Page Numbers: 1−39. Date of Issuance:11−6−22. Court Reporter/Transcriber Lisa Griffith, Telephone number 202−354−3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/27/2022. Redacted Transcript Deadline set for 12/7/2022. Release of Transcript Restriction set for 2/4/2023.(Griffith, Lisa) (Entered: 11/06/2022) |
| 11/07/2022 | 211 | TRANSCRIPT OF PROCEEDINGS before Judge James E. Boasberg held on 6/22/2022; Page Numbers: 1−12. Date of Issuance:11/7/2022. Court Reporter/Transcriber Lisa Griffith, Telephone number 202−354−3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above . After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, |

| | | |
|---|---|---|
| | | which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/28/2022. Redacted Transcript Deadline set for 12/8/2022. Release of Transcript Restriction set for 2/5/2023.(znbn) (Entered: 11/07/2022) |
| 11/07/2022 | 212 | MOTION to Quash *Deposition Subpoenas Issued by the Federal Trade Commission* by SEQUOIA CAPITAL OPERATIONS. LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Musallam, Samer) (Entered: 11/07/2022) |
| 11/07/2022 | 213 | RESPONSE TO ORDER OF THE COURT re Order,, *STATEMENT IN OPPOSITION TO NONPARTY SEQUOIA CAPITALS MOTION TO QUASH* filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 11/07/2022) |
| 11/08/2022 | 214 | Joint MOTION for Discovery *for Issuance of Letters of Request* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support, # 2 Letter of Request to Kakao for Documents, # 3 TRANSLATED Letter of Request to Kakao for Documents, # 4 Letter of Request to Kakao for Testimony, # 5 TRANSLATED Letter of Request to Kakao for Testimony)(Hansen, Mark) (Entered: 11/08/2022) |
| 11/08/2022 | 215 | ENTERED IN ERROR.....ORDER: The Court ORDERS that the Joint 214 Motion for Issuance of Letters of Request is GRANTED, and the signed Letters of Requests are attached. Signed by Judge James E. Boasberg on 11/8/2022. (lcjeb2) Modified on 11/9/2022 (nbn). (Entered: 11/08/2022) |
| 11/08/2022 | | MINUTE ORDER GRANTING 214 Joint MOTION for Issuance of Letters of Request filed by META PLATFORMS, INC. So ORDERED by Judge James E. Boasberg on 11/8/2022. (nbn) (Entered: 11/09/2022) |
| 11/08/2022 | 216 | Letters Rogatory Issued. (nbn) (Entered: 11/09/2022) |
| 11/09/2022 | | Minute Entry for proceedings held before Judge James E. Boasberg: Video Status Conference held on 11/9/2022. (Court Reporter Tammy Nestor) (nbn) (Entered: 11/09/2022) |
| 11/09/2022 | | MINUTE ORDER: As discussed at today's hearing, the Court ORDERS that: 1) Meta shall have an extension through December 7, 2022, for document production, provided that it shall continue to produce responsive documents on a rolling basis in the interim; and 2) The FTC shall identify 600 additional hyperlinks for Meta to review and produce in 150–link tranches. So ORDERED by Judge James E. Boasberg on 11/9/2022. (lcjeb2) (Entered: 11/09/2022) |
| 11/09/2022 | | Set/Reset Deadlines: Meta shall have an extension through December 7, 2022, for document production, provided that it shall continue to produce responsive documents on a rolling basis in the interim. (nbn) (Entered: 11/09/2022) |
| 11/10/2022 | | Minute Order and Entry for Proceedings held before Judge James E. Boasberg: Video Status Conference held on 11/10/2022. 212 Motion to Quash; DENIED for reasons set forth on the record. Court Reporter: Lisa Griffith. (zcal) (Entered: 11/10/2022) |
| 11/14/2022 | 217 | TRANSCRIPT OF PROCEEDINGS before Judge James E. Boasberg held on 11–10–22; Page Numbers: 1–6. Date of Issuance:11–14–22. Court Reporter/Transcriber Lisa Griffith, Telephone number 202–354–3247, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/5/2022. Redacted Transcript Deadline set for 12/15/2022. Release of Transcript Restriction set for 2/12/2023.(Griffith, Lisa) (Entered: 11/14/2022) |
| 11/18/2022 | | MINUTE ORDER: At the request of the parties, a discovery dispute hearing is set for Monday, November 28, 2022, at 4 p.m. via Zoom. The Court ORDERS that the parties shall each submit a pleading of no more than 3 pages by Wednesday, November 23, 2022, explaining their respective positions. So ORDERED by Judge James E. Boasberg on 11/18/2022. (lcjeb2) (Entered: 11/18/2022) |
| 11/18/2022 | | Set/Reset Hearings: Discovery Dispute Hearing set for 11/28/2022 at 04:00 PM in Telephonic/VTC before Judge James E. Boasberg. (nbn) (Entered: 11/21/2022) |
| 11/21/2022 | 218 | Joint STATUS REPORT *with Snap Inc.* by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 11/21/2022) |
| 11/23/2022 | 219 | TRANSCRIPT OF PROCEEDINGS before Judge James E. Boasberg held on 11/9/22; Page Numbers: 1−32. Court Reporter/Transcriber Tammy Nestor, Telephone number 2023543127, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/14/2022. Redacted Transcript Deadline set for 12/24/2022. Release of Transcript Restriction set for 2/21/2023.(Nestor, Tammy) (Entered: 11/23/2022) |
| 11/23/2022 | 220 | RESPONSE TO ORDER OF THE COURT re Order, *re Pending Discovery Issue* filed by META PLATFORMS, INC.. (Klineberg, Geoffrey) (Entered: 11/23/2022) |

| 11/23/2022 | 221 | MEMORANDUM by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit Exhibit A)(Matheson, Daniel) (Entered: 11/23/2022) |
| 11/28/2022 | | Minute Entry for proceedings held before Judge James E. Boasberg: Video Status Conference held on 11/28/2022. (Court Reporter Tim Miller) (nbn) (Entered: 11/28/2022) |
| 11/28/2022 | | MINUTE ORDER: As discussed in today's hearing, the Court ORDERS that the FTC shall provide Meta the 2500 entries by December 1, 2022; Meta shall re–review 1250 by December 30, 2022; and it shall review the other 1250 by January 31, 2023. So ORDERED by Judge James E. Boasberg on 11/28/2022. (lcjeb2) Modified to correct year on 12/2/2022 (nbn). (Entered: 11/28/2022) |
| 11/28/2022 | | Set/Reset Deadlines: the FTC shall provide Meta the 2500 entries by December 1, 2022; Meta shall re–review 1250 by December 30, 2022; and it shall review the other 1250 by January 31, 2023. (nbn) (Entered: 12/02/2022) |
| 12/02/2022 | 222 | NOTICE of Appearance by Erin Frake on behalf of FEDERAL TRADE COMMISSION (Frake, Erin) (Entered: 12/02/2022) |
| 12/07/2022 | | MINUTE ORDER: At the request of the parties, a discovery dispute hearing is set for Friday, December 9, 2022, at 11 a.m. via Zoom. The Court ORDERS that the parties shall each submit a pleading of no more than 3 pages by 12 p.m. on Thursday, December 8, 2022, explaining their respective positions. So ORDERED by Judge James E. Boasberg on 12/7/2022. (lcjeb2) (Entered: 12/07/2022) |
| 12/08/2022 | | Set/Reset Hearings: Status Conference set for 12/9/2022 at 11:00 AM in Telephonic/VTC before Judge James E. Boasberg. (znbn) (Entered: 12/08/2022) |
| 12/08/2022 | 223 | RESPONSE TO ORDER OF THE COURT re Order, *re: Discovery Dispute* filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 12/08/2022) |
| 12/08/2022 | 224 | RESPONSE TO ORDER OF THE COURT re Order, *re: Discovery Dispute* filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Huff, Kevin) (Entered: 12/08/2022) |
| 12/09/2022 | | Minute Entry for proceedings held before Judge James E. Boasberg: Video Status Conference held on 12/9/2022. (Court Reporter Lisa Griffith) (nbn) (Entered: 12/09/2022) |
| 12/09/2022 | | MINUTE ORDER: As discussed in today's hearing in response to the parties' 223 , 224 briefs, the Court ORDERS that: 1) Unless compelling reasons to the contrary exist, FTC counsel may appear for depositions in person or remotely; and 2) The parties can work out between themselves the display of documents to deposition witnesses. So ORDERED by Judge James E. Boasberg on 12/9/2022. (lcjeb2) (Entered: 12/09/2022) |
| 12/13/2022 | 225 | NOTICE of Appearance by Anusha Sunkara on behalf of FEDERAL TRADE COMMISSION (Sunkara, Anusha) (Entered: 12/13/2022) |
| 12/13/2022 | 226 | NOTICE of Appearance by Ario Fazli on behalf of FEDERAL TRADE COMMISSION (Fazli, Ario) (Entered: 12/13/2022) |
| 12/15/2022 | 227 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit 1 – Stipulation and [Proposed] Order Regarding Remote Depositions, # 2 Exhibit 2 – Meta's First Set of Interrogatories to the FTC, # 3 Exhibit 3 – Meta's |

| | | |
|---|---|---|
| | | Second Set of Interrogatories to the FTC)(Matheson, Daniel) (Entered: 12/15/2022) |
| 12/19/2022 | | MINUTE ORDER: Pursuant to the parties' 227 Joint Status Report, the Court ORDERS that: 1) The parties shall appear for a Zoom hearing on January 5, 2023, at 2:00 p.m. to resolve the identified disputes; and 2) A second hearing will be held on January 26, 2023, at 2:00 p.m. to resolve any disputes with third parties regarding discovery. Either side and any third party with an unresolved dispute shall file briefs of no more than three pages as to each dispute by January 20, 2023, at 5:00 p.m. So ORDERED by Judge James E. Boasberg on 12/19/2022. (lcjeb2) (Entered: 12/19/2022) |
| 12/19/2022 | 228 | NOTICE of Appearance by Peter Joseph Mucchetti on behalf of TWITTER INC. (Mucchetti, Peter) (Entered: 12/19/2022) |
| 12/19/2022 | | Set/Reset Deadlines/Hearings: Brief due by 1/20/2023. Discovery Hearing set for 1/26/2023 at 2:00 PM by Telephonic/VTC before Judge James E. Boasberg. Status Conference set for 1/5/2023 at 2:00 PM by Telephonic/VTC before Judge James E. Boasberg. (lsj) (Entered: 12/19/2022) |
| 12/19/2022 | | Set/Reset Hearings: Status Conference set for 1/5/2023 at 02:00 PM in Telephonic/VTC before Judge James E. Boasberg. Status Conference set for 1/26/2023 at 02:00 PM in Telephonic/VTC before Judge James E. Boasberg. (nbn) Modified to correct second date on 12/20/2022 (nbn). (Entered: 12/20/2022) |
| 01/04/2023 | 229 | NOTICE of Appearance by Andrew Edward Goldsmith on behalf of META PLATFORMS, INC. (Goldsmith, Andrew) (Entered: 01/04/2023) |
| 01/05/2023 | | MINUTE ORDER: As discussed at today's status hearing, the Court ORDERS that: 1) Meta shall make best efforts to produce relevant and deponent–responsive documents before the scheduled depositions; 2) Meta shall certify that the documents produced in response to Interrogatory No. 4 fully respond to that Interrogatory; and 3) The FTC shall answer Interrogatory No. 15. So ORDERED by Judge James E. Boasberg on 1/5/2023. (lcjeb2) (Entered: 01/05/2023) |
| 01/05/2023 | | Minute Entry for proceedings held before Judge James E. Boasberg:Status Conference held on 1/5/2023. See Minute Order filed on 1/5/2023 for full details. (Court Reporter Jeff Hook) (nbn) (Entered: 01/05/2023) |
| 01/09/2023 | 230 | MOTION to Withdraw as Attorney *and Proposed Order* by TWITTER INC.. (O'Rourke, Kenneth) (Entered: 01/09/2023) |
| 01/10/2023 | | MINUTE ORDER GRANTING 230 Motion to Withdraw as Attorney. The appearance of Attorney Kenneth R. O'Rourke is terminated. So ORDERED by Judge James E. Boasberg on 1/10/2023. (lcjeb2) (Entered: 01/10/2023) |
| 01/13/2023 | 231 | NOTICE of Appearance by Stephen Pearson, III on behalf of FEDERAL TRADE COMMISSION (Pearson, Stephen) (Entered: 01/13/2023) |
| 01/20/2023 | 232 | MEMORANDUM by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 01/20/2023) |
| 01/20/2023 | 233 | RESPONSE TO ORDER OF THE COURT re Order,, *Statement re Non–Party Disputes* filed by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 01/20/2023) |
| 01/23/2023 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: Given both sides' representations that no disputes with third parties are currently ripe, the Court ORDERS that the discovery hearing set for January 26, 2023, is VACATED. So ORDERED by Judge James E. Boasberg on 1/23/2023. (lcjeb2) (Entered: 01/23/2023) |
| 01/23/2023 | 234 | TRANSCRIPT OF VIDEO STATUS CONFERENCE before Judge James E. Boasberg held on January 5, 2023. Page Numbers: 1 – 24. Date of Issuance: January 23, 2023. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court repor ter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/13/2023. Redacted Transcript Deadline set for 2/23/2023. Release of Transcript Restriction set for 4/23/2023.(Hook, Jeff) (Entered: 01/23/2023) |
| 01/23/2023 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 233 RESPONSE TO ORDER OF THE COURT re Order,, *Statement re Non–Party Disputes* filed by META PLATFORMS, INC.. (Hansen, Mark).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 1/30/2023. (zbaj) Modified on 1/27/2023 (zbaj). (Entered: 01/23/2023) |
| 01/25/2023 | 235 | NOTICE of Appearance by Perry A. Lange on behalf of META PLATFORMS, INC. (Lange, Perry) (Entered: 01/25/2023) |
| 01/30/2023 | 236 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Joint Status Report_Filed Under Seal, # 2 Exhibit A _ Filed Under Seal, # 3 Exhibit B_ Filed Under Seal)(Matheson, Daniel) (Entered: 01/30/2023) |
| 01/31/2023 | 237 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A_Filed Under Seal, # 2 Exhibit B_ Redacted, # 3 Exhibit C, # 4 Exhibit D)(Matheson, Daniel) (Entered: 01/31/2023) |

| 01/31/2023 | 238 | NOTICE of Appearance by Oren Vitenson on behalf of FEDERAL TRADE COMMISSION (Vitenson, Oren) (Entered: 01/31/2023) |
|---|---|---|
| 01/31/2023 | 239 | NOTICE of Appearance by Justin Lorber on behalf of FEDERAL TRADE COMMISSION (Lorber, Justin) (Entered: 01/31/2023) |
| 02/01/2023 | | MINUTE ORDER: The Court ORDERS that the parties shall appear via Zoom for a discovery hearing related to the most recent 236 Joint Status Report on February 9, 2023, at 3:00 p.m. So ORDERED by Judge James E. Boasberg on 2/1/2023. (lcjeb2) (Entered: 02/01/2023) |
| 02/01/2023 | | Set/Reset Deadlines: Joint Status Report due by 2/9/2023. (nbn) (Entered: 02/01/2023) |
| 02/01/2023 | | Set/Reset Hearings: Status Conference set for 2/9/2023 at 03:00 PM in Telephonic/VTC before Judge James E. Boasberg. (nbn) (Entered: 02/01/2023) |
| 02/09/2023 | | MINUTE ORDER: As discussed at today's discovery hearing, the Court ORDERS that as to the disputed issues raised by the FTC in ECF No. 236–1 at 2: 1) Investigatory hearing transcripts shall be treated the same as deposition transcripts provided that the current or former Meta employee was represented by Meta counsel during the IH; 2) ECF No. 227–1 shall be entered as a stipulated Order; 3) Meta shall provide documents that respond to Int. Nos. 8–9 or a narrative response by February 28, 2023; and 4) All disputes with third parties shall be brought to the Court's attention by February 21, 2023, via three–page briefs. As to the issue raised by Meta regarding its Int. Nos. 13–14, Meta shall file a motion to compel, 11 days after which the FTC shall file its opposition, and 5 days after which Meta shall file any reply. So ORDERED by Judge James E. Boasberg on 2/9/2023. (lcjeb2) (Entered: 02/09/2023) |
| 02/09/2023 | 240 | ORDER: The Court ADOPTS the parties' Stipulation and Order Regarding Remote Depositions, and the signed Order is attached. Signed by Judge James E. Boasberg on 2/9/2023. (lcjeb2) (Entered: 02/09/2023) |
| 02/09/2023 | | Set/Reset Deadlines: All disputes with third parties shall be brought to the Court's attention by 2/21/2023. (nbn) (Entered: 02/13/2023) |
| 02/09/2023 | | Minute Entry for proceedings held before Judge James E. Boasberg: Status Conference held via Zoom video on 2/9/2023. (Court Reporter Tammy Nestor) (nbn) (Entered: 02/14/2023) |
| 02/13/2023 | 241 | TRANSCRIPT OF PROCEEDINGS before Judge James E. Boasberg held on 2/9/23; Page Numbers: 1–30. Court Reporter/Transcriber Tammy Nestor, Telephone number 2023543127, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our |

| | | |
|---|---|---|
| | | website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/6/2023. Redacted Transcript Deadline set for 3/16/2023. Release of Transcript Restriction set for 5/14/2023.(Nestor, Tammy) (Entered: 02/13/2023) |
| 02/17/2023 | 242 | Joint MOTION for Extension of Time to *Raise Third Party Disputes* by META PLATFORMS, INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 02/17/2023) |
| 02/17/2023 | | MINUTE ORDER: The Court ORDERS that: 1) The Joint 242 Motion for Extension of Time is GRANTED; and 2) All disputes with third parties shall be brought to the Court's attention by March 3, 2023, via three–page briefs. So ORDERED by Judge James E. Boasberg on 2/17/2023. (lcjeb2) (Entered: 02/17/2023) |
| 02/21/2023 | | Set/Reset Deadlines: All disputes with third parties shall be brought to the Court's attention by 3/3/2023. (nbn) (Entered: 02/21/2023) |
| 02/24/2023 | 243 | MOTION to Compel *Answers to Interrogatory Nos. 13 and 14* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support – Redacted, # 2 Exhibit A– Redacted, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Text of Proposed Order)(Hansen, Mark) (Entered: 02/24/2023) |
| 02/24/2023 | 244 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 243 MOTION to Compel *Answers to Interrogatory Nos. 13 and 14* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support –SEALED, # 2 Exhibit A– SEALED)(Hansen, Mark) (Entered: 02/24/2023) |
| 03/03/2023 | 245 | RESPONSE TO ORDER OF THE COURT re Order on Motion for Extension of Time to, *Statement Regarding Non–Party Disputes* filed by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 03/03/2023) |
| 03/03/2023 | 246 | WITHDRAWN PURSUANT TO NOTICE FILED ON 3/15/2023..... MOTION to Compel *Non–Party The New York Times Company to Produce Documents (Redacted)* by META PLATFORMS, INC.. (Attachments: # 1 Text of Proposed Order)(Scheinkman, Michael); Modified on 3/15/2023 (ztth). (Entered: 03/03/2023) |
| 03/03/2023 | 247 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 246 MOTION to Compel *Non–Party The New York Times Company to Produce Documents (Redacted)* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Meta Motion to Compel Non–Party The New York Times Company to Produce Documents)(Scheinkman, Michael) (Entered: 03/03/2023) |
| 03/03/2023 | 248 | RESPONSE TO ORDER OF THE COURT re Order on Motion for Extension of Time to, *Statement Regarding Status of Nonparty Discovery* filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 03/03/2023) |
| 03/07/2023 | 249 | Memorandum in opposition to re 243 Motion to Compel, filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Matheson, Daniel) (Entered: 03/07/2023) |
| 03/07/2023 | 250 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 249 Memorandum in Opposition (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit F)(Matheson, Daniel) (Entered: |

| | | |
|---|---|---|
| | | 03/07/2023) |
| 03/08/2023 | 251 | RESPONSE re 246 MOTION to Compel *Non–Party The New York Times Company to Produce Documents (Redacted)* filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 03/08/2023) |
| 03/08/2023 | | MINUTE ORDER: The Court ORDERS that by March 13, 2023, any nonparty that Meta served with a deposition subpoena before February 21, 2023, shall confirm its availability on the noticed date or propose a reasonable alternative. So ORDERED by Judge James E. Boasberg on 3/8/2023. (lcjeb2) (Entered: 03/08/2023) |
| 03/08/2023 | | MINUTE ORDER: The Court ORDERS that by March 15, 2023, non–party The New York Times Company shall respond with a brief of no more than three pages to Meta's 246 Motion to Compel. So ORDERED by Judge James E. Boasberg on 3/8/2023. (lcjeb2) (Entered: 03/08/2023) |
| 03/08/2023 | | Set/Reset Deadlines: Non–party The New York Times Company shall respond by 3/15/2023. (nbn) (Entered: 03/09/2023) |
| 03/09/2023 | | MINUTE ORDER: At the parties' request, the Court ORDERS that they brief their discovery dispute regarding the FTC answering Meta's Interrogatory No. 2 as follows: 1) Meta shall file its opening brief of no more than 15 pages by March 13, 2023; 2) The FTC shall file its opposition of no more than 15 pages by March 22, 2023; and 3) Meta shall file its reply of no more than 5 pages by March 24, 2023. So ORDERED by Judge James E. Boasberg on 3/9/2023. (lcjeb2) (Entered: 03/09/2023) |
| 03/09/2023 | | Set/Reset Deadlines: Brief due by 3/13/2023. Responses due by 3/22/2023. Replies due by 3/24/2023. (nbn) (Entered: 03/10/2023) |
| 03/10/2023 | 252 | NOTICE of Appearance by Daniel V. Dorris on behalf of META PLATFORMS, INC. (Dorris, Daniel) (Entered: 03/10/2023) |
| 03/10/2023 | | MINUTE ORDER: The Court ORDERS that a hearing to discuss Meta's 246 Motion to Compel Non–Party The New York Times Company to Produce Documents will be held on March 23, 2023, at 10:00 a.m. via Zoom. So ORDERED by Judge James E. Boasberg on 3/10/2023. (lcjeb2) (Entered: 03/10/2023) |
| 03/10/2023 | | Set/Reset Hearings: Status Conference set for 3/23/2023 at 10:00 AM in Telephonic/VTC before Judge James E. Boasberg. (nbn) (Entered: 03/10/2023) |
| 03/13/2023 | 253 | MOTION to Compel *Answer to Interrogatory No. 2* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support – Redacted, # 2 Declaration of Mark C. Hansen– Redacted, # 3 Exhibit A– Redacted, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F– Redacted, # 9 Exhibit G– Redacted, # 10 Exhibit H– Redacted, # 11 Exhibit I– Redacted, # 12 Exhibit J, # 13 Exhibit K, # 14 Text of Proposed Order)(Hansen, Mark) (Entered: 03/13/2023) |
| 03/13/2023 | 254 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 253 MOTION to Compel *Answer to Interrogatory No. 2* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support – SEALED, # 2 Declaration of Mark C. Hansen– SEALED, # 3 Exhibit A– SEALED, # 4 Exhibit F– SEALED, # 5 Exhibit G– SEALED, # 6 Exhibit H– SEALED, # 7 Exhibit I– SEALED)(Hansen, Mark) (Entered: 03/13/2023) |
| 03/13/2023 | 255 | REPLY to opposition to motion re 249 Memorandum in Opposition *to Meta Motion to Compel Answers to Interrogatory Nos. 13 and 14* filed by META PLATFORMS, |

| | | |
|---|---|---|
| | | INC.. (Hansen, Mark) (Entered: 03/13/2023) |
| 03/14/2023 | 256 | NOTICE OF WITHDRAWAL OF MOTION by META PLATFORMS, INC. re 246 MOTION to Compel *Non−Party The New York Times Company to Produce Documents (Redacted)* (Scheinkman, Michael) (Entered: 03/14/2023) |
| 03/16/2023 | 257 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Hansen, Mark) (Entered: 03/16/2023) |
| 03/16/2023 | 258 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 257 Status Report, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Joint Status Report, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit L, # 11 Exhibit N, # 12 Exhibit P, # 13 Exhibit Q)(Hansen, Mark) (Entered: 03/16/2023) |
| 03/21/2023 | | MINUTE ORDER: In light of the parties' 256 Notice of Withdrawal, the Court ORDERS that the hearing scheduled for March 23, 2023, at 10:00 a.m. is VACATED. So ORDERED by Chief Judge James E. Boasberg on 3/21/2023. (lcjeb2) (Entered: 03/21/2023) |
| 03/22/2023 | | MINUTE ORDER: The Court ORDERS that the parties shall appear to discuss the disputes set forth in their 257 JSR on March 27, 2023, at 2:00 p.m. So ORDERED by Chief Judge James E. Boasberg on 3/22/2023. (lcjeb2) (Entered: 03/22/2023) |
| 03/22/2023 | | Set/Reset Hearings: Status Conference set for 3/27/2023 at 02:00 PM in Telephonic/VTC before Chief Judge James E. Boasberg. (nbn) (Entered: 03/22/2023) |
| 03/22/2023 | 259 | Memorandum in opposition to re 253 Motion to Compel, filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Daniel Matheson, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Declaration of Patricia Galvan, # 26 Text of Proposed Order)(Matheson, Daniel) (Entered: 03/22/2023) |
| 03/22/2023 | 260 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 259 Memorandum in Opposition,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Declaration of Daniel Matheson, # 3 Exhibit 6, # 4 Exhibit 7, # 5 Exhibit 8, # 6 Exhibit 9, # 7 Exhibit 10, # 8 Exhibit 11, # 9 Exhibit 12, # 10 Exhibit 13, # 11 Exhibit 14, # 12 Exhibit 15, # 13 Exhibit 16, # 14 Exhibit 17, # 15 Exhibit 18, # 16 Exhibit 19, # 17 Exhibit 20)(Matheson, Daniel) (Entered: 03/22/2023) |
| 03/24/2023 | 261 | REPLY to opposition to motion re 259 Memorandum in Opposition,, *Meta Platforms, Inc. Motion to Compel Answer to Interrogatory No. 2* filed by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Mark C. Hansen− Redacted, # 2 Exhibit A)(Hansen, Mark) (Entered: 03/24/2023) |
| 03/24/2023 | 262 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 261 Reply to opposition to Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Meta Reply in Support of Motion to Compel, # |

| | | |
|---|---|---|
| | | 2 Declaration of Mark C. Hansen– SEALED, # 3 Exhibit A)(Hansen, Mark) (Entered: 03/24/2023) |
| 03/27/2023 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held via Zoom on 3/27/2023. (Court Reporter Tammy Nestor) (nbn) (Entered: 03/27/2023) |
| 03/27/2023 | | MINUTE ORDER: As discussed at today's status conference, the Court ORDERS that: 1) The FTC shall file any Motion to Compel (limited to 15 pages) on Interrogatories 10–12 by March 31, 2023, with Meta's Opposition (limited to 15 pages) due by April 11, 2023, and the FTC's Reply (limited to 10 pages) due by April 17, 2023; 2) Meta shall search performance evaluations prepared by managers/supervisors of deponents using the search terms agreed on in the FTC's first RFP; and 3) By March 31, 2023, the FTC shall identify specific items on the Meta litigation log or randomly generate 1000 items on the log for Meta to review within two weeks of receipt. So ORDERED by Chief Judge James E. Boasberg on 3/27/2023. (lcjeb2) (Entered: 03/27/2023) |
| 03/27/2023 | | Set/Reset Deadlines: Motion to Compel due by 3/31/2023. Responses due by 4/11/2023. Replies due by 4/17/2023. (nbn) (Entered: 03/27/2023) |
| 03/28/2023 | 263 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 3/27/23; Page Numbers: 1–17. Court Reporter/Transcriber Tammy Nestor, Telephone number 202–354–3127, Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 4/18/2023. Redacted Transcript Deadline set for 4/28/2023. Release of Transcript Restriction set for 6/26/2023.(Nestor, Tammy) (Entered: 03/28/2023) |
| 03/29/2023 | 264 | ORDER: The Court ORDERS that the 243 Motion to Compel is DENIED. Signed by Chief Judge James E. Boasberg on 3/29/2023. (lcjeb2) (Entered: 03/29/2023) |
| 03/30/2023 | 265 | NOTICE of Appearance by Alicia Loh on behalf of FEDERAL TRADE COMMISSION (Loh, Alicia) (Entered: 03/30/2023) |
| 03/31/2023 | 266 | MOTION to Compel *Answers to Interrogatory Nos. 10,11, and 12* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Memorandum in Support _Redacted, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Text of Proposed Order)(Matheson, Daniel) (Entered: 03/31/2023) |
| 03/31/2023 | 267 | |

| | | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 266 MOTION to Compel *Answers to Interrogatory Nos. 10,11, and 12* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Matheson, Daniel) (Entered: 03/31/2023) |
|---|---|---|
| 04/04/2023 | 268 | NOTICE of Appearance by June Burton on behalf of FEDERAL TRADE COMMISSION (Burton, June) (Entered: 04/04/2023) |
| 04/06/2023 | 269 | NOTICE of Appearance by Melissa M. Ihnat on behalf of FEDERAL TRADE COMMISSION (Ihnat, Melissa) (Entered: 04/06/2023) |
| 04/07/2023 | 270 | NOTICE of Appearance by June Hee Im on behalf of FEDERAL TRADE COMMISSION (Im, June) (Entered: 04/07/2023) |
| 04/11/2023 | 271 | RESPONSE re 266 MOTION to Compel *Answers to Interrogatory Nos. 10,11, and 12* filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Hansen, Mark) (Entered: 04/12/2023) |
| 04/12/2023 | 272 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 271 Response to motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Meta Opposition to FTC Motion to Compel Answers to Interrogatory Nos. 10, 11, 12)(Hansen, Mark) (Entered: 04/12/2023) |
| 04/12/2023 | 273 | ORDER: The Court ORDERS that the 253 Motion to Compel is DENIED. Signed by Chief Judge James E. Boasberg on 4/12/2023. (lcjeb2) (Entered: 04/12/2023) |
| 04/17/2023 | 274 | REPLY re 271 Response to motion, filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Matheson, Daniel) (Entered: 04/17/2023) |
| 04/17/2023 | 275 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 274 Reply to Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Reply in Support of Motion to Compel Answers to Interrogatories Nos. 10–12, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G – Excerpt, # 8 Exhibit H – Excerpt, # 9 Exhibit I)(Matheson, Daniel) (Entered: 04/17/2023) |
| 04/18/2023 | | MINUTE ORDER: In response to the parties' joint telephone call to chambers regarding two discovery disputes concerning Plaintiff's request for document production, the Court ORDERS that the parties shall submit simultaneous memoranda addressing both issues, not to exceed five pages, by April 21, 2023. So ORDERED by Chief Judge James E. Boasberg on 4/18/2023. (lcjeb4) (Entered: 04/18/2023) |
| 04/18/2023 | | Set/Reset Deadlines: Simultaneous memoranda addressing both issues, not to exceed five pages due by 4/21/2023. (nbn) (Entered: 04/19/2023) |
| 04/21/2023 | 276 | RESPONSE TO ORDER OF THE COURT re Order, *re Discovery Disputes* filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Text of Proposed Order)(Hansen, Mark) (Entered: 04/21/2023) |
| 04/21/2023 | 277 | |

| | | |
|---|---|---|
| | | SEALED DOCUMENT filed by META PLATFORMS, INC. re 276 Response to Order of the Court, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Meta Opposition Brief, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Hansen, Mark) (Entered: 04/21/2023) |
| 04/21/2023 | 278 | MOTION to Compel by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A_Redacted, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D_Redacted, # 5 Exhibit E_Redacted, # 6 Text of Proposed Order)(Matheson, Daniel) (Entered: 04/21/2023) |
| 04/21/2023 | 279 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 278 MOTION to Compel (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Motion to Compel, # 2 Exhibit A, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Matheson, Daniel) (Entered: 04/21/2023) |
| 04/25/2023 | | MINUTE ORDER: The Court ORDERS that the parties shall appear via Zoom for a hearing on the FTC's 278 Motion to Compel on April 28, 2023, at 10:00 a.m. So ORDERED by Chief Judge James E. Boasberg on 4/25/2023. (lcjeb2) (Entered: 04/25/2023) |
| 04/26/2023 | | Set/Reset Hearings: Status Conference set for 4/28/2023 at 10:00 AM in Telephonic/VTC before Chief Judge James E. Boasberg. (nbn) (Entered: 04/26/2023) |
| 04/26/2023 | 280 | ORDER: For the reasons set forth in the accompanying Memorandum Opinion, the Court ORDERS that Plaintiff's 266 Motion to Compel is GRANTED IN PART and DENIED IN PART. Signed by Chief Judge James E. Boasberg on 4/26/2023. (lcjeb4) (Entered: 04/26/2023) |
| 04/26/2023 | 281 | MEMORANDUM OPINION re. 280 Order on 266 Motion to Compel. Signed by Chief Judge James E. Boasberg on 4/26/2023. (lcjeb4) (Entered: 04/26/2023) |
| 04/27/2023 | 282 | ORDER: The Court ORDERS that the FTC's 278 Motion to Compel is GRANTED IN PART and DENIED IN PART. Signed by Chief Judge James E. Boasberg on 4/27/2023. (lcjeb2) (Entered: 04/27/2023) |
| 04/27/2023 | | MINUTE ORDER: In light of the Court's 282 Order, the hearing on FTC's 278 Motion to Compel set for April 28, 2023, at 10:00 a.m. is VACATED. So ORDERED by Chief Judge James E. Boasberg on 4/27/2023. (lcjeb2) (Entered: 04/27/2023) |
| 04/28/2023 | 283 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Crystal Danielle Dudding Irvine, Filing fee $ 100, receipt number ADCDC–10034906. Fee Status: Fee Paid. by TIKTOK INC.. (Attachments: # 1 Declaration of Crystal Danielle Dudding Irvine, # 2 Attachment to Irvine Declaration, # 3 Certificate of Good Standing – Irvine NY, # 4 Text of Proposed Order)(Rohrbaugh, Tiffany) (Entered: 04/28/2023) |
| 05/01/2023 | | MINUTE ORDER GRANTING 283 Motion for Admission *Pro Hac Vice* of Crystal Danielle Dudding Irvine. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 5/1/2023. (lcjeb2) (Entered: 05/01/2023) |
| 05/01/2023 | 284 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 |

| | | |
|---|---|---|
| | | Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit 1, # 21 Exhibit 2, # 22 Exhibit 3, # 23 Exhibit 4, # 24 Exhibit 5, # 25 Exhibit 6, # 26 Exhibit 7, # 27 Exhibit 8, # 28 Exhibit 9, # 29 Exhibit 10, # 30 Exhibit 11, # 31 Exhibit 12, # 32 Exhibit 13, # 33 Exhibit 14, # 34 Exhibit 15, # 35 Exhibit 16, # 36 Exhibit 17, # 37 Exhibit 18, # 38 Exhibit 19)(Hansen, Mark) (Entered: 05/02/2023) |
| 05/02/2023 | 285 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 284 Status Report,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Joint Status Report, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit I, # 8 Exhibit J, # 9 Exhibit K, # 10 Exhibit L, # 11 Exhibit M, # 12 Exhibit N, # 13 Exhibit O, # 14 Exhibit 1, # 15 Exhibit 7, # 16 Exhibit 11, # 17 Exhibit 12, # 18 Exhibit 13, # 19 Exhibit 14, # 20 Exhibit 15, # 21 Exhibit 17, # 22 Exhibit 18, # 23 Exhibit 19)(Hansen, Mark) (Entered: 05/02/2023) |
| 05/02/2023 | 286 | Joint STATUS REPORT *[CORRECTED]* by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 05/02/2023) |
| 05/02/2023 | 287 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 286 Status Report (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Joint Status Report [Corrected])(Hansen, Mark) (Entered: 05/02/2023) |
| 05/03/2023 | | MINUTE ORDER: The Court ORDERS that the parties shall appear for a Zoom hearing regarding their latest [287−1] JSR on May 10, 2023, at 3:00 p.m. So ORDERED by Chief Judge James E. Boasberg on 5/3/2023. (lcjeb2) (Entered: 05/03/2023) |
| 05/03/2023 | | Set/Reset Hearings: Status Conference set for 5/10/2023 at 03:00 PM in Telephonic/VTC before Chief Judge James E. Boasberg. (nbn) (Entered: 05/03/2023) |
| 05/03/2023 | 288 | NOTICE of Appearance by Crystal Danielle Dudding Irvine on behalf of TIKTOK INC. (Irvine, Crystal Danielle) (Entered: 05/03/2023) |
| 05/05/2023 | | MINUTE ORDER: In response to the parties' joint telephone call to chambers regarding a discovery dispute, the Court ORDERS that the parties shall submit simultaneous memoranda addressing the issue, not to exceed five pages, by May 9, 2023, at 9:00 a.m. So ORDERED by Chief Judge James E. Boasberg on 5/5/2023. (lcjeb2) (Entered: 05/05/2023) |
| 05/05/2023 | | Set/Reset Deadlines: Memoranda due by 5/9/2023. (lsj) (Entered: 05/05/2023) |
| 05/08/2023 | | MINUTE ORDER: As the parties' latest 287 JSR is rather challenging to decipher, the Court ORDERS that they shall submit by 9:00 a.m. on May 9, 2023, a revised JSR organized as follows: The parties shall list each issue on which at least one party seeks a Court ruling, and for each such issue, the proponent shall give its reasons (limited to three pages) directly following which the opponent shall give its reasons (limited to three pages). At the end of the listing of the issues in dispute, each party may give a general overview of the status of discovery. In addition, the Court ORDERS that the three depositions sought to be taken beyond May 22, 2023, may be so taken. So ORDERED by Chief Judge James E. Boasberg on 5/8/2023. (lcjeb2) (Entered: 05/08/2023) |
| 05/08/2023 | | Set/Reset Deadlines: Joint Status Report due by 5/9/2023 (lsj) (Entered: 05/08/2023) |
| 05/09/2023 | 289 | |

| | | |
|---|---|---|
| | | MEMORANDUM re Order, by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Musser, Susan) (Entered: 05/09/2023) |
| 05/09/2023 | 290 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 289 Memorandum (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit B, # 2 Exhibit C)(Musser, Susan) (Entered: 05/09/2023) |
| 05/09/2023 | 291 | Joint STATUS REPORT – *Revised* by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 05/09/2023) |
| 05/09/2023 | 292 | MOTION to Compel *Answer to Interrogatory Nos. 16, 20, 21, 22, 23* by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support of Meta Motion to Compel, # 2 Exhibit A– Redacted, # 3 Exhibit B, # 4 Text of Proposed Order)(Hansen, Mark) (Entered: 05/09/2023) |
| 05/09/2023 | 293 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 292 MOTION to Compel *Answer to Interrogatory Nos. 16, 20, 21, 22, 23* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A– SEALED)(Hansen, Mark) (Entered: 05/09/2023) |
| 05/09/2023 | 294 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 291 Status Report (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Sealed Joint Status Report– Revised)(Hansen, Mark) (Entered: 05/09/2023) |
| 05/09/2023 | | MINUTE ORDER: Per the JSR, the Court ORDERS that: 1) A hearing regarding any discovery disputes between Meta and non–parties shall take place on May 17, 2023, at 3:00 p.m.; 2) Briefs regarding such disputes shall be limited to three pages and shall be due by May 15, 2023, at 12:00 noon; and 3) The Court will hold a hearing on May 15, 2023, at 10:00 a.m. regarding Meta's 292 Motion to Compel FTC Interrogatory Responses. So ORDERED by Chief Judge James E. Boasberg on 5/9/2023. (lcjeb2) (Entered: 05/09/2023) |
| 05/09/2023 | | Set/Reset Deadlines/Hearings: Brief due by 5/15/2023. Motion Hearing set for 5/15/2023 at 10:00 AM in Telephonic/VTC before Chief Judge James E. Boasberg. Motion Hearing set for 5/17/2023 at 03:00 PM in Telephonic/VTC before Chief Judge James E. Boasberg. (nbn) (Entered: 05/10/2023) |
| 05/10/2023 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held on 5/10/2023. (Court Reporter Tammy Nestor) (nbn) (Entered: 05/10/2023) |
| 05/10/2023 | 295 | ORDER: As discussed at today's status hearing re: the latest 294 JSR, the Court ORDERS that: 1) The parties shall file their final JSR on fact discovery by May 31, 2023; 2) Expert reports shall be due on the last business day of every other month starting in July; 3) As to category I, the FTC and Meta shall agree on which specific documents that assert attorney–client privilege over non–child documents that lack an attorney shall be re–reviewed; 4) As to category II, the FTC and Meta shall agree on a refresh of certain narrowed search terms for Mr. Janardhan only from the time he became infrastructure head; 5) As to category III, Meta shall produce documents from the 2019 and 2022 audits and the other documents it proposed to produce; 6) As to category IV, the Court accepts Meta's proposal; 7) As to category V, the Court denies the FTC's request; 8) As to category VI, Meta shall produce deposition and hearing transcripts and exhibits thereto; 9) As to category VII, Meta shall produce actual blacklists, but not documents "sufficient to show"; 10) As to category VIII, Meta shall answer the interrogatory as it relates to public filings, not any actual |

| | | |
|---|---|---|
| | | presentation; 11) As to category IX, Meta need not answer the interrogatory; 12) As to category X, Meta need not answer the interrogatory; 13) As to category XI, Meta shall answer 23(a) and (j) and search for documents responsive to (c)–(f); and 14) As to category XII, if the parties have not resolved the matter, they shall submit their respective proposals by May 16, 2023, at 12:00 noon. Signed by Chief Judge James E. Boasberg on 5/10/2023. (lcjeb2) (Entered: 05/10/2023) |
| 05/11/2023 | | Set/Reset Deadlines: Final JSR on fact discovery due by 5/31/2023. (nbn) (Entered: 05/11/2023) |
| 05/15/2023 | 296 | NOTICE of Appearance by Evan D. Miller on behalf of ALPHABET INC. (Miller, Evan) (Entered: 05/15/2023) |
| 05/15/2023 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Motion Hearing held via Zoom on 5/15/2023 re 292 MOTION to Compel *Answer to Interrogatory Nos. 16, 20, 21, 22, 23* filed by META PLATFORMS, INC.. (Court Reporter Liz Saint–Loth) (nbn) (Entered: 05/15/2023) |
| 05/15/2023 | | MINUTE ORDER: As discussed in today's hearing, the Court ORDERS that Meta's 292 Motion to Compel is GRANTED IN PART and DENIED IN PART. The FTC shall respond by May 31, 2023, to Interrogatory Nos. 20–21 as they relate to "additional innovation," "quality improvements," "consumer choice," and "lower levels of service on privacy and data protection." It shall respond to Interrogatory No. 23 by June 7, 2023. The FTC need not respond to Interrogatory No. 22, and both sides have agreed as to Interrogatory No. 16. So ORDERED by Chief Judge James E. Boasberg on 5/15/2023. (lcjeb2) (Entered: 05/15/2023) |
| 05/15/2023 | | Set/Reset Deadlines: Responses due by 5/31/2023. (nbn) (Entered: 05/15/2023) |
| 05/15/2023 | | MINUTE ORDER: In response to a telephone call to chambers requesting an extension of time to submit briefs regarding third–party disputes as to Google, the Court ORDERS that the parties may have an extension until May 16, 2023, at 12:00 noon to brief any disputes as to Google only. So ORDERED by Chief Judge James E. Boasberg on 5/15/2023. (lcjeb2) (Entered: 05/15/2023) |
| 05/15/2023 | | Set/Reset Deadlines: Brief due by 5/16/2023. (nbn) (Entered: 05/15/2023) |
| 05/16/2023 | 297 | TRANSCRIPT OF PROCEEDINGS, before Chief Judge James E. Boasberg, held on 5–15–2023. Page Numbers: 1 – 12. Date of Issuance: 5–16–2023. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 6/6/2023. Redacted Transcript Deadline set for 6/16/2023. Release of Transcript Restriction set for 8/14/2023.(Saint–Loth, Elizabeth) (Entered: 05/16/2023) |
| 05/16/2023 | | MINUTE ORDER: Given both sides' representations in a phone call to chambers that there are no pending discovery disputes with third parties, the Court ORDERS that the hearing set for May 17, 2023, at 3:00 p.m. is VACATED. So ORDERED by Chief Judge James E. Boasberg on 5/16/2023. (lcjeb2) (Entered: 05/16/2023) |
| 05/23/2023 | 298 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John I. Karin, Filing fee $ 100, receipt number BDCDC–10089408. Fee Status: Fee Paid. by SNAP INC.. (Attachments: # 1 Declaration Declaration of John I. Karin, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Crauthers, Robin) (Entered: 05/23/2023) |
| 05/24/2023 | | MINUTE ORDER GRANTING 298 Motion for Admission *Pro Hac Vice* of John I. Karin. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 5/24/2023. (lcjeb2) (Entered: 05/24/2023) |
| 05/26/2023 | 299 | NOTICE of Appearance by John Karin on behalf of SNAP INC. (Karin, John) (Entered: 05/26/2023) |
| 05/30/2023 | 300 | NOTICE of Appearance by David Brunfeld on behalf of FEDERAL TRADE COMMISSION (Brunfeld, David) (Entered: 05/30/2023) |
| 05/31/2023 | 301 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Mark Silvia, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit A, # 29 Exhibit B, # 30 Exhibit C, # 31 Exhibit D, # 32 Exhibit E, # 33 Exhibit F, # 34 Exhibit G)(Hansen, Mark) (Entered: 05/31/2023) |
| 05/31/2023 | 302 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 301 Status Report,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Joint Status Report, # 2 Declaration of Mark Silvia, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 20, # 20 Exhibit 21, # 21 Exhibit 22, # 22 Exhibit A, # 23 Exhibit B, # 24 Exhibit C, # 25 Exhibit D, # 26 Exhibit E, # 27 Exhibit F, # 28 Exhibit G)(Hansen, Mark) (Entered: 05/31/2023) |
| 06/05/2023 | | MINUTE ORDER: The Court ORDERS that the undisputed proposals set forth in the parties' [302–1] JSR at pp. 37–39 are ADOPTED. The Court further ORDERS that the parties shall appear for a zoom hearing on the disputed issues on June 8, 2023, at 3:00 p.m. So ORDERED by Chief Judge James E. Boasberg on 6/5/2023. (lcjeb2) (Entered: 06/05/2023) |
| 06/05/2023 | | Set/Reset Hearings: Status Conference set for 6/8/2023 at 03:00 PM via Zoom before Chief Judge James E. Boasberg. (nbn) (Entered: 06/05/2023) |
| 06/06/2023 | 303 | JOINT APPENDIX *re 5/31/2023 Joint Status Report – Exhibit Index* by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 06/06/2023) |

| 06/06/2023 | | MINUTE ORDER: In response to a phone call to chambers, the Court ORDERS that the parties shall submit 2–page statements regarding the FTC's proposed extension of the expert discovery deadline by June 7, 2023, at 3 p.m. So ORDERED by Chief Judge James E. Boasberg on 6/6/2023. (lcjeb2) (Entered: 06/06/2023) |
|---|---|---|
| 06/06/2023 | | Set/Reset Deadlines: The parties shall submit 2–page statements regarding the FTC's proposed extension of the expert discovery deadline by June 7, 2023, at 3 p.m. (nbn) (Entered: 06/06/2023) |
| 06/07/2023 | | MINUTE ORDER: In response to a phone call to chambers, the Court ORDERS that the deadline for the parties' 2–page statements regarding the FTC's proposed extension of the expert discovery deadline be extended to June 8, 2023, at 10 a.m. So ORDERED by Chief Judge James E. Boasberg on 6/7/2023. (lcjeb2) (Entered: 06/07/2023) |
| 06/07/2023 | 304 | ORDER: In regard to the parties' disputes set forth in their latest [302–1] Joint Status Report, the Court ORDERS that: 1) The FTC's request for additional "ad load" deposition time is GRANTED IN PART; the Malhotra deposition shall be reopened for up to two hours; and the FTC shall pre–disclose its intended exhibits to make the deposition move more quickly and ensure that the witness is fully conversant with any specific tests or simulations; 2) As to RFP 132, Meta's proposal to produce the studies, the data they rely upon, and the presentation regarding a 4th study (unpublished) is ADOPTED, and the FTC's requests for (a) custodial searches and (b) all documents "relating" to the Stage 3 studies is DENIED; and 3) As to Meta's 30(b)(6) deposition of the FTC on market definition, its request for written supplementation as to Questions 1–3 is DENIED because the FTC's supplemental responses to the prior interrogatories concerning use of features/platforms are sufficient, and the questions ask about "contentions" that the FTC does not make and thus need not have "factual support." Meta's request for written supplementation on Questions 4–5 is GRANTED. The FTC shall serve such supplemented responses by July 6, 2023, with the caveat that such responses not cross–reference the expert reports (i.e., they must be "standalone" answers). Signed by Chief Judge James E. Boasberg on 6/7/2023. (lcjeb2) (Entered: 06/07/2023) |
| 06/07/2023 | | Set/Reset Deadlines: FTC's Supplemented Responses due by 7/6/2023 (lsj) (Entered: 06/07/2023) |
| 06/07/2023 | 305 | RESPONSE TO ORDER OF THE COURT re Order, *Joint Request for Extension to the Expert Discovery Schedule* filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 06/07/2023) |
| 06/08/2023 | | MINUTE ORDER: In response to the Joint 305 Request for Extension of the Expert Discovery Schedule, the Court ORDERS that: 1) FTC Opening Reports shall be submitted by on July 24, 2023; 2) Meta Reports shall be submitted by October 3, 2023; 3) FTC Rebuttal Reports shall be submitted by December 5, 2023; and 4) Expert discovery will close by February 20, 2024. So ORDERED by Chief Judge James E. Boasberg on 6/8/2023. (lcjeb2) (Entered: 06/08/2023) |
| 06/08/2023 | | MINUTE ORDER: Given both sides' representations in an email to chambers that there are no further disputed issues regarding their 302 JSR, the Court ORDERS that the hearing set for June 8, 2023, at 3:00 p.m. is VACATED. So ORDERED by Chief Judge James E. Boasberg on 6/8/2023. (lcjeb2) (Entered: 06/08/2023) |
| 06/08/2023 | | Set/Reset Deadlines: FTC Opening Reports shall be submitted by on 7/24/2023. Reports shall be submitted by 10/3/2023. FTC Rebuttal Reports shall be submitted by |

| | | |
|---|---|---|
| | | 12/5/2023. Expert Discovery due by 2/20/2024. (nbn) (Entered: 06/08/2023) |
| 06/23/2023 | 306 | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to SNAP INC.. Attorney Justina Sessions terminated. (Karin, John); Modified on 6/27/2023 (ztth). (Entered: 06/23/2023) |
| 06/27/2023 | | NOTICE OF ERROR regarding 306 Notice of Withdrawal of Appearance. The following error(s) need correction: Notice of withdrawal must be signed and filed by the withdrawing attorney and signed by the party/parties represented (LCvR 83.6(b). (ztth) (Entered: 06/27/2023) |
| 06/28/2023 | 307 | NOTICE OF WITHDRAWAL OF APPEARANCE as to SNAP INC.. Attorney Justina Sessions terminated. (Sessions, Justina) (Entered: 06/28/2023) |
| 07/21/2023 | 308 | NOTICE OF WITHDRAWAL OF APPEARANCE as to META PLATFORMS, INC.. Attorney Catalina Vergara terminated. (Vergara, Catalina) (Entered: 07/21/2023) |
| 07/31/2023 | 309 | Joint STATUS REPORT *Regarding Expert Discovery* by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 07/31/2023) |
| 08/01/2023 | 310 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney David E. Owyang terminated. (Matheson, Daniel) (Entered: 08/01/2023) |
| 09/27/2023 | 311 | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Rebecca Weinstein terminated. (Matheson, Daniel); Modified on 9/27/2023 (ztth). (Entered: 09/27/2023) |
| 09/27/2023 | | NOTICE OF ERROR regarding 311 Notice of Withdrawal of Appearance. The following error(s) need correction: Notice of withdrawal must be signed and filed by the withdrawing attorney and signed by the party/parties represented (LCvR 83.6(b)). (ztth) (Entered: 09/27/2023) |
| 09/28/2023 | 312 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Sylvia Zhang terminated. (Zhang, Sylvia) (Entered: 09/28/2023) |
| 09/28/2023 | 313 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Rebecca Weinstein terminated. (Weinstein, Rebecca) (Entered: 09/28/2023) |
| 09/29/2023 | 314 | Joint STATUS REPORT *Regarding Expert Discovery* by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 09/29/2023) |
| 09/29/2023 | 315 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney David E. Owyang terminated. (Owyang, David) (Entered: 09/29/2023) |
| 10/23/2023 | 316 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney June Hee Im terminated. (Im, June) (Entered: 10/23/2023) |
| 11/30/2023 | 317 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 11/30/2023) |
| 11/30/2023 | | MINUTE ORDER: In response to the latest 317 JSR, the Court ORDERS that: 1) The parties shall appear for a post–discovery status conference on February 23, 2024, |

| | | |
|---|---|---|
| | | at 10:15 a.m.; 2) By February 21, 2024, they shall submit a JSR setting forth proposed schedules for summary–judgment briefing; and 3) Plaintiffs request for an earlier status conference is DENIED because it will not result in an expedited summary–judgment schedule, and the parties will be better informed after expert discovery is completed. So ORDERED by Chief Judge James E. Boasberg on 11/30/2023. (lcjeb2) (Entered: 11/30/2023) |
| 11/30/2023 | 318 | MOTION for Hearing by FEDERAL TRADE COMMISSION. (See Docket Entry 317 to view document.) (ztth) (Entered: 12/01/2023) |
| 11/30/2023 | | Set/Reset Hearings: Status Conference set for 2/23/2024 at 10:15 AM in Telephonic/VTC before Chief Judge James E. Boasberg. (znbn) (Entered: 12/01/2023) |
| 11/30/2023 | | Set/Reset Deadlines: Joint Status Report due by 2/21/2024. (znbn) (Entered: 12/01/2023) |
| 01/04/2024 | 319 | NOTICE of Appearance by Elan J. Weinberger on behalf of FEDERAL TRADE COMMISSION (Weinberger, Elan) (Entered: 01/04/2024) |
| 01/11/2024 | 320 | NOTICE of Appearance by Benjamin D. Rashkovich on behalf of FEDERAL TRADE COMMISSION (Rashkovich, Benjamin) (Main Document 320 replaced on 1/16/2024) (ztth). (Entered: 01/11/2024) |
| 01/31/2024 | 321 | Joint STATUS REPORT *Regarding Expert Discovery* by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 01/31/2024) |
| 02/21/2024 | 322 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 02/21/2024) |
| 02/23/2024 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held via Zoom on 2/23/2024. Status Report due by 2/26/2024. (Court Reporter Jeff Hook) (nbn) (Entered: 02/23/2024) |
| 02/26/2024 | 323 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 02/26/2024) |
| 02/26/2024 | | MINUTE ORDER: Having reviewed the parties' 323 Joint Status Report, the Court ORDERS that: 1) Defendant's Motion for Summary Judgment (limited to 50 pages) shall be due by April 5, 2024; 2) Plaintiff's Opposition/Cross–Motion (limited to 80 pages) shall be due by May 24, 2024; 3) Defendant's Opposition/Reply (limited to 65 pages) shall be due by July 12, 2024; and 4) Plaintiff's Reply (limited to 35 pages) shall be due by August 9, 2024. So ORDERED by Chief Judge James E. Boasberg on 2/26/2024. (lcjeb2) (Entered: 02/26/2024) |
| 02/26/2024 | | Set/Reset Deadlines: Summary Judgment motions due by 4/5/2024. Response to Motion for Summary Judgment due by 5/24/2024. Cross Motions due by 5/24/2024. Reply to Motion for Summary Judgment due by 7/12/2024. Response to Cross Motions due by 7/12/2024. Reply to Cross Motions due by 8/9/2024. (znbn) (Entered: 02/27/2024) |
| 04/05/2024 | 324 | MOTION for Summary Judgment by META PLATFORMS, INC.. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts in Support, # 3 Declaration of Mark C. Hansen, # 4 Exhibit Index and Deponent Index, # 5 Exhibit Volume 1: Exhibits 1–7, # 6 Exhibit Volume 2: Exhibits 8–16, # 7 Exhibit Volume 3: Exhibits 17–23, # 8 Exhibit Volume 4: Exhibits 24–38, # 9 Exhibit Volume 5: Exhibits 39–62, # 10 |

| | | |
|---|---|---|
| | | Exhibit Volume 6: Exhibits 63–75, # 11 Exhibit Volume 7: Exhibits 76–94, # 12 Exhibit Volume 8: Exhibits 95–105, # 13 Exhibit Volume 9: Exhibits 106–113, # 14 Exhibit Volume 10: Exhibits 114–120, # 15 Exhibit Volume 11: Exhibits 121–124, # 16 Exhibit Volume 12: Exhibits 125–128, # 17 Exhibit Volume 13: Exhibits 129–138, # 18 Exhibit Volume 14: Exhibits 139–172, # 19 Exhibit Volume 15: Exhibits 173–215, # 20 Exhibit Volume 16: Exhibits 216–222, # 21 Exhibit Volume 17: Exhibits 223–244, # 22 Exhibit Volume 18: Exhibits 245–253, # 23 Exhibit Volume 19: Exhibits 254–263, # 24 Exhibit Volume 20: Exhibits 264–272, # 25 Exhibit Volume 21: Exhibits 273–278, # 26 Exhibit Volume 22: Exhibits 279–301, # 27 Exhibit Volume 23: Exhibits 302–323, # 28 Exhibit Volume 24: Exhibits 324–347, # 29 Exhibit Volume 25: Exhibits 348–377, # 30 Exhibit Volume 26: Exhibits 378–398, # 31 Exhibit Volume 27: Exhibits 399–410, # 32 Exhibit Volume 28: Exhibits 411–427, # 33 Exhibit Volume 29: Exhibits 428–440, # 34 Exhibit Volume 30: Exhibits 441–459, # 35 Text of Proposed Order)(Hansen, Mark) (Entered: 04/05/2024) |
| 04/05/2024 | 325 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 324 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support (Sealed), # 2 Statement of Facts in Support (Sealed), # 3 Exhibit Index and Deponent Index (Sealed), # 4 Exhibit Volume 1: Exhibits 1–7 (Sealed), # 5 Exhibit Volume 2: Exhibits 8–16 (Sealed), # 6 Exhibit Volume 3: Exhibits 17–23 (Sealed), # 7 Exhibit Volume 4: Exhibits 24–38 (Sealed), # 8 Exhibit Volume 5: Exhibits 39–62 (Sealed), # 9 Exhibit Volume 6: Exhibits 63–75 (Sealed), # 10 Exhibit Volume 7: Exhibits 76–94 (Sealed), # 11 Exhibit Volume 8: Exhibits 95–105 (Sealed), # 12 Exhibit Volume 9: Exhibits 106–113 (Sealed), # 13 Exhibit Volume 10: Exhibits 114–120 (Sealed), # 14 Exhibit Volume 11: Exhibits 121–124 (Sealed), # 15 Exhibit Volume 12: Exhibits 125–128 (Sealed), # 16 Exhibit Volume 13: Exhibits 129–138 (Sealed), # 17 Exhibit Volume 14: Exhibits 139–172 (Sealed), # 18 Exhibit Volume 15: Exhibits 173–215 (Sealed), # 19 Exhibit Volume 16: Exhibits 216–222 (Sealed), # 20 Exhibit Volume 17: Exhibits 223–244 (Sealed), # 21 Exhibit Volume 18: Exhibits 245–253 (Sealed), # 22 Exhibit Volume 19: Exhibits 254–263 (Sealed), # 23 Exhibit Volume 20: Exhibits 264–272 (Sealed), # 24 Exhibit Volume 21: Exhibits 273–278 (Sealed), # 25 Exhibit Volume 22: Exhibits 279–301 (Sealed), # 26 Exhibit Volume 23: Exhibits 302–323 (Sealed))(Hansen, Mark) (Entered: 04/05/2024) |
| 04/05/2024 | 326 | REDACTED DOCUMENT– Statement of Facts in Support (Corrected Version of 324–2) to 324 MOTION for Summary Judgment by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 04/05/2024) |
| 05/24/2024 | 327 | MOTION for Partial Summary Judgment by FEDERAL TRADE COMMISSION. (Attachments: # 1 Memorandum in Support of Plaintiff's Cross–Motion for Partial Summary Judgment, # 2 Rule 7(H) Statement of Genuine Issues, # 3 Plaintiff's Counterstatement of Material Facts, # 4 Text of Proposed Order)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 328 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 327 MOTION for Partial Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support of Plaintiff's Cross–Motion for Partial Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, # 2 Rule 7(H) Statement of Genuine Issues, # 3 Plaintiff's Counterstatement of Material Facts)(Matheson, Daniel) (Entered: 05/24/2024) |

| 05/24/2024 | 329 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 68)(Matheson, Daniel) (Entered: 05/24/2024) |
|---|---|---|
| 05/24/2024 | 330 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 46, # 2 Exhibit VOL 47, # 3 Exhibit VOL 48, # 4 Exhibit VOL 49, # 5 Exhibit VOL 50, # 6 Exhibit VOL 51, # 7 Exhibit VOL 52, # 8 Exhibit VOL 53, # 9 Exhibit VOL 54, # 10 Exhibit VOL 55, # 11 Exhibit VOL 56)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 331 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 69, # 2 Exhibit VOL 70, # 3 Exhibit VOL 71, # 4 Exhibit VOL 72, # 5 Exhibit VOL 73, # 6 Exhibit VOL 74, # 7 Exhibit VOL 75, # 8 Exhibit VOL 76, # 9 Exhibit VOL 77, # 10 Exhibit VOL 78)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 332 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 79, # 2 Exhibit VOL 80, # 3 Exhibit VOL 81, # 4 Exhibit VOL 82, # 5 Exhibit VOL 83, # 6 Exhibit VOL 84, # 7 Exhibit VOL 85, # 8 Exhibit VOL 86, # 9 Exhibit VOL 87, # 10 Exhibit VOL 88, # 11 Exhibit VOL 89)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 333 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 90, # 2 Exhibit VOL 91, # 3 Exhibit VOL 92, # 4 Exhibit VOL 93, # 5 Exhibit VOL 94, # 6 Exhibit VOL 95, # 7 Exhibit VOL 96, # 8 Exhibit VOL 97, # 9 Exhibit VOL 98, # 10 Exhibit VOL 99, # 11 Exhibit VOL 100)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 334 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 325 Sealed Document,,,,,, filed by META PLATFORMS, INC.. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Volume 13)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 335 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 101, # 2 Exhibit VOL 102, # 3 Exhibit VOL 103, # 4 Exhibit VOL 104, # 5 Exhibit VOL 105, # 6 Exhibit VOL 106, # 7 Exhibit VOL 107, # 8 Exhibit VOL 108, # 9 Exhibit VOL 109, # 10 Exhibit VOL 110, # 11 Exhibit VOL 111)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 336 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized |

| | | |
|---|---|---|
| | | persons.) (Attachments: # 1 Exhibit VOL 24, # 2 Exhibit VOL 25, # 3 Exhibit VOL 26, # 4 Exhibit VOL 27, # 5 Exhibit VOL 28, # 6 Exhibit VOL 29, # 7 Exhibit VOL 30, # 8 Exhibit VOL 31, # 9 Exhibit VOL 32, # 10 Exhibit VOL 33, # 11 Exhibit VOL 34)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 337 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Volume 14)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 338 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 35, # 2 Exhibit VOL 36, # 3 Exhibit VOL 37, # 4 Exhibit VOL 38, # 5 Exhibit VOL 39, # 6 Exhibit VOL 40, # 7 Exhibit VOL 41, # 8 Exhibit VOL 42, # 9 Exhibit VOL 43, # 10 Exhibit VOL 44, # 11 Exhibit VOL 45)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 339 | SEALED MOTION filed by FEDERAL TRADE COMMISSION (Attachments: # 1 Exhibit Volume 15, # 2 Exhibit Volume 16, # 3 Exhibit Volume 17)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 340 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 112, # 2 Exhibit VOL 113, # 3 Exhibit VOL 114, # 4 Exhibit VOL 115, # 5 Exhibit VOL 116, # 6 Exhibit VOL 117)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 341 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Volume 18, # 2 Volume 19, # 3 Volume 20, # 4 Volume 21, # 5 Volume 22, # 6 Volume 23)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 342 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 67)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 343 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 66)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 344 | LARGE ADDITIONAL ATTACHMENT(S) by FEDERAL TRADE COMMISSION 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit VOL 7, # 2 Exhibit VOL 8, # 3 Exhibit VOL 9, # 4 Exhibit VOL 10)(Matheson, Daniel) (Entered: 05/24/2024) |
| 05/24/2024 | 345 | LARGE ADDITIONAL ATTACHMENT(S) by FEDERAL TRADE COMMISSION 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit VOL 11, # 2 Exhibit VOL 12)(Matheson, |

| | | Daniel) (Entered: 05/24/2024) |
|---|---|---|
| 05/24/2024 | 346 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 65)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/24/2024 | 347 | LARGE ADDITIONAL ATTACHMENT(S) by FEDERAL TRADE COMMISSION 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit Vol. 1, # 2 Exhibit Vol. 2, # 3 Exhibit Vol. 3, # 4 Exhibit Vol. 4, # 5 Exhibit Vol. 5, # 6 Exhibit Vol. 6)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 348 | LARGE ADDITIONAL ATTACHMENT(S) by FEDERAL TRADE COMMISSION 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit VOL 13, # 2 Exhibit VOL 14, # 3 Exhibit VOL 15, # 4 Exhibit VOL 16, # 5 Exhibit VOL 17, # 6 Exhibit VOL 18, # 7 Exhibit VOL 19, # 8 Exhibit VOL 20, # 9 Exhibit VOL 21, # 10 Exhibit VOL 22, # 11 Exhibit VOL 23, # 12 Exhibit VOL 24, # 13 Exhibit VOL 25, # 14 Exhibit VOL 26, # 15 Exhibit VOL 27, # 16 Exhibit VOL 28, # 17 Exhibit VOL 29, # 18 Exhibit VOL 30, # 19 Exhibit VOL 31, # 20 Exhibit VOL 32, # 21 Exhibit VOL 33)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 349 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 64)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 350 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 63)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 351 | LARGE ADDITIONAL ATTACHMENT(S) by FEDERAL TRADE COMMISSION 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit VOL 96, # 2 Exhibit VOL 97, # 3 Exhibit VOL 98, # 4 Exhibit VOL 99, # 5 Exhibit VOL 100, # 6 Exhibit VOL 101, # 7 Exhibit VOL 102, # 8 Exhibit VOL 103, # 9 Exhibit VOL 104, # 10 Exhibit VOL 105, # 11 Exhibit VOL 106, # 12 Exhibit VOL 107, # 13 Exhibit VOL 108, # 14 Exhibit VOL 109, # 15 Exhibit VOL 110, # 16 Exhibit VOL 111, # 17 Exhibit VOL 112, # 18 Exhibit VOL 113, # 19 Exhibit VOL 114, # 20 Exhibit VOL 115, # 21 Exhibit VOL 116, # 22 Exhibit VOL 117)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 352 | LARGE ADDITIONAL ATTACHMENT(S) by FEDERAL TRADE COMMISSION 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit VOL 55, # 2 Exhibit VOL 56, # 3 Exhibit VOL 57, # 4 Exhibit VOL 58, # 5 Exhibit VOL 59, # 6 Exhibit VOL 60, # 7 Exhibit VOL 61, # 8 Exhibit VOL 62, # 9 Exhibit VOL 63, # 10 Exhibit VOL 64, # 11 Exhibit VOL 65, # 12 Exhibit VOL 66, # 13 Exhibit VOL 67, # 14 Exhibit VOL 68, # 15 Exhibit VOL 69, # 16 Exhibit VOL 70, # 17 Exhibit VOL 71, # 18 Exhibit VOL 72, # 19 Exhibit VOL 73, # 20 Exhibit VOL 74, # 21 Exhibit VOL 75, # 22 Exhibit |

| | | |
|---|---|---|
| | | VOL 76, # 23 Exhibit VOL 77, # 24 Exhibit VOL 78, # 25 Exhibit VOL 79, # 26 Exhibit VOL 80, # 27 Exhibit VOL 81, # 28 Exhibit VOL 82, # 29 Exhibit VOL 83, # 30 Exhibit VOL 84, # 31 Exhibit VOL 85, # 32 Exhibit VOL 86, # 33 Exhibit VOL 87, # 34 Exhibit VOL 88, # 35 Exhibit VOL 89, # 36 Exhibit VOL 90, # 37 Exhibit VOL 91, # 38 Exhibit VOL 92, # 39 Exhibit VOL 93, # 40 Exhibit VOL 94, # 41 Exhibit VOL 95)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 353 | LARGE ADDITIONAL ATTACHMENT(S) by FEDERAL TRADE COMMISSION 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit Vol. 34, # 2 Exhibit Vol. 35, # 3 Exhibit Vol. 36, # 4 Exhibit Vol. 37, # 5 Exhibit Vol. 38, # 6 Exhibit Vol. 39, # 7 Exhibit Vol. 40, # 8 Exhibit Vol. 41, # 9 Exhibit Vol. 42, # 10 Exhibit Vol. 43, # 11 Exhibit Vol. 44, # 12 Exhibit Vol. 45, # 13 Exhibit Vol. 46, # 14 Exhibit Vol. 47, # 15 Exhibit Vol. 48, # 16 Exhibit Vol. 49, # 17 Exhibit Vol. 50, # 18 Exhibit Vol. 51, # 19 Exhibit Vol. 52, # 20 Exhibit Vol. 53, # 21 Exhibit Vol. 54)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 354 | LARGE ADDITIONAL ATTACHMENT(S) by FEDERAL TRADE COMMISSION 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit Vol. 118, # 2 Exhibit Vol. 119)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 355 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 61)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 356 | SEALED MOTION filed by FEDERAL TRADE COMMISSION, SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Volume 58)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 357 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 59)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 358 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 62)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 359 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit VOL 60)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | 360 | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re 328 Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized |

| | | |
|---|---|---|
| | | persons.) (Attachments: # <u>1</u> Exhibit Vol. 57)(Matheson, Daniel) (Entered: 05/25/2024) |
| 05/25/2024 | <u>361</u> | SEALED LARGE ADDITIONAL ATTACHMENT filed by FEDERAL TRADE COMMISSION. re <u>328</u> Sealed Document, filed by FEDERAL TRADE COMMISSION. (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Exhibit VOL 57)(Matheson, Daniel) (Entered: 05/25/2024) |
| 06/04/2024 | <u>362</u> | Joint MOTION for Order *Regarding Updated FTC Memorandum and Rule 7(h) Counterstatement* by FEDERAL TRADE COMMISSION. (Attachments: # <u>1</u> Text of Proposed Order, # <u>2</u> Exhibit A – FTCs Updated Memorandum in Opposition to Defendants Motion for Summary Judgment and in Support of the FTCs Motion for Partial Summary Judgment, # <u>3</u> Exhibit B – FTCs Updated Counterstatement of Material Facts)(Matheson, Daniel) (Entered: 06/04/2024) |
| 06/04/2024 | <u>363</u> | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re <u>362</u> Joint MOTION for Order *Regarding Updated FTC Memorandum and Rule 7(h) Counterstatement* (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Exhibit A – FTCs Updated Memorandum in Opposition to Defendants Motion for Summary Judgment and in Support of the FTCs Motion for Partial Summary Judgment, # <u>2</u> Exhibit B – FTCs Updated Counterstatement of Material Facts)(Matheson, Daniel) (Entered: 06/04/2024) |
| 06/04/2024 | <u>364</u> | MEMORANDUM re <u>327</u> MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 06/04/2024) |
| 06/05/2024 | | MINUTE ORDER: The Court ORDERS that: 1) the Joint <u>362</u> Motion is GRANTED; 2) The FTC may revise its filings docketed at ECF Nos. 328–1 and 328–3, as reflected in Exhibits A and B to the Joint Motion; and 3) The FTC's filing at ECF No. 328–1 (filed under seal) shall be replaced in the record with the sealed Updated Memorandum in Support of Plaintiff's Cross–Motion for Partial Summary Judgment (Exhibit A to the Joint Motion), and the FTC's filing at ECF No. 328–3 (filed under seal) shall be replaced in the record with the sealed Updated Plaintiff's Counterstatement of Material Facts (Exhibit B to the Joint Motion). So ORDERED by Chief Judge James E. Boasberg on 6/5/2024. (lcjeb2) (Entered: 06/05/2024) |
| 06/06/2024 | <u>365</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney James Harris Weingarten terminated. (Weingarten, James) (Entered: 06/06/2024) |
| 06/06/2024 | <u>366</u> | NOTICE of Appearance by Thomas G. Mattes on behalf of FEDERAL TRADE COMMISSION (Mattes, Thomas) (Entered: 06/06/2024) |
| 06/24/2024 | <u>367</u> | Joint STATUS REPORT *Regarding Summary Judgment Filing Designations* by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 06/24/2024) |
| 06/25/2024 | <u>368</u> | ORDER: In anticipation of requests by members of the press to unseal certain summary–judgment materials, the Court ORDERS that the procedures herein shall govern the parties' efforts to minimize sealing and motions for unsealing by the press. Signed by Chief Judge James E. Boasberg on 6/25/2024. (lcjeb1) (Entered: 06/25/2024) |
| 07/12/2024 | <u>369</u> | |

| | | REPLY to opposition to motion re 324 MOTION for Summary Judgment filed by META PLATFORMS, INC.. (Attachments: # 1 Reply to Rule 7(h) Statement of Genuine Issues, # 2 Response to Counterstatement of Material Facts, # 3 Declaration of Mark C. Hansen, # 4 Exhibit Index and Deponent Index, # 5 Exhibit Volume 31: Exhibits 460 – 467, # 6 Exhibit Volume 32: Exhibits 468 – 495, # 7 Exhibit Volume 33: Exhibits 496 – 513, # 8 Exhibit Volume 34: Exhibits 514 – 543, # 9 Text of Proposed Order)(Hansen, Mark) (Entered: 07/12/2024) |
|---|---|---|
| 07/12/2024 | 370 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 369 Reply to opposition to Motion,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support (Sealed), # 2 Reply to Rule 7(h) Statement of Genuine Issues (Sealed), # 3 Response to Counterstatement of Material Facts (Sealed), # 4 Exhibit Index and Deponent Index (Sealed), # 5 Exhibit Volume 31: Exhibits 460 – 467 (Sealed), # 6 Exhibit Volume 32: Exhibits 468 – 495 (Sealed))(Hansen, Mark) (Entered: 07/12/2024) |
| 08/09/2024 | 371 | REPLY to opposition to motion re 327 MOTION for Partial Summary Judgment filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Statement of Facts Reply Counterstatement, # 2 Exhibit Updated Exhibit Index, # 3 Exhibit PX0378 Replacement, # 4 Exhibit PX0592 Replacement, # 5 Exhibit PX15572 Replacement)(Matheson, Daniel) (Entered: 08/09/2024) |
| 08/09/2024 | 372 | SEALED REPLY TO OPPOSITION filed by FEDERAL TRADE COMMISSION re 339 Sealed Motion (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support Reply Memorandum, # 2 Statement of Facts Reply Counterstatement, # 3 Exhibit Updated Exhibit Index, # 4 Exhibit PX15572 Replacement)(Matheson, Daniel) (Entered: 08/09/2024) |
| 08/16/2024 | 373 | REPLY to opposition to motion re 327 MOTION for Partial Summary Judgment *Public Record Version* filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 08/16/2024) |
| 08/28/2024 | 374 | Joint MOTION to Amend/Correct *Regarding Corrected Meta Reply to Rule 7(h) Statement of Genuine Issues* by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A – Corrected Meta Reply to Rule 7(h) Statement of Genuine Issues Filing (Slipsheet), # 2 Text of Proposed Order)(Hansen, Mark) Modified event on 8/29/2024 (znmw). (Entered: 08/28/2024) |
| 08/28/2024 | 375 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 374 Joint MOTION for Order *Regarding Corrected Meta Reply to Rule 7(h) Statement of Genuine Issues* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A – Corrected Meta Reply to Rule 7(h) Statement of Genuine Issues Filing (Corrected Version of 370–2))(Hansen, Mark) (Entered: 08/28/2024) |
| 08/29/2024 | 376 | ORDER GRANTING Joint 374 Motion to Amend/Correct. The Court ORDERS that: 1) The Joint Motion is GRANTED; 2) The parties may make the proposed corrections to their respective statements in Meta's Reply to the FTC's Rule 7(h) Statement of Genuine Issues ("Meta SMF") (filed under seal at ECF No. 370–2), as reflected in Exhibit A to the Joint Motion; 3) Exhibit A to the Joint Motion shall be deemed the operative version of the Meta SMF. Signed by Chief Judge James E. Boasberg on 08/29/2024. (lcjeb2) (Entered: 08/29/2024) |
| 09/06/2024 | 377 | Joint MOTION for Extension of Time to *File Lesser–Redacted Summary Judgment Materials* by META PLATFORMS, INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 09/06/2024) |

| 09/06/2024 | | MINUTE ORDER: The Court ORDERS that: 1) The Consent 377 Motion for Extension of Time is GRANTED; and 2) The parties shall file lesser–redacted summary judgment materials on the public docket by September 20, 2024. So ORDERED by Chief Judge James E. Boasberg on September 6, 2024. (lcjeb4) (Entered: 09/06/2024) |
|---|---|---|
| 09/06/2024 | | Set/Reset Deadlines: Parties to file lesser–redacted summary judgment materials on the public docket due by 9/20/2024. (znbn) (Entered: 09/09/2024) |
| 09/20/2024 | 378 | NOTICE *of Filing Lesser–Redacted Summary Judgment Materials* by META PLATFORMS, INC. (Attachments: # 1 Memorandum in Support of Meta Motion for Summary Judgment, # 2 Meta Reply in Support of Its Motion for Summary Judgment and Opposition to FTC Cross–Motion for Partial Summary Judgment, # 3 Meta Reply to FTC Rule 7(h) Statement of Genuine Issues (comprising Meta initial Rule 7(h) Statement and replies to FTC responses))(Hansen, Mark) (Entered: 09/20/2024) |
| 09/20/2024 | 379 | NOTICE *of Filing Lesser–Redacted Summary Judgment Materials* by FEDERAL TRADE COMMISSION (Attachments: # 1 Memorandum of Law in Opposition to Meta Motion for Summary Judgment and in Support of FTC Cross–Motion for Partial Summary Judgment, # 2 FTC Reply to Meta Response to FTC Counterstatement of Material Facts (comprising the FTCs initial Counterstatement and replies to Metas responses), # 3 Federal Trade Commission Lesser Redacted Public Exhibit Index, # 4 Exhibit PX1013, # 5 Exhibit PX1019, # 6 Exhibit PX1036, # 7 Exhibit PX1102, # 8 Exhibit PX1115, # 9 Exhibit PX1116, # 10 Exhibit PX1180, # 11 Exhibit PX1202, # 12 Exhibit PX1208, # 13 Exhibit PX1266, # 14 Exhibit PX1365, # 15 Exhibit PX1486, # 16 Exhibit PX1580, # 17 Exhibit PX1708, # 18 Exhibit PX2245, # 19 Exhibit PX2357, # 20 Exhibit PX2373, # 21 Exhibit PX2501, # 22 Exhibit PX2502, # 23 Exhibit PX2522, # 24 Exhibit PX2759, # 25 Exhibit PX2822, # 26 Exhibit PX2892, # 27 Exhibit PX2965, # 28 Exhibit PX2970, # 29 Exhibit PX3002, # 30 Exhibit PX3006, # 31 Exhibit PX3528, # 32 Exhibit PX10271, # 33 Exhibit PX11108, # 34 Exhibit PX11287, # 35 Exhibit PX12108, # 36 Exhibit PX12201, # 37 Exhibit PX12202, # 38 Exhibit PX12351, # 39 Exhibit PX15160)(Matheson, Daniel) (Entered: 09/20/2024) |
| 09/26/2024 | 380 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MATCH GROUP, INC.. Attorney Justin P. Hedge terminated. (Hedge, Justin) (Entered: 09/26/2024) |
| 11/06/2024 | | MINUTE ORDER: The Court ORDERS that the parties shall appear via Zoom for a brief scheduling conference on November 12, 2024, at 11:30 a.m. So ORDERED by Chief Judge James E. Boasberg on 11/6/2024. (lcjeb1) (Entered: 11/06/2024) |
| 11/12/2024 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held on 11/12/2024. (Court Reporter Liz Davila) (znbn) (Entered: 11/12/2024) |
| 11/12/2024 | 381 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Anusha Sunkara terminated. (Attachments: # 1 Certificate of Service)(Matheson, Daniel) (Entered: 11/12/2024) |
| 11/12/2024 | 382 | TRANSCRIPT OF PROCEEDINGS, before Chief Judge James E. Boasberg, held on 11–12–2024; Page Numbers: 1 – 6. Date of Issuance: 11–12–2024. Court Reporter: Elizabeth Davila, Telephone number: 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/3/2024. Redacted Transcript Deadline set for 12/13/2024. Release of Transcript Restriction set for 2/10/2025.(Davila, Elizabeth) (Entered: 11/12/2024) |
| 11/13/2024 | 383 | ORDER: For the reasons set forth in the accompanying Memorandum Opinion, which will be issued later today after the parties have had a chance to redact any confidential business information, the Court ORDERS that: 1) Defendant's 324 Motion for Summary Judgment is GRANTED as to the interoperability portion of Count II but otherwise DENIED; 2) Plaintiff's 327 Motion for Partial Summary Judgment is GRANTED as to Defendant's tenth procompetitive justification but otherwise DENIED; and 3) The parties shall appear for a status conference via Zoom on November 25, 2024, at 2:00 p.m., to discuss trial scheduling. Signed by Chief Judge James E. Boasberg on 11/13/2024. (lcjeb1) (Entered: 11/13/2024) |
| 11/13/2024 | | Set/Reset Hearings: Status Conference set for 11/25/2024 at 02:00 PM in Telephonic/VTC before Chief Judge James E. Boasberg. (znbn) (Entered: 11/13/2024) |
| 11/13/2024 | 384 | MEMORANDUM OPINION (redacted) re. 383 Order on Defendant's 324 Motion for Summary Judgment and Plaintiff's 327 Motion for Partial Summary Judgment. Signed by Chief Judge James E. Boasberg on November 13, 2024. (lcjeb2) (Entered: 11/13/2024) |
| 11/20/2024 | | MINUTE ORDER: As noted in the Court's 383 Order of November 13, 2024, the parties shall appear for a status conference on November 25, 2024, at 2:00 p.m., to discuss trial scheduling. The hearing will proceed by videoconference for the parties and by telephone for members of the public. Toll Free Number: 866–434–5269; Access Code: 2989848. So ORDERED by Chief Judge James E. Boasberg on November 20, 2024. (lcjeb2) Modified to remove standing order reference on 11/20/2024 (znbn). (Entered: 11/20/2024) |
| 11/25/2024 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held via Zoom on 11/25/2024. The Court ORDERS the parties to provide proposals regarding trial schedule by 12/5/2024. Bench Trial set for 4/14/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. A further Status Conference is set for 12/9/2024 at 02:00 PM via Zoom. (Court Reporter Tammy Nestor) (znbn) (Entered: 11/25/2024) |
| 11/26/2024 | 386 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 11/25/24; Page Numbers: 1–14. Court Reporter/Transcriber Tammy Nestor, tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the |

Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 12/17/2024. Redacted Transcript Deadline set for 12/27/2024. Release of Transcript Restriction set for 2/24/2025.(Nestor, Tammy) (Entered: 11/26/2024)

| | | |
|---|---|---|
| 12/05/2024 | 387 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit A, # 12 Exhibit B, # 13 Exhibit C, # 14 Exhibit D)(Hansen, Mark) (Entered: 12/05/2024) |
| 12/06/2024 | | MINUTE ORDER: As noted in the Court's Minute Entry of November 25, 2024, the parties shall appear for a status conference on December 9, 2024, at 2:00 p.m., to discuss trial procedures. The hearing will proceed by videoconference for the parties and by telephone for members of the public. Toll Free Number: 833−990−9400; Meeting ID: 049550816. So ORDERED by Chief Judge James E. Boasberg on December 6, 2024. (lcjeb2) (Entered: 12/06/2024) |
| 12/09/2024 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held via Zoom with the public access line on 12/9/2024. Joint Status Report due by 12/16/2024. Pretrial Conference set for 3/24/2025 at 10:00 AM in Telephonic/VTC before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor) (znbn) (Entered: 12/09/2024) |
| 12/09/2024 | | MINUTE ORDER: As discussed in today's status hearing, the Court ORDERS that: 1) The parties shall submit by December 16, 2025, a joint status report with a proposed pretrial schedule; and 2) They shall appear for a pretrial conference on March 24, 2025, at 10:00 a.m. The hearing will proceed by videoconference for the parties and by telephone for members of the public. Toll free number: 833−990−9400. Meeting ID: 049550816. So ORDERED by Chief Judge James E. Boasberg on 12/9/2024. (lcjeb1) (Entered: 12/09/2024) |
| 12/10/2024 | 388 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 12/9/24; Page Numbers: 1−30. Court Reporter/Transcriber Tammy Nestor, tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript |

| | | formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 12/31/2024. Redacted Transcript Deadline set for 1/10/2025. Release of Transcript Restriction set for 3/10/2025.(Nestor, Tammy) (Entered: 12/10/2024) |
| 12/17/2024 | 389 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit A, # 10 Exhibit B)(Hansen, Mark) (Entered: 12/17/2024) |
| 12/20/2024 | 390 | ORDER: The Court ORDERS that the deadlines in the attached order shall govern pretrial procedures in this matter. Signed by Chief Judge James E. Boasberg on 12/20/2024. (lcjeb1) (Entered: 12/20/2024) |
| 01/09/2025 | 391 | NOTICE of Change of Address by Craig Matthew Reiser (Reiser, Craig) (Entered: 01/09/2025) |
| 01/16/2025 | 392 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A, # 2 Exhibit B − PUBLIC, # 3 Exhibit C − PUBLIC)(Matheson, Daniel) (Entered: 01/16/2025) |
| 01/16/2025 | 393 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 392 Status Report (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit B, # 2 Exhibit C)(Matheson, Daniel) (Entered: 01/16/2025) |
| 01/17/2025 | 394 | ORDER re: the parties' 392 Joint Status Report. Signed by Chief Judge James E. Boasberg on 1/17/2025. (lcjeb1) (Entered: 01/17/2025) |
| 02/06/2025 | 395 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Mark Silvia terminated. (Silvia, Mark) (Entered: 02/06/2025) |
| 02/07/2025 | 396 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit A − PUBLIC, # 3 Exhibit B, # 4 Exhibit C)(Hansen, Mark) (Entered: 02/07/2025) |
| 02/07/2025 | 397 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 396 Status Report (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Sealed Joint Status Report, # 2 Exhibit A)(Hansen, Mark) (Entered: 02/07/2025) |
| 02/10/2025 | 398 | ORDER re: the parties' 396 Joint Status Report. Signed by Chief Judge James E. Boasberg on 2/10/2025. (lcjeb1) (Entered: 02/10/2025) |
| 02/17/2025 | 399 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Hansen, Mark) (Entered: 02/17/2025) |
| 02/19/2025 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: The Court ORDERS that the parties shall appear via Zoom for a hearing on the matters discussed in their <u>399</u> Joint Status Report on February 21, 2025, at 2:00 p.m.. The hearing will proceed by videoconference for the parties and by telephone for members of the public. Toll free number: 833−990−9400. Meeting ID: 049550816. So ORDERED by Chief Judge James E. Boasberg on 2/19/2025. (lcjeb1) Modified to add public line on 2/20/2025 (znbn). (Entered: 02/19/2025) |
| 02/21/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held via Zoom on 2/21/2025. The parties discussed matters pertaining to their <u>399</u> Joint Status Report. Minute Order forthcoming. (Court Reporter Tammy Nestor) (nbn) (Entered: 02/21/2025) |
| 02/21/2025 | <u>400</u> | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 2/21/25; Page Numbers: 1−35. Court Reporter/Transcriber Tammy Nestor, tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u> <br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br>Redaction Request due 3/14/2025. Redacted Transcript Deadline set for 3/24/2025. Release of Transcript Restriction set for 5/22/2025.(Nestor, Tammy) (Entered: 02/21/2025) |
| 02/21/2025 | <u>401</u> | ORDER re: the parties' <u>399</u> Joint Status Report. Signed by Chief Judge James E. Boasberg on 2/21/2025. (lcjeb1) (Entered: 02/21/2025) |
| 02/21/2025 | <u>402</u> | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Memorandum in Support of Plaintiffs Motion in Limine to Exclude Testimony of Jason Nieh Regarding Alleged Cost Savings, # <u>2</u> Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commissions Motion in Limine to Exclude Testimony of Jason Nieh Regarding Alleged Cost Savings, # <u>3</u> Exhibit 1 − 15_UNDER SEAL, # <u>4</u> Text of Proposed Order)(Matheson, Daniel) (Entered: 02/21/2025) |
| 02/21/2025 | <u>403</u> | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Memorandum in Support of Plaintiffs Motion in Limine to Admit Select Testimony of Adam Presser and Julia Roberts, # <u>2</u> Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commissions Motion in Limine to Admit Select Testimony of Adam Presser and Julia Roberts, # <u>3</u> Exhibit A − K_UNDER SEAL, # <u>4</u> Text of Proposed Order)(Matheson, Daniel) (Entered: 02/21/2025) |

| 02/21/2025 | 404 | MOTION in Limine by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Text of Proposed Order)(Hansen, Mark) (Entered: 02/21/2025) |
| 02/21/2025 | 405 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 404 MOTION in Limine (This document is SEALED and only available to authorized persons.) (Attachments: # 1 SEALED Motions in Limine, # 2 Exhibit 4 – SEALED, # 3 Exhibit 5 – SEALED, # 4 Exhibit 6 – SEALED, # 5 Exhibit 7 – SEALED, # 6 Exhibit 8 – SEALED, # 7 Exhibit 10 – SEALED, # 8 Exhibit 11 – SEALED, # 9 Exhibit 12 – SEALED, # 10 Exhibit 13 – SEALED, # 11 Exhibit 15 – SEALED, # 12 Exhibit 16 – SEALED, # 13 Exhibit 17 – SEALED, # 14 Exhibit 18 – SEALED, # 15 Exhibit 19 – SEALED, # 16 Exhibit 21 – SEALED, # 17 Exhibit 22 – SEALED, # 18 Exhibit 23 – SEALED, # 19 Exhibit 24 – SEALED, # 20 Exhibit 25 – SEALED, # 21 Exhibit 26 – SEALED, # 22 Exhibit 27 – SEALED, # 23 Exhibit 28 – SEALED, # 24 Exhibit 31 – SEALED, # 25 Exhibit 32 – SEALED, # 26 Exhibit 33 – SEALED, # 27 Exhibit 34 – SEALED, # 28 Exhibit 35 – SEALED, # 29 Exhibit 36 – SEALED, # 30 Exhibit 37 – SEALED, # 31 Exhibit 38 – SEALED, # 32 Exhibit 39 – SEALED, # 33 Exhibit 40 – SEALED, # 34 Exhibit 41 – SEALED, # 35 Exhibit 42 – SEALED, # 36 Exhibit 43 – SEALED, # 37 Exhibit 44 – SEALED, # 38 Exhibit 45 – SEALED, # 39 Exhibit 46 – SEALED, # 40 Exhibit 47 – SEALED, # 41 Exhibit 48 – SEALED, # 42 Exhibit 49 – SEALED, # 43 Exhibit 50 – SEALED)(Hansen, Mark) (Entered: 02/21/2025) |
| 02/24/2025 | 406 | Joint MOTION for Extension of Time to File by META PLATFORMS, INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 02/24/2025) |
| 02/24/2025 | | MINUTE ORDER: The Court ORDERS that: 1) The Joint 406 Motion for Extension of Time is GRANTED; and 2) The parties shall file proposed confidentiality procedures by February 25, 2025. So ORDERED by Chief Judge James E. Boasberg on February 24, 2025. (lcjeb2) (Entered: 02/24/2025) |
| 02/25/2025 | 407 | MOTION in Limine by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commissions Motion in Limine to Admit Select Testimony of Adam Presser and Julia Roberts_REDACTED, # 2 Exhibit A – K_PUBLIC, # 3 Text of Proposed Order)(Matheson, Daniel) (Entered: 02/25/2025) |
| 02/25/2025 | 408 | MOTION in Limine by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commissions Motion in Limine to Exclude Testimony of Jason Nieh Regarding Alleged Cost Savings_REDACTED, # 2 Exhibit 1 – 15_PUBLIC, # 3 Text of Proposed Order)(Matheson, Daniel) (Entered: 02/25/2025) |
| 02/25/2025 | 409 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff |

| | | |
|---|---|---|
| | | Federal Trade Commission's Position Statement Regarding Its Proposed Sealing Procedures, # 2 Exhibit A – H_UNDER SEAL, # 3 Text of Proposed Order)(Matheson, Daniel) (Entered: 02/25/2025) |
| 02/25/2025 | 410 | NOTICE *of Meta's Position Statement on Confidentiality Procedures* by META PLATFORMS, INC. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 02/25/2025) |
| 02/26/2025 | 411 | NOTICE *of Plaintiff Federal Trade Commission's Position Statement Regarding Its Proposed Sealing Procedures* by FEDERAL TRADE COMMISSION re 409 Sealed Document, (Attachments: # 1 Exhibit A – H_PUBLIC, # 2 Text of Proposed Order)(Matheson, Daniel) (Entered: 02/26/2025) |
| 03/05/2025 | | MINUTE ORDER: After consultation with the parties, the Court ORDERS that the tutorial referenced in its 398 Order will proceed as follows: 1) Meta shall present its tutorial on April 4, 2025, at 1:00 p.m.; 2) The FTC shall present its tutorial on April 9, 2025, at 2:00 p.m.; and 3) As previously agreed, each side shall have up to two hours. So ORDERED by Chief Judge James E. Boasberg on 3/5/2025. (lcjeb1) (Entered: 03/05/2025) |
| 03/05/2025 | | Set/Reset Hearings: Meta Tutorial set for 4/4/2025 at 01:00 PM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. FTC Tutorial set for 4/9/2025 at 02:00 PM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (znbn) (Entered: 03/05/2025) |
| 03/05/2025 | | MINUTE ORDER: The Court ORDERS that the parties shall appear for a Zoom hearing on March 7, 2025, at 2:00 p.m. to discuss confidentiality and sealing procedures. So ORDERED by Chief Judge James E. Boasberg on 3/5/2025. (lcjeb1) (Entered: 03/05/2025) |
| 03/05/2025 | | Set/Reset Hearings: Hearing to discuss confidentiality and sealing procedures set for 3/7/2025 at 02:00 PM via Zoom before Chief Judge James E. Boasberg. Final Pretrial Conference set for 3/24/2025 at 10:00 AM via Zoom before Chief Judge James E. Boasberg. (znbn) (Entered: 03/05/2025) |
| 03/07/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held on 3/7/2025. The court addresses trial procedures, and the parties will submit a proposed order for the court's review and approval. (Court Reporter: Tammy Nestor) (tj) (Entered: 03/07/2025) |
| 03/07/2025 | 412 | SEALED OPPOSITION filed by FEDERAL TRADE COMMISSION. re 404 Motion in Limine,,,, (Attachments: # 1 Plaintiff Federal Trade Commissions Opposition to Defendant Meta Platforms, Inc.s Pretrial Motions In Limine_UNDER SEAL, # 2 Declaration of Nathan Brenner Regarding Plaintiff Federal Trade Commissions Opposition to Defendant Meta Platforms, Inc.s Pretrial Motions In Limine_UNDER SEAL, # 3 Exhibit to Motion in Limine # 1; A – Q_UNDER SEAL, # 4 Exhibit to Motion in Limine # 2; A – K_UNDER SEAL, # 5 Exhibit to Motion in Limine # 3; A – D_UNDER SEAL, # 6 Exhibit to Motion in Limine # 4; A – L_UNDER SEAL, # 7 Exhibit to Motion in Limine # 5; A – B_UNDER SEAL, # 8 Exhibit to Motion in Limine # 6; A – H_UNDER SEAL, # 9 Exhibit to Motion in Limine # 7; A – M_UNDER SEAL)(Matheson, Daniel) (Entered: 03/07/2025) |
| 03/07/2025 | 413 | Memorandum in opposition to re 407 Motion in Limine, *(Meta Platforms Inc.'s Opposition To Federal Trade Commission's Motion In Limine To Admit Select Testimony Of Adam Presser And Julia Roberts)* filed by META PLATFORMS, INC.. |

| | | |
|---|---|---|
| | | (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18)(Hansen, Mark) (Entered: 03/07/2025) |
| 03/07/2025 | <u>414</u> | SEALED OPPOSITION filed by META PLATFORMS, INC.. re <u>407</u> Motion in Limine, (Attachments: # <u>1</u> Meta Platforms, Inc.'s Opposition To Federal Trade Commission's Motion In Limine To Admit Select Testimony Of Adam Presser And Julia Roberts, # <u>2</u> Exhibit 2 – SEALED, # <u>3</u> Exhibit 3 – SEALED, # <u>4</u> Exhibit 4 – SEALED, # <u>5</u> Exhibit 5 – SEALED, # <u>6</u> Exhibit 6 – SEALED, # <u>7</u> Exhibit 8 – SEALED, # <u>8</u> Exhibit 10 – SEALED, # <u>9</u> Exhibit 11 – SEALED, # <u>10</u> Exhibit 12 – SEALED, # <u>11</u> Exhibit 13 – SEALED, # <u>12</u> Exhibit 14 – SEALED, # <u>13</u> Exhibit 15 – SEALED, # <u>14</u> Exhibit 16 – SEALED, # <u>15</u> Exhibit 17 – SEALED, # <u>16</u> Exhibit 18 – SEALED)(Hansen, Mark) (Entered: 03/07/2025) |
| 03/07/2025 | <u>415</u> | Memorandum in opposition to re <u>408</u> Motion in Limine, *(Meta Platforms, Inc.'s Opposition To Federal Trade Commission's Motion In Limine To Exclude Testimony Of Jason Nieh Regarding "Cost Savings")* filed by META PLATFORMS, INC.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5)(Hansen, Mark) (Entered: 03/07/2025) |
| 03/07/2025 | <u>416</u> | SEALED OPPOSITION filed by META PLATFORMS, INC.. re <u>408</u> Motion in Limine, (Attachments: # <u>1</u> Meta Platforms, Inc.'s Opposition To Federal Trade Commission's Motion In Limine To Exclude Testimony Of Jason Nieh Regarding "Cost Savings", # <u>2</u> Exhibit 1 – SEALED, # <u>3</u> Exhibit 2 – SEALED, # <u>4</u> Exhibit 3 – SEALED, # <u>5</u> Exhibit 4 – SEALED, # <u>6</u> Exhibit 5 – SEALED)(Hansen, Mark) (Entered: 03/07/2025) |
| 03/12/2025 | <u>417</u> | PRETRIAL STATEMENT by META PLATFORMS, INC.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit 1, # <u>5</u> Exhibit 2, # <u>6</u> Exhibit 3, # <u>7</u> Exhibit 4)(Hansen, Mark) (Entered: 03/12/2025) |
| 03/12/2025 | <u>418</u> | SEALED DOCUMENT filed by META PLATFORMS, INC. re <u>417</u> Pretrial Statement (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Joint Pretrial Statement Attachment B, # <u>2</u> Joint Pretrial Statement Exhibit 1, # <u>3</u> Joint Pretrial Statement Exhibit 2, # <u>4</u> Joint Pretrial Statement Exhibit 3)(Hansen, Mark) (Entered: 03/12/2025) |
| 03/12/2025 | <u>419</u> | Memorandum in opposition to re <u>404</u> Motion in Limine,,,, filed by FEDERAL TRADE COMMISSION. (Attachments: # <u>1</u> Declaration of Nathan Brenner Regarding Plaintiff Federal Trade Commissions Opposition to Defendant Meta Platforms, Inc.s Pretrial Motions In Limine_REDACTED, # <u>2</u> Exhibit to Motion in Limine # 1; A–Q_PUBLIC, # <u>3</u> Exhibit to Motion in Limine # 2; A–K_PUBLIC, # <u>4</u> Exhibit to Motion in Limine # 3; A–D_PUBLIC, # <u>5</u> Exhibit to Motion in Limine # 4; A–L_PUBLIC, # <u>6</u> Exhibit to Motion in Limine # 5; A–B_PUBLIC, # <u>7</u> Exhibit to Motion in Limine # 6; A–H_PUBLIC, # <u>8</u> Exhibit to Motion in Limine # 7; A–N_PUBLIC)(Matheson, Daniel) (Entered: 03/12/2025) |
| 03/13/2025 | | MINUTE ORDER: The Court ORDERS that the parties shall appear via Zoom for a hearing on their discovery dispute on March 13, 2025, at 3:45 p.m. The hearing will proceed by videoconference for the parties and by telephone for members of the public. Toll free number: 833–990–9400. Meeting ID: 049550816. So ORDERED by Chief Judge James E. Boasberg on 3/13/2025. (lcjeb1) (Entered: 03/13/2025) |
| 03/13/2025 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Discovery Hearing held via on 3/13/2025. Discovery disputes heard. (Court Reporter Tammy Nestor) (znbn) (Entered: 03/13/2025) |
| 03/14/2025 | 420 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 407 MOTION in Limine , 403 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commissions Reply in Support of Plaintiffs Motion in Limine to Admit Select Testimony of Adam Presser and Julia Roberts, # 2 Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commissions Reply in Support of its Motion in Limine to Admit Select Testimony of Adam Presser and Julia Roberts, # 3 Exhibit A – C_UNDER SEAL)(Matheson, Daniel) (Entered: 03/14/2025) |
| 03/14/2025 | 421 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 408 MOTION in Limine , 402 Sealed Document,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commissions Reply in Support of Its Motion in Limine to Exclude Testimony of Jason Nieh Regarding Alleged Cost Savings, # 2 Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commissions Reply in Support of Its Motion in Limine to Exclude Testimony of Jason Nieh Regarding Alleged Cost Savings, # 3 Exhibit 16 – 19_UNDER SEAL)(Matheson, Daniel) (Entered: 03/14/2025) |
| 03/14/2025 | 422 | SEALED MOTION filed by FEDERAL TRADE COMMISSION (Attachments: # 1 Plaintiff Federal Trade Commissions Motion to Exclude Untimely and Cherry–Picked Evidence, # 2 Declaration of Susan Musser in Support of Plaintiff Federal Trade Commissions Motion to Exclude Untimely and Cherry–Picked Evidence, # 3 Exhibit A – I_UNDER SEAL, # 4 Text of Proposed Order)(Matheson, Daniel) (Entered: 03/14/2025) |
| 03/14/2025 | 423 | REPLY to opposition to motion re 404 Motion in Limine,,,, *Meta Platforms, Inc.'s Reply Supporting Its Pretrial Motions in Limine* filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Hansen, Mark) (Entered: 03/14/2025) |
| 03/14/2025 | 424 | SEALED REPLY TO OPPOSITION filed by META PLATFORMS, INC. re 404 Motion in Limine,,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s Reply Supporting Its Pretrial Motions in Limine, # 2 Exhibit 1 – SEALED, # 3 Exhibit 2 – SEALED, # 4 Exhibit 3 – SEALED, # 5 Exhibit 4 – SEALED, # 6 Exhibit 5 – SEALED, # 7 Exhibit 6 – SEALED, # 8 Exhibit 7 – SEALED, # 9 Exhibit 8 – SEALED, # 10 Exhibit 9 – SEALED, # 11 Exhibit 10 – SEALED, # 12 Exhibit 11 – SEALED)(Hansen, Mark) (Entered: 03/14/2025) |
| 03/17/2025 | 425 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sheila R. Adams James, Filing fee $ 100, receipt number ADCDC–11546816. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Scheinkman, Michael) (Entered: 03/17/2025) |
| 03/18/2025 | | MINUTE ORDER granting 425 Motion for Leave to Appear Pro Hac Vice of Sheila R. Adams James. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on March 18, 2025. (lcjeb2) (Entered: 03/18/2025) |
| 03/18/2025 | 426 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Justin V. Shur on behalf of V Pappas (Shur, Justin) (Entered: 03/18/2025) |
| 03/18/2025 | 427 | NOTICE of Appearance by Sheila R. Adams James on behalf of META PLATFORMS, INC. (Adams James, Sheila) (Entered: 03/18/2025) |
| 03/18/2025 | 428 | MOTION in Limine *to Exclude Untimely and Cherry–Picked Evidence* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Susan Musser in Support of Plaintiff Federal Trade Commissions Motion to Exclude Untimely and Cherry–Picked Evidence_REDACTED, # 2 Exhibit A – I_PUBLIC, # 3 Text of Proposed Order)(Matheson, Daniel) Modified event on 3/19/2025 (znmw). (Entered: 03/18/2025) |
| 03/18/2025 | 429 | REPLY to opposition to motion re 407 Motion in Limine, *Plaintiff Federal Trade Commissions Reply in Support of Plaintiffs Motion in Limine to Admit Select Testimony of Adam Presser and Julia Roberts* filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commissions Reply in Support of its Motion in Limine to Admit Select Testimony of Adam Presser and Julia Roberts_REDACTED, # 2 Exhibit A – C_PUBLIC)(Matheson, Daniel) (Entered: 03/18/2025) |
| 03/18/2025 | | MINUTE ORDER: In response to the parties' email to chambers, the Court ORDERS that: 1) Defendant's unopposed request for a three–hour extension to file its motion to seal exemplar potential trial exhibits is GRANTED; 2) Defendant shall file such motion by 8:00 p.m. today; and 3) Plaintiff shall file its opposition brief by 11:00 p.m. (instead of 8:00 p.m.) on March 21, 2025. So ORDERED by Chief Judge James E. Boasberg on March 18, 2025. (lcjeb2) (Entered: 03/18/2025) |
| 03/18/2025 | 430 | NOTICE of Appearance by David A. O'Neil on behalf of SARAL JAIN, DAVID A. LEVENSON, JACOB ANDREOU, SNAP INC. (O'Neil, David) (Entered: 03/18/2025) |
| 03/18/2025 | 431 | MOTION to Seal Exemplar Potential Trial Exhibits by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 DX0432, # 9 DX0575, # 10 DX0593, # 11 DX0599, # 12 DX0613, # 13 DX0620, # 14 DX0624, # 15 DX0656, # 16 DX0663, # 17 DX0671, # 18 DX0679, # 19 DX0680, # 20 DX0681, # 21 DX0682, # 22 DX0684, # 23 DX0695, # 24 DX0696, # 25 DX0712, # 26 DX0717, # 27 DX0724, # 28 DX0974, # 29 DX1016, # 30 PX01455, # 31 PX02858, # 32 PX03007, # 33 PX03008, # 34 PX03022, # 35 PX03023, # 36 PX03174, # 37 PX03385, # 38 PX03386, # 39 PX03387, # 40 PX03405, # 41 PX03505, # 42 PX03570, # 43 PX03606, # 44 PX03609, # 45 PX03618, # 46 PX03620, # 47 PX03621, # 48 PX03630, # 49 PX03631, # 50 PX03633, # 51 PX03636, # 52 PX03637, # 53 PX03640, # 54 PX03662, # 55 PX03666, # 56 PX03812, # 57 PX09005, # 58 PX10046, # 59 PX10236, # 60 PX11966, # 61 PX12347, # 62 PX12372, # 63 PX12374, # 64 PX12386, # 65 PX12388, # 66 PX12676, # 67 PX12749, # 68 PX15004, # 69 PX15006, # 70 PX15316, # 71 PX15381, # 72 Text of Proposed Order)(Hansen, Mark) Modified event on 3/19/2025 (znmw). (Entered: 03/18/2025) |
| 03/19/2025 | 432 | REPLY to opposition to motion re 408 Motion in Limine, *Plaintiff Federal Trade Commissions Reply in Support of Its Motion in Limine to Exclude Testimony of Jason Nieh Regarding Alleged Cost Savings* filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commissions Reply in Support of Its Motion in Limine to Exclude Testimony |

| | | |
|---|---|---|
| | | of Jason Nieh Regarding Alleged Cost Savings_REDACTED, # 2 Exhibit 16 – 19_PUBLIC)(Matheson, Daniel) (Entered: 03/19/2025) |
| 03/19/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 430 NOTICE of Appearance by David A. O'Neil on behalf of SARAL JAIN, DAVID A. LEVENSON, JACOB ANDREOU, SNAP INC. (O'Neil, David).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/26/2025. (zapb) Modified on 3/19/2025 (zhcn). (Entered: 03/19/2025) |
| 03/19/2025 | 433 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by META PLATFORMS, INC. (Attachments: # 1 Meta Platforms Inc.'s Motion to Seal Exemplar Potential Trial Exhibits, # 2 Exhibit A – SEALED, # 3 Exhibit B – SEALED, # 4 Exhibit C – SEALED, # 5 Exhibit D – SEALED, # 6 Exhibit E – SEALED, # 7 Exhibit F – SEALED, # 8 Exhibit G – SEALED, # 9 DX0432 – SEALED, # 10 DX0575 – SEALED, # 11 DX0593 – SEALED, # 12 DX0599 – SEALED, # 13 DX0613 – SEALED, # 14 DX0620 – SEALED, # 15 DX0624 – SEALED, # 16 DX0656 – SEALED, # 17 DX0663 – SEALED, # 18 DX0671 – SEALED, # 19 DX0679 – SEALED, # 20 DX0680 – SEALED, # 21 DX0681 – SEALED, # 22 DX0682 – SEALED, # 23 DX0684 – SEALED, # 24 DX0695 – SEALED, # 25 DX0696 – SEALED, # 26 DX0712 – SEALED, # 27 DX0717 – SEALED, # 28 DX0724 – SEALED, # 29 DX0974 – SEALED, # 30 DX1016 – SEALED, # 31 PX01455 – SEALED, # 32 PX02858 – SEALED, # 33 PX03007 – SEALED, # 34 PX03008 – SEALED, # 35 PX03022 – SEALED, # 36 PX03023 – SEALED, # 37 PX03174 – SEALED, # 38 PX03385 – SEALED, # 39 PX03386 – SEALED, # 40 PX03387 – SEALED, # 41 PX03405 – SEALED, # 42 PX03505 – SEALED, # 43 PX03570 – SEALED, # 44 PX03606 – SEALED, # 45 PX03609 – SEALED, # 46 PX03618 – SEALED, # 47 PX03620 – SEALED, # 48 PX03621 – SEALED, # 49 PX03630 – SEALED, # 50 PX03631 – SEALED, # 51 PX03633 – SEALED, # 52 PX03636 – SEALED, # 53 PX03637 – SEALED, # 54 PX03640 – SEALED, # 55 PX03662 – SEALED, # 56 PX03666 – SEALED, # 57 PX03812 – SEALED, # 58 PX09005 – SEALED, # 59 PX10046 – SEALED, # 60 PX10236 – SEALED, # 61 PX11966 – SEALED, # 62 PX12347 – SEALED, # 63 PX12372 – SEALED, # 64 PX12374 – SEALED, # 65 PX12386 – SEALED, # 66 PX12388 – SEALED, # 67 PX12676 – SEALED, # 68 PX12749 – SEALED, # 69 PX15004 – SEALED, # 70 PX15006 – SEALED, # 71 PX15316 – SEALED, # 72 PX15381 – SEALED)(Hansen, Mark) Modified event on 3/20/2025 (znmw). (Entered: 03/19/2025) |
| 03/19/2025 | 434 | NOTICE of Appearance by Craig Matthew Reiser on behalf of ADAM PRESSER, BLAKE CHANDLEE, ERIC MORRISON, TIKTOK INC. (Reiser, Craig) (Entered: 03/19/2025) |
| 03/19/2025 | 435 | NOTICE of Appearance by Tiffany Rider Rohrbaugh on behalf of ADAM PRESSER, BLAKE CHANDLEE, ERIC MORRISON, TIKTOK INC. (Rohrbaugh, |

| | | |
|---|---|---|
| | | Tiffany) (Entered: 03/19/2025) |
| 03/19/2025 | 436 | NOTICE of Appearance by Crystal Danielle Dudding Irvine on behalf of ADAM PRESSER, BLAKE CHANDLEE, ERIC MORRISON, TIKTOK INC. (Irvine, Crystal Danielle) (Entered: 03/19/2025) |
| 03/19/2025 | 437 | NOTICE of Appearance by Angela Marie Farren on behalf of ADAM PRESSER, BLAKE CHANDLEE, ERIC MORRISON, TIKTOK INC. (Farren, Angela) (Entered: 03/19/2025) |
| 03/19/2025 | 438 | NOTICE of Appearance by Peter Joseph Mucchetti on behalf of Scott Coleman, Julia Roberts (Mucchetti, Peter) (Entered: 03/19/2025) |
| 03/19/2025 | 439 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John P. Alexander, Filing fee $100, receipt number ADCDC–11553537. by Scott Coleman, Julia Roberts, PINTEREST, INC.. (Attachments: # 1 Declaration of John P. Alexander, # 2 Exhibit 1 – Certificate of Good Standing, # 3 Text of Proposed Order)(Mucchetti, Peter) Modified to add fee information on 3/20/2025 (znmw). (Entered: 03/19/2025) |
| 03/19/2025 | 440 | NOTICE of Appearance by Joseph M. Rancour on behalf of APPLE INC., RONAK SHAH (Rancour, Joseph) (Entered: 03/19/2025) |
| 03/19/2025 | 441 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Karen Hoffman Lent, Filing fee $ 100, receipt number ADCDC–11553912. Fee Status: Fee Paid. by APPLE INC., RONAK SHAH. (Attachments: # 1 Declaration of Karen Hoffman Lent, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Rancour, Joseph) (Entered: 03/19/2025) |
| 03/19/2025 | 442 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Evan Kreiner, Filing fee $ 100, receipt number ADCDC–11554038. Fee Status: Fee Paid. by APPLE INC., RONAK SHAH. (Attachments: # 1 Declaration of Evan Kreiner, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Rancour, Joseph) (Entered: 03/19/2025) |
| 03/19/2025 | 443 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael A. Lanci, Filing fee $ 100, receipt number ADCDC–11554058. Fee Status: Fee Paid. by APPLE INC., RONAK SHAH. (Attachments: # 1 Declaration of Michael A. Lanci, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Rancour, Joseph) (Entered: 03/19/2025) |
| 03/19/2025 | | MINUTE ORDER: The Court ORDERS that the 441 , 442 , 443 Motions for Leave to Appear Pro Hac Vice of Karen Hoffman Lent, Evan Kreiner, and Michael A. Lanci are GRANTED **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on March 19, 2025. (lcjeb2) (Entered: 03/19/2025) |
| 03/19/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 435 NOTICE of Appearance by Tiffany Rider Rohrbaugh on behalf of ADAM PRESSER, BLAKE CHANDLEE, ERIC MORRISON, TIKTOK INC. (Rohrbaugh, Tiffany). <br><br> Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local |

| | | |
|---|---|---|
| | | Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/26/2025. (zhcn) Modified on 7/8/2025 (zapb). (Entered: 03/20/2025) |
| 03/20/2025 | | MINUTE ORDER: The Court ORDERS that the <u>439</u> Motion for Leave to Appear Pro Hac Vice of John P. Alexander is GRANTED. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. <u>Click for instructions</u>. So ORDERED by Chief Judge James E. Boasberg on 3/20/2025. (lcjeb1) (Entered: 03/20/2025) |
| 03/20/2025 | <u>444</u> | NOTICE of Appearance by Karen Hoffman Lent on behalf of APPLE INC., RONAK SHAH (Lent, Karen) (Entered: 03/20/2025) |
| 03/20/2025 | <u>445</u> | NOTICE of Appearance by Evan Kreiner on behalf of APPLE INC., RONAK SHAH (Kreiner, Evan) (Entered: 03/20/2025) |
| 03/20/2025 | <u>446</u> | NOTICE of Appearance by Michael A. Lanci on behalf of APPLE INC., RONAK SHAH (Lanci, Michael) (Entered: 03/20/2025) |
| 03/20/2025 | <u>447</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jennifer Schubert, Filing fee $ 100, receipt number ADCDC−11556814. Fee Status: Fee Paid. by V PAPPAS. (Attachments: # <u>1</u> Declaration of Jennifer Schubert, # <u>2</u> Exhibit Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Shur, Justin) (Entered: 03/20/2025) |
| 03/20/2025 | <u>448</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Caroline A. Veniero, Filing fee $ 100, receipt number ADCDC−11556815. Fee Status: Fee Paid. by V PAPPAS. (Attachments: # <u>1</u> Declaration of Caroline A. Veniero, # <u>2</u> Exhibit Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Shur, Justin) (Entered: 03/20/2025) |
| 03/20/2025 | <u>449</u> | Memorandum in opposition to re <u>428</u> Motion in Limine, *(Meta Platforms, Inc.'s Opposition to Federal Trade Commission's Motion to Exclude Supplemental Data and Expert Analysis Regarding Current Market Conditions)* filed by META PLATFORMS, INC.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Text of Proposed Order)(Hansen, Mark) (Entered: 03/20/2025) |
| 03/20/2025 | <u>450</u> | SEALED OPPOSITION filed by META PLATFORMS, INC.. re <u>428</u> Motion in Limine, (Attachments: # <u>1</u> Meta Platforms, Inc.'s Opposition to Federal Trade Commission's Motion to Exclude Supplemental Data and Expert Analysis Regarding Current Market Conditions, # <u>2</u> Exhibit 1 − SEALED, # <u>3</u> Exhibit 2 − SEALED)(Hansen, Mark) (Entered: 03/20/2025) |
| 03/20/2025 | <u>451</u> | NOTICE of Proposed Order *Regarding Confidentiality Procedures Before And At Trial* by FEDERAL TRADE COMMISSION re Status Conference, (Attachments: # <u>1</u> Text of Proposed Order)(Matheson, Daniel) (Entered: 03/20/2025) |
| 03/21/2025 | <u>452</u> | NOTICE of Appearance by John P. Alexander on behalf of SCOTT COLEMAN, JULIA ROBERTS, PINTEREST, INC. (Alexander, John) (Entered: 03/21/2025) |
| 03/21/2025 | <u>453</u> | NOTICE of Appearance by Lillian V. Smith on behalf of META PLATFORMS, INC. (Smith, Lillian) (Entered: 03/21/2025) |

| 03/21/2025 | 454 | NOTICE of Appearance by Kevin David Horvitz on behalf of META PLATFORMS, INC. (Horvitz, Kevin) (Entered: 03/21/2025) |
| 03/21/2025 | 455 | NOTICE of Appearance by Nicholas James Giles on behalf of KEITH COLEMAN, Tim Perzyk, Jonathan Chen (Giles, Nicholas) (Entered: 03/21/2025) |
| 03/21/2025 | 456 | NOTICE of Appearance by Alex Atticus Parkinson on behalf of META PLATFORMS, INC. (Parkinson, Alex) (Entered: 03/21/2025) |
| 03/21/2025 | 457 | NOTICE of Appearance by Barrett James Anderson on behalf of FEDERAL TRADE COMMISSION (Anderson, Barrett) (Entered: 03/21/2025) |
| 03/21/2025 | 458 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 433 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL (This document is SEALED and only available to authorized persons.)(Hansen, Mark) (Entered: 03/21/2025) |
| 03/21/2025 | 459 | NOTICE of Appearance by Aaseesh P. Polavarapu on behalf of META PLATFORMS, INC. (Polavarapu, Aaseesh) (Entered: 03/21/2025) |
| 03/21/2025 | | MINUTE ORDER: The Court ORDERS that the 447 , 448 Motions for Leave to Appear Pro Hac Vice of Jennifer Schubert and Caroline A. Veniero are GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on March 21, 2025. (lcjeb2) (Entered: 03/21/2025) |
| 03/21/2025 | 460 | SEALED OPPOSITION filed by FEDERAL TRADE COMMISSION. re 433 Sealed Motion for Leave to File Document Under Seal,,,,,,, (Attachments: # 1 Federal Trade Commission's Opposition to Meta's Motion to Seal Exemplar Potential Trial Exhibits_UNDER SEAL, # 2 Exhibit A, # 3 Exhibit B)(Matheson, Daniel) (Entered: 03/21/2025) |
| 03/23/2025 | 461 | MOTION to Intervene *and for Access to Judicial Records and Proceedings* by The New York Times Company. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Green, Dana) (Entered: 03/23/2025) |
| 03/23/2025 | 462 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by The New York Times Company (Green, Dana) (Entered: 03/23/2025) |
| 03/23/2025 | 463 | REPLY to opposition to motion re 422 Sealed Motion, *Federal Trade Commission's Reply to Meta's Opposition to Motion to Exclude Untimely and Cherry–Picked Evidence* filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 03/23/2025) |
| 03/24/2025 | 464 | Memorandum in opposition to re 433 Sealed Motion for Leave to File Document Under Seal,,,,,,, *Federal Trade Commission's Opposition to Meta's Motion to Seal Exemplar Potential Trial Exhibits* filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Matheson, Daniel) (Entered: 03/24/2025) |
| 03/24/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 461 MOTION to Intervene *and for Access to Judicial Records and Proceedings* by The New York Times Company. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Green, Dana). |

| | | |
|---|---|---|
| | | Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/31/2025. (zapb) Modified on 3/24/2025 (zhcn). (Entered: 03/24/2025) |
| 03/24/2025 | 465 | MINUTE ORDER: Members of the public may access today's hearing by telephone. Toll free number: 833–990–9400. Meeting ID: 049550816. So ORDERED by Chief Judge James E. Boasberg on 3/24/2025. (lcjeb1) (Entered: 03/24/2025) |
| 03/24/2025 | 466 | NOTICE of Appearance by Timothy Tai on behalf of NEW YORK TIMES COMPANY (Tai, Timothy) (Main Document 466 replaced on 3/24/2025) (znmw). (Entered: 03/24/2025) |
| 03/24/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Final Pretrial Conference held via Zoom (audio line connected) on 3/24/2025. The parties discussed trial logistics. Status Report due by 3/28/2025. A further Status Conference is set for 3/24/2025 at 04:00 PM via Zoom. (Court Reporter Sonja Reeves) (znbn) Modified to add deadline on 3/24/2025 (znbn). (Entered: 03/24/2025) |
| 03/24/2025 | | MINUTE ORDER: As discussed in today's pretrial hearing, the Court ORDERS that: 1) A discovery hearing on third parties' Motions to Quash will be held on March 24, 2025, at 4:00 p.m.; 2) The parties shall file an amended Proposed Order to ECF No. 451 today; 3) The parties shall file a Joint Status Report by 8:00 p.m. on March 28, 2025, regarding the 461 Motion to Intervene; 4) The parties shall appear for a further Pretrial Conference on April 9, 2025, at 4:00 p.m. ; 5) The parties shall submit a JSR regarding confidentiality procedures within five calendar days of the Court's ruling on the Motion to Seal Exemplar Exhibits; and 6) As to issues presented in the 417 Joint Pretrial Statement, trial exhibit disclosures shall occur four days in advance of testimony, Defendant's corporate representative shall be called once and in Plaintiff's case, the parties shall consult further re: 1006 witnesses, and there is no bar to witnesses testifying by deposition in Plaintiff's case and in person in Defendant's. So ORDERED by Chief Judge James E. Boasberg on 3/24/2025. (lcjeb1) Modified to remove "zoom" on 3/24/2025 (znbn). (Entered: 03/24/2025) |
| 03/24/2025 | 467 | NOTICE of Appearance by Jennifer Schubert on behalf of V PAPPAS (Schubert, Jennifer) (Entered: 03/24/2025) |
| 03/24/2025 | 468 | NOTICE of Appearance by Caroline Veniero on behalf of V PAPPAS (Veniero, Caroline) (Entered: 03/24/2025) |
| 03/24/2025 | 469 | NOTICE of Appearance by Siddhesh Pandit on behalf of QUORA Inc., Nextdoor Holdings Inc. (Pandit, Siddhesh) (Entered: 03/24/2025) |
| 03/24/2025 | 470 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Grace Arias Ramirez, Filing fee $ 100, receipt number ADCDC–11562067. Fee Status: Fee Paid. by QUORA Inc., Nextdoor Holdings Inc.. (Attachments: # 1 Declaration of Grace Ramirez, # 2 Certificate of Good Standing of Grace Ramirez, # 3 Text of Proposed Order)(Pandit, Siddhesh) (Entered: 03/24/2025) |

| 03/24/2025 | <u>471</u> | TRANSCRIPT OF REMOTE PROCEEDINGS VIA VIDEOCONFERENCE, PRETRIAL CONFERENCE, before Chief Judge James E. Boasberg held on March 24, 2025; Page Numbers: 1–29. Date of Issuance:March 24, 2025. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2025. Redacted Transcript Deadline set for 4/24/2025. Release of Transcript Restriction set for 6/22/2025.(Reeves, Sonja) (Entered: 03/24/2025) |
| 03/24/2025 | <u>472</u> | NOTICE of Appearance by Anthony Stephen Ferrara on behalf of WALMART INC. (Ferrara, Anthony) (Entered: 03/24/2025) |
| 03/24/2025 | <u>473</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Marisa Elena Poncia, Filing fee $ 100, receipt number ADCDC–11563022. Fee Status: Fee Paid. by WALMART INC.. (Attachments: # <u>1</u> Declaration Declaration of Marisa Poncia, # <u>2</u> Certificate of Good Standing – Poncia DC, # <u>3</u> Text of Proposed Order)(Ferrara, Anthony) (Entered: 03/24/2025) |
| 03/24/2025 | <u>474</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Elai Katz, Filing fee $ 100, receipt number ADCDC–11563112. Fee Status: Fee Paid. by WALMART INC.. (Attachments: # <u>1</u> Declaration of Elai Katz, # <u>2</u> Attachment to Declaration of Elai Katz, # <u>3</u> Certificate of Good Standing – Katz NY, # <u>4</u> Text of Proposed Order)(Ferrara, Anthony) (Entered: 03/24/2025) |
| 03/24/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held via Zoom (audio line) on 3/24/2025. The parties discuss third party motions. (Court Reporter Sonja Reeves) (znbn) (Entered: 03/24/2025) |
| 03/24/2025 | | MINUTE ORDER: As discussed in today's hearing, the Court ORDERS that: 1) Third parties' omnibus Motion to Quash shall be due by March 26, 2025, and limited to 35 pages, provided that any third party not joining that Motion may file its Motion to Quash by the same deadline with a 5–page limit; 2) Plaintiff's Opposition shall be due by March 31, 2025, and shall not exceed 15 pages; and 3) Defendant's Opposition shall be due by the same date and shall not exceed 25 pages. So ORDERED by Chief Judge James E. Boasberg on March 24, 2025. (lcjeb2) (Entered: 03/24/2025) |
| 03/24/2025 | | MINUTE ORDER: The Court ORDERS that the <u>470</u> , <u>473</u> , <u>474</u> Motions for Leave to Appear Pro Hac Vice of Grace Arias, Marisa Elena Poncia, and Elai Katz are GRANTED. **Counsel should register for e–filing via PACER and file a notice of** |

| | | |
|---|---|---|
| | | **appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on March 24, 2025. (lcjeb2) (Entered: 03/24/2025) |
| 03/24/2025 | 475 | NOTICE of Proposed Order *Regarding Confidentiality Procedures Before And At Trial* by FEDERAL TRADE COMMISSION re 451 Notice of Proposed Order (Attachments: # 1 Text of Proposed Order)(Matheson, Daniel) (Entered: 03/24/2025) |
| 03/24/2025 | 476 | REPLY to opposition to motion re 431 Motion to Seal Document,,,,, *(Meta Platforms, Inc.'s Reply Supporting Its Motion to Seal Exemplar Potential Trial Exhibits)* filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A (PX3606), # 2 Exhibit B, # 3 Exhibit C (PX3633), # 4 Exhibit D (PX10236), # 5 Exhibit E (DX0593), # 6 Exhibit F (PX3609), # 7 Exhibit G (PX3621), # 8 Exhibit H (DX1016))(Hansen, Mark) (Entered: 03/24/2025) |
| 03/24/2025 | 477 | SEALED REPLY TO OPPOSITION filed by META PLATFORMS, INC. re 431 Motion to Seal Document,,,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s Reply Supporting Its Motion to Seal Exemplar Potential Trial Exhibits, # 2 Exhibit A (PX3606) – SEALED, # 3 Exhibit B – SEALED, # 4 Exhibit C (PX3633) – SEALED, # 5 Exhibit D (PX10236) – SEALED, # 6 Exhibit E (DX0593) – SEALED, # 7 Exhibit F (PX3609) – SEALED, # 8 Exhibit G (PX3621) – SEALED, # 9 Exhibit H (DX1016) – SEALED)(Hansen, Mark) (Entered: 03/24/2025) |
| 03/24/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 470 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Grace Arias Ramirez, Filing fee $ 100, receipt number ADCDC–11562067. Fee Status: Fee Paid. by QUORA Inc., Nextdoor Holdings Inc.. (Attachments: # 1 Declaration of Grace Ramirez, # 2 Certificate of Good Standing of Grace Ramirez, # 3 Text of Proposed Order)(Pandit, Siddhesh). <br><br> Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. <br><br> Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/31/2025. (zhcn) Modified on 3/25/2025 (zhcn). (Entered: 03/25/2025) |
| 03/25/2025 | 478 | ORDER re: Confidentiality Procedures. Signed by Chief Judge James E. Boasberg on 3/25/2025. (lcjeb1) (Entered: 03/25/2025) |
| 03/26/2025 | 479 | NOTICE of Appearance by Bert Howard Deixler on behalf of Epic Games, Inc., Kimberly Baumgarten (Deixler, Bert) (Entered: 03/26/2025) |
| 03/26/2025 | | MINUTE ORDER: The Court ORDERS that Plaintiff shall file a Response to Defendant's 477 Reply regarding exemplar exhibits by March 28, 2025. So ORDERED by Chief Judge James E. Boasberg on 3/26/2025. (lcjeb1) (Entered: 03/26/2025) |
| 03/26/2025 | 480 | NOTICE of Appearance by Adam Harber on behalf of Discord Inc., JULIA TANG (Harber, Adam) (Entered: 03/26/2025) |

| 03/26/2025 | 481 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Robert E. Dugdale, Filing fee $ 100, receipt number ADCDC–11569297. Fee Status: Fee Paid. by EPIC GAMES, INC., KIMBERLY BAUMGARTEN. (Attachments: # 1 Declaration of Robert E. Dugdale, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Deixler, Bert) (Entered: 03/26/2025) |
|---|---|---|
| 03/26/2025 | 482 | TRANSCRIPT OF REMOTE PROCEEDINGS VIA VIDEOCONFERENCE, STATUS CONFERENCE, before Chief Judge James E. Boasberg held on March 24, 2025; Page Numbers: 1–22. Date of Issuance:March 26, 2025. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/16/2025. Redacted Transcript Deadline set for 4/26/2025. Release of Transcript Restriction set for 6/24/2025.(Reeves, Sonja) (Entered: 03/26/2025) |
| 03/26/2025 | | MINUTE ORDER: The Court ORDERS that the 481 Motion for Leave to Appear Pro Hac Vice of Robert E. Dugdale is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on March 26, 2025. (lcjeb2) (Entered: 03/26/2025) |
| 03/26/2025 | 483 | NOTICE of Appearance by Marisa Poncia on behalf of WALMART INC. (Poncia, Marisa) (Entered: 03/26/2025) |
| 03/26/2025 | 484 | NOTICE of Appearance by Elai Katz on behalf of WALMART INC. (Katz, Elai) (Entered: 03/26/2025) |
| 03/26/2025 | 485 | NOTICE of Appearance by Grace Ramirez on behalf of Flora Hsu, Court Showerman, QUORA INC., NEXTDOOR HOLDINGS INC. (Ramirez, Grace) (Entered: 03/26/2025) |
| 03/26/2025 | 486 | MOTION to Quash *Trial Subpoenas* by ADAM PRESSER, BLAKE CHANDLEE, ERIC MORRISON. (Attachments: # 1 Text of Proposed Order)(Reiser, Craig) (Entered: 03/26/2025) |
| 03/26/2025 | 487 | MOTION to Quash *Trial Subpoena Served on Non–Party Kimberly Baumgarten* by EPIC GAMES, INC., KIMBERLY BAUMGARTEN. (Attachments: # 1 Declaration of Kimberly Baumgarten, # 2 Text of Proposed Order)(Deixler, Bert) (Entered: 03/26/2025) |
| 03/26/2025 | 488 | |

| | | |
|---|---|---|
| | | MOTION to Quash *Subpoenas* by SARAL JAIN, DAVID A. LEVENSON, JACOB ANDREOU, SNAP INC.. (Attachments: # <u>1</u> Declaration of David O'Neil in Support of Motion to Quash Subpoenas, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Text of Proposed Order)(O'Neil, David) (Entered: 03/26/2025) |
| 03/27/2025 | <u>489</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rebecca Furman, Filing fee $ 100, receipt number ADCDC–11571040. Fee Status: Fee Paid. by QUORA INC., NEXTDOOR HOLDINGS INC., FLORA HSU, COURT SHOWERMAN. (Attachments: # <u>1</u> Declaration Declaration of Rebecca Furman, # <u>2</u> Exhibit Rebecca Furman Certificate of Good Standing, # <u>3</u> Text of Proposed Order Proposed Order)(Pandit, Siddhesh) (Entered: 03/27/2025) |
| 03/27/2025 | <u>490</u> | NOTICE of Appearance by Robert Dugdale on behalf of EPIC GAMES, INC., KIMBERLY BAUMGARTEN (Dugdale, Robert) (Entered: 03/27/2025) |
| 03/27/2025 | | MINUTE ORDER: The Court ORDERS that the <u>489</u> Motion for Leave to Appear Pro Hac Vice of Rebecca Furman is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** <u>Click for instructions.</u> So ORDERED by Chief Judge James E. Boasberg on March 27, 2025. (lcjeb2) (Entered: 03/27/2025) |
| 03/28/2025 | <u>491</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Bradley Estes, Filing fee $ 100, receipt number ADCDC–11573879. Fee Status: Fee Paid. by QUORA INC., NEXTDOOR HOLDINGS INC., FLORA HSU, COURT SHOWERMAN. (Attachments: # <u>1</u> Declaration Declaration of Bradley Estes, # <u>2</u> Exhibit Bradley Estes Certificate of Good Standing, # <u>3</u> Text of Proposed Order Proposed Order)(Pandit, Siddhesh) (Entered: 03/28/2025) |
| 03/28/2025 | <u>492</u> | Joint MOTION for Extension of Time to *Nonparty Confidentiality Briefing Schedule (ECF No. 478)* by META PLATFORMS, INC.. (Attachments: # <u>1</u> Text of Proposed Order)(Hansen, Mark) (Entered: 03/28/2025) |
| 03/28/2025 | | MINUTE ORDER: In response to the parties' joint request (made by email to Chambers this morning) that the Court help resolve a dispute relating to the pre–admission of trial exhibits, the Court ORDERS that they shall appear via Zoom for a hearing on the issue on Monday, March 31, at 11:00 a.m. The hearing will proceed by videoconference for the parties and by telephone for members of the public. Toll free number: 833–990–9400. Meeting ID: 049550816. So ORDERED by Chief Judge James E. Boasberg on March 28, 2025. (lcjeb2) (Entered: 03/28/2025) |
| 03/28/2025 | <u>493</u> | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 03/28/2025) |
| 03/28/2025 | | MINUTE ORDER: The Court ORDERS that: 1) The Joint <u>492</u> Motion for Extension of Time is GRANTED; 2) Any nonparty motions shall be due on April 7, 2025; and 3) Any oppositions to such motions shall be due on April 11, 2025. So ORDERED by Chief Judge James E. Boasberg on 3/28/2025. (lcjeb1) (Entered: 03/28/2025) |
| 03/28/2025 | | MINUTE ORDER: The Court ORDERS that the <u>491</u> Motion for Leave to Appear Pro Hac Vice of Bradley Edward Estes is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. <u>Click for instructions.</u> So ORDERED by Chief Judge James E. Boasberg on 3/28/2025. (lcjeb1) (Entered: 03/28/2025) |

| 03/28/2025 | | MINUTE ORDER: The Court ADOPTS the parties' 493 Joint Status Report and ORDERS that they shall file a further joint status report by April 2, 2025, at 8:00 p.m. So ORDERED by Chief Judge James E. Boasberg on 3/28/2025. (lcjeb1) (Entered: 03/28/2025) |
|---|---|---|
| 03/28/2025 | 494 | NOTICE of Appearance by Rebecca Furman on behalf of QUORA INC., NEXTDOOR HOLDINGS INC., FLORA HSU, COURT SHOWERMAN (Furman, Rebecca) (Entered: 03/28/2025) |
| 03/28/2025 | 495 | NOTICE of Appearance by Brad Estes on behalf of QUORA INC., NEXTDOOR HOLDINGS INC., FLORA HSU, COURT SHOWERMAN (Estes, Brad) (Entered: 03/28/2025) |
| 03/28/2025 | | Set/Reset Hearings: Video Conference set for 3/31/2025 at 11:00 AM via Zoom (Audio Line Available) before Chief Judge James E. Boasberg. META Tutorial set for 4/4/2025 at 01:00 PM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. FTC Tutorial set for 4/9/2025 at 02:00 PM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. Final Pretrial Conference set for 4/9/2025 at 04:00 PM in Courtroom 22A– In Person (Audio Line Available) before Chief Judge James E. Boasberg. (znbn) Modified on 3/29/2025 (znbn). (Entered: 03/28/2025) |
| 03/28/2025 | 496 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 477 Sealed Reply,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Federal Trade Commission's Sur–Reply in Opposition to Meta's Motion to Seal Exemplar Potential Trial Exhibits_UNDER SEAL)(Matheson, Daniel) (Entered: 03/28/2025) |
| 03/31/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Video Conference held via Zoom on 3/31/2025. The parties discussed exhibits for the upcoming Bench Trial. Minute Order forthcoming. (Court Reporter Tammy Nestor) (znbn) (Entered: 03/31/2025) |
| 03/31/2025 | | MINUTE ORDER: As discussed in today's hearing, the Court ORDERS that: 1) The parties may preadmit up to 400 exhibits each, provided that they are not subject to the outstanding Motions *in Limine*; and 2) The parties shall submit briefs up to 10 pages each by April 7, 2025, at 12:00 p.m. regarding Rule 1006 exhibit objections. So ORDERED by Chief Judge James E. Boasberg on 3/31/2025. (lcjeb1) (Entered: 03/31/2025) |
| 03/31/2025 | 497 | Memorandum in opposition to re 486 Motion to Quash, 488 Motion to Quash, *Plaintiff Federal Trade Commission's Opposition to Motions to Quash Filed by Alphabet, Apple, Discord, Pinterest, Snap, TikTok & X* filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Matheson, Daniel) (Entered: 03/31/2025) |
| 03/31/2025 | 498 | Memorandum in opposition to re 487 Motion to Quash, 488 Motion to Quash, 486 Motion to Quash filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1 (DX0107), # 2 Exhibit 2 (DX0933), # 3 Exhibit 3, # 4 Exhibit 4 (DX0060), # 5 Exhibit 5 (DX0920), # 6 Exhibit 6 (DX0934), # 7 Exhibit 7 (DX0932), # 8 Exhibit 8 (DX0689), # 9 Exhibit 9, # 10 Exhibit 10 (DX0917), # 11 Exhibit 11 (DX0766), # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14 (DX0779), # 15 Exhibit 15 (DX0780), # 16 Exhibit 16, # 17 Exhibit 17 (DX1068), # 18 Exhibit 18 (DX0765), # 19 Exhibit 19 (DX0764), # 20 Exhibit 20, # 21 Exhibit 21 (DX0887), # 22 Exhibit 22 (DX0885), # 23 Exhibit 23 (DX0884), # 24 Exhibit 24 (DX0228), # 25 Exhibit 25, # 26 Exhibit 26 (DX0215), # 27 Exhibit 27 (DX0228), # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit |

| | | |
|---|---|---|
| | | 30, # 31 Exhibit 31 (DX0843), # 32 Exhibit 32 (DX0846), # 33 Exhibit 33, # 34 Exhibit 34 (DX0137), # 35 Exhibit 35, # 36 Exhibit 36 (DX0823), # 37 Exhibit 37, # 38 Exhibit 38 (DX0234), # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41 (DX0250), # 42 Text of Proposed Order)(Hansen, Mark) (Entered: 03/31/2025) |
| 03/31/2025 | 499 | SEALED OPPOSITION filed by META PLATFORMS, INC.. re 487 Motion to Quash, 488 Motion to Quash, 486 Motion to Quash (Attachments: # 1 Meta Platforms, Inc.'s Opposition to Nonparties' Motions to Quash, # 2 Exhibit 2 (DX0933) – SEALED, # 3 Exhibit 3 – SEALED, # 4 Exhibit 5 (DX0920) – SEALED, # 5 Exhibit 6 (DX0934) – SEALED, # 6 Exhibit 7 (DX0932) – SEALED, # 7 Exhibit 9 – SEALED, # 8 Exhibit 10 (DX0917) – SEALED, # 9 Exhibit 11 (DX0766) – SEALED, # 10 Exhibit 13 – SEALED, # 11 Exhibit 14 (DX0779) – SEALED, # 12 Exhibit 15 (DX0780) – SEALED, # 13 Exhibit 16 – SEALED, # 14 Exhibit 17 (DX1068) – SEALED, # 15 Exhibit 18 (DX0765) – SEALED, # 16 Exhibit 19 (DX0764) – SEALED, # 17 Exhibit 20 – SEALED, # 18 Exhibit 21 (DX0887) – SEALED, # 19 Exhibit 22 (DX0885) – SEALED, # 20 Exhibit 23 (DX0884) – SEALED, # 21 Exhibit 24 – SEALED, # 22 Exhibit 25 – SEALED, # 23 Exhibit 26 (DX0215) – SEALED, # 24 Exhibit 27 (DX0228) – SEALED, # 25 Exhibit 28 – SEALED, # 26 Exhibit 29 – SEALED, # 27 Exhibit 30 – SEALED, # 28 Exhibit 31 (DX0843) – SEALED, # 29 Exhibit 32 (DX0846) – SEALED, # 30 Exhibit 33 – SEALED, # 31 Exhibit 35 – SEALED, # 32 Exhibit 36 (DX0823) – SEALED, # 33 Exhibit 37 – SEALED, # 34 Exhibit 38 (DX0234) – SEALED, # 35 Exhibit 39 – SEALED, # 36 Exhibit 40 – SEALED, # 37 Exhibit 41 (DX0250) – SEALED)(Hansen, Mark) (Entered: 03/31/2025) |
| 04/01/2025 | 500 | SURREPLY to *Meta's Motion to Seal Exemplar Potential Trial Exhibits* re 431 MOTION to Seal Exemplar Potential Trial Exhibits filed by FEDERAL TRADE COMMISSION. (Matheson, Daniel) Modified to add link on 4/2/2025 (znmw). (Entered: 04/01/2025) |
| 04/02/2025 | 501 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 3/7/25; Page Numbers: 1–22. Court Reporter/Transcriber Tammy Nestor, tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/23/2025. Redacted Transcript Deadline set for 5/3/2025. Release of Transcript Restriction set for 7/1/2025.(Nestor, Tammy) (Entered: 04/02/2025) |
| 04/02/2025 | 502 | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 04/02/2025) |
| 04/02/2025 | 503 | ORDER: The Court ORDERS that Plaintiff's 422 428 Motion to Exclude is DENIED. Signed by Chief Judge James E. Boasberg on 4/2/2025. (lcjeb1) (Entered: 04/02/2025) |
| 04/02/2025 | | MINUTE ORDER: The Court ADOPTS the parties' 502 Joint Status Report and ORDERS that they shall file a further joint status report by April 3, 2025. So ORDERED by Chief Judge James E. Boasberg on 4/2/2025. (lcjeb1) (Entered: 04/02/2025) |
| 04/02/2025 | 504 | ORDER: The Court ORDERS that: 1) The [486, 487, and 488] Motions to Quash are DENIED; and 2) Nonparty witnesses Julia Tang, Kimberly Baumgarten, and Ronak Shah may testify remotely. Signed by Chief Judge James E. Boasberg on 4/2/2025. (lcjeb1) (Entered: 04/02/2025) |
| 04/02/2025 | 505 | MEMORANDUM OPINION re: 504 Order on Motions to Quash. Signed by Chief Judge James E. Boasberg on 4/2/2025. (lcjeb1) (Entered: 04/02/2025) |
| 04/02/2025 | 506 | NOTICE of Appearance by Evan T. Leo on behalf of META PLATFORMS, INC. (Leo, Evan) (Entered: 04/02/2025) |
| 04/02/2025 | 507 | NOTICE of Appearance by Ana Nikolic Paul on behalf of META PLATFORMS, INC. (Paul, Ana) (Entered: 04/02/2025) |
| 04/02/2025 | 508 | NOTICE of Appearance by Hannah Dayle Carlin DePalo on behalf of META PLATFORMS, INC. (DePalo, Hannah) (Entered: 04/02/2025) |
| 04/02/2025 | 509 | NOTICE of Appearance by Hilary Weaver on behalf of META PLATFORMS, INC. (Weaver, Hilary) (Entered: 04/02/2025) |
| 04/03/2025 | 510 | ORDER: The Court ORDERS that: 1) Meta's 433 Motion to Seal is GRANTED IN PART and DENIED IN PART; 2) Meta shall more closely assess its future redactions in accordance with Hubbard; and 3) Meta shall make the aforementioned redactions and releases. Signed by Chief Judge James E. Boasberg on 4/3/2025. (lcjeb4) (Entered: 04/03/2025) |
| 04/03/2025 | | MINUTE ORDER: The Court ORDERS that the trial in this matter will take place from 9:30 a.m. to 5:00 p.m. on the following dates (to the extent all are needed): April 14–17, 21–24, 28–30; May 1, 5–8, 12–15, 19–22, 27–28; June 2–5, 12, 16, 26, 30; and July 1–3, 2025. So ORDERED by Chief Judge James E. Boasberg on 4/3/2025. (lcjeb1) (Entered: 04/03/2025) |
| 04/03/2025 | 511 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 04/03/2025) |
| 04/04/2025 | 512 | ENTERED IN ERROR.....Counter STATUS REPORT *in response to Joint Status Report, Dkt 511* by NEW YORK TIMES COMPANY. (Green, Dana) Modified on 4/7/2025 (znmw). (Entered: 04/04/2025) |
| 04/04/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: META Tutorial held on 4/4/2025. (Court Reporter Tammy Nestor) (znbn) (Entered: 04/04/2025) |
| 04/07/2025 | | NOTICE OF ERROR regarding 512 Status Report. The following error(s) need correction: Incorrect format (Letter)– correspondence is not permitted (LCvR 5.1(a)). |

| | | Please refile. (znmw) (Entered: 04/07/2025) |
|---|---|---|
| 04/07/2025 | 513 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Statement Regarding the Parties' Rule 1006 Exhibits, # 2 Attachment A Exhibits_UNDER SEAL, # 3 Attachment B Exhibits_UNDER SEAL, # 4 Attachment C Exhibits_UNDER SEAL)(Matheson, Daniel) (Entered: 04/07/2025) |
| 04/07/2025 | 514 | Counter STATUS REPORT *in response to Joint Status Report, Dkt 511* by NEW YORK TIMES COMPANY. (Green, Dana) (Entered: 04/07/2025) |
| 04/07/2025 | 515 | SEALED DOCUMENT filed by META PLATFORMS, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s Pretrial Motion Regarding Rule 1006 Exhibits, # 2 Exhibit 1 – SEALED, # 3 Exhibit 2 – SEALED, # 4 Exhibit 3 – SEALED, # 5 Exhibit 4 – SEALED, # 6 Exhibit 5 – SEALED, # 7 Exhibit 6 – SEALED, # 8 Exhibit 7 – SEALED, # 9 Exhibit 8 – SEALED, # 10 Exhibit 9 – SEALED, # 11 Exhibit 10 – SEALED, # 12 Exhibit 11 – SEALED, # 13 Exhibit 12 – SEALED, # 14 Exhibit 13 – SEALED, # 15 Exhibit 14 – SEALED, # 16 Exhibit 15 – SEALED)(Hansen, Mark) (Entered: 04/07/2025) |
| 04/07/2025 | 516 | RESPONSE re 461 MOTION to Intervene *and for Access to Judicial Records and Proceedings* filed by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 04/07/2025) |
| 04/07/2025 | 517 | ORDER: The Court ORDERS that the 404 and 408 Motions *in Limine* are GRANTED IN PART and DENIED IN PART, and the 407 Motion *in Limine* is GRANTED. Signed by Chief Judge James E. Boasberg on 4/7/2025. (lcjeb4) (Entered: 04/07/2025) |
| 04/07/2025 | 518 | PRETRIAL MEMORANDUM by META PLATFORMS, INC.. (Hansen, Mark) Modified event on 4/8/2025 (znmw). (Entered: 04/07/2025) |
| 04/07/2025 | 519 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Pretrial Brief, # 2 Exhibit 1_UNDER SEAL, # 3 Exhibit 2_UNDER SEAL, # 4 Exhibit 3_UNDER SEAL)(Matheson, Daniel) (Entered: 04/07/2025) |
| 04/07/2025 | 520 | MOTION Regarding Rule 1006 Exhibits by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Text of Proposed Order)(Hansen, Mark) (Entered: 04/07/2025) |
| 04/07/2025 | 521 | MOTION to Seal *(Redacted)* by SNAP INC.. (Attachments: # 1 Declaration of David O'Neil in Support of Motion to Seal (Redacted), # 2 Exhibit 1 to Declaration – Filed Under Seal, # 3 Exhibit 2 to Declaration – Filed Under Seal, # 4 Exhibit 3 to Declaration – Filed Under Seal, # 5 Exhibit 4 to Declaration – Filed Under Seal, # 6 Exhibit 5 to Declaration – Filed Under Seal, # 7 Exhibit 6 to Declaration – Filed Under Seal, # 8 Exhibit 7 to Declaration – Filed Under Seal, # 9 Exhibit 8 to Declaration – Filed Under Seal, # 10 Exhibit 9 to Declaration – Filed Under Seal, # 11 Exhibit 10 to Declaration – Filed Under Seal, # 12 Exhibit 11 to Declaration – Filed Under Seal, # 13 Exhibit 12 to Declaration – Filed Under Seal, # 14 Exhibit 13 |

| | | |
|---|---|---|
| | | to Declaration – Filed Under Seal, # 15 Exhibit 14 to Declaration – Filed Under Seal, # 16 Exhibit 15 to Declaration – Filed Under Seal, # 17 Exhibit 16 to Declaration – Filed Under Seal, # 18 Exhibit 17 to Declaration – Filed Under Seal, # 19 Exhibit 18 to Declaration – Filed Under Seal, # 20 Exhibit 19 to Declaration – Filed Under Seal, # 21 Exhibit 20 to Declaration – Filed Under Seal, # 22 Exhibit 21 to Declaration – Filed Under Seal, # 23 Exhibit 22 to Declaration – Filed Under Seal, # 24 Exhibit 23 to Declaration – Filed Under Seal, # 25 Exhibit 24 to Declaration – Filed Under Seal, # 26 Exhibit 25 to Declaration – Filed Under Seal, # 27 Exhibit 26 to Declaration – Filed Under Seal, # 28 Exhibit 27 to Declaration – Filed Under Seal, # 29 Exhibit 28 to Declaration – Filed Under Seal, # 30 Exhibit 29 to Declaration – Filed Under Seal, # 31 Exhibit 30 to Declaration – Filed Under Seal, # 32 Exhibit 31 to Declaration – Filed Under Seal, # 33 Exhibit 32 to Declaration – Filed Under Seal, # 34 Exhibit 33 to Declaration – Filed Under Seal, # 35 Exhibit 34 to Declaration – Filed Under Seal, # 36 Exhibit 35 to Declaration – Filed Under Seal, # 37 Exhibit 36 to Declaration – Filed Under Seal, # 38 Exhibit 37 to Declaration – Filed Under Seal, # 39 Exhibit 38 to Declaration – Filed Under Seal, # 40 Exhibit 39 to Declaration – Filed Under Seal, # 41 Exhibit 40 to Declaration – Filed Under Seal, # 42 Exhibit 41 to Declaration – Filed Under Seal, # 43 Text of Proposed Order)(O'Neil, David) (Entered: 04/07/2025) |
| 04/07/2025 | 522 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALPHABET INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Motion to Protect Confidential Information at Trial (With Proposed Redactions), # 2 Exhibit A, # 3 Exhibit B (Sealed), # 4 Exhibit C (Sealed), # 5 Exhibit D (Sealed), # 6 Exhibit E (Sealed), # 7 Exhibit F (Sealed), # 8 Exhibit G (Sealed), # 9 Exhibit H (Sealed), # 10 Exhibit I (Sealed), # 11 Exhibit J (Sealed), # 12 Exhibit K (Sealed), # 13 Declaration of Daniel Crump, # 14 Text of Proposed Order)(Miller, Evan) (Entered: 04/07/2025) |
| 04/07/2025 | 523 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by SNAP INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of David O' Neil in Support of Motion to Seal (SEALED), # 2 Exhibit 1 to Declaration – SEALED, # 3 Exhibit 2 to Declaration – SEALED, # 4 Exhibit 3 to Declaration – SEALED, # 5 Exhibit 4 to Declaration – SEALED, # 6 Exhibit 5 to Declaration – SEALED, # 7 Exhibit 6 to Declaration – SEALED, # 8 Exhibit 7 to Declaration – SEALED, # 9 Exhibit 8 to Declaration – SEALED, # 10 Exhibit 9 to Declaration – SEALED, # 11 Exhibit 10 to Declaration – SEALED, # 12 Exhibit 11 to Declaration – SEALED, # 13 Exhibit 12 to Declaration – SEALED, # 14 Exhibit 13 to Declaration – SEALED, # 15 Exhibit 14 to Declaration – SEALED, # 16 Exhibit 15 to Declaration – SEALED, # 17 Exhibit 16 to Declaration – SEALED, # 18 Exhibit 17 to Declaration – SEALED, # 19 Exhibit 18 to Declaration – SEALED, # 20 Exhibit 19 to Declaration – SEALED, # 21 Exhibit 20 to Declaration – SEALED, # 22 Exhibit 21 to Declaration – SEALED, # 23 Exhibit 22 to Declaration – SEALED, # 24 Exhibit 23 to Declaration – SEALED, # 25 Exhibit 24 to Declaration – SEALED, # 26 Exhibit 25 to Declaration – SEALED, # 27 Exhibit 26 to Declaration – SEALED, # 28 Exhibit 27 to Declaration – SEALED, # 29 Exhibit 28 to Declaration – SEALED, # 30 Exhibit 29 to Declaration – SEALED, # 31 Exhibit 30 to Declaration – SEALED, # 32 Exhibit 31 to Declaration – SEALED, # 33 Exhibit 32 to Declaration – SEALED, # 34 Exhibit 33 to Declaration – SEALED, # 35 Exhibit 34 to Declaration – SEALED, # 36 Exhibit 35 to Declaration – SEALED, # 37 Exhibit 36 to Declaration – SEALED, # 38 Exhibit 37 to Declaration – SEALED, # 39 Exhibit 38 to Declaration – SEALED, |

| | | |
|---|---|---|
| | | # 40 Exhibit 39 to Declaration – SEALED, # 41 Exhibit 40 to Declaration – SEALED, # 42 Exhibit 41 to Declaration – SEALED, # 43 Text of Proposed Order)(O'Neil, David) (Entered: 04/07/2025) |
| 04/07/2025 | 524 | MOTION to Seal by DISCORD INC.. (Attachments: # 1 Declaration of MJ Yoon in Support of Motion to Seal, # 2 Exhibit 1 to Declaration, # 3 Exhibit 2 to Declaration, # 4 Exhibit 3 to Declaration, # 5 Exhibit 4 to Declaration, # 6 Exhibit 5 to Declaration, # 7 Exhibit 6 to Declaration, # 8 Exhibit 7 to Declaration, # 9 Exhibit 8 to Declaration, # 10 Exhibit 9 to Declaration, # 11 Text of Proposed Order)(Harber, Adam) Modified event on 4/8/2025 (znmw). (Entered: 04/07/2025) |
| 04/07/2025 | 525 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DISCORD INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of MJ Yoon in Support of Motion to Seal, # 2 Exhibit 1 to Declaration, # 3 Exhibit 2 to Declaration, # 4 Exhibit 3 to Declaration, # 5 Exhibit 4 to Declaration, # 6 Exhibit 5 to Declaration, # 7 Exhibit 6 to Declaration, # 8 Exhibit 7 to Declaration, # 9 Exhibit 8 to Declaration, # 10 Exhibit 9 to Declaration, # 11 Text of Proposed Order)(Harber, Adam) (Entered: 04/07/2025) |
| 04/08/2025 | | MINUTE ORDER: The Court ORDERS that: 1) The NY Times's 461 Motion to Intervene is GRANTED; 2) The parties shall continue to negotiate with the Times regarding confidentiality procedures; and 3) The parties shall file an amended proposed Order regarding confidentiality procedures by April 10, 2025. To guide those discussions, the Court agrees that the parties need not disclose preadmitted exhibits until they are used with a witness, but it does not agree that, once used, the portions disclosed should be limited to those discussed with the witness. So ORDERED by Chief Judge James E. Boasberg on 4/8/2025. (lcjeb1) (Entered: 04/08/2025) |
| 04/08/2025 | 526 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A)(Matheson, Daniel) (Entered: 04/08/2025) |
| 04/09/2025 | 527 | ORDER: The Court ORDERS that the FTC's 513 Motion is GRANTED IN PART and DENIED IN PART, and Meta's 515 Motion is DENIED. Signed by Chief Judge James E. Boasberg on 4/9/2025. (lcjeb1) (Entered: 04/09/2025) |
| 04/09/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: FTC Tutorial held on 4/9/2025. (Court Reporter Tammy Nestor) (znbn) (Entered: 04/09/2025) |
| 04/09/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Final Pretrial Conference held on 4/9/2025. (Court Reporter Tammy Nestor) (znbn) (Entered: 04/09/2025) |
| 04/09/2025 | 528 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ariela M. Migdal, Filing fee $ 100, receipt number ADCDC–11603121. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Ariela M. Migdal, # 2 Certificate of Good Standing (DC), # 3 Text of Proposed Order)(Klineberg, Geoffrey) (Entered: 04/09/2025) |
| 04/09/2025 | 529 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jacob E. Hartman, Filing fee $ 100, receipt number ADCDC–11603145. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Jacob E. Hartman, # 2 Certificate of Good Standing (DC), # 3 Text of Proposed Order)(Klineberg, Geoffrey) (Entered: 04/09/2025) |

| 04/09/2025 | 530 | NOTICE *of Plaintiff Federal Trade Commission's Statement Regarding the Parties' Rule 1006 Exhibits_REDACTED* by FEDERAL TRADE COMMISSION re 513 Sealed Document, (Attachments: # 1 Attachment A Exhibits_PUBLIC, # 2 Attachment B Exhibits_PUBLIC, # 3 Attachment C Exhibits_PUBLIC)(Matheson, Daniel) (Entered: 04/09/2025) |
|---|---|---|
| 04/09/2025 | 531 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/9/25; Page Numbers: 1–108. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2025. Redacted Transcript Deadline set for 5/10/2025. Release of Transcript Restriction set for 7/8/2025.(Nestor, Tammy) (Entered: 04/09/2025) |
| 04/09/2025 | 532 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Amended Trial Exhibit List_UNDER SEAL)(Matheson, Daniel) (Entered: 04/09/2025) |
| 04/10/2025 | | MINUTE ORDER: The Court ORDERS that the 528 Motion for Leave to Appear Pro Hac Vice of Ariela M. Migdal is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/10/2025. (lcjeb1) (Entered: 04/10/2025) |
| 04/10/2025 | | MINUTE ORDER: The Court ORDERS that the 529 Motion for Leave to Appear Pro Hac Vice of Jacob E. Hartman is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/10/2025. (lcjeb1) (Entered: 04/10/2025) |
| 04/10/2025 | 533 | PRETRIAL BRIEF by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Matheson, Daniel) Modified event title on 4/11/2025 (znmw). (Entered: 04/10/2025) |
| 04/10/2025 | 534 | ORDER re: Trial Logistics. Signed by Chief Judge James E. Boasberg on April 10, 2025. (lcjeb2) (Entered: 04/10/2025) |
| 04/10/2025 | 535 | NOTICE of Appearance by Ariela Migdal on behalf of META PLATFORMS, INC. (Migdal, Ariela) (Entered: 04/10/2025) |

| 04/10/2025 | 536 | NOTICE of Appearance by Jacob Hartman on behalf of META PLATFORMS, INC. (Hartman, Jacob) (Entered: 04/10/2025) |
|---|---|---|
| 04/10/2025 | 537 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gregory F. Wells, Filing fee $ 100, receipt number ADCDC–11606988. Fee Status: Fee Paid. by ALPHABET INC.. (Attachments: # 1 Declaration of Gregory F. Wells, # 2 Certificate of Good Standing (DC), # 3 Text of Proposed Order)(Miller, Evan) (Entered: 04/10/2025) |
| 04/10/2025 | 538 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A – Proposed Order)(Hansen, Mark) (Entered: 04/10/2025) |
| 04/11/2025 | 539 | STIPULATION *of Facts* by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 04/11/2025) |
| 04/11/2025 | 540 | SEALED DOCUMENT filed by META PLATFORMS, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s Amended Exhibit List – SEALED)(Hansen, Mark) (Entered: 04/11/2025) |
| 04/11/2025 | 541 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Catherine M. Redlingshafer, Filing fee $ 100, receipt number ADCDC–11610993. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Catherine M. Redlingshafer, # 2 Certificate of Good Standing (DC), # 3 Text of Proposed Order)(Klineberg, Geoffrey) (Entered: 04/11/2025) |
| 04/11/2025 | 542 | SEALED OPPOSITION filed by META PLATFORMS, INC.. re 523 Sealed Motion for Leave to File Document Under Seal,,,,,,,, (Attachments: # 1 Meta Platforms, Inc.'s Opposition to Snap Inc.'s Motion to Seal Potential Trial Exhibits and Testimony, # 2 Appendix A – SEALED, # 3 Text of Proposed Order)(Hansen, Mark) (Entered: 04/11/2025) |
| 04/11/2025 | 543 | SEALED OPPOSITION filed by META PLATFORMS, INC.. re 522 Sealed Motion for Leave to File Document Under Seal,, (Attachments: # 1 Meta Platforms, Inc.'s Opposition to Alphabet Inc.'s Motion to Seal, # 2 Appendix A – SEALED, # 3 Text of Proposed Order)(Hansen, Mark) (Entered: 04/11/2025) |
| 04/11/2025 | 544 | SEALED OPPOSITION filed by META PLATFORMS, INC.. re 525 Sealed Motion for Leave to File Document Under Seal,, (Attachments: # 1 Meta Platforms, Inc.'s Opposition to Discord Inc.'s Motion for Confidential Treatment of Documents and Testimony, # 2 Appendix A – SEALED, # 3 Text of Proposed Order)(Hansen, Mark) (Entered: 04/11/2025) |
| 04/14/2025 | | MINUTE ORDER: The Court ORDERS that the 537 Motion for Leave to Appear Pro Hac Vice of Gregory F. Wells is DENIED. Counsel must submit a declaration including a business telephone number. So ORDERED by Chief Judge James E. Boasberg on 4/14/2025. (lcjeb1) (Entered: 04/14/2025) |
| 04/14/2025 | | MINUTE ORDER: The Court ORDERS that the 541 Motion for Leave to Appear Pro Hac Vice of Catherine M. Redlingshafer is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions.** So ORDERED by Chief Judge James E. Boasberg on 4/14/2025. (lcjeb1) (Entered: 04/14/2025) |
| 04/14/2025 | 545 | ORDER re: Confidentiality Procedures. Signed by Chief Judge James E. Boasberg on 4/14/2025. (lcjeb1) (Entered: 04/14/2025) |

| 04/14/2025 | 546 | ORDER REGARDING SEQUESTRATION OF WITNESSES. Signed by Chief Judge James E. Boasberg on 4/14/2025. (znbn) (Entered: 04/14/2025) |
|---|---|---|
| 04/14/2025 |  | ENTERED IN ERROR ON THE WRONG CASE #.....MINUTE ORDER: The Court ADOPTS the parties' 30 Joint Status Report and ORDERS that they shall file a further JSR by July 8, 2025. So ORDERED by Chief Judge James E. Boasberg on 4/14/2025. (lcjeb1) Modified on 4/14/2025 (znbn). (Entered: 04/14/2025) |
| 04/14/2025 |  | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial commenced on 4/14/2025. Opening statements heard. Plaintiff Witness: Mark Zuckerberg. Bench Trial continued to 4/15/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Sara Wick (PM)) (znbn) (Entered: 04/14/2025) |
| 04/14/2025 | 547 | DECLARATION of *Gregory F. Wells* by ALPHABET INC. re 537 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gregory F. Wells, Filing fee $ 100, receipt number ADCDC–11606988. Fee Status: Fee Paid.. (Miller, Evan) (Entered: 04/14/2025) |
| 04/14/2025 | 548 | NOTICE of Appearance by Andrew Skaras on behalf of META PLATFORMS, INC. (Skaras, Andrew) (Entered: 04/14/2025) |
| 04/14/2025 | 549 | NOTICE of Appearance by Alex Treiger on behalf of META PLATFORMS, INC. (Treiger, Alex) (Entered: 04/14/2025) |
| 04/14/2025 | 550 | NOTICE of Appearance by Justin Berg on behalf of META PLATFORMS, INC. (Berg, Justin) (Entered: 04/14/2025) |
| 04/14/2025 | 551 | NOTICE of Appearance by Catherine Redlingshafer on behalf of META PLATFORMS, INC. (Redlingshafer, Catherine) (Entered: 04/14/2025) |
| 04/15/2025 |  | MINUTE ORDER: In light of the 547 Declaration filed on April 14, 2025, the Court ORDERS that the 537 Motion for Leave to Appear Pro Hac Vice of Gregory F. Wells is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/15/2025. (lcjeb1) (Entered: 04/15/2025) |
| 04/15/2025 | 552 | NOTICE of Appearance by Douglas A. Gretz on behalf of FEDERAL TRADE COMMISSION (Gretz, Douglas) (Entered: 04/15/2025) |
| 04/15/2025 | 553 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Nicholas Folly, Filing fee $ 100, receipt number ADCDC–11616994. Fee Status: Fee Paid. by JACOB ANDREOU, SARAL JAIN, DAVID A. LEVENSON, SNAP INC.. (Attachments: # 1 Declaration in Support, # 2 Certificate of Good Standing)(O'Neil, David) (Entered: 04/15/2025) |
| 04/15/2025 | 554 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Melinda M. Morton, Filing fee $ 100, receipt number ADCDC–11618147. Fee Status: Fee Paid. by AUTOMATTIC, INC., Eli Tucker. (Attachments: # 1 Declaration for Pro Hac Vice Admission, # 2 Certificate of Good Standing)(Lewis, Alan) (Entered: 04/15/2025) |
| 04/15/2025 |  | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/15/2025. Plaintiff Witness: Mark Zuckerberg. Bench Trial continued to 4/16/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Lisa Edwards (PM)) (znbn) (Entered: 04/15/2025) |

| 04/15/2025 | | MINUTE ORDER: The Court ORDERS that the 553 Motion for Leave to Appear Pro Hac Vice of Nicholas Folly is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/15/2025. (lcjeb1) (Entered: 04/15/2025) |
|---|---|---|
| 04/15/2025 | | MINUTE ORDER: The Court ORDERS that the 554 Motion for Leave to Appear Pro Hac Vice of Melinda M. Morton is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/15/2025. (lcjeb1) (Entered: 04/15/2025) |
| 04/15/2025 | 555 | SEALED DOCUMENT filed by META PLATFORMS, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s April 14, 2025 Amended Exhibit List)(Hansen, Mark) (Entered: 04/15/2025) |
| 04/16/2025 | 556 | NOTICE of Appearance by Nicholas Folly on behalf of JACOB ANDREOU, SARAL JAIN, DAVID A. LEVENSON, SNAP INC. (Folly, Nicholas) (Entered: 04/16/2025) |
| 04/16/2025 | 557 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jordan R. G. Gonzalez, Filing fee $ 100, receipt number ADCDC–11620810. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Jordan R. G. Gonzalez, # 2 Certificate of Good Standing (DC), # 3 Text of Proposed Order)(Dorris, Daniel) (Entered: 04/16/2025) |
| 04/16/2025 | 558 | NOTICE of Appearance by Melinda M. Morton on behalf of AUTOMATTIC, INC., Eli Tucker (Morton, Melinda) (Entered: 04/16/2025) |
| 04/16/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/16/2025. Plaintiff Witnesses: Mark Zuckerberg (resumed and concluded) and Sheryl Sandberg. Bench Trial continued to 4/17/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Janice Dickman (PM)) (znbn) Modified on 4/17/2025 (znbn). (Entered: 04/16/2025) |
| 04/16/2025 | | MINUTE ORDER: The Court ORDERS that the 557 Motion for Leave to Appear Pro Hac Vice of Jordan R. G. Gonzalez is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/16/2025. (lcjeb1) (Entered: 04/16/2025) |
| 04/17/2025 | 559 | NOTICE of Appearance by Gregory F Wells on behalf of ALPHABET INC. (Wells, Gregory) (Entered: 04/17/2025) |
| 04/17/2025 | 560 | NOTICE of Appearance by Jordan Reinold Garcia Gonzalez on behalf of META PLATFORMS, INC. (Gonzalez, Jordan) (Entered: 04/17/2025) |
| 04/17/2025 | 561 | NOTICE of Appearance by David P. Wales on behalf of KEVIN SYSTROM (Wales, David) (Entered: 04/17/2025) |
| 04/17/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/17/2025. Plaintiff Witnesses: Sheryl Sandberg (resumed and concluded), Jim Goetz, Aaron Filner, and V. Pappas (video deposition played). Bench Trial continued to 4/21/2025 at 09:30 AM in Courtroom 22A– In Person |

| | | |
|---|---|---|
| | | before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Sara Wick (PM)) (znbn) (Entered: 04/17/2025) |
| 04/17/2025 | 562 | NOTICE of Appearance by Joseph J Matelis, II on behalf of NEERAJ ARORA (Matelis, Joseph) (Entered: 04/17/2025) |
| 04/17/2025 | 563 | NOTICE of Appearance by Tracy Nelson Wirth on behalf of NEERAJ ARORA (Wirth, Tracy) (Entered: 04/17/2025) |
| 04/21/2025 | 564 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jessica R. Watters, Filing fee $ 100, receipt number ADCDC–11630815. Fee Status: Fee Paid. by KEVIN SYSTROM. (Attachments: # 1 Declaration of Jessica R. Watters, # 2 Exhibit Cerificate of Good Standing, # 3 Text of Proposed Order)(Wales, David) (Entered: 04/21/2025) |
| 04/21/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/21/2025. Plaintiff witnesses: Jihoon Rim, Neeraj Arora, Roelof Botha (video), Amin Zoufonoun (video). Bench Trial continued to 4/22/2025 at 9:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Janice Dickman (PM) (dot) (Entered: 04/21/2025) |
| 04/21/2025 | | MINUTE ORDER: The Court ORDERS that the 564 Motion for Leave to Appear Pro Hac Vice of Jessica R. Watters is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/21/2025. (lcjeb1) (Entered: 04/21/2025) |
| 04/22/2025 | 565 | NOTICE of Appearance by Jessica Watters on behalf of KEVIN SYSTROM (Watters, Jessica) (Entered: 04/22/2025) |
| 04/22/2025 | 566 | NOTICE of Appearance by Ann O'Brien on behalf of Strava, Inc. (O'Brien, Ann) (Entered: 04/22/2025) |
| 04/22/2025 | 567 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AUTOMATTIC, INC., ELI TUCKER. Attorney Alan S. Lewis terminated. (Lewis, Alan) (Entered: 04/22/2025) |
| 04/22/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/22/2025. Plaintiff witness: Kevin Systrom. Bench Trial continued to 4/23/2025 at 9:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporters Tammy Nestor (AM) and Lisa Edwards (PM).) (hmc) (Entered: 04/22/2025) |
| 04/23/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/23/2025. Plaintiff witnesses: Dirk Stoop and Cliff Lampe. Bench Trial continued to 4/24/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Janice Dickman (PM)) (znbn) (Entered: 04/23/2025) |
| 04/23/2025 | 568 | NOTICE of Appearance by Zachary Michael Meskell on behalf of META PLATFORMS, INC. (Meskell, Zachary) (Entered: 04/23/2025) |
| 04/23/2025 | 569 | NOTICE of Appearance by Diego Negron–Reichard on behalf of META PLATFORMS, INC. (Negron–Reichard, Diego) (Entered: 04/23/2025) |
| 04/24/2025 | 570 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Nataliia Gillespie, Filing fee $ 100, receipt number ADCDC–11640717. Fee Status: Fee Paid. by |

| | | |
|---|---|---|
| | | META PLATFORMS, INC.. (Attachments: # 1 Declaration of Nataliia Gillespie, # 2 Certificate of Good Standing (DC), # 3 Text of Proposed Order)(Strikis, Silvija) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: The Court ORDERS that the 570 Motion for Leave to Appear Pro Hac Vice of Nataliia Gillespie is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/24/2025. (lcjeb1) (Entered: 04/24/2025) |
| 04/24/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/24/2025. Plaintiff witnesses: Kevin Hearle, Blake Chandleey (video deposition), Julia Tang (Zoom), and Winter Raymond (video deposition). Bench Trial continued to 4/28/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Lisa Edwards (PM) (znbn) (Entered: 04/24/2025) |
| 04/25/2025 | 571 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Natalie E. Giotta, Filing fee $ 100, receipt number ADCDC–11644978. Fee Status: Fee Paid. by META PLATFORMS, INC.. (Attachments: # 1 Declaration of Natalie E. Giotta, # 2 Certificate of Good Standing (DC), # 3 Text of Proposed Order)(Dorris, Daniel) (Entered: 04/25/2025) |
| 04/25/2025 | 572 | NOTICE of Appearance by Nataliia Gillespie on behalf of META PLATFORMS, INC. (Gillespie, Nataliia) (Entered: 04/25/2025) |
| 04/25/2025 | | MINUTE ORDER: The Court ORDERS that the 571 Motion for Leave to Appear Pro Hac Vice of Natalie E. Giotta is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 4/25/2025. (lcjeb1) (Entered: 04/25/2025) |
| 04/28/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/28/2025. Plaintiff witnesses: Keith Coleman, Matao Ortega, and Julia Robert (in–person) and the 12/19/22, 5/11/23 and 5/18/23 Video Depositions played. Bench Trial continued for 4/29/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporters Tammy Nestor–AM and Sara Wick–PM) (zglw) Modified to add witnesses on 4/29/2025 (znbn). (Entered: 04/28/2025) |
| 04/28/2025 | 573 | NOTICE of Appearance by Natalie Giotta on behalf of META PLATFORMS, INC. (Giotta, Natalie) (Entered: 04/28/2025) |
| 04/29/2025 | 574 | NOTICE of Appearance by Joseph S. Hall on behalf of META PLATFORMS, INC. (Hall, Joseph) (Entered: 04/29/2025) |
| 04/29/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/29/2025. Plaintiff witnesses: Javier Olivan and Ronak Shah (Zoom). Bench Trial continued to 4/30/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Janice Dickman (PM)) (znbn) (Entered: 04/29/2025) |
| 04/29/2025 | 575 | ENTERED IN ERROR.....Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Hansen, Mark) Modified on 4/30/2025; refiled as docket entry 576 (znmw). (Entered: |

| | | 04/29/2025) |
|---|---|---|
| 04/29/2025 | 576 | Joint STATUS REPORT *(Corrected)* by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Meta's Proposed Order, # 4 Snap's Proposed Order)(Hansen, Mark) (Entered: 04/29/2025) |
| 04/29/2025 | 577 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 576 Status Report (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Joint Status Report – SEALED, # 2 Exhibit A – SEALED, # 3 Exhibit B – SEALED)(Hansen, Mark) (Entered: 04/29/2025) |
| 04/30/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 4/30/2025. Plaintiff witnesses: Eli Tucker, Adam Presser, and Curtiss Cobb. Bench Trial continued to 5/1/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Lisa Edwards (PM)) (znbn) (Entered: 04/30/2025) |
| 05/01/2025 | 578 | SEALED DOCUMENT filed by META PLATFORMS, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s April 30, 2025 Amended Exhibit List)(Hansen, Mark) (Entered: 05/01/2025) |
| 05/01/2025 | | Minute Entry for Bench Trial held before Chief Judge James E. Boasberg on 5/1/2025. Plaintiff's witnesses: Curtiss Cobb (resumed from 4/30/2025), John Hegeman, and Eric Morrison (video deposition). Bench Trial to continue on 5/5/2025 at 9:30 AM in Courtroom 22A (in person) before Chief Judge James E. Boasberg. (Court Reporters: Tammy Nestor (AM) and Sara Wick (PM)) (lsj) (Entered: 05/01/2025) |
| 05/02/2025 | 579 | SEALED DOCUMENT filed by META PLATFORMS, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s April 30, 2025 Amended Exhibit List)(Hansen, Mark) (Entered: 05/02/2025) |
| 05/04/2025 | 580 | Joint STATUS REPORT by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 05/04/2025) |
| 05/04/2025 | 581 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 580 Status Report (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Joint Status Report – SEALED)(Hansen, Mark) (Entered: 05/04/2025) |
| 05/05/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/5/2025. Plaintiff witness: Peter Deng. Bench Trial continued to 5/6/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor) (znbn) Modified to add date on 5/5/2025 (znbn). (Entered: 05/05/2025) |
| 05/05/2025 | | Set/Reset Hearings: Bench Trial set for 5/6/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (znbn) (Entered: 05/05/2025) |
| 05/05/2025 | 583 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– James J. Pastore, Jr., Filing fee $ 100, receipt number ADCDC–11667685. Fee Status: Fee Paid. by JACOB ANDREOU, SARAL JAIN, DAVID A. LEVENSON, SNAP INC.. (Attachments: # 1 Declaration in Support, # 2 Certificate of Good Standing)(O'Neil, David) (Entered: 05/05/2025) |

| 05/05/2025 | 584 | NOTICE *of Plaintiff Federal Trade Commission's Statement Regarding the Admissibility of Expert Reports* by FEDERAL TRADE COMMISSION (Matheson, Daniel) (Entered: 05/05/2025) |
|---|---|---|
| 05/05/2025 | 585 | TRIAL BRIEF *Objecting to the Admission of the FTC's Hearsay Expert Reports into Evidence* by META PLATFORMS, INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 05/05/2025) |
| 05/06/2025 | | MINUTE ORDER: The Court ORDERS that the 583 Motion for Leave to Appear Pro Hac Vice of James J. Pastore, Jr. is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. Click for instructions. So ORDERED by Chief Judge James E. Boasberg on 5/6/2025. (lcjeb1) (Entered: 05/06/2025) |
| 05/06/2025 | 586 | NOTICE of Appearance by James J. Pastore, Jr on behalf of JACOB ANDREOU, SARAL JAIN, DAVID A. LEVENSON, SNAP INC. (Pastore, James) (Entered: 05/06/2025) |
| 05/06/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/6/2025. Bench Trial will resume on 5/7/2025 at 9:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. Plaintiff Witnesses: Guy Rosen/Damon McCoy. (Court Reporters– Tammy Nestor (AM) and Janice Dickman (PM).) (mac) (Entered: 05/06/2025) |
| 05/06/2025 | 587 | NOTICE *of Amended Witness List* by META PLATFORMS, INC. (Attachments: # 1 Meta Platforms, Inc.'s Amended Witness List)(Hansen, Mark) (Entered: 05/06/2025) |
| 05/06/2025 | 588 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 587 Notice (Other) (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s Amended Witness List – SEALED)(Hansen, Mark) (Entered: 05/06/2025) |
| 05/07/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/7/2025. Plaintiff witnesses: Damon McCoy (resumed and concluded), Will Cathcart, Michael Malkiewicz, and Alex Schultz. Bench Trial continued to 5/8/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Sara Wick (PM)) (znbn) (Entered: 05/07/2025) |
| 05/08/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/8/2025. Plaintiff witnesses: Adam Mosseri and Alex Schultz (resumed and continued). Bench Trial to continue on 5/12/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Janice Dickman (PM)) (znbn) (Entered: 05/08/2025) |
| 05/09/2025 | 589 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Bench Brief Regarding Post–Discovery Evidence_UNDER SEAL, # 2 Exhibit A_UNDER SEAL, # 3 Exhibit B_UNDER SEAL, # 4 Exhibit C_UNDER SEAL, # 5 Exhibit D_UNDER SEAL, # 6 Exhibit E_UNDER SEAL, # 7 Exhibit F_UNDER SEAL)(Matheson, Daniel) (Entered: 05/09/2025) |
| 05/12/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/12/2025. Plaintiff witnesses: Alex Schultz (resumed and concluded) |

| | | |
|---|---|---|
| | | and Scott Hemphill. Bench Trial continued to 5/13/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Sara Wick (PM)) (znbn) (Entered: 05/12/2025) |
| 05/12/2025 | 590 | SEALED DOCUMENT filed by META PLATFORMS, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s May 11, 2025 Amended Exhibit List)(Hansen, Mark) (Entered: 05/12/2025) |
| 05/13/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/13/2025. Plaintiff witness: Scott Hemphill (resumed and continued). Bench Trial continued to 5/14/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Janice Dickman (PM)) (znbn) (Entered: 05/13/2025) |
| 05/14/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/14/2025. Plaintiff Witnesses: Scott Hemphill (resumed and concluded) and Tom Allison. Bench Trial continued to 5/15/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Sara Wick (PM)) (znbn) (Entered: 05/14/2025) |
| 05/15/2025 | 591 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Amended Trial Exhibit List_UNDER SEAL)(Matheson, Daniel) (Entered: 05/15/2025) |
| 05/15/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/15/2025 Witnesses: Tom Allison(FTC), Bradley Horowitz(FTC), Saral Jain(META), and David Levenson(META). Plaintiff rests. Forthcoming motion for judgement as a matter of law by Defense. Defense commenced their case in chief. Bench Trial continued to 5/19/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Janice Dickman (PM)) (znbn) (Entered: 05/15/2025) |
| 05/15/2025 | 592 | MOTION for Judgment *Under Rule 52(c)* by META PLATFORMS, INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 05/15/2025) |
| 05/15/2025 | 593 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 592 MOTION for Judgment *Under Rule 52(c)* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s Motion for Judgment Under Rule 52(c) – SEALED)(Hansen, Mark) (Entered: 05/15/2025) |
| 05/17/2025 | 594 | SEALED DOCUMENT filed by META PLATFORMS, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s May 17, 2025 Amended Exhibit List)(Hansen, Mark) (Entered: 05/17/2025) |
| 05/19/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/19/2025. Defense Witnesses: David Levenson (resumed and concluded), Professor John List, and Professor Catherine Tucker. Bench Trial continued to 5/20/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor (AM) and Sara Wick (PM)) (znbn) (Entered: 05/19/2025) |
| 05/19/2025 | 595 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Joseph J Matelis, II on behalf of BRIAN ACTON (Matelis, Joseph) (Entered: 05/19/2025) |
| 05/19/2025 | 596 | NOTICE of Appearance by Tracy Nelson Wirth on behalf of BRIAN ACTON (Wirth, Tracy) (Entered: 05/19/2025) |
| 05/20/2025 | | Minute Entry for Bench Trial held before Chief Judge James E. Boasberg on 5/20/2025. For the reasons stated on the record, Defendant Meta Platforms, Inc.'s Motion 592 for Judgment Under Rule 52(c) is DENIED. Forthcoming Order. The parties are directed to meet, confer, and file a proposed briefing schedule by 9:00 AM on 5/22/2025. Defense Witnesses: Professor Catherine Tucker (resumed from 5/19/2025); Brian Acton; Sylvia Yam; and Nicholas Shortway. Bench Trial to continue on 5/21/2025 at 9:30 AM in Courtroom 22A (in person) before Chief Judge James E. Boasberg. (Court Reporters: Tammy Nestor (AM) and Janice Dickman (PM)) (lsj) (Entered: 05/20/2025) |
| 05/20/2025 | | MINUTE ORDER: For the reasons explained on the record today, the Court ORDERS that Defendant's 592 Motion for Judgment is DENIED. So ORDERED by Chief Judge James E. Boasberg on 5/20/2025. (lcjeb1) (Entered: 05/20/2025) |
| 05/21/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/21/2025 Defense Witnesses: Nick Shortway (resumed and concluded) and Dennis Carlton. Defense rests. Joint Status Report due by 11:00 AM on 5/22/2025. Bench Trial to resume on 5/22/2025 at 02:00 PM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Sara Wick (AM) and Lisa Edwards (PM)) (znbn) (Entered: 05/21/2025) |
| 05/21/2025 | 597 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WALMART INC.. Attorney Marisa Poncia terminated. (Poncia, Marisa) (Entered: 05/21/2025) |
| 05/22/2025 | 598 | Joint STATUS REPORT by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 05/22/2025) |
| 05/22/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/22/2025. Oral discussions heard regarding 598 Joint STATUS REPORT. Forthcoming Order. Bench Trial to resume on 5/27/2025 at 09:30 AM in Courtroom 22A– In Person before Chief Judge James E. Boasberg. (Court Reporter Tammy Nestor) (znbn) (Entered: 05/22/2025) |
| 05/22/2025 | | MINUTE ORDER: As discussed at today's hearing, the Court ORDERS that post–trial briefing shall take place as follows: 1) The FTC's opening brief, which shall be limited to 100 pages of proposed findings of fact and 50 pages of argument, shall be due July 2, 2025; 2) Meta's opening brief, which shall be limited to 100 pages of proposed findings of fact and 60 pages of argument, shall be due August 6, 2025; 3) The FTC's reply and opposition, which shall be limited to 30 pages of proposed findings of fact (relating only to Meta's affirmative defenses) and 40 pages of argument, shall be due August 27, 2025; and 4) Meta's reply (relating only to its affirmative defenses) shall be limited to 30 pages of argument and shall be due September 10, 2025. The proposed findings of facts shall contain hyperlinks to any cited exhibit. So ORDERED by Chief Judge James E. Boasberg on 5/22/2025. (lcjeb1) (Entered: 05/22/2025) |
| 05/22/2025 | 599 | MOTION to Clarify *that PX10798 Is Admitted into Evidence* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Declaration of Barrett J. Anderson in Support of Plaintiff Federal Trade Commission's Motion to Clarify that PX10798 Is Admitted |

| | | |
|---|---|---|
| | | into Evidence, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Text of Proposed Order)(Matheson, Daniel) (Entered: 05/22/2025) |
| 05/23/2025 | 600 | RESPONSE re 589 Sealed Document, *Meta Platforms, Inc.'s Opposition to the FTC's Bench Brief Regarding Post–Discovery Evidence* filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Hansen, Mark) (Entered: 05/23/2025) |
| 05/23/2025 | 601 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 589 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s Opposition to the FTC's Bench Brief Regarding Post–Discovery Evidence, # 2 Exhibit A – SEALED, # 3 Exhibit B – SEALED, # 4 Exhibit C – SEALED, # 5 Exhibit D – SEALED, # 6 Exhibit E – SEALED, # 7 Exhibit F – SEALED, # 8 Exhibit G – SEALED, # 9 Exhibit H – SEALED, # 10 Exhibit I)(Hansen, Mark) (Entered: 05/23/2025) |
| 05/26/2025 | 602 | SEALED MOTION filed by FEDERAL TRADE COMMISSION (Attachments: # 1 Plaintiff Federal Trade Commission's Motion to Admit FRE 1006 Exhibits_UNDER SEAL, # 2 Attachment A_UNDER SEAL, # 3 Attachment B_UNDER SEAL, # 4 Exhibit 1 to Attachment B_UNDER SEAL, # 5 Exhibit 2 to Attachment B_UNDER SEAL, # 6 Exhibit 3 to Attachment B_UNDER SEAL, # 7 Attachment C_UNDER SEAL)(Matheson, Daniel) (Entered: 05/26/2025) |
| 05/26/2025 | 603 | RESPONSE re 602 SEALED MOTION filed by FEDERAL TRADE COMMISSION *Meta's Opposition to the FTC's Motion to Admit 1006 Exhibits* filed by META PLATFORMS, INC.. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 05/26/2025) |
| 05/26/2025 | 604 | NOTICE *of Materials Supporting Meta's Motion to Exclude Improper Rebuttal Demonstratives* by META PLATFORMS, INC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Hansen, Mark) (Entered: 05/26/2025) |
| 05/26/2025 | 605 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 604 Notice (Other) (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D)(Hansen, Mark) (Entered: 05/26/2025) |
| 05/27/2025 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Bench Trial held on 5/27/2025. Plaintiff Witness: Dr. C. Scott Hemphill. Rebuttal case commenced. Plaintiff rests. (Court Reporter Tammy Nestor (AM) and Lisa Edwards (PM)) (znbn) (Entered: 05/27/2025) |
| 05/30/2025 | 606 | MOTION to Strike Testimony of FTC Expert Witness C. Scott Hemphill by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (DX1433), # 3 Exhibit 3 (DX1412), # 4 Exhibit 4 (DX1413), # 5 Exhibit 5 (DX1475), # 6 Exhibit 6, # 7 Exhibit 7 (DX1481), # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Text of Proposed Order)(Hansen, Mark) (Entered: 05/30/2025) |
| 05/30/2025 | 607 | RESPONSE re 602 SEALED MOTION filed by FEDERAL TRADE COMMISSION *Meta's Superseding Opposition to the FTC's Motion to Admit 1006 Exhibits* filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 05/30/2025) |
| 05/30/2025 | 608 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 607 Response to motion (This document is SEALED and only available to authorized persons.) |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 05/30/2025) |
| 06/02/2025 | | MINUTE ORDER: The Court ORDERS that the FTC's 599 Motion to Clarify is GRANTED, and PX10798 is deemed admitted. So ORDERED by Chief Judge James E. Boasberg on 6/2/2025. (lcjeb1) (Entered: 06/02/2025) |
| 06/02/2025 | 609 | ORDER: For the reasons stated in the attached Order, the Court ORDERS that the FTC's 602 Motion is GRANTED IN PART and DENIED IN PART. Signed by Chief Judge James E. Boasberg on 6/2/2025. (lcjeb1) (Entered: 06/02/2025) |
| 06/03/2025 | 610 | ORDER re: the FTC's [589−1] Objection to Post−Discovery Evidence. Signed by Chief Judge James E. Boasberg on 6/3/2025. (lcjeb1) (Entered: 06/03/2025) |
| 06/03/2025 | 611 | Joint STATUS REPORT by META PLATFORMS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Declaration of Nathan Brenner, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K)(Hansen, Mark) (Entered: 06/03/2025) |
| 06/05/2025 | 612 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Amended Trial Exhibit List_UNDER SEAL)(Matheson, Daniel) (Entered: 06/05/2025) |
| 06/05/2025 | 613 | ORDER re: the parties' 611 Joint Status Report. Signed by Chief Judge James E. Boasberg on 6/5/2025. (lcjeb1) (Entered: 06/05/2025) |
| 06/06/2025 | 614 | TRIAL BRIEF *Plaintiff Federal Trade Commission's Bench Brief Regarding Post−Discovery Evidence_PUBLIC* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A_PUBLIC, # 2 Exhibit B_PUBLIC, # 3 Exhibit C_PUBLIC, # 4 Exhibit D_REDACTED, # 5 Exhibit E_REDACTED, # 6 Exhibit F_REDACTED)(Matheson, Daniel) (Entered: 06/06/2025) |
| 06/06/2025 | 615 | RESPONSE re 606 MOTION to Strike Testimony of FTC Expert Witness C. Scott Hemphill filed by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A_PUBLIC, # 2 Exhibit B_PUBLIC, # 3 Exhibit C_PUBLIC, # 4 Exhibit D_PUBLIC)(Matheson, Daniel) (Entered: 06/06/2025) |
| 06/06/2025 | 616 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 615 Response to motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A_UNDER SEAL, # 2 Exhibit B_UNDER SEAL, # 3 Exhibit C_UNDER SEAL, # 4 Exhibit D_UNDER SEAL)(Matheson, Daniel) (Entered: 06/06/2025) |
| 06/06/2025 | 617 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Notice of Plaintiff Federal Trade Commission's Statement Regarding Its Rule 1006 Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Matheson, Daniel) (Entered: 06/06/2025) |
| 06/11/2025 | 618 | RESPONSE re 617 Sealed Document, *Meta's Objections to the FTC's Proposed Rule 1006 Exhibits* filed by META PLATFORMS, INC.. (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 06/11/2025) |
| 06/11/2025 | 619 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 618 Response to Document (This document is SEALED and only available to authorized persons.) |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 06/11/2025) |
| 06/17/2025 | | MINUTE ORDER: The Court ORDERS that Meta's 606 Motion to Strike Testimony is DENIED. Meta had a full opportunity to cross–examine Prof. Hemphill as to bias, which the Court will consider in determining what weight to give to his testimony. Particularly in a bench trial, where there is no danger that a jury will be improperly influenced, the Court does not believe that striking the testimony is warranted. So ORDERED by Chief Judge James E. Boasberg on 6/17/2025. (lcjeb1) (Entered: 06/17/2025) |
| 06/18/2025 | 620 | NOTICE *of Plaintiff Federal Trade Commission's Statement Regarding Its Rule 1006 Exhibits* by FEDERAL TRADE COMMISSION re 617 Sealed Document, (Attachments: # 1 Exhibit A_REDACTED, # 2 Exhibit B_REDACTED, # 3 Exhibit C_PUBLIC, # 4 Exhibit D_PUBLIC, # 5 Exhibit E_PUBLIC, # 6 Exhibit F_PUBLIC)(Matheson, Daniel) (Entered: 06/18/2025) |
| 07/01/2025 | 621 | Unopposed MOTION for Extension of Time to *File Hyperlinked Findings of Fact* by FEDERAL TRADE COMMISSION. (Attachments: # 1 Text of Proposed Order)(Matheson, Daniel) (Entered: 07/01/2025) |
| 07/02/2025 | | MINUTE ORDER: The Court ORDERS that: 1) The Unopposed 621 Motion for Extension of Time is GRANTED; 2) Plaintiff shall file its Opening Findings of Fact by July 11, 2025; 3) Defendant shall file its Opening/Opposition Findings of Fact by August 15, 2025; and 4) Plaintiff shall file its Opposition/Reply Findings of Fact by September 5, 2025. So ORDERED by Chief Judge James E. Boasberg on 7/2/2025. (lcjeb1) (Entered: 07/02/2025) |
| 07/02/2025 | 622 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Post–Trial Memorandum_UNDER SEAL)(Matheson, Daniel) (Entered: 07/02/2025) |
| 07/02/2025 | 623 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Post–Trial Findings of Fact_UNDER SEAL, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Matheson, Daniel) (Entered: 07/02/2025) |
| 07/03/2025 | 624 | MEMORANDUM re 622 Sealed Document by FEDERAL TRADE COMMISSION. (Matheson, Daniel) (Entered: 07/03/2025) |
| 07/29/2025 | 625 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Douglas A. Gretz terminated. (Gretz, Douglas) (Entered: 07/29/2025) |
| 08/06/2025 | 626 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 622 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s SEALED Post–Trial Response Brief, # 2 Appendix – SEALED, # 3 Meta Platforms, Inc.'s SEALED Post–Trial Findings of Fact)(Hansen, Mark) (Entered: 08/06/2025) |
| 08/06/2025 | 627 | REDACTED DOCUMENT– Meta Platforms, Inc.'s Post–Trial Response Brief to 626 Sealed Document, by META PLATFORMS, INC.. (Attachments: # 1 Appendix, # 2 Meta Platforms, Inc.'s Post–Trial Findings of Fact)(Hansen, Mark) (Entered: 08/06/2025) |
| 08/08/2025 | 628 | |

| | | NOTICE OF WITHDRAWAL OF APPEARANCE as to NEW YORK TIMES COMPANY. Attorney Timothy Tai terminated. (Tai, Timothy) (Entered: 08/08/2025) |
|---|---|---|
| 08/12/2025 | 629 | SEALED DOCUMENT filed by META PLATFORMS, INC.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s Corrected Post–Trial Findings of Fact (Corrected Version of 626–3) – SEALED)(Hansen, Mark) (Entered: 08/12/2025) |
| 08/13/2025 | 630 | REDACTED DOCUMENT– Meta Platforms, Inc.'s Post–Trial Findings of Fact to 629 Sealed Document, by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 08/13/2025) |
| 08/15/2025 | 631 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/14/25 MORNING SESSION; Page Numbers: 1–145. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 632 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/15/25 MORNING SESSION; Page Numbers: 1–125. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 633 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/16/25 MORNING SESSION; Page Numbers: 1–143. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 634 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/17/25 MORNING SESSION; Page Numbers: 1–122. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 635 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/21/25 MORNING SESSION; Page Numbers: 1–131. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 636 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/22/25 MORNING SESSION; Page Numbers: 1−135. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 637 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/23/25 MORNING SESSION; Page Numbers: 1−140. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal |

| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
|---|---|---|
| 08/15/2025 | <u>638</u> | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/24/25 MORNING SESSION; Page Numbers: 1–100. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | <u>639</u> | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/28/25 MORNING SESSION; Page Numbers: 1–129. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |

| 08/15/2025 | 640 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/29/25 MORNING SESSION; Page Numbers: 1–151. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 641 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 4/30/25 MORNING SESSION; Page Numbers: 1–129. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 642 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/1/25 MORNING SESSION; Page Numbers: 1–122. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript |

<table>
<tr><td></td><td></td><td>formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025)</td></tr>
<tr><td>08/15/2025</td><td>643</td><td>TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/5/25 MORNING SESSION – NO AFTERNOON SESSION; Page Numbers: 1–101. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025)</td></tr>
<tr><td>08/15/2025</td><td>644</td><td>TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/6/25 MORNING SESSION; Page Numbers: 1–149. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy,</td></tr>
</table>

| | | |
|---|---|---|
| | | which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 645 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/7/25 MORNING SESSION; Page Numbers: 1–149. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 646 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/8/25 MORNING SESSION; Page Numbers: 1–149. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 647 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/12/25 MORNING SESSION; Page Numbers: 1–132. Court Reporter/Transcriber |

| | | |
|---|---|---|
| | | Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | <u>648</u> | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/13/25 MORNING SESSION; Page Numbers: 1−132. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | <u>649</u> | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/14/25 MORNING SESSION; Page Numbers: 1−136. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 650 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/15/25 MORNING SESSION; Page Numbers: 1–127. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 651 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/19/25 MORNING SESSION; Page Numbers: 1–134. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. |

| | | Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
|---|---|---|
| 08/15/2025 | 652 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/20/25 MORNING SESSION; Page Numbers: 1–133. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br><span style="color:red">**NOTICE RE REDACTION OF TRANSCRIPTS:**</span> The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 653 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/22/25 AFTERNOON SESSION (NO MORNING SESSION); Page Numbers: 1–20. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br><span style="color:red">**NOTICE RE REDACTION OF TRANSCRIPTS:**</span> The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 654 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/27/25 MORNING SESSION; Page Numbers: 1–108. Court Reporter/Transcriber Tammy Nestor, Telephone number tammy_nestor@dcd.uscourts.gov, Transcripts may be ordered by submitting the <u>Transcript Order Form</u> |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Nestor, Tammy) (Entered: 08/15/2025) |
| 08/15/2025 | 655 | TRANSCRIPT OF BENCH TRIAL (AFTERNOON SESSION) before Chief Judge James E. Boasberg held on April 15, 2025; Page Numbers: 126−265. Date of Issuance: August 15, 2025. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354−3269, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Edwards, Lisa) Modified on 8/15/2025 to correct page numbers (zjm). (Entered: 08/15/2025) |
| 08/15/2025 | 656 | TRANSCRIPT OF BENCH TRIAL (AFTERNOON SESSION) before Chief Judge James E. Boasberg held on April 22, 2025; Page Numbers 136−303: Date of Issuance: August 15, 2025. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354−3269, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Edwards, Lisa) (Entered: 08/15/2025) |
| 08/15/2025 | 657 | TRANSCRIPT OF BENCH TRIAL (AFTERNOON SESSION) before Chief Judge James E. Boasberg held on April 24, 2025; Page Numbers: 101−170. Date of Issuance: August 15, 2025. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354−3269, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Edwards, Lisa) (Entered: 08/15/2025) |
| 08/15/2025 | 658 | TRANSCRIPT OF BENCH TRIAL (AFTERNOON SESSION) before Chief Judge James E. Boasberg held on April 30, 2025; Page Numbers: 130−244. Date of Issuance: August 15, 2025. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354−3269, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Edwards, Lisa) (Entered: 08/15/2025) |
| 08/15/2025 | 659 | TRANSCRIPT OF BENCH TRIAL (AFTERNOON SESSION) before Chief Judge James E. Boasberg held on May 21, 2025; Page Numbers: 127–271. Date of Issuance: August 15, 2025. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354–3269, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Edwards, Lisa) (Entered: 08/15/2025) |
| 08/15/2025 | 660 | TRANSCRIPT OF BENCH TRIAL (AFTERNOON SESSION) before Chief Judge James E. Boasberg held on May 27, 2025; Page Numbers: 109–201. Date of Issuance: August 15, 2025. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354–3269, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2025. Redacted Transcript Deadline set for 9/15/2025. Release of Transcript Restriction set for 11/13/2025.(Edwards, Lisa) (Entered: 08/15/2025) |
| 08/18/2025 | 661 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on April 16, 2025, Afternoon Session; Page Numbers: 144–304. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: |

| | | |
|---|---|---|
| | | 202−354−3267, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025) |
| 08/18/2025 | <u>662</u> | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on April 21, 2025 − Afternoon Session; Page Numbers: 132−209. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025) |
| 08/18/2025 | <u>663</u> | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on April 23, 2025 − Afternoon Session; Page Numbers: 141−307. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |

<table>
<tr><td></td><td></td><td>

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025)
</td></tr>
<tr><td>08/18/2025</td><td>664</td><td>

TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on April 29, 2025; Page Numbers: 152−293. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the <u>Transcript Order Form</u>

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025)
</td></tr>
<tr><td>08/18/2025</td><td>665</td><td>

TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on May 6, 2025; Page Numbers: 150−250. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the <u>Transcript Order Form</u>

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025.
</td></tr>
</table>

| | | Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025) |
|---|---|---|
| 08/18/2025 | 666 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on May 8, 2025; Page Numbers: 150–293. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025) |
| 08/18/2025 | 667 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on May 13, 2025 – Afternoon Session; Page Numbers: 133–285. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025) |
| 08/18/2025 | 668 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on May 15, 2025 – Afternoon Session; Page Numbers: 132–280. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form |

|  |  | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025) |
| 08/18/2025 | 669 | TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on May 20, 2025; Page Numbers: 135–309. Date of Issuance:August 18, 2025. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Dickman, Janice) (Entered: 08/18/2025) |
| 08/19/2025 | 670 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Chief Judge James E. Boasberg held on 04/14/2025. Page Numbers: 146–275. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal |

| | | |
|---|---|---|
| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |
| 08/19/2025 | 671 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Chief Judge James E. Boasberg held on 04/17/2025. Page Numbers: 123–270. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |
| 08/19/2025 | 672 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Chief Judge James E. Boasberg held on 04/28/2025. Page Numbers: 130–211. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |

| 08/19/2025 | <u>673</u> | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Chief Judge James E. Boasberg held on 05/01/2025. Page Numbers: 123–216. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |
| 08/19/2025 | <u>674</u> | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Chief Judge James E. Boasberg held on 05/07/2025. Page Numbers: 153–297. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |
| 08/19/2025 | <u>675</u> | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Chief Judge James E. Boasberg held on 05/12/2025. Page Numbers: 147–293. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202–354–3284, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript |

| | | |
|---|---|---|
| | | formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |
| 08/19/2025 | 676 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Chief Judge James E. Boasberg held on 05/14/2025. Page Numbers: 139−289. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u> |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |
| 08/19/2025 | 677 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Chief Judge James E. Boasberg held on 05/19/2025. Page Numbers: 144−277. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u> |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our |

| | | |
|---|---|---|
| | | website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |
| 08/19/2025 | 678 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Chief Judge James E. Boasberg held on 05/21/2025. Page Numbers: 1–126. Date of Issuance: 08/19/2025. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/9/2025. Redacted Transcript Deadline set for 9/19/2025. Release of Transcript Restriction set for 11/17/2025.(Wick, Sara) (Entered: 08/19/2025) |
| 08/27/2025 | 679 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION re 626 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Post–Trial Reply and Opposition Memorandum_UNDER SEAL, # 2 Exhibit A)(Matheson, Daniel) (Entered: 08/27/2025) |
| 08/27/2025 | 680 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Post–Trial Findings of Fact_UNDER SEAL, # 2 Exhibit C)(Matheson, Daniel) (Entered: 08/27/2025) |
| 08/29/2025 | 681 | REDACTED DOCUMENT– Plaintiff Federal Trade Commission's Post–Trial Reply and Opposition Memorandum to 679 Sealed Document, by FEDERAL TRADE COMMISSION. (Attachments: # 1 Exhibit A_REDACTED)(Matheson, Daniel) (Entered: 08/29/2025) |
| 09/02/2025 | 682 | SEALED DOCUMENT filed by FEDERAL TRADE COMMISSION(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiff Federal Trade Commission's Post–Trial Findings of Fact (Corrected Version of 680–1)_UNDER SEAL, # 2 Exhibit C)(Matheson, Daniel) (Entered: 09/02/2025) |
| 09/10/2025 | 687 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 679 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Meta Platforms, Inc.'s SEALED Post–Trial Reply Brief)(Hansen, Mark) (Entered: 09/10/2025) |

| 09/10/2025 | 688 | REDACTED DOCUMENT– Meta Platforms, Inc.'s Post–Trial Reply Brief to 687 Sealed Document by META PLATFORMS, INC.. (Hansen, Mark) (Entered: 09/10/2025) |
|---|---|---|
| 09/29/2025 | 689 | NOTICE *Davis Polk & Wardwell LLP's Notice Pursuant to Rule 1.12 of the New York Rules of Professional Conduct* by META PLATFORMS, INC. (Scheinkman, Michael) (Entered: 09/29/2025) |
| 09/30/2025 | 690 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Thomas G. Mattes terminated. (Mattes, Thomas) (Entered: 09/30/2025) |
| 09/30/2025 | 691 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Susan Musser terminated. (Musser, Susan) (Entered: 09/30/2025) |
| 09/30/2025 | 692 | NOTICE OF FILING REDACTED DOCUMENT to 682 Sealed Document, 623 Sealed Document, by FEDERAL TRADE COMMISSION (Attachments: # 1 Federal Trade Commission's Post–Trial Findings of Fact_REDACTED, # 2 Federal Trade Commission's Post–Trial Findings of Fact_REDACTED, # 3 Exhibit A_REDACTED, # 4 Exhibit B_REDACTED, # 5 Exhibit C_PUBLIC, # 6 Exhibit C_REDACTED)(Cerilli, Krisha) (Entered: 09/30/2025) |
| 11/18/2025 | 693 | REDACTED MEMORANDUM OPINION. Signed by Chief Judge James E. Boasberg on November 18, 2025. (Entered: 11/18/2025) |
| 11/18/2025 | 694 | ORDER: For the reasons set forth in the 693 Memorandum Opinion, the Court ORDERS that Judgment is ENTERED in favor of Defendant Meta Platforms, Inc., against Plaintiff Federal Trade Commission. Signed by Chief Judge James E. Boasberg on November 18, 2025. (lcjeb2) (Entered: 11/18/2025) |
| 11/18/2025 | 695 | SEALED UNREDACTED MEMORANDUM OPINION (This document is SEALED and only available to authorized persons.)Signed by Chief Judge James E. Boasberg on November 18, 2025.(znbn) (Entered: 11/18/2025) |
| 11/18/2025 |  | MINUTE ORDER: The Court ORDERS that the FTC and Meta shall file, by November 19, 2025, separate Notices stating what parts (if any) of the Redacted Memorandum Opinion 693 that are currently redacted may be released to the public. So ORDERED by Chief Judge James E. Boasberg on November 18, 2025. (lcjeb2) (Entered: 11/18/2025) |
| 11/18/2025 | 699 | CLERK'S JUDGMENT in favor of Meta Platforms, Inc against Federal Trade Commission. Signed by Nicole Bell–Norwood, Courtroom Deputy on November 18, 2025. (znbn) (Entered: 11/24/2025) |
| 11/19/2025 | 696 | NOTICE *Regarding Redacted Memorandum Opinion* by FEDERAL TRADE COMMISSION (Matheson, Daniel) (Entered: 11/19/2025) |
| 11/19/2025 | 697 | SEALED DOCUMENT filed by META PLATFORMS, INC. re 695 Sealed Memorandum Opinion (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Hansen, Mark) (Entered: 11/19/2025) |
| 11/20/2025 |  | MINUTE ORDER: The Court ORDERS that the parties shall appear via zoom on November 24, 2025, at 2:00 p.m. for a sealed hearing regarding the possible release of sealed portions of the Court's Memorandum Opinion. So ORDERED by Chief Judge James E. Boasberg on November 20, 2025. (lcjeb2) (Entered: 11/20/2025) |

| 11/20/2025 | | Set/Reset Hearings: Sealed Status Conference set for 11/24/2025 at 02:00 PM in Telephonic/VTC before Chief Judge James E. Boasberg. (znbn) (Entered: 11/20/2025) |
|---|---|---|
| 11/24/2025 | 698 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Gary Mitchell London, Jr terminated. (London, Gary) (Entered: 11/24/2025) |
| 11/24/2025 | | Minute Entry for sealed proceedings held before Chief Judge James E. Boasberg: Status Conference held via Zoom on 11/24/2025. (Court Reporter Chandra Kean) (znbn) (Entered: 11/24/2025) |
| 11/25/2025 | 700 | NOTICE of Proposed Order *(Joint)* by META PLATFORMS, INC. (Attachments: # 1 Text of Proposed Order)(Hansen, Mark) (Entered: 11/25/2025) |
| 11/25/2025 | 701 | ORDER regarding Memorandum Opinion redactions. Signed by Chief Judge James E. Boasberg on November 25, 2025.(lcjeb2) Modified to add signature on 11/25/2025 (znbn). (Entered: 11/25/2025) |
| 11/26/2025 | | MINUTE ORDER : The Court ORDERS that the Court Reporter may release to the parties the transcript of the sealed hearing on November 24, 2025. So ORDERED by Chief Judge James E. Boasberg on November 26, 2025. (znbn) (Entered: 11/26/2025) |
| 12/01/2025 | 702 | NOTICE *in Response to Order* by TIKTOK INC. re 701 Order, Set Deadlines (Reiser, Craig) (Entered: 12/01/2025) |
| 12/01/2025 | 703 | NOTICE *Regarding Memorandum Opinion Redactions* by SNAP INC. re 701 Order, Set Deadlines (Attachments: # 1 Declaration of David O'Neil in Support of Non–Party Snap Inc.'s Notice Regarding Memorandum Opinion Redactions [REDACTED])(O'Neil, David) (Entered: 12/01/2025) |
| 12/01/2025 | 704 | SEALED DOCUMENT filed by SNAP INC. re 701 Order, Set Deadlines (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of David O'Neil in Support of Non–Party Snap Inc.'s Notice Regarding Memorandum Opinion Redactions [SEALED])(O'Neil, David) (Entered: 12/01/2025) |
| 12/02/2025 | 705 | REVISED MEMORANDUM OPINION. Signed by Chief Judge James E. Boasberg on December 2, 2025. (lcjeb2) Modified to remove minute order on 12/2/2025 (znbn). (Entered: 12/02/2025) |
| 12/02/2025 | | MINUTE ORDER: Having consulted with Plaintiff, Defendant, and all concerned third parties, the Court is now able to release its Memorandum Opinion with minimal redactions. It accordingly ORDERS that the 705 Revised Memorandum Opinion is hereby docketed publicly. So ORDERED by Chief Judge James E. Boasberg on December 2, 2025. (znbn) (Entered: 12/02/2025) |
| 01/16/2026 | 707 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL TRADE COMMISSION. Attorney Timothy Slattery terminated. (Slattery, Timothy) (Entered: 01/16/2026) |
| 01/20/2026 | 708 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 694 Order, by FEDERAL TRADE COMMISSION. Fee Status: No Fee Paid. Parties have been notified. (Matheson, Daniel) (Entered: 01/20/2026) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**FEDERAL TRADE COMMISSION,**

                              Plaintiff,

         v.                                                Civil Action No. 1:20-cv-03590 (JEB)

**META PLATFORMS, INC.**

                              Defendant.

---

### PLAINTIFF'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff Federal Trade Commission hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on November 18, 2025, in favor of Defendant Meta Platforms, Inc. against said Plaintiff Federal Trade Commission.

Dated:      January 20, 2026                    Respectfully submitted,

                                                */s/ Daniel Matheson*
                                                Daniel J. Matheson (D.C. Bar 502490)
                                                Krisha Cerilli (D.C. Bar 983281)
                                                Patricia Galvan

                                                Federal Trade Commission
                                                Bureau of Competition
                                                600 Pennsylvania Avenue, NW
                                                Washington, DC 20580
                                                Telephone: (202) 326-2075
                                                Email: dmatheson@ftc.gov

                                                *Attorneys for Plaintiff*
                                                *Federal Trade Commission*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

        **v.**                        **Civil Action No. 20-3590 (JEB)**

**META PLATFORMS, INC.,**

      **Defendant.**

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Court

ORDERS that Judgment is ENTERED in favor of Defendant Meta Platforms, Inc., against

Plaintiff Federal Trade Commission.


                                    /s/ James E. Boasberg
                                    JAMES E. BOASBERG
                                    Chief Judge

Date:  November 18, 2025

AO 450 (Rev. 01/09; DC-03/10)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| FEDERAL TRADE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| META PLATFORMS, INC. | ) |
| *Defendant* | ) |

Civil Action No.  20-cv-03590-JEB

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

❏ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____ ), which includes prejudgment interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

❏ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____ .

☑ other:  For the reasons set forth in the [693] Memorandum Opinion, the Court ORDERS that Judgment is ENTERED in favor of Defendant Meta Platforms, Inc., against Plaintiff Federal Trade Commission. Signed by Chief Judge James E. Boasberg on November 18, 2025.

.

This action was *(check one)*:

❏ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☑ tried by Judge  Boasberg _____ without a jury and the above decision was reached.

❏ decided by Judge _____ on a motion for

Date:  11/18/2025 _____

*ANGELA D. CAESAR, CLERK OF COURT*

_____

*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FEDERAL TRADE COMMISSION,

    Plaintiff,

        v.                        Civil Action No. 20-3590 (JEB)

META PLATFORMS, INC.,

    Defendant.

## MEMORANDUM OPINION

Believing that the only constant in the world was change, the Greek philosopher Heraclitus posited that no man can ever step into the same river twice. In the online world of social media, the current runs fast, too. The landscape that existed only five years ago when the Federal Trade Commission brought this antitrust suit has changed markedly. While it once might have made sense to partition apps into separate markets of social networking and social media, that wall has since broken down.

In this action, the FTC has argued that Facebook, Instagram, Snapchat, and minor player MeWe compete only with one another in a market that the agency calls "personal social networking" (PSN). It claims that Meta holds a monopoly in this market and, faced with challenges to its dominance, preserved its monopoly not by outcompeting its upstart rivals Instagram and WhatsApp, but by buying them. This, the agency has maintained, constitutes maintaining monopoly power through means other than competition on the merits, which would violate Section 2 of the Sherman Act.

Meta's position, conversely, is that if PSN apps were ever a separate economic unit, they no longer are. The company sees itself as competing in the broader field of social media, which

1

at a minimum includes TikTok and YouTube, fierce competitors for users' time and attention in this space. Adding those two companies to the relevant market, Defendant points out, diminishes Meta's share below monopoly level. What is more, Meta defends its acquisitions as beneficial to consumers.

In this fifth year of litigation, the Court held a lengthy bench trial, hearing from myriad witnesses throughout the industry, as well as from dueling sets of experts. As it has forecast in prior Opinions over the years, the FTC has an uphill battle to establish the contours of any separate PSN market and Defendant's monopoly therein. The Court ultimately concludes that the agency has not carried its burden: Meta holds no monopoly in the relevant market. Judgment must therefore be entered in its favor.

**Table of Contents**

I.    Background ........................................................................................................... 4

   A.    The Platforms ................................................................................................ 4

      1.    Facebook, Instagram, TikTok, YouTube ............................................. 5

      2.    The Evolution of Meta's Apps ............................................................. 8

      3.    Convergence ...................................................................................... 14

   B.    Meta's Business Model ................................................................................ 17

   C.    Procedural History ...................................................................................... 20

II.    Analysis ............................................................................................................. 21

   A.    Monopolization ........................................................................................... 22

   B.    Timing ......................................................................................................... 22

   C.    Direct Evidence .......................................................................................... 24

      1.    Profits ................................................................................................ 24

      2.    Quality-Adjusted Price ...................................................................... 26

         a.    Ad Load ..................................................................................... 27

         b.    Sentiment .................................................................................. 29

         c.    Underinvestment in Friends and Family .................................. 31

      3.    Price Discrimination .......................................................................... 35

   D.    Indirect Evidence ........................................................................................ 36

      1.    Empirical Evidence of Substitution ................................................... 41

         a.    Observational Evidence ............................................................ 41

            i.    Response to TikTok ............................................................. 42

            ii.    Meta Study Panel ................................................................ 43

         b.    Natural and Field Experiments ................................................ 44

            i.    Payment Experiment ........................................................... 44

            ii.    2021 Meta Outage .............................................................. 47

            iii.    India TikTok Ban ................................................................ 47

            iv.    U.S. TikTok Shutdown ....................................................... 50

            v.    2018 YouTube Outage ........................................................ 52

         c.    Interpreting the Evidence ......................................................... 52

         d.    The FTC's Counterarguments .................................................. 56

            i.    Hemphill .............................................................................. 56

            ii.    <u>Cellophane</u> Fallacy .............................................................. 58

            iii.    Expansion into New Market ................................................ 60

3

2.   Brown Shoe ........................................................................... 61
   a.   Peculiar Characteristics and Uses .......................................... 63
      i.   Peculiar Characteristics ................................................ 64
      ii.  Peculiar Uses ............................................................. 67
   b.   Industry or Public Recognition ............................................. 70
   c.   Unique Production Facilities................................................. 74
   d.   Distinct Customers, Prices, and Sensitivity to Price Changes ................ 75
   e.   Overall Assessment........................................................ 76
3.   Whole Foods ......................................................................... 77
E.   Monopoly Power................................................................ 82
1.   Measuring Market Share.......................................................... 82
2.   Meta's Market Share and Market Power ........................................ 85
III.   Conclusion ....................................................................... 89

## I.    Background

Rather than aggregate all its factual findings in one lengthy recitation, the Court uses this section to lay out the background against which to view the evidence it will then discuss.  It begins with the platforms themselves: Facebook and Instagram, as well as two other apps that will play important roles in what follows — TikTok and YouTube.  It next details Meta's business model, whose particulars will be critical in assessing market definition and monopoly power.  The section winds up with a summary of this case's procedural history.

### A.    The Platforms

Consistent with our theme of change, the Court emphasizes that Facebook and Instagram have significantly transformed over the last several years.  Before explaining that transformation, the Court first sketches the basics of Facebook, Instagram, TikTok, and YouTube.  It then details how that quartet of social-media apps has recently converged to offer similar experiences.

4

1.    *Facebook, Instagram, TikTok, YouTube*

The mighty Meta of today was once a scrappy dorm-room startup called The Facebook. See ECF No. 94 (Answer), ¶ 23.  This upstart website — a threadbare tool to add friends and see their posts — launched for Harvard students in 2004, fanned out to other college campuses, and then opened up to the general public in 2006.  Id.  It kept growing at a dizzying pace: by the end of 2011, almost 850 million people a month were using Facebook.  See Plaintiff's Exhibit (PX) 292 (Facebook S-1) at 8.  Today, more than 3 billion people do.  See Apr. 15 PM Tr. at 228:22–25.

If you are one of them, you can open Facebook's app and see your News Feed.  See May 12 PM Tr. at 260:22–261:4; Apr. 14 PM Tr. at 151:21–24.  This feed contains a mix of content from your friends, from accounts you follow, and from people who you do not know but who have posted something that Facebook thinks you will be interested in.  See Apr. 14 PM Tr. at 170:9–15, 185:11–20; Defendant's Exhibit (DX) 1152 (Jan. 2025 Facebook Surface Breakdown).  Just a tap away lie other features.  These include Stories: disappearing posts from your friends and accounts you follow that are visible for only 24 hours.  See Apr. 14 PM Tr. at 184:21–185:10; Stories, Facebook, https://perma.cc/69UV-N6UF.  Or Facebook Reels, which Meta added in 2021.  See ECF No. 539 (Joint Stipulations of Fact), ¶ 20.  Reels are short videos that have been created by other users.  Id., ¶ 21.  They are made and posted by people whom a user does not know.  See DX 1152 (Jan. 2025 Facebook Surface Breakdown).  Instead, they are recommended by an AI algorithm based on the user's interests.  See Apr. 16 AM Tr. at 24:21–25:5.  Facebook also offers a separate app called Facebook Messenger, which lets users exchange private messages.  Id. at 21:9–13, 105:14–21.

5

Facebook was not the only platform to sweep across the globe on the surging wave of social media. In 2010, Kevin Systrom and Mike Krieger launched an app called Instagram. See Joint Stipulations of Fact, ¶ 24. This app combined a photo-editing tool with a social network. If you downloaded the original Instagram, you could edit photos and upload them, follow other accounts, scroll through a feed of photos uploaded by accounts you followed, and like and comment on those photos. Id., ¶¶ 25–27; PX 3221 (Instagram Board Meeting Deck) at 13; Apr. 22 AM Tr. at 22:2–24:9.

Facebook bought Instagram in 2012, see Joint Stipulations of Fact, ¶¶ 58–59, and has been adding new features ever since. See DX 1180 (New Instagram Features); DX 1208 (New Instagram Features, 2023–25). Instagram today looks a lot like Facebook. It has a Feed, containing posts from accounts that you follow and content from strangers that an AI algorithm recommends. See May 8 AM Tr. at 92:4–17, 114:6–19. It also has Stories. See May 8 AM Tr. at 22:10–17. Embedded throughout the app is Instagram Reels. See May 8 PM Tr. at 157:11–17. And it lets you send private messages to other users. See May 8 AM Tr. at 96:25–97:2.

Meta's other relevant platform is WhatsApp, an internet-based messaging app that launched as an independent company in 2009. See May 20 AM Tr. at 103:18–104:2; May 20 PM Tr. at 155:8–17. Facebook bought WhatsApp in 2014. See Joint Stipulations of Fact, ¶¶ 60–61. The FTC theorizes that Facebook feared WhatsApp would build its own social network and bought the service to keep it out of Facebook's lane. See ECF No. 622-1 (FTC Post-trial Mem.) at 44, 49. WhatsApp is therefore relevant to whether Meta maintained its monopoly through an anticompetitive acquisition, but both sides agree that it does not belong in the relevant market. Id. at 8; ECF No. 629-1 (Meta Post-trial Findings of Fact), ¶¶ 89–138. Because the Court

6

decides this case on that market's boundaries alone, WhatsApp is not relevant to what follows and will now disappear from the case.

The company that started as a connection among Harvard students has thus grown to own three platforms. In 2021, the umbrella company changed its name to Meta. Introducing Meta: A Social Technology Company, Meta (Oct. 28, 2021), https://perma.cc/LD5Y-3P9J.

Two other social-media apps are relevant here: TikTok and YouTube. The former lets users watch and upload short videos. See Apr. 30 AM Tr. at 78:23–79:13. Like Facebook and Instagram, it has some social features: users can like videos, comment on them, repost them, search for specific accounts, follow accounts, exchange messages, and share videos with others — either in a TikTok message or via text message. Id. at 62:23–63:8, 84:13–86:10, 86:22–87:7, 87:19–88:2, 88:17–21. Yet the app's breakthrough innovation and central feature opened a new path that traditional social networks had not yet explored: an AI algorithm that shows users content based not on their friends, but on their interests. See PX 689 (Adam Presser Decl.) at 16. This is TikTok's For You page, a scrollable feed that the algorithm assembles by trawling through the app's videos, analyzing the user's behavior, and predicting which video she will most want to see next. Id. More than 70% of time on TikTok is spent on this feed. See Apr. 30 AM Tr. at 53:21–54:10. TikTok is a recent import to the United States, having arrived only in 2018. Id. at 32:17–18. It has since spread furiously. As of the start of this year, more than 170 million Americans per month were using the app. Id. at 65:22–25.

Finally, YouTube. This platform lets users upload videos and watch the billions of videos uploaded by others. See Apr. 17 PM Tr. at 151:5–8, 151:24–152:2, 196:6–11. It also recommends videos based on each user's interests and what others are watching. Id. at 154:4:3–4, 157:23–158:4, 173:3–7. Users can like videos and comment on them. Id. at 160:6–11, 164:9–

13.  If watching a video on the YouTube app, they can tap a button to send it to others — say, by texting it to a friend.  Id. at 189:23–191:1.  Many videos on YouTube are longer than what you will find on TikTok or Instagram.  See PX 13494 (Google Resp. to Australian Regulators) at 9; May 8 PM Tr. at 180:5–9.  But the platform has also added YouTube Shorts, short videos that are virtually identical to a TikTok video or a Facebook or Instagram Reel.  See Apr. 17 PM Tr. at 162:14–15; DX 1088 (TikTok Resp. to Australian Regulators) at 3–4.

### 2.  The Evolution of Meta's Apps

The Facebook and Instagram that exist today bear little resemblance to the versions that readers might remember from the 2010s.  Time was, both apps primarily showed content from users' friends — you might log on to Facebook and see a friend's post on your wall, then open up Instagram to a feed full of pictures from your friends' weekends.  See Apr. 14 PM Tr. at 170:9–13; Apr. 16 AM Tr. at 53:20–54:5; Apr. 22 AM Tr. at 26:4–27:17; DX 517 (Mosseri Post on Meaningful Social Interactions) at 1.  Those versions of Meta's apps are gone.  See Apr. 14 PM Tr. at 170:14–171:25; Apr. 29 AM Tr. at 9:12–25.

Americans now spend only 17% of their time on Facebook viewing content from their friends.  See DX 1152 (Jan. 2025 Facebook Surface Breakdown).  On Instagram, that number is 7%.  See DX 1153 (Jan. 2025 Instagram Surface Breakdown).  What has replaced content from friends?  For the most part, short videos posted by strangers and recommended by AI.

A majority of Americans' time on Facebook is now spent watching videos.  See DX 1147 (U.S. Share of Facebook Time Spent on Video).  Same for their time on Instagram.  See DX 1153 (Jan. 2025 Instagram Surface Breakdown).  In particular, both apps have shifted to primarily showing Reels.  See Apr. 29 PM Tr. at 193:10–194:5; PX 10034 (Apr. 2022 Meta Executives Email Thread) at 4.  Adam Mosseri, the Head of Instagram, painted a particularly

vivid picture of how central Reels is to that app: "[W]e integrated Reels throughout the entire experience.  We added them to feed. . . . We added them to explore.  We added them to the create flow.  We added them to the Reels tab itself, and we added a Reels tab within the profile.  So every tab . . . across Instagram had Reels integrated in some way across them."  May 8 PM Tr. at 157:11–17.  Most of the time that Americans spend on Instagram is spent watching Reels, see DX 1153 (Jan. 2025 Instagram Surface Breakdown), and Reels is also the single most-used part of Facebook.  See DX 1152 (Jan. 2025 Facebook Surface Breakdown).

Reels relates to some helpful vocabulary that the Court will be returning to.  Meta uses the phrase "connected content" for posts from accounts that a user has friended or followed.  See Apr. 14 PM Tr. at 185:21–186:5.  By contrast, "unconnected content" is from accounts that the user has not friended or followed.  Id. at 186:5–7; Apr. 15 PM Tr. at 199:18–200:2.

The shift to Reels is notable because they are entirely unconnected.  See DX 1152 (Jan. 2025 Facebook Surface Breakdown); DX 1153 (Jan. 2025 Instagram Surface Breakdown).  Even feeds that used to show endless streams of friends' posts now mostly display unconnected content.  Today, fewer than 15% of posts that users see in Facebook's News Feed are original posts from their friends.  See May 12 AM Tr. at 44:8–45:13; May 14 PM Tr. at 248:12–17; Defendant's Demonstrative (DDX) 29.3 (Facebook Feed Composition); see also DX 1152 (Jan. 2025 Facebook Surface Breakdown) (calculating this number as 25%, possibly by including content that friends reshare).  On Instagram's Feed, that number is 5%.  See DX 1153 (Jan. 2025 Instagram Surface Breakdown).

To be sure, connecting with friends remains an important part of both apps.  See Apr. 14 PM Tr. at 162:11–163:8, 164:1–10, 181:13–25; May 8 AM Tr. at 18:8–19, 86:11–87:1; May 15 AM Tr. at 10:11–13; PX 708 (Mosseri Interview) at 12; PX 3008 (Facebook Feed & Ecosystems

Deck) at 39; PX 10034 (Apr. 2022 Meta Executives Email Thread) at 1; PX 12341 (Zuckerberg-Mosseri Email Exchange) at 2–3; PX 12669 (FB App Strategy Thread) at 4; DX 522 (Instagram 2021 H2 Planning Primer) at 3.  Yet friends' content has withdrawn from the main feature to a smaller ingredient in a blend.  See May 14 PM Tr. at 218:7–12 (friend content "is becoming a supporting part of the cast instead of the main character"); PX 3827 (Aug. 2022 Meta Email Thread) at 2; May 12 AM Tr. at 41:2–8; May 8 AM Tr. at 30:8–31:8, 87:7–11; May 14 PM Tr. at 172:11–173:13, 174:15–175:2, 215:16–24; PX 10236 (Facebook H1 2022 Review) at 2; PX 12341 (Zuckerberg-Mosseri Email Exchange) at 2.

How people use Facebook and Instagram socially has changed, too.  Users have become far less likely to post publicly and instead primarily share content using private messages, either in the app or over text.  See May 8 AM Tr. at 65:20–22, 87:7–11, 118:13–22; May 14 PM Tr. at 217:24–218:18, 221:5–9; DX 606 (Instagram U.S. Teen Messaging Deck) at 4, 10–11; DX 585 (Facebook Board Meeting Deck on Messaging) at 3, 6; DX 517 (Mosseri Post on Meaningful Social Interactions) at 2; PX 708 (Mosseri Interview) at 10; DX 600 (Facebook U.S. Long-Term Themes Deck) at 5.

Put those changes together — a shift from feeds full of friends' posts to ones dominated by unconnected content, and a pivot from posting in a semi-public feed to sending content to a single friend or a group chat — and both scrolling and sharing have transformed.  A decade ago, users who checked Facebook or Instagram would see a stock of updates broadcasted by their friends: a status update, a baby picture, a video posted on a friend's Facebook wall.  When they wanted to share, they would post something to this ever-growing feed for all their friends to see. Now, they are more likely to open the app and scroll through AI-recommended content, then share by sending that content as a private message.  See Apr. 14 PM Tr. at 167:22–168:6; Apr.

10

15 PM Tr. at 213:3–13; Apr. 16 AM Tr. at 53:20–54:5; Apr. 16 PM Tr. at 165:22–166:7; May 12 AM Tr. at 63:14–64:2.

Why did this happen?  The tectonic transformation was the sum of six smaller shifts.

First, smartphone usage exploded.  In 2011, only 35% of Americans owned a smartphone.  See May 13 AM Tr. at 62:2–8.  By 2024, 91% did.  Id.  As Americans increasingly relied on their phones, they increasingly kept up with their friends by texting, especially using group chats that let them keep up with many friends at once.  Texting a medium-sized group of close friends, it turns out, was often more appealing than broadcasting updates to 1,000 acquaintances.  See Apr. 14 PM Tr. at 171:14–22; Apr. 16 AM Tr. at 63:6–64:8, 103:9–13; May 12 AM Tr. at 49:3–9, 63:5–20; DX 606 (U.S. Teen Messaging Deck) at 4; DX 585 (Facebook Board Meeting Deck on Messaging) at 3.  Smartphones thus helped Americans easily share with select groups of friends they cared about, which in turn made posting to a social-media feed less important.

Second, cellphone data got better.  It got faster, so people could watch videos on their phones without bushwhacking through constant freezing and buffering.  See Apr. 15 PM Tr. at 210:16–211:2; Apr. 16 PM Tr. at 274:16–275:1; Apr. 16 AM Tr. at 36:16–23.  Data also got cheaper, making it feasible to watch videos anywhere instead of only when tethered to a Wi-Fi connection.  See May 8 PM Tr. at 179:17–180:3; May 14 PM Tr. at 253:2–9.  Meta CEO Mark Zuckerberg captured these years of progress and their effect on social media in a 2022 call with investors: "[V]ideo is really becoming the primary thing" because "mobile networks [have] gotten really good."  PX 545 (Meta Investor Call) at 17; see also PX 708 (Mosseri Interview) at 11 ("When networks get faster, when data gets cheaper, people keep moving more and more to video.").

11

Third, the steady progress of cellular data was followed by a massive leap in AI. Advanced AI algorithms can now analyze your preferences, search through billions of pieces of content, and find engaging videos about the things you care most about in the world.  As a result, when Facebook and Instagram want to serve a user the post that she is most interested in, they are not limited to posts from her friends or accounts she follows.  See Apr. 15 PM Tr. at 214:14–215:10; May 15 AM Tr. at 6:19–7:12.  Instead, they can sift through millions of videos and find the perfect one for her — and it is more likely to interest her than a humdrum update from a friend she knew in high school.  See May 12 AM Tr. at 63:14–23; May 14 PM Tr. at 254:6–256:8

Fourth, as social networks have matured, the alternatives to AI-recommended content have become less appealing.  When someone first signed up for Facebook, his friends on the app were his friends in real life.  More than a decade later, his offline friends have changed, but his old Facebook friends are still there.  See Apr. 16 AM Tr. at 49:2–50:8; May 14 at 222:23–223:13.  Longtime users' friend lists have thus become an often-outdated archive of people they once knew: a casual friend from college, a long-ago friend from summer camp, some guy they met at a party once.  Posts from friends have therefore grown less interesting.  See PX 10034 (Apr. 2022 Meta Executives Email Thread) at 4 ("[A] lot of people's friend graphs are stale and not filled with the people they want to hear from or connect with.").

Put those four changes together — millions of Americans with a smartphone in hand, hooked up to a fast and cheap network that shows videos on demand, equipped with an algorithm that can find just the right one, and increasingly bored by their friends' posts — and the conditions were set for a social-media app that would show nothing but unconnected videos

recommended by an algorithm.  That app was TikTok, see Apr. 29 PM Tr. at 194:4–16, and it was the fifth force pushing Facebook and Instagram to evolve.

TikTok launched in the United States in 2018.  See Apr. 30 AM Tr. at 32:17–18.  It soon put enormous competitive pressure on Meta.  See, e.g., May 12 AM Tr. at 68:19–25, 70:5–17; DX 660 (IG Metric Softness Deck) at 6; DX 650 (May 2020 Raji Email) at 1; DX 663 (Meta Executive Chat Thread) at 1.  To defend its business, Meta added Reels to Instagram in 2020, see Joint Stipulations of Fact, ¶ 34, and to Facebook in 2021, id., ¶ 20, copying TikTok to keep users on Meta's apps.  See DX 922 (TikTok Project Blue Summ.) at 14 (Meta is "shifting to short-form video content and prioritizing . . . Reels" to prevent users from switching to TikTok); id. at 19 (Reels was "Meta's competitive response to TikTok, particularly around gaining back user timespent from young adults"); DX 1018 (Sep. 2020 Meta Board Meeting Deck) at 15; Apr. 29 PM Tr. at 193:13–194:5; May 12 AM Tr. at 70:8–17.  These short unconnected videos recommended by AI then multiplied to dominate users' feeds.  See DX 1153 (Jan. 2025 Instagram Surface Breakdown); DX 1152 (Jan. 2025 Facebook Surface Breakdown).

Finally, those five changes both caused and were reinforced by a change in social norms, which evolved to discourage public posting.  People have increasingly become less interested in blasting out public posts that hundreds of others can see.  See DX 522 (Instagram 2021 H2 Planning Primer) at 22; DX 572 (Long-Term Sharing Trends & Future Expectations Deck) at 14; May 12 AM Tr. at 51:5–52:5, 53:5–7, 102:1–103:11; PX 10034 (Apr. 2022 Meta Executives Email Thread) at 7; May 1 PM Tr. at 176:11–17; May 8 AM Tr. at 29:19–24; DX 606 (Instagram U.S. Teen Messaging Deck) at 10–11.  Instead, they prefer to send messages to individual friends or to group chats.  See DX 522 (Instagram 2021 H2 Planning Primer) at 21–22; DX 888 (Dec. 2021 Snapchat Board Meeting Update on Stories) at 3; Apr. 15 PM Tr. at 213:18–214:13;

Apr. 16 PM Tr. at 165:22–166:7; May 7 PM Tr. at 251:21–23; May 12 AM Tr. at 52:23–54:2; May 12 PM Tr. at 168:12–18; May 14 PM Tr. at 177:2–9.

That shift in norms has not only changed what people post; it has also limited what is there for them to see.  Because Meta has fewer posts from friends to fill each user's feed, it must turn to unconnected content to fill the gap.  See May 8 AM Tr. at 65:20–22; May 14 PM Tr. at 221:5–9; see also PX 3008 (Facebook Feed & Ecosystems Deck) at 40 ("Given the ongoing" fall in public posting, "we think increasing" the number of friend posts on users' feeds "is almost impossible . . . ."); PX 3631 (Instagram Insights) at 13 ("[T]he issue is related to inventory decline — how much potential content people have available to them.  We are running out of [friends and family] inventory to show our users.").

Those six trends have transformed Facebook and Instagram into the apps that exist today, ones that primarily show users short unconnected videos recommended by algorithms.  Both apps are pushing still further in that direction.   In just the last two years, the share of time on Facebook that Americans spent viewing friends' content fell by almost a quarter; the share of time they spent watching Reels more than doubled.  Compare DX 1169 (Jan. 2023 Facebook Surface Breakdown), with DX 1152 (Jan. 2025 Facebook Surface Breakdown).  In the same period on Instagram, the share of time spent on friends' content fell by more than a third, while the share of time spent watching Reels more than tripled.  Compare DX 1171 (Feb. 2023 Instagram Surface Breakdown), with DX 1153 (Jan. 2025 Instagram Surface Breakdown).

3.  *Convergence*

Facebook, Instagram, TikTok, and YouTube have thus evolved to have nearly identical main features.  See Apr. 16 AM Tr. at 21:3–22:1, 36:13–37:23.  On all four, users spend most of their time watching videos.  See DX 1147 (U.S. Share of Facebook Time Spent on Video); DX

14

1153 (Jan. 2025 Instagram Surface Breakdown); Apr. 30 AM Tr. at 53:21–54:7; Apr. 17 PM Tr. at 151:23–24.  All four use algorithms to recommend those videos to users.  See Apr. 16 AM Tr. at 21:3–9, 36:13–37:23; Apr. 17 PM Tr. at 173:3–7.  And if someone finds content that she likes, all four apps let her tap a button to send it to friends — whether via a direct message on Facebook, Instagram, or TikTok, or using a text message.  See Apr. 16 AM Tr. at 53:20–54:14.

The convergence is especially striking among Meta's Reels, TikTok's videos, and YouTube's Shorts.  As TikTok told Australian regulators, "TikTok, Reels and [YouTube] Shorts are virtually — and deliberately — indistinguishable in function and user experience."  DX 1088 (TikTok Resp. to Australian Regulators) at 3; accord V Pappas Deposition at 55:19–20 (Reels is copy of TikTok and "[t]he features are almost identical"); Eric Morrison Deposition at 85:16–19. Indeed, the same content creators often post the same videos to all four platforms, see Apr. 17 PM Tr. at 192:1–6, where those videos are shown in the same formats with the same options to like, comment, and share:

   

| Instagram Reel | Facebook Reel | TikTok video | YouTube Short |
| DDX 8.3 | DDX 8.5 | DDX 8.7 | DDX 8.8 |

15

The most-used part of Meta's apps is thus indistinguishable from the offerings on TikTok and YouTube.

As Meta has moved to showing TikTok-style videos, TikTok has moved to adding Meta-style features to share them with friends.  TikTok encourages users to add their friends, including by importing their list of Facebook and Instagram friends and phone contacts, and uses those lists to recommend accounts for users to follow.  See Apr. 30 AM Tr. at 57:21–58:5, 80:15–82:11.  Users can also search for accounts and follow them, id. at 88:17–89:7, and they can use TikTok to send messages.  Id. at 62:23–63:9, 88:9–13, 88:25–89:3.  As Tom Alison, the Head of Facebook, wrote to employees: "[L]ast week . . . someone asked 'Are we chasing TikTok?'  I like to flip this on its head and consider 'Is TikTok chasing Facebook?' . . . I see more and more social features every day."  PX 10249 (Meta Discovery Engine Thread) at 3.  Mosseri, the Head of Instagram, agreed: he testified that while Instagram has shifted to focus on unconnected video, TikTok has added social features, and "we have met in the middle, so to speak."  May 8 AM Tr. at 112:19–113:2.

At the same time, the technological changes discussed above have made video apps more social.  Watch a video on the desktop website www.youtube.com, and it takes several steps to share it with a friend.  Watch it on the YouTube app, and you can text it to her with the tap of a button.  See Apr 16 AM Tr. at 40:6–7; Apr. 17 PM Tr. at 189:21–190:4.  Ditto for watching a TikTok video.  See Apr. 30 AM Tr. at 62:23–63:9, 88:9–13, 88:25–89:3.  The possibilities opened by technology, the responses by users, and the competitive choices of the apps have combined to push Facebook, Instagram, TikTok, and YouTube into similar social-media experiences.

16

B.    Meta's Business Model

In terms of a business model, both Facebook and Instagram have always charged users the same amount: nothing.  See Apr. 15 PM Tr. at 221:22–222:6, 227:24–228:1.  Instead, Meta makes money by selling ads.  See Joint Stipulations of Fact, ¶ 54; PX 715 (Meta 10-K) at 61. Companies like Meta measure the intensity of advertising on their apps by analyzing "ad load": the share of posts that are ads.  See May 1 AM Tr. at 91:23–92:2.

Common sense tells us that users would prefer content to ads — i.e., a lower ad load. While Meta witnesses insisted that ads are benign, see, e.g., Apr. 15 AM Tr. at 96:17–99:12, the record says otherwise.  For instance, Facebook has run an experiment where it does not show ads to a small group of users; those users spend 7% more time on the platform.  See PX 10295 (Meta Interrog. Resp.) at 15–16; May 13 AM Tr. at 50:23–51:11; May 20 AM Tr. at 36:18–23; see also May 8 AM Tr. at 66:1–5 (similar small but nonzero effect of withholding ads from some Instagram users).  Meta's internal documents also universally reflect an awareness that users dislike ads.  See PX 15112 (Feb. 2018 Meta Email Thread) at 5 (Facebook employee calling ads "'tax[]' on engagement"); id. at 7 (Zuckerberg: "replacing . . . organic content with . . . ads" would inflict "engagement hit[]"); PX 15129 (Meta Board Update) at 1 (Zuckerberg telling Meta's Board of Directors that ad load is "tax" and "headwind"); PX 12501 (May 2021 Meta Executives Email Thread) at 4; PX 15240 (2018 Instagram Executives Email Thread) at 1–3. One Instagram survey found that the top two user complaints were both about seeing too many ads.  See PX 3778 (Instagram Voice of the Community Deck) at 6.

While users indeed prefer fewer ads, however, the preference is slight.  Again, showing users no ads whatsoever gets them to spend only 7% more time on Facebook.  See May 13 AM Tr. at 50:23–51:11; May 20 AM Tr. at 36:18–23.  Even for teens and young adults — who are

especially sensitive to ads, see PX 12501 (May 2021 Meta Executives Email Thread) at 1, 3–4

— ads seem to impose a low cost.  Meta estimated that reducing teens' ad load by 80% would

get them to use Facebook only 3% more often, while cutting young adults' ad load in half would

juice their Facebook sessions by only 1%.  Id. at 4; see also May 1 PM Tr. at 165:2–166:3

(discussing this modest effect).  As a Facebook analysis concluded, "Increasing ad load has a

measurable . . . impact on engagement[,] . . . but the magnitude of change is very small."  DX

342 (News Feed Ad Load Trajectory Deck) at 26; accord id. at 34.

       In fact, people are not willing to pay much to avoid ads.  European regulators require

Meta to offer ad-free versions of its apps.  See Apr. 15 PM Tr. at 168:6–14.  Those versions cost

€5.99 per month for the platforms' websites and €7.99 per month for the apps.  Facebook and

Instagram to Offer Subscription for No Ads in Europe, Meta (Nov. 12, 2024),

https://perma.cc/6VXR-HRCY.  Fewer than .01% of users have taken the offer.  See May 1 PM

Tr. at 163:22–164:13.  This negligible willingness to pay to avoid Meta's ads is striking: the ad-

free version of Netflix costs $17.99 per month, Plans and Pricing, Netflix,

https://perma.cc/H5W6-F8F3, while ad-free Disney+ runs for $18.99 a month.  Disney+ Plans

and Prices, Disney+, https://help.disneyplus.com/article/disneyplus-price (accessed Nov. 14,

2025).

       One reason why users seem to mind ads so little is that Meta works hard to make them

unintrusive and engaging.  For one, users can scroll past an ad on their feeds — unlike, say, an

ad on Netflix.  See Apr. 17 AM Tr. at 13:12–14:3; May 19 PM Tr. at 251:1–4.  Meta also tries to

ensure that its ads are interesting and relevant.  After all, the better the ad, the more consumers

will interact with it, thus enhancing Meta's bottom line.  See May 1 PM Tr. at 154:21–155:2;

May 20 AM Tr. at 32:23–33:5.  Meta sells ads by auctioning off spots in a user's feed.  See May

18

1 PM Tr. at 153:3–154:10.  The price that it accepts in this auction depends in part on the quality of the ad: the more engaging the ad and the more relevant to this particular user, the less Meta will charge to show it.  See Apr. 17 AM Tr. at 15:15–16:3; May 1 PM Tr. at 153:12–155:20. Relatedly, the more likely a user is to be interested in an ad, the more likely Meta is to show it to him.  See May 1 PM Tr. at 153:12–155:14.

Meta tailors ad load to each user.  See May 1 AM Tr. at 99:7–14; May 1 PM Tr. at 157:2–8; May 15 AM Tr. at 23:12–18.  The company knows basic information about users: their demographics, how long they have been on Facebook or Instagram, how many friends or followers they have, how much they use the app.  It also tracks how each user responds to ads — how often she clicks on them, whether they make her use the app less, and how large that effect is.  See Apr. 17 AM Tr. at 15:3–5; May 12 PM Tr. at 220:10–17; PX 722 (Meta Privacy Policy) at 5.  Meta uses that information to individually calibrate each user's ad load.  See Apr. 15 AM Tr. at 98:7–11, 99:4–6; Apr. 17 AM Tr. at 24:4–10; May 1 AM Tr. at 99:15–100:15; May 1 PM Tr. at 157:2–8, 160:7–19; May 12 PM Tr. at 220:21–221:9; May 13 AM Tr. at 18:13–21, 19:2–20:13, 21:4–24; May 14 PM Tr. at 185:25–186:5; May 15 AM Tr. at 23:12–24:3; PX 10295 (Meta Interrog. Resp.) at 11, 15–16; DX 1202 (Facebook Ad Load by Age).

This business model — give people a compelling product for free, then sell ads that can be seen by millions — has been amazingly successful.  Facebook has grown from a handful of college campuses to 240 million active American users.  See May 8 PM Tr. at 187:1–10. Meanwhile, Meta's advertising revenue has swelled from $80 million in 2009 to $161 billion last year.  See Plaintiff's Demonstrative (PDX) 90 (Hemphill Demonstrative) at 209.

C.    Procedural History

On now to the history of what brings us here.  Facebook bought Instagram in 2012 and WhatsApp in 2014.  See Joint Stipulations of Fact, ¶¶ 58–61.  The FTC approved both acquisitions at the time.  Id., ¶¶ 41–49; FTC v. Meta Platforms, Inc., 775 F. Supp. 3d 16, 30 (D.D.C. 2024).  Years later, it changed its mind.  At the end of 2020, it filed this suit alleging that there exists a distinct market for "personal social networking" services in the Unted States, see ECF No. 3 (Redacted Compl.), ¶¶ 51–60, that Meta has held a monopoly in this market since 2011, id., ¶ 170, and that Meta maintained that monopoly power by (among other acts) buying Instagram and WhatsApp to squash their competitive threats.  Id., ¶¶ 71–73.  The agency claimed that Meta thereby violated Section 2 of the Sherman Act, which forbids monopolization.  Id. ¶¶ 171–74; 15 U.S.C. § 2.

This Court dismissed the initial Complaint.  FTC v. Facebook, Inc., 560 F. Supp. 3d 1, 32 (D.D.C. 2021).  It expressed doubts about the boundaries of any purported market for personal social networking, which depends on the porous borders of several apps that offer a changing mix of free services, some of which involve connecting with friends and others of which do not. Id. at 4.  Still, the FTC had alleged enough about the market to survive a motion to dismiss.  Id. at 16–17.  But it had merely rattled off a conclusory assertion that Facebook held a monopoly in that market, so the Court held that the agency had not plausibly stated a claim.  Id. at 4.

The FTC tried again with a beefed-up Amended Complaint, once again alleging that Meta holds a monopoly in personal social networking and unlawfully maintained that monopoly by buying Instagram and WhatsApp to eliminate them as competitive threats.  See ECF No. 82 (Redacted Am. Compl.), ¶¶ 17–18, 231–35.  This time, the Court held that the FTC had plausibly alleged that Facebook held monopoly power and that its acquisitions of Instagram and

20

WhatsApp constituted monopolization.  FTC v. Facebook, Inc., 581 F. Supp. 3d 34, 40 (D.D.C. 2022).  It therefore let this count proceed, albeit with a warning that "the agency may well face a tall task down the road in proving its allegations."  Id.

After extensive discovery, the parties each moved for summary judgment.  See ECF Nos. 324 (Meta MSJ); 327 (FTC MSJ).  The Court largely denied both motions, holding that the FTC had met "the forgiving summary-judgment standard" but warning that it "face[d] hard questions about whether its claims c[ould] hold up in the crucible of trial."  Meta, 775 F. Supp. 3d at 26.

The Court held that bench trial this spring.  It heard testimony that stretched for more than six weeks, considered thousands of documents, and has now received both parties' post-trial submissions.  This Opinion constitutes the Court's verdict and thus incorporates its findings of fact and conclusions of law.

The Court decides only what product market Meta competes in and whether Defendant holds monopoly power in that market.  Both are primarily factual questions.  Twin City Sportservice, Inc. v. Charles O. Finley & Co., 676 F.2d 1291, 1300 (9th Cir. 1982), United States v. Microsoft Corp., 253 F.3d 34, 52 (D.C. Cir. 2001) (en banc); Geneva Pharms. Tech. Corp. v. Barr Lab'ys Inc., 386 F.3d 485, 502 (2d Cir. 2004); Mid-Tex. Commc'ns Sys., Inc. v. AT&T Co., 615 F.2d 1372, 1387 (5th Cir. 1980).  While the Court explicitly discusses the credibility of only one witness, its findings are inevitably informed by how credible it found each witness's testimony.  Findings of fact and determinations of credibility are thus inextricably woven into the analysis that follows, which makes and applies legal holdings as needed.

## II.    Analysis

Section 2 of the Sherman Act prohibits monopolization, an offense whose relevant elements here require (1) holding monopoly power and (2) maintaining it through means other

than competition on the merits.  Monopoly power is power over some market, so courts usually start a monopolization case by defining that market's boundaries.  In doing so, the Court first sets out some threshold legal basics, then devotes the bulk of the Opinion to defining the market in which Facebook and Instagram compete.  It last weighs whether Meta commands a monopoly.

A.    Monopolization

Section 2 of the Sherman Act forbids monopolizing trade.  See 15 U.S.C. § 2.  But just because a firm holds a monopoly does not mean that it has committed the offense of monopolization.  Verizon Commc'ns Inc. v. Law Offs. of Curtis V. Trinko, LLP, 540 U.S. 398, 407 (2004).  Instead, monopolization requires (1) holding monopoly power in some market and (2) acquiring or maintaining that power through anticompetitive conduct — that is, through means other than outcompeting one's rivals.  United States v. Grinnell Corp., 384 U.S. 563, 570–71 (1966).  The Court decides this case on the first element alone.

A firm commands monopoly power if it could maximize its profit by charging a price substantially above what would prevail in a competitive market.  Microsoft, 253 F.3d at 51; see generally IIB Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law, ¶ 501 (5th ed. 2021).  Plaintiffs can prove monopoly power either directly or indirectly.  Direct proof is usually straightforward: typically, evidence that the firm in fact is charging significantly more than the competitive price.  Microsoft, 253 F.3d at 51.  While such red-handed proof is analytically simple, it is rare.  Id.  Instead, Plaintiffs typically prove monopoly power indirectly — by showing that a firm has a dominant share of a market that is protected by barriers to entry.  Id.

B.    Timing

Before turning to the methods of proof, one more preliminary remains: when must the FTC show that Meta had monopoly power?   Throughout this case, the Court has held that the

22

agency must prove that Meta is violating the law <u>now</u>.  <u>See</u> ECF Nos. 503 (Order Den. FTC Mot.

to Exclude); 610 (Order Overruling FTC Obj.) at 1.  In its post-trial brief, the FTC nonetheless

tries another angle, arguing that if Meta broke the law in the past and this violation is still

harming competition, then the agency may seek an injunction to redress the lingering harm.  <u>See</u>

FTC Post-trial Mem. at 5–6.

      That might be a sensible statutory scheme, but it is not the one that Congress passed.  The

FTC's authority to seek injunctions comes from Section 13(b) of the FTC Act: "Whenever the

Commission has reason to believe that any . . . corporation <u>is violating</u>, or <u>is about to violate</u>, any

provision of law enforced by the Federal Trade Commission" — including the antitrust laws —

then "the Commission . . . may bring suit in a district court of the United States to enjoin any

such act or practice."  15 U.S.C. § 53(b) (emphasis added).  As courts have emphasized, "Section

13(b) serves a . . . forward-facing role: enjoining ongoing and imminent future violations."  <u>FTC</u>

<u>v. Credit Bureau Ctr., LLC</u>, 937 F.3d 764, 774 (7th Cir. 2019); <u>see also</u> <u>AMG Cap. Mgmt., LLC</u>

<u>v. FTC</u>, 593 U.S. 67, 76 (2021) (Section 13(b) "focuses upon relief that is prospective, not

retrospective"); <u>FTC v. Evans Prods. Co.</u>, 775 F.2d 1084, 1087 (9th Cir. 1985) (Section 13(b)

"cannot be used to remedy past violations").  The FTC can therefore seek to enjoin only conduct

that currently violates the law or imminently will.

      To win the permanent injunction that it seeks here, the FTC must <u>prove</u> a current or

imminent legal violation.  While Section 13(b) is always forward facing, the burden it sets for the

agency rises as a case progresses.  To have a cause of action, the FTC needs only "reason to

believe" that a defendant is currently breaking the law or is about to.  <u>See</u> 15 U.S.C. § 53(b).  To

secure a preliminary injunction, it must make a "proper showing."  <u>Id</u>.  And to win a permanent

23

injunction, the relevant standard here, the FTC must provide "proper proof" — that is, proof that the "act or practice" that it seeks to enjoin is an ongoing or imminent violation of the law.  Id.

What does that mean for this case?  Recall that Meta is violating Section 2 only if it (1) has monopoly power and (2) is maintaining that power through anticompetitive conduct.  Grinnell, 384 U.S. at 570–71.  As both elements must be met, the FTC must prove that Meta has monopoly power now.  FTC v. Surescripts, LLC, 665 F. Supp. 3d 14, 38–39 (D.D.C. 2023) (reaching same result); cf. United States v. U.S. Steel Corp., 251 U.S. 417, 444 (1920) (holding, in antitrust case brought under different statute, that "our consideration should be of, not what the corporation had power to do or did, but what it has now power to do and is doing").

The Court now turns to whether the FTC has made that showing.  At trial, the agency offered direct and indirect evidence, which the Court looks at separately.

C.     Direct Evidence

The FTC claims that three pieces of evidence prove Meta's monopoly power: the company's lavish profits, the jacking up of its apps' quality-adjusted price, and price discrimination.  The Court addresses them one by one.

1.     *Profits*

The FTC first argues that Meta must hold a monopoly because it has long earned profits that exceed its cost of capital.  See FTC Post-trial Mem. at 9.  Persistent profits above the cost of capital may indeed suggest monopoly power.  Town Sound & Custom Tops, Inc. v. Chrysler Motors Corp., 959 F.2d 468, 481 n.17 (3d Cir. 1992) (*en banc*); FTC v. Actavis, Inc., 570 U.S. 136, 157 (2013).  But they can also imply any of the other reasons why one firm is more profitable than its rivals: shrewd management, exceptional efficiency, booming demand, or risky investments that hit big.  Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic, 65 F.3d

24

1406, 1412 (7th Cir. 1995); <u>Bailey v. Allgas, Inc.</u>, 284 F.3d 1237, 1252 (11th Cir. 2002). As Chief Judge Richard Posner has written for the Seventh Circuit, "[I]t is always treacherous to try to infer monopoly power from a high rate of return[;] . . . there is not even a good economic theory that associates monopoly power with a high rate of return." <u>Blue Cross</u>, 65 F.3d at 1412. Unsurprisingly, then, "[m]any courts have disparaged the evidentiary value of high profits to indicate monopoly power." <u>Apple Inc. v. Psystar Corp.</u>, 673 F. Supp. 2d 926, 931 (N.D. Cal. 2009).

The record here is a case study in why. It reveals several other factors that could be driving Meta's handsome profits, none of which the FTC has foreclosed. For instance, Defendant has developed impressive technology that helps advertisers create engaging ads and target them to exactly the right users. <u>See</u> May 19 PM Tr. at 249:23–255:19; May 20 AM Tr. at 20:16–22:18, 23:22–24:3; <u>see also</u> May 1 PM Tr. at 177:13–20 ("vast majority" of Meta's projected revenue growth is from making ads more relevant). Its superb returns, then, might come from an enticing appeal to the advertisers who pay it billions, not from a tight grip on the users who pay it nothing. <u>Cf.</u> <u>Ohio v. Am. Express Co.</u>, 585 U.S. 529, 544–47 (2018) (when analyzing platforms with two sides, courts must consider both). Alternatively, Meta's high returns could be the appropriate reward for risky investments that paid off. It has, for example, plowed enormous sums of money into research and development. <u>See</u> May 21 AM Tr. at 159:20–160:3. When those investments pan out, any lavish profit is not a monopoly rent but instead the appropriate reward for a roll of the dice. Or the company could simply be exceptionally well managed.

The FTC's experts did not assess whether any of these alternatives could be responsible for Meta's high profits. <u>See</u> May 14 AM Tr. at 69:4–23, 77:15–18. The agency bears the burden

of proving that Meta is a monopoly, <u>Microsoft</u>, 253 F.3d at 58, yet the mere fact of high profits could show any number of alternatives, none of which the FTC rebutted.

The agency did not even show that Meta's profits are greater than other successful tech firms'.  The Supreme Court has refused to infer monopoly power from high profits "without proof of lack of comparable profits during those years in other prosperous industries."  <u>United States v. E. I. du Pont de Nemours & Co.</u>, 351 U.S. 377, 404 (1956).  The FTC offered no such proof here.  <u>See</u> Apr. 24 AM Tr. at 20:16–18; May 14 AM Tr. at 86:5–20.  The Court struggles to conclude that Meta's profits are suspiciously high when the FTC has not even proven that they are unusual.

Finally, the FTC's story about monopoly profits does not fit its own account of Meta's business.  The agency thinks that Meta (1) holds a monopoly in sharing with friends (think of posting a picture to Instagram's feed), (2) faces far stiffer competition to show unconnected videos (think of the choice between watching an Instagram Reel or an indistinguishable TikTok video), and (3) has exploited its monopoly in friend sharing to extract monopoly profits.  If that account were right, then as Meta's business has shifted away from friend sharing and toward unconnected video, it should be losing its monopoly profits.  Yet the opposite has happened: as Meta's apps have become closer substitutes for TikTok and YouTube, the company's projected rate of return has only increased.  <u>See</u> Apr. 24 AM Tr. at 15:23–16:13; Apr. 17 AM Tr. at 25:20–24.  When Meta's supposed monopoly is falling while its alleged monopoly profits are rising, it seems unlikely that the former is driving the latter.

### 2. *Quality-Adjusted Price*

Next, the FTC maintains that Meta has profitably raised the quality-adjusted price of its apps.  <u>See</u> FTC Post-trial Mem. at 9–12.  It must resort to this unintuitive argument because Meta

has never raised its apps' nominal price: Facebook and Instagram are free, just as they always have been.  See Apr. 15 PM Tr. at 221:22–23.  So the FTC instead argues that Meta has degraded these apps' quality.  By offering a worse product for the same price, the agency reasons, Meta has imposed the equivalent of a price increase.

The record, however, shows the opposite: Meta's apps have continuously improved.  The company has added scores of new features to Facebook and Instagram, from Stories to Reels to Marketplace.  See DX 1180 (New Instagram Features); DX 1182 (New Facebook Features); DX 1207 (New Facebook Features, 2023–25); DX 1208 (New Instagram Features, 2023–25); May 14 AM Tr. at 42:9–23; May 21 PM Tr. at 158:16–24.  It also spends billions on research and development to offer further improvements.  See Apr. 15 PM Tr. at 230:13–231:23.  The Court simply does not find it credible that users would prefer the Facebook and Instagram apps that existed ten years ago to the versions that exist today.  Id. at 228:5–21 ("If you took a freeze frame of where our app used to be and that was the experience that [users] could have today, we would just be crushed.").

Still, for completeness, the Court will address the FTC's three arguments to the contrary: that Meta has degraded its apps' quality by increasing their ad load, that falling user sentiment shows that the apps have deteriorated, and that Meta has sabotaged its apps by underinvesting in friend sharing.

a.    Ad Load

The agency first points out that Meta has steadily increased the ad load on Facebook and Instagram.  See FTC Post-trial Mem. at 10; May 13 AM Tr. at 10:22–12:8.  Since users dislike ads, Plaintiff reasons, the increase in ad load is equivalent to an increase in quality-adjusted price.  See FTC Post-trial Mem. at 10.  That position has two problems.  For one, ads are only

27

one aspect of an app's quality. <u>See</u> May 14 AM Tr. at 41:3–6, 41:17–42:8, 49:24–50:2. When Meta has stuffed its apps with more ads <u>and</u> upgraded them with new features, it is not clear that the company has reduced quality overall.

More importantly, even considering just this one input into app quality, the effect of ads on users' experience depends on not only their number but also on their quality and relevance. <u>See</u> Apr. 15 AM Tr. at 96:22–25; Apr. 17 AM Tr. at 20:12–21:15; May 20 AM Tr. at 17:20– 19:11, 30:5–17, 31:6–16. An ad that is attractive, engaging, unobtrusive, and shows a user something that he wants imposes a much lower cost than an ad that is unsightly, disruptive, and irrelevant. The Court therefore cannot say whether increases in the number of ads have degraded Facebook and Instagram without accounting for changes in those ads' quality.

All the evidence, in fact, shows that their quality has increased. For one, Meta generally does not increase ad load until its ads have improved — that way, the company can sell more ads without pushing users away from its apps. <u>See</u> DX 342 (News Feed Ad Load Trajectory Deck) at 7 ("[W]e will . . . [o]nly increase ad load when . . . ad quality is increasing."); Apr. 17 AM Tr. at 23:20-24:3; May 8 AM Tr. at 60:7–14; <u>see also</u> May 20 AM Tr. at 30:18–31:5, 31:17–32:4.

That rule makes cold economic sense. If Meta could profitably have imposed today's higher ad load years ago, it would have. Instead, the company was likely already freighting users with the highest ad load that they would tolerate. <u>See</u> <u>CF Indus., Inc. v. Surface Transp. Bd.</u>, 255 F.3d 816, 824 (D.C. Cir. 2001) ("Koch is a for-profit institution, not an eleemosynary one, and it has provided no reason to believe that it priced below market for eight years, rather than calculated that those prices were the most the market would bear."); <u>see also</u> May 13 AM Tr. at 9:16–10:13 (describing this tradeoff for Meta). The only way that Meta could profitably

28

increase ad load from that already-profit-maximizing optimum, then, would be if the ads themselves had become less costly — that is, if their quality had improved.

What economic logic suggests direct evidence confirms.  The rate at which users buy something or subscribe to a service based on Meta's ads has steadily risen, suggesting that the ads have gotten more and more likely to connect users to products in which they have an interest. See May 1 PM Tr .at 177:24–179:16; DDX 18.3 (Ad Conversion Rate).

If we assume that the quality-adjusted price of Meta's apps several years ago represented the competitive price, then Meta's subsequent increase in ad load suggests one of two things.  It might show that Meta raised the quality-adjusted price above competitive levels, revealing monopoly power.  It might equally show that as the quality of Meta's ads has increased and the apps' features have improved, the company increased ad load to hold the quality-adjusted price of its apps at the same, competitive level.  All evidence points toward the latter.

### b.    Sentiment

Next, the FTC posits that falling user sentiment shows that the "overall quality of Facebook and Instagram ha[s] declined."  FTC Post-trial Mem. at 11.  Meta regularly surveys users on whether they think that Facebook and Instagram care about their users, whether they think these apps are good for the world, and how satisfied they are with the apps.  See Apr. 30 PM Tr. at 197:7–199:18.  The FTC (1) notes that the scores users give Meta have fallen over the years, (2) claims that "user sentiment measures [the] overall quality of Facebook and Instagram," and so (3) concludes that Facebook and Instagram have deteriorated.  See FTC Post-trial Mem. at 11.

While the argument's first premise is true, the second is emphatically not.  Nobody knows more about these surveys than Curtis Cobb, Meta's Vice President of Research, head of

29

the company's Demography and Survey Science group, and administrator of these surveys.  See Apr. 30 PM Tr. at 193:1–11, 197:1–4.  He explained that sentiment scores primarily measure "brand reputation," not product quality.  Id. at 197:7–14; accord May 1 AM Tr. at 28:1–4.  Meta's ordinary-course documents back him up: a 2020 deck calls these surveys measures of "our brand's standing."  PX 3013 (Relative Metrics Update) at 6.

As Cobb and other executives testified, sentiment mostly reflects the tone of news coverage about the company, not the quality of its products.  See May 1 AM Tr. at 30:5–19, 69:21–70:10; Apr. 29 PM Tr. at 158:7–10; May 8 PM Tr. at 267:2–6.  For instance, sentiment increased when Zuckerberg announced that he would give much of his wealth to charity.  See May 1 AM Tr. at 32:4–12.  And it moves around when Meta makes controversial decisions.  Sentiment fell after Facebook blocked posts about anti-lockdown protests at the height of COVID, as well as when the company left up Donald Trump's posts criticizing Black Lives Matter protests.  See PX 15475 (Weekly Sentiment Update) at 7; May 1 AM Tr. at 31:16–22.  None of those events reflects a change in the apps' quality.  Plus, sentiment varies widely across countries — where the apps are identical, but the news cycles differ.  See May 8 PM Tr. at 269:5–24; DDX 24.1 (Relative Cares About Users Scores by Country).

Unsurprisingly, then, Meta does not put much weight on these surveys to measure quality.  See May 1 AM Tr. at 49:19–51:18.  One Meta study "fail[ed] to detect significant and consistent effects of sentiment" on how often users posted, commented, or liked content, nor on how much advertising revenue Meta earned.  See PX 12968 (Does Sentiment Towards Facebook Affect Revenue and Engagement?) at 4, 7.  Meta has also found that sentiment surveys are poor predictors of user behavior.  See May 1 AM Tr. at 26:5–17; Apr. 29 PM Tr. at 163:23–164:4.

30

To be sure, these surveys detect some reactions to Meta's products, see Apr. 30 PM Tr. at 197:7–18; May 1 AM Tr. at 69:12–70:10, 71:13–72:6, 73:13–74:6, and many negative news stories are about problems with Meta's apps. For instance, the Cambridge Analytica scandal revealed genuine problems with Facebook's privacy protections, see Apr. 29 PM Tr. at 157:16–158:1, and it inflicted the biggest sentiment decline in the company's history. See PX 12110 (Cambridge Analytica Sentiment Effects Deck) at 4; PX 12968 (Does Sentiment Towards Facebook Affect Revenue and Engagement?) at 6.

At bottom, however, the testimony of the people who know these surveys best, Meta's own internal analysis, and user sentiment's response to external events convince the Court that any signal is drowned in noise. That is unsurprising: ask people how they feel about, say, Exxon Mobil, and their answers will tell you very little about how good its oil is. The FTC's claim that worsening sentiment shows a worsening product is unpersuasive.

The agency also tries to turn all this to its advantage: the very fact that users report greater dissatisfaction with Meta but do not use its apps less shows that they have nowhere else to turn. See FTC Post-trial Findings of Fact, ¶¶ 165–66. On the contrary, as discussed below, users have several alternatives that they have been turning to in droves. The better interpretation is that sentiment surveys primarily measure what people think of Meta's business as seen through the lens of salient news stories, not what users think of its apps.

c.      Underinvestment in Friends and Family

The FTC last claims that Meta has worsened its apps by underinvesting in the content that users value most: updates from friends and family. See FTC Post-trial Mem. at 11, 32; May 13 AM Tr. at 22:16–24:13. According to the agency, users consistently report that they want to

see more content from their friends, but Meta — insouciant in its monopoly power — has chosen not to listen.  See FTC Post-trial Findings of Fact, ¶¶ 341–43.

While the Court acknowledges the FTC's thoughtful briefing and diligent trial presentation, this theory makes no sense.  First, the evidence contradicts it.  While it is true that users see less content from their friends these days, that is largely due to the friends themselves: people simply post less.  See May 8 AM Tr. at 65:20–22; May 14 PM Tr. at 221:5–9.  An internal Instagram presentation concluded that it was "[u]nlikely" that the dwindling share of friend content in users' feeds was because of Instagram's ranking algorithm.  See PX 3631 (Instagram Insights) at 13.  Instead, "the issue is related to inventory decline — how much potential content people have available to them.  We are running out of [friends and family] inventory to show our users."  Id.; see also id. at 14–15.  Another Meta deck lamented, "Given the ongoing" fall in public posting, "we think increasing" friend posts "is almost impossible." PX 3008 (Facebook Feed & Ecosystems Deck) at 40.  Users are not seeing less friend content because Meta is hiding it from them, but instead because there is less friend content for Meta to show.

Nor is it clear that users want more friend posts.  True, they report on surveys that they do.  See PX 3785 (Lorax 2.0: Top User Issues Deck) at 9; May 13 AM Tr. at 100:18–101:1; May 27 AM Tr. at 61:4–9; May 14 PM Tr. at 166:11–169:9.  But their actions tell a different story. See Apr. 14 PM Tr. at 167:11–168:9, 169:7–24, 189:1–190:1; May 1 AM Tr. at 52:15–53:17; cf. United States v. Eastman Kodak Co., 63 F.3d 95, 104–05 (2d Cir. 1995) ("[W]hile many consumers state a preference for the familiar Kodak brand name, the empirical evidence of what consumers actually do indicates that consumers find non-Kodak film to be an acceptable substitute.").

32

Facebook tried boosting the amount of friend content in some users' feeds by 20% and decreasing it in others' by 20%. See May 14 PM Tr. at 249:21–250:10; PX 3008 (Facebook Feed & Ecosystems Deck) at 49. In both cases, time spent on Facebook was virtually unchanged. See DX 1168 (Facebook Feed Composition Experiment Result); PX 3008 (Facebook Feed & Ecosystems Deck) at 49. Instead, what users really seem to want is Reels. Meta measured the effect of Reels by rolling them out to most Instagram users, withholding them from a control group, and comparing how much each group used the app. See May 8 PM Tr. at 190:9–192:13. The effect was astonishing: users with Reels spent almost 50% more time on Instagram, opened the app more than 10% more, and were about 5% less likely to stop using it. Id. at 193:5–195:17. As Mosseri, the Head of Instagram testified, "It's insane. . . . [N]othing I can think of ever moved time by 48 percent, or anything even close to it. . . . [T]his is the most successful series of features as measured by a holdout in my 17 years at the company." Id. at 195:2–8. An equivalent experiment on Facebook found similar results. See May 14 PM Tr. at 259:20–260:5. Remember that Reels is not content from friends. See DX 1153 (Jan. 2025 Instagram Surface Breakdown). So whatever users might say they desire, what seems to draw them to Meta's apps is not marginal posts from marginal friends, but unconnected videos picked just for them. Meta's shift to the latter does not reveal monopoly power so much as a profit-maximizing corporation giving its customers what they want.

Indeed, the FTC's theory defies common sense. Meta's goal is to get users to spend as much time on its apps as possible, and it tunes its algorithms to show users the content they most want to see. See May 12 PM Tr. at 192:3–23; May 14 PM Tr. at 249:21–250:10. It has no reason to deliberately suppress content that will bring users in the door and put forward content that will push them out.

33

It would be especially irrational to force Reels on unwilling viewers because Reels earns Meta less money. Meta has a lower ad load on Reels, and the company and its rivals understand that the shift to Reels is costing Meta revenue in the short term. See DX 663 (Meta Executive Chat Thread) at 1; DX 922 (TikTok Project Blue Summ.) at 14; May 8 PM Tr. at 162:19–163:20; May 12 AM Tr. at 70:8–17. So does the FTC: its theory of this case is that Meta burdens friend content with ads because it enjoys a monopoly but can show fewer ads on Reels because it faces competition in short videos. See FTC Post-trial Mem. at 22, 33; FTC Post-trial Findings of Fact, ¶¶ 155, 169; May 12 PM Tr. at 214:6–12; May 13 AM Tr. at 17:3–11; May 27 AM Tr. at 45:5–18. Yet it now asks the Court to believe that Meta is gratuitously forgoing monopoly profits by pushing users away from its most popular and profitable offering to one that is both less appealing and less profitable.

Courts presume that sophisticated corporations act rationally. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 594 n.19, 595 (1986); Chase Mfg., Inc. v. Johns Manville Corp., 84 F.4th 1157, 1168 (10th Cir. 2023). So "if the factual context renders [a] claim implausible — if the claim is one that simply makes no economic sense — [the party] must come forward with more persuasive evidence to support [its] claim than would otherwise be necessary." Matsushita, 475 U.S. at 587. Here, the FTC has not offered even an ordinarily persuasive case that Meta is making the economically irrational choice to underinvest in its most lucrative offerings. It certainly has not made a particularly persuasive one.

* * * * *

In the end, the Court finds it impossible to believe that consumers would prefer the versions of Instagram and Facebook that existed a decade ago to the versions that exist today. That leaves open the possibility that while Meta's apps have improved, they are still worse than

they would be if Meta faced more competition.  Direct proof that a product is worse than some unknown counterfactual is elusive, however.  Instead, this argument is best considered as the harm that would follow if Meta were indeed a monopoly.  But the FTC must first prove that the company is one.  Up to this point, it has not.

### 3.    *Price Discrimination*

Last, the agency asserts that Meta charges a higher quality-adjusted price to a subset of users by showing them more ads.  See FTC Post-trial Mem. at 12.  That is mostly true: Meta shows more ads to the users who it predicts will respond by cutting their usage of Facebook and Instagram less.  See, e.g., May 1 AM Tr. at 99:15–100:15; May 12 PM Tr. at 220:21–221:9; May 14 PM Tr. at 185:25–186:5; May 15 AM Tr. at 23:12–24:3.

That also does not prove monopoly power.  Instead, price discrimination reveals only what economists call market power — the power to price a good above marginal cost.  See Lars A. Stole, Price Discrimination and Competition, 3 Handbook of Indus. Org. 2221, 2224 (2007).  In the real world, almost every business enjoys some degree of market power, which is a far lower bar than monopoly power.  See Richard Schmalensee, Another Look at Market Power, 95 Harv. L. Rev. 1789, 1790 (1982); Areeda & Hovenkamp, ¶ 501, at 115–16 ("Market power exists in degrees," which often fall below monopoly power.).  True, courts often confusingly call monopoly power "market power," but different concepts they remain.  Price discrimination shows only that a firm is not the undifferentiated fiction earning zero profits that scarcely exists outside the pages of an Econ 101 textbook.  It does not prove that the market is monopolized.

That must be true, since "price discrimination is a ubiquitous phenomenon."  Hal R. Varian, Price Discrimination, 1 Handbook of Indus. Org. 597, 646 (1989)  You will find it in every movie theater offering a student discount, every drug store offering a senior discount, and

every airline charging higher prices to travelers who book at the last minute.  Id. at 641.  When price discrimination prevails in just about every market, it cannot reliably distinguish the few markets in the grips of a monopoly from the many more markets where the competitive price exceeds marginal cost.  The Supreme Court agrees: "[W]hile price discrimination may provide evidence of market power, . . . it is generally recognized that it also occurs in fully competitive markets." Ill. Tool Works Inc. v. Indep. Ink, Inc., 547 U.S. 28, 44–45 (2006).

D.    Indirect Evidence

Having found no direct proof that Meta holds monopoly power, the Court now turns to indirect evidence.  The FTC here must show that Meta holds a dominant share of the market that is protected by barriers to entry.  Microsoft, 253 F.3d at 51.

The Court must therefore first define what market Facebook and Instagram compete in. A market involves a product market and a geographic market — say, midsize sedans in the United States or segway tours in Washington, D.C.  Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp., 947 F. Supp. 2d 88, 102 (D.D.C. 2013).  In this case, both sides agree that the relevant geographic market is the United States.  Meta, 775 F. Supp. 3d at 35 (noting agreement on this point at summary judgment); FTC Post-trial Mem. at 6 (FTC maintaining that position in post-trial briefing); ECF No. 626-1 (Meta Post-trial Mem.) at 12 (same for Meta).  What they fight over are the bounds of the relevant product market.

According to the FTC, Meta competes in a separate market for PSN apps, which people use to keep up with their friends and family.  See ECF No. 623-1 (FTC Post-trial Findings of Fact), ¶ 7; FTC Post-trial Mem. at 6–7.  The agency insists that this market contains only four apps: Facebook, Instagram, Snapchat, and a less-used option called MeWe.  See FTC Post-trial Findings of Fact, ¶¶ 33, 40.  Apps like TikTok and YouTube, by contrast, are used for

entertainment.  Id., ¶¶ 58–59, 73.  So, the FTC insists, they do not offer a substitute for Facebook and Instagram.  Id., ¶ 14.

Meta rejoins that that is a hypothesis that must be tested against the evidence.  According to the company, people mostly use Facebook and Instagram to watch unconnected videos, just like they use TikTok and YouTube.  See Meta Post-trial Mem. at 1.  Turning to consumer behavior, Meta maintains that all the empirical evidence shows that consumers treat other apps — especially TikTok and YouTube — as substitutes for Facebook and Instagram.  Id. at 14–15.  The FTC might have drawn up some theories that sound plausible in the abstract and might even have been true in years gone by, but Defendant says that they do not match today's reality.

Having introduced these dueling accounts, the Court now lays out the legal framework against which it will test them.  A product market is the set of all alternatives that are "reasonably interchangeable by consumers for the same purposes."  Du Pont, 351 U.S. at 395.  An alternative need not be identical to be reasonably interchangeable.  Id. at 394.  On the other hand, a vast spectrum of goods can serve as substitutes to some extent, "[b]ut a relevant market cannot meaningfully encompass that infinite range."  Times-Picayune Publ'g Co. v. United States, 345 U.S. 594, 612 n.31 (1953); see also United States v. H & R Block, Inc., 833 F. Supp. 2d 36, 54 (D.D.C. 2011) (just because products "may compete at some level" does not mean they belong in same product market).  Indeed, judges could find differences between just about every product in earth: Coca-Cola differs from root beer, which differs from Sprite, which differs from milk.  How should courts draw conclusions about reasonable interchangeability?

The leading way is the hypothetical-monopolist test.  E.g., FTC v. Penn State Hershey Med. Ctr., 838 F.3d 327, 338 (3d Cir. 2016).  The HMT defines a product market as the smallest set of products such that if a hypothetical monopolist controlled them all, then it would maximize

its profits by raising prices significantly above competitive levels.  See Areeda & Hovenkamp, ¶ 536, at 322–25.  More precisely, courts ask whether the hypothetical monopolist would profitably impose a small but significant and nontransitory increase in price (SSNIP).  E.g., Penn State Hershey Med. Ctr., 838 F.3d at 338.  While the threshold needed for a "small but significant" price increase might vary, a common number is 5%.  See U.S. Dep't of Just. & Fed. Trade Comm'n, Merger Guidelines 43 (2023); Penn State Hershey Med. Ctr., 838 F.3d at 338 n.1; FTC v. Sysco Corp., 113 F. Supp. 3d 1, 34 (D.D.C. 2015).

To see how the HMT works in practice, suppose that a single firm controlled the entire production of pencils.  If that hypothetical monopolist could maximize its profits by charging a price about 5% higher than the competitive level, then pencils would be a market in themselves.  But if that price hike would be unprofitable because too many consumers would switch to pens, then pencils and pens would belong in the same market.

What if the products are free, like Facebook and Instagram?  Courts can update the hoary HMT for the digital age by asking whether a hypothetical monopolist would impose a small but significant and nontransitory increase in the apps' quality-adjusted price — basically, whether it would make them significantly worse than they would be in a competitive market (say, by bloating them with ads).  See Merger Guidelines at 41–42.  Of course, the answer is unobservable (by definition, it is hypothetical).  But the HMT at least tells the Court what question to ask: would a firm that controlled both Facebook and Instagram maximize its profit by making them about 5% worse than they would be under competitive conditions?  If it would not because, say, too many users would substitute time on Instagram for time on TikTok, then TikTok belongs in the product market.

Note that this test does not focus on whether items have abstract qualitative differences but instead on the reality of what consumers would do. After all, whether a hypothetical monopolist could profitably raise prices — and therefore where the product market's borders lie — depends on which alternatives consumers would turn to and how readily they would do so, not on how different the products seem to a judge. Rothery Storage & Van Co. v. Atlas Van Lines, Inc., 792 F.2d 210, 218 (D.C. Cir. 1986) (Bork, J.).

Consider United States v. Continental Can Co., 378 U.S. 441 (1964), where the Supreme Court decided whether metal cans and glass containers belonged in the same product market. Id. at 456. The Court could have noted all the qualitative differences between glass and metal — their different transparencies, tensile strengths, and weights — and held that they therefore must occupy different markets. Instead, the Court looked to real-world evidence of whether users treated the two as substitutes. Id. at 456–57. They did, so the Court held that these superficially different products belonged in the same market. Id. In general, the Supreme Court has warned against any rule that would make "only physically identical products . . . part of the market." Du Pont, 351 U.S. at 394; accord Cont'l Can, 378 U.S. at 452. Instead, courts must "recognize competition where, in fact, competition exists." Brown Shoe Co. v. United States, 370 U.S. 294, 326 (1962); see also Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 467 (1992) (courts must "examine[] closely the economic reality of the market at issue"). Of course, real-world substitution evidence is sometimes unreliable. And qualitative differences between products can serve as useful "evidentiary proxies for direct proof of substitutability." Rothery, 792 F.2d at 218. But the touchstone of market definition remains how consumers would respond to a price increase.

The Court makes one last preliminary point.  The HMT does not ask whether consumers would stop buying a product entirely.  Instead, the question is whether they would cut back enough to make a significant price increase unprofitable.  Applying that logic to social media, the relevant question is not whether a SSNIP would cause people to stop checking Facebook and Instagram at all, but whether it would cause them to use these apps <u>less</u> — and whether that shift in usage would make the SSNIP unprofitable.  See <u>FTC v. Tenet Health Care Corp.</u>, 186 F.3d 1045, 1053 n.11 (8th Cir. 1999).  That is especially true because social-media apps are free, so users are unlikely to entirely replace one app with another.  Instead, these companies fight over users' time: when people have a free moment, which app will they open, and how long will they spend on it?  <u>See</u> May 12 PM Tr. at 175:18–176:4 (because these apps are used by almost everyone, they compete over marginal time); May 1 PM Tr. at 170:21–171:6 (similar); May 15 PM Tr. at 257:2–8 (advertising dollars are based on time spent); May 8 PM Tr. at 265:4–266:3 (similar).

The Court is finally ready to preview what follows.  The FTC bears the burden of proving the product market's bounds.  <u>Du Pont</u>, 351 U.S. at 381; <u>Gross v. Wright</u>, 185 F. Supp. 3d 39, 50 (D.D.C. 2016).  The Court will first examine empirical evidence of whether consumers treat TikTok and YouTube as substitutes for Facebook and Instagram.  The evidence resoundingly shows that they do.  The Court then considers the factors from <u>Brown Shoe</u>, which use qualitative evidence as a proxy for substitutability.  <u>See</u> <u>United States v. Google LLC</u>, 747 F. Supp. 3d 1, 108 (D.D.C. 2024) (courts consider both empirical substitution evidence and <u>Brown Shoe</u> factors).  Even when the Court considers the apps qualitatively, it finds that their similarities outweigh their differences.  PSN apps may have been a market unto themselves when

the FTC filed this case in 2020 or when it approved Facebook's acquisitions of Instagram and WhatsApp in 2012 and 2014. That is no longer the case.

        1.     *Empirical Evidence of Substitution*

The best evidence of what consumers consider as substitutes often comes from consumers themselves. After all, "[t]he definition of product market . . . focuses" on whether "consumers regard the products as substitutes." FTC v. H.J. Heinz Co., 246 F.3d 708, 718 (D.C. Cir. 2001) (quotation marks omitted); see also FTC v. Whole Foods Mkt., Inc., 548 F.3d 1028, 1039 (D.C. Cir. 2008) (opinion of Brown, J.) (product market's bounds "must ultimately be determined by 'settled consumer preference'") (quoting United States v. Phila. Nat'l Bank, 374 U.S. 321, 357 (1963)).

Two kinds of evidence demonstrate that users consider TikTok and YouTube reasonably interchangeable with Meta's apps: observational and experimental evidence. The Court will consider each, but it notes at the outset that these sources show only that TikTok and YouTube are the closest substitutes for Facebook and Instagram. That fact alone does not answer the relevant question: whether those apps are reasonable enough substitutes to prevent Meta from profitably imposing a SSNIP. Because no evidence in the record measures that question directly, the Court will explain what the evidence does show, then assess what light it throws on the HMT.

        a.     Observational Evidence

The Court starts with everyday evidence of what apps users treat as substitutes for time on Facebook and Instagram. That evidence comes in two forms: users' response to the launch of TikTok and Meta's tracking of almost 50,000 users as they used their phones over several

months.  Both strongly suggest that time on TikTok substitutes for time on Meta's apps, and the latter source shows that YouTube is an even stronger substitute.

i.      Response to TikTok

When TikTok entered the United States, Americans reallocated massive amounts of time from Facebook and Instagram to this new app.  As TikTok surged in popularity among young adults, they cut their time on Facebook by a quarter.  See May 12 AM Tr. at 68:19–25, 70:5–17, 82:14–23; DX 605 (U.S. Young Adults on IG Deck) at 10.  Alison testified that when he became Head of Facebook in 2021, the app's biggest challenge was that people were using it less, and "[t]he main factor we attributed the declining engagement to was competitive pressure from TikTok."  May 14 PM Tr. at 237:20–238:23; see also DX 600 (Facebook U.S. Long-Term Themes Deck) at 5 (similar).

TikTok also took time away from Instagram.  See Apr. 29 PM Tr. at 194:6–195:3.  In 2019 — before TikTok had even won widespread adoption in the United States, see May 12 AM Tr. at 82:14–15, 21–22 — Meta estimated that almost a quarter of Instagram's year-over-year loss in user time was because of this new app.  See DX 660 (IG Metric Softness Deck) at 6; see also DX 573 (Instagram Mem.) at 4 (Instagram use had dropped or plateaued, partly because of "competition from TikTok and Snapchat"); DX 606 (Instagram U.S. Teen Messaging Deck) at 4 (Instagram deck fretting about "growing competition" from TikTok, which "is winning in share of total time spent on social media apps").

By 2021, Meta estimated that TikTok was causing active Facebook users to spend 4–7% less time on the app, and active Instagram users 4–5% less time.  See DX 535 (TikTok Headwinds on FB and IG Deck) at 4, 7.  That decline was especially alarming because so many of Meta's users had not even downloaded TikTok yet.  See May 12 AM Tr. at 82:19–23.  Among

42

Facebook users who had, Meta estimated that TikTok caused them to use Facebook 17–26% less.  See DX 535 (TikTok Headwinds on FB and IG Deck) at 4.  Young adults — who were bellwethers of TikTok adoption, id. at 10, 15 — had cut their time on Meta's apps by 11% in just eighteen months.  See DX 605 (U.S. Young Adults on IG Deck) at 10; May 12 AM Tr. at 70:8–17, 79:6–80:24; see also id. at 52:18–22 ("Fundamentally, younger cohorts were declining faster than older cohorts, and those cohorts were using TikTok."); Apr. 16 AM Tr. at 19:20–20:4 (when TikTok started growing, Facebook's and Instagram's growth "slowed down dramatically"); Apr. 17 AM Tr. at 29:20–32:16 (discussing document for Meta's Board saying that Meta's usage was 5% lower than expected in first half of 2020, that this was partly because people were using TikTok instead, and that TikTok's growth was expected to cost Meta $3 billion in ad revenue).

In short, Meta observed widespread substitution from Facebook and Instagram to TikTok, and the rate of substitution was high enough to constrain Meta's growth.  True, this evidence largely predates Meta's pivot to Reels, see Joint Stipulations of Fact, ¶¶ 20, 34, which likely won user time back from TikTok.  But remodeling Facebook and Instagram to resemble TikTok only makes the latter an even closer substitute.

### ii.    Meta Study Panel

More formal measurement confirms that people treat TikTok as a substitute for Meta's apps — and especially treat YouTube as one.  Meta tracks what it calls the study panel, in which almost 50,000 users let Meta record how much time they spend on each of their phone's apps over eighteen weeks.  See May 19 PM Tr. at 147:7–12, 148:11–16.  Its expert John List examined this data to assess which apps most traded off with Facebook and Instagram.  Specifically, he tested the following question: when users decreased the time they spent on

Facebook or Instagram, what apps did they spend more time on instead?  And when users increased their time on Facebook or Instagram, what apps did they cut time from?  Id. at 147:1–6, 151:10–153:3.

Time on both Facebook and Instagram seemed to trade off most with time on YouTube. Id. at 150:3–7; DX 1226 (Facebook Time Shift Results) (single app with strongest relationship was YouTube, although some app categories, like "Games," had stronger negative relationship); DX 1228 (Instagram Time Shift Results) (similar findings with similar caveats).  For both of Meta's apps, the second-biggest tradeoff was with TikTok.  See May 19 PM Tr. at 150:7–8; DX 1226 (Facebook Time Shift Results); DX 1228 (Instagram Time Shift Results).

In other words, when people cut time from Facebook and Instagram, they were most likely to devote it to YouTube and TikTok.  When they spent more time on Meta's apps, it was most likely to come at the expense of time on YouTube and TikTok.

### b.    Natural and Field Experiments

While the Court finds that observational evidence compelling, it recognizes that those results might be contaminated by other changes in a messy world.  See May 19 PM Tr. at 148:17–19.  More persuasive are results from experiments, including natural experiments that take advantage of times when an app suddenly became unavailable and thereby reveal which apps users consider the next-best alternatives.  At trial, the parties introduced evidence concerning five natural and field experiments.  All five confirmed the observational evidence discussed above.

### i.    Payment Experiment

The cleanest experiment was another run by List.  He recruited 6,000 people and had them install a device that tracked how much time they spent on each of their phone's apps.  See

May 19 AM Tr. at 84:1–4.  For four weeks, he sat back and measured app usage.  See May 19 PM Tr. at 201:19–23.  He then randomly assigned participants to a treatment or control group. See May 19 AM Tr. at 84:1–12.  People in the treatment group were paid $4 for each hour that they cut from their Facebook or Instagram use.  Id. at 84:12–17.  The control group was given a fixed weekly payment.  Id. at 84:17–18.  The payments lasted four weeks, during which List tracked each group's usage.  See May 19 PM Tr. at 201:19–23.

The experiment thus made it more expensive to use Meta's apps and so simulated what would happen if Meta exercised monopoly power (or, if one accepts the FTC's view, what would happen if Meta further exercised that power).  It worked: people in the treatment group reduced the time they spent on Facebook or Instagram by about two-thirds.  See DX 1230 (Payment Experiment Effect).  By measuring which apps users reallocated that time to, List could test which apps they considered the next-best thing.

Among people paid to use Facebook less, the app that they transferred the greatest share of time to was YouTube.  See May 19 AM Tr. at 98:9–17; but see DX 1246 (Payment Experiment Facebook Diversion Rates) (highest diversion rate went to phone's browser — but that is not use in itself, but instead portal to reach other uses, like New York Times or ESPN). The second-biggest share went to Instagram.  See May 19 AM Tr. at 98:18–19.  Third was TikTok.  Id. at 98:20–21.

Turning to the group paid to use Instagram less, the app they reallocated the most time to was YouTube.  See DX 1221 (Payment Experiment Instagram Diversion Rates); May 19 AM Tr. at 101:24–102:1.  Second was Facebook.  See DX 1221 (Payment Experiment Instagram Diversion Rates) (excluding phone's browser for same reason as above); May 19 AM Tr. at

45

102:2–3.  TikTok was once again third.  See DX 1221 (Payment Experiment Instagram Diversion Rates); May 19 AM Tr. at 102:3–4.

Still, those numbers might not represent substitution if they merely reflected where users were spending time anyway.  Suppose that someone was already spending 10% of his day on YouTube.  If, when he was paid to spend less time on Instagram, he devoted 10% of his newfound free time to YouTube, then he would not be using that app to substitute for Instagram but simply spending additional time as he normally would have.  To avoid this problem, List calculated the ratio of (1) the share of erstwhile Instagram time that a user allocated to an app to (2) the share of pre-treatment time that this user was spending on the app.  See May 19 AM Tr. at 108:11–21.  A ratio above 1 shows that people disproportionately used an app when they would have otherwise been on Facebook or Instagram and thus suggests that the app is peculiarly a Facebook or Instagram substitute.

Measured this way, List's results grow even more striking.  Among the group paid to use Facebook less, the highest ratio went to Instagram (a ratio of 4), then TikTok (2.7), then YouTube (2.1), then Snapchat (1.9).  Id. at 109:13–15; DX 1248 (Facebook Indexed Diversion Rates).  No other app had a ratio much above 1.  See DX 1248 (Facebook Indexed Diversion Rates).  For people paid to use Instagram less, the highest ratio went to TikTok (2.7), then YouTube (2.5), then Facebook (2.4), then Snapchat (2.1).  See May 19 AM Tr. at 109:25–110:8; DX 1249 (Instagram Indexed Diversion Rates).  No other app had a ratio meaningfully above 1.  See May 19 AM Tr. at 109:25–110:8; DX 1249 (Instagram Indexed Diversion Rates); but see id. (phone's browser had ratio of 1.6).

This experiment, which in the Court's judgment offers the single best evidence of what consumers consider alternatives to Meta's apps, tells a clear and consistent story: when using

46

Facebook and Instagram becomes more costly, users turn to TikTok, YouTube, and Snapchat, with no other app notably standing out.

ii.    2021 Meta Outage

What about when people cannot use Facebook or Instagram at all?  In October 2021, Meta's apps suffered an outage and were offline for several hours.  See DX 921 (Metrics Lift due to FB Outage) at 1.  Meta's experts analyzed where users spent time instead.   Of the total increase in usage of other apps, the largest share went to TikTok.  See DX 1167 (Meta Outage Effects).  The second largest went to YouTube.  Id.  And Snapchat — which the FTC insists is Meta's closest competitor — fell far below, seeing its usage increase by less than a third of what TikTok enjoyed and less than half of what YouTube did.  Id.; see also May 21 AM Tr. at 86:9– 12 ("If you think that Snapchat is in the market, then you are seriously underestimating the importance of the competitive constraints that apps like TikTok [and] YouTube . . . are imposing on Meta.").

These results are especially striking because Reels was still in its infancy.  See May 21 AM Tr. at 97:4–9.  Users were thus not trying to replace unconnected videos but instead content from their friends.  Yet they still turned to TikTok and YouTube.  This episode thus not only reinforces that those apps are the closest alternatives to Facebook and Instagram, but it also suggests that connected and unconnected content might compete with one another.  Id. at 97:10– 15.

iii.    India TikTok Ban

Opposite scenarios have also occurred, where users had to seek alternatives to TikTok or YouTube.  The Court starts with India's banning of TikTok in 2020.  See May 19 AM Tr. at 116:6–8.

47

As soon as TikTok disappeared, Indians spent more time on Facebook and Instagram. See May 12 AM Tr. at 67:13–20; DX 535 (TikTok Headwinds on FB and IG Deck) at 14. The shift was especially dramatic among teens, who presumably were most likely to have been using TikTok before the ban, see DX 535 (TikTok Headwinds on FB and IG Deck) at 10, 15 (teens more likely to use TikTok in United States): 12% more teens used Facebook each day, and the average teenage user spent 27% more time on the app. Id. at 14. Use of Instagram also surged. See May 12 AM Tr. at 84:10–19.

List tested whether TikTok's unavailability caused this stampede to Meta's apps. He created a synthetic control — a weighted average of several countries constructed to match the pre-ban pattern of usage in India — and compared how time spent on Facebook and Instagram changed in India (where TikTok had been banned) to the synthetic control (where it had not been). See May 19 AM Tr. at 116:17–117:8; see also Alberto Abadie, Using Synthetic Controls: Feasibility, Data Requirements, and Methodological Aspects, 59 J. Econ. Literature 391, 392–98 (2021) (explaining synthetic controls). The results practically speak for themselves:

**Time Spent on Facebook Before and After TikTok Ban**



DX 1224

**Time Spent on Instagram Before and After TikTok Ban**



DX 1225

49

Two weeks into the TikTok ban, Indians had increased their time on Facebook by more than 20%.  See DX 1224 (India TikTok Ban Facebook Effects).  In the synthetic control, Facebook time fell.  Id.  And Meta's usage in India kept climbing.  Nine months into the ban, Indians were spending over 60% more time on Facebook, while its use had not changed in the synthetic control.  Id.  In the same time period, Indians increased their time on Instagram by a whopping 150%.  See DX 1225 (India TikTok Ban Instagram Effects).  In the synthetic control, Instagram time rose only about 25%.  Id.

This natural experiment shows what the world might look like without TikTok. Crucially, it measures long-term effects, confirming that substitution between Meta's apps and TikTok is not a passing phenomenon produced only by short-term outages.  It shows that TikTok takes an enormous amount of time away from Facebook and Instagram.

iv.    U.S. TikTok Shutdown

Closer to home, as the United States' short-lived TikTok ban was about to go into effect, the app went offline for about half a day this past January.  See May 8 PM Tr. 201:9–12.  While TikTok was down, people switched to other apps.  See DX 1154 (TikTok Shutdown Effects). The greatest share of that newfound free time went to Facebook, then to Instagram, then YouTube.  Id.  YouTube was following the outage closely, and it homed in on users who were looking for a TikTok substitute: tracking app usage on people's phones, it drilled down on users who tried to open TikTok, saw that it was down, and opened another app in the next five minutes.  See DX 1255 (U.S. TikTok Offline Period Impact Analysis Deck) at 7.  Of the apps those would-be TikTok users turned to, they spent the most time on Facebook, then Instagram, then YouTube.  Id. (also showing that Google Chrome was third ahead of YouTube, which Court ignores for reasons above).

50

Two results here are especially striking.  First, according to the FTC's theory, TikTok and YouTube are video-entertainment apps, see FTC Post-trial Findings of Fact, ¶¶ 58–60, 73–74, while Facebook and Instagram are used for personal social networking.  Id., ¶¶ 48–49.  If the FTC were right, you would expect that users seeking a substitute for TikTok would turn most often to YouTube.  The evidence shows otherwise: people evidently thought that the closest platforms to TikTok were Facebook and Instagram.  It is unclear whether that was because Meta's apps are really entertainment apps, because TikTok is really a social-networking app, or because those artificial categories do not make sense.  What is clear is that the FTC's hypothesis about how people use these apps is consistently disproven by the data.

Second, the amount of time that TikTok seems to be taking from Meta's apps is stunning. Compared to the same time on prior weekends, Americans used Instagram either 72% or 58% more when TikTok was down, depending on which measurement you use.  See DX 1255 (U.S. TikTok Offline Period Impact Analysis Deck) at 6; DX 1154 (TikTok Shutdown Effects). Teens, who were more likely to be on TikTok, see DX 535 (TikTok Headwinds on FB and IG Deck) at 10, doubled their Instagram time.  See May 8 PM Tr. at 202:7–9.  In the same comparison, Americans overall used Facebook either 10% or 12% more.  See DX 1255 (U.S. TikTok Offline Period Impact Analysis Deck) at 6; DX 1154 (TikTok Shutdown Effects). Mosseri, the Head of Instagram, put the Instagram numbers in perspective: "[I]n a world where we fight for basis points, .01 percent wins. . . . The idea of the entire app doubling . . . was jaw dropping."  May 8 PM Tr. at 202:10–13.  The Court finds this evidence particularly relevant because it is so recent and thus reflects the apps as they exist now.

Meta's leadership team took away a clear lesson.  Mosseri reflected that the episode showed "there's no question about whether or not we compete with TikTok."  Id. at 16–17.

Alison, the Head of Facebook, drew the same conclusion: "We believe that TikTok is taking . . . engagement . . . and people's attention away from Facebook and that it is a very strong competitor today and will likely continue to be."  May 15 AM Tr. at 21:9–12.

v.    2018 YouTube Outage

YouTube suffered a 90-minute outage in 2018.  See May 12 AM Tr. at 88:13–16; DX 345 (Oct. 2018 Meta Executives Email Thread) at 3.  During that time, the number of people using Facebook's mobile app rose 6%, and time on Facebook climbed by 7%.  See DX 345 (Oct. 2018 Meta Executives Email Thread) at 3; see also May 12 AM Tr. at 88:13–19.  Facebook had been debating whether to invest more in video and whether that would cannibalize time on its traditional offerings.  See DX 345 (Oct. 2018 Meta Executives Email Thread) at 3.  Studying the effect of the YouTube outage, one executive wrote that "YouTube[] . . . cannibalizes us already. We weren't able to prove this assumption with any data, but tonight" the outage provided evidence that "confirms our strongly-held belief."  Id.  Knocking out YouTube had an "instant impact" on Facebook use, and that impact was "huge."  Id.  Indeed, the evident substitution between Facebook and YouTube helped convince Meta to invest billions in video.  See May 8 PM Tr. at 179:12–16.

c.    Interpreting the Evidence

Those natural and field experiments — the pricing experiment, the Meta outage, India's TikTok ban, the TikTok pause in the United States, and the YouTube outage — tell a consistent and unmistakable story.  When consumers cannot use Facebook and Instagram, they turn first to TikTok and YouTube.  When they cannot use TikTok or YouTube, they turn to Facebook and Instagram.  That evidence leaves the Court with no doubt that TikTok and YouTube compete with Meta's apps.  Alexander Schultz, Meta's Chief Marketing Officer and Vice President of

52

Analytics, see May 7 PM Tr. at 247:2–4, put it succinctly: "[E]very time we go down, [time] goes to those services. And [when] they go down, it goes to us." May 12 AM Tr. at 89:2–3.

Of course, a rival does not belong in the product market simply because it competes with the defendant. H & R Block, 833 F. Supp. 2d at 54. Instead, it must compete enough to prevent the defendant from exercising monopoly power. Rothery, 792 F.2d 210 at 218; Areeda & Hovenkamp, ¶ 536, at 322–23. The Court finds that TikTok and YouTube do, for two reasons.

First, the magnitude of substitution. India offers a counterfactual world in which TikTok does not exist: in that world, people spend 60% more time on Facebook and roughly double their time on Instagram compared to the synthetic control. See DX 1224 (India TikTok Ban Facebook Effects); DX 1225 (India TikTok Ban Instagram Effects). When TikTok went offline in the United States, Americans spent 58–72% more time on Instagram and 10–12% more time on Facebook. See DX 1154 (TikTok Shutdown Effects); DX 1255 (U.S. TikTok Offline Period Impact Analysis Deck) at 6. True, in May 2021, Meta estimated that TikTok was depressing active users' Facebook time by only 4–7% and their Instagram time by only 4–5%. See DX 535 (TikTok Headwinds on FB and IG Deck) at 4, 7. But when Meta considered only users who had adopted TikTok, its estimate of lost time rose to 17–26% (at least for Facebook). Id. at 8. The number of Americans using TikTok has soared by about 80% since then, so the app's current effect on Meta is likely closer to the latter numbers than the former. Compare DX 60 (V Pappas Decl.), ¶ 9 (as of September 2020, TikTok had 93 million monthly active U.S. users), with Apr. 30 AM Tr. at 65:22–25, and PX 689 (Presser Decl.) at 6 (today, that number is over 170 million).

As for the effect of YouTube's competition, the only quantitative measure comes from the YouTube 2018 outage, when Facebook use rose by 7%. See DX 345 (Oct. 2018 Meta Executives Email Thread) at 3. That is meaningful "in a world where [these companies] fight for

basis points." May 8 PM Tr. at 202:10.  But remember that the 2018 version of Facebook did

not have Reels, see Joint Stipulations of Fact, ¶ 20, and had much more content from friends.

Nor did 2018's YouTube have Shorts.  See Todd Sherman, YouTube Off. Blog, Bringing

YouTube Shorts to the U.S. (Mar. 18, 2021). https://perma.cc/7BPL-3CWW.  Today, Americans

spend most of their time on Facebook watching videos, see DX 1147 (U.S. Share of Facebook

Time Spent on Video), and the part of Facebook on which they spend the most time (Reels), see

DX 1152 (Jan. 2025 Facebook Surface Breakdown), is identical to the Shorts that YouTube

offers.  The 2018 YouTube outage thus likely underestimates the effect of competition from

YouTube on Facebook's business today.  More recent evidence comes from List's payment

experiment, which found that YouTube is Facebook's closest substitute.  See May 19 AM Tr. at

98:9–17.

    The magnitude of TikTok's and YouTube's effect on Meta's market share convinces the

Court that these apps do not merely compete with Facebook and Instagram "at some level."  H &

R Block, 833 F. Supp. 2d at 54.  Instead, they compete fiercely over a meaningful share of

Meta's business.

    Second, one need not take the Court's word for it: Meta has made billions of dollars of

investment decisions because it views TikTok and YouTube as serious competitive threats.  Take

Reels, which Meta launched to meet the competition from TikTok.  See May 8 PM Tr. at

154:21–155:23; DX 922 (TikTok Project Blue Summ.) at 14.  Developing and maintaining this

new feature cost Meta a small fortune in dollars and resources.  See May 8 PM Tr. at 159:19–

160:7; Apr. 29 PM Tr. at 197:12–25; May 1 PM Tr .at 171:10–14; May 12 AM Tr. at 70:18–

71:7; May 14 PM Tr. at 256:9–16.  It required the company to train and run a large AI model,

see May 8 PM Tr. at 159:19–160:7; May 14 PM Tr. at 254:6–256:8, to redesign its video player,

see May 14 PM Tr. at 256:19–257:18, to overhaul its apps' features, see May 8 PM Tr. at 156:20–157:17, and to develop an infrastructure for content creators to make those Reels in the first place.  See May 14 PM Tr. at 257:20–258:18.  All told, Meta spent around $4 billion on Reels last year and is on track to spend about $4.5 billion this year.  See May 8 PM Tr. at 159:25–160:2.  The true cost of Reels is even higher: because Reels has a lower ad load than Meta's other features, shifting to Reels cost Meta dearly in short-term advertising revenue.  See DX 922 (TikTok Project Blue Summ.) at 14 (TikTok estimate that shift to Reels would cost Meta 6% of total ad revenue in 2022); May 8 PM Tr. at 162:19–163:13; May 12 AM Tr. at 69:25–70:17.

That Meta sunk so much money and resources into fighting off competition from TikTok shows that substitution was taking a chunk out of Meta's bottom line.  See May 8 PM Tr. at 163:14–20; May 12 AM Tr. at 69:13–24, 70:5–17; May 14 PM Tr. at 261:12–16.  Indeed, since Reels now accounts for most time spent on Instagram and the most popular part of Facebook, Meta's balance sheet tells only part of the story: substitution from Meta to TikTok was so high that it forced Meta to fundamentally transform its apps.

While the evidence of substitution to YouTube is thinner, Meta similarly invested billions and developed new features to respond to that competitive threat.  See May 8 PM Tr. at 179:2–16; May 12 AM Tr. at 89:17–90:4; May 14 PM Tr. at 252:5–20; May 15 AM Tr. at 22:2–12.

True, none of this empirical evidence is a SSNIP test.  Bans and outages do not impose small but significant price increases; they get rid of a product entirely.  The outages and pricing experiment were transitory.  And the India ban has the further flaw that it is from a different geographic market.

In the real world, however, no evidence is perfect.  Nor is any single piece dispositive here.  While each of Meta's empirical showings can be quibbled with, they all tell a consistent story: people treat TikTok and YouTube as substitutes for Facebook and Instagram, and the amount of competitive overlap is economically important.  Against that unmistakable pattern, the FTC offers no empirical evidence of substitution whatsoever.

Although the HMT and its SSNIP test cannot be directly tested in this case, it remains the relevant question.  So the Court must take the non-HMT substitution evidence, make a qualitative, holistic appraisal of it, and ask what light it sheds on the relevant legal issue: could Meta maximize its profit by making its apps significantly worse than they would be in a competitive world, or is it constrained by competition from TikTok and YouTube?  When the evidence implies that consumers are reallocating massive amounts of time from Meta's apps to these rivals and that the amount of substitution has forced Meta to invest gobs of cash to keep up, the answer is clear: Meta is not a monopolist insulated from competition.  The Court finds the evidence favoring Meta on this issue both credible and convincing.

### d.    The FTC's Counterarguments

The FTC, naturally, disagrees.  Before launching into its objections, the Court first comments on the credibility of the expert witness from which many of them issue.  It then moves on to the merits of the agency's counterarguments.

### i.    Hemphill

While much of the evidence discussed above comes from lay witnesses (plus Meta's experts List and Dennis Carlton), the Court acknowledges that Professors Scott Hemphill and Clifford Lampe offered some contrary testimony.  It seems unlikely that Hemphill, however, could have approached his task with an open mind.  Before the FTC filed this suit, he met with it,

the Department of Justice, and state attorneys general to urge them to investigate Meta and outlined an antitrust suit that those enforcers could bring.  See May 13 PM Tr. at 148:20–149:15, 152:23–153:25.  He had created this presentation with Professor Tim Wu, who has long advocated breaking up Facebook, id. at 155:1–156:11, and Chris Hughes, a disillusioned Facebook cofounder who had become a public champion of dismantling the company.  Id. at 156:13–159:11.  The presentation even advised the FTC on specific next steps: recommending whom the agency should subpoena, advising it on what topics to ask those people about, and urging it to seek a preliminary injunction before Meta could integrate its messaging services and thereby make divestiture harder.  See May 27 PM Tr. at 169:21–173:8.

The FTC took Hemphill's advice to heart.  It opened the current investigation just one week after meeting with him, id. at 169:6–16, interviewed the people he had mentioned, id. at 170:20–171:3, and requested detailed information about Meta's plans to integrate its messaging services.  Id. at 173:4–8.  Just one day after the agency filed its Complaint, Hemphill wrote an article proclaiming, "These were acquisitions that . . . were by a monopolist, of its direct competitors or nascent competitors, with abundant evidence of anticompetitive intent."  Id. at 174:22–175:19.  All of this was before he had been hired as an expert witness.  Id. at 173:15–18.

Once Hemphill was brought on, the Court doubts that he weighed the evidence objectively.  Instead, it was almost as if the FTC had put one of its own lawyers on the stand.  The Court realizes that parties seek out experts who they expect will reach conclusions that help them, and it cannot demand that parties find some antitrust expert who has never even considered whether the subject company might be a monopoly.  The fact that someone has views on such a question — and might even have published articles on it — is, after all, what makes him an expert and not a desert hermit.  But when Hemphill urged a party to bring this very suit, advised

57

it on litigation strategy, and publicly championed its case before getting hired, it makes a neutral evaluation of his opinions more difficult.

The Court nonetheless does not reject such opinions merely because of potential bias. Instead, it explains why they do not persuade on the merits.

ii.    <u>Cellophane</u> Fallacy

Through Hemphill, the FTC insists that the Court cannot trust Meta's substitution evidence because of the so-called <u>Cellophane</u> fallacy.  <u>See</u> FTC Post-trial Mem. at 34–35.  This principle warns that consumers are more likely to turn to alternatives if a product is already priced above competitive levels, so a monopolist charging a supracompetitive price will appear to face competition that it would not in a competitive market.  <u>See, e.g.</u>, <u>Epic Games, Inc. v. Apple, Inc.</u>, 67 F.4th 946, 975 n.7 (9th Cir. 2023).

While the Court is mindful of this trap, it does not find the fallacy too worrying here. Start with the evidence that <u>Cellophane</u> does not threaten.  It would not affect the <u>order</u> of substitution, which shows that the closest substitutes for Meta's apps are YouTube and TikTok. Nor does it undermine the amount of substitution <u>to</u> Meta's products when TikTok or YouTube becomes unavailable.  If anything, Meta's purported monopoly power would bias those rates down, since consumers would be less likely to switch to an app charging a supracompetitive quality-adjusted price.  It would also not affect evidence from Facebook and Instagram outages, which do not slightly increase the price of Meta's apps but take them away entirely.  Indeed, if Meta were charging a monopoly price, that might make substitution rates to TikTok and YouTube look misleadingly low: the users most likely to respond to a price increase by switching to a different app already would have, while the ones still clinging to Meta's apps would be least likely to consider another app an acceptable substitute.

58

At most, then, the Cellophane fallacy makes the Court wary of Meta's alarm at how much business TikTok was taking from it and of its executives' perception that YouTube was a serious competitor. Yet while the Cellophane fallacy fits this general kind of evidence, it does not easily fit this market. Because Meta's apps are free, the FTC's primary theory of a supracompetitive price is that Meta has saturated its apps with ads. See FTC Post-trial Findings of Fact, ¶¶ 157–63. Yet those ads have such marginal effects on users' behavior that is hard to imagine that they are yanking substitution rates around. See May 13 AM Tr. at 50:23–51:11; May 20 AM Tr. at 36:18–23; DX 342 (News Feed Ad Load Trajectory Deck) at 26. Consider that Facebook users who downloaded TikTok used Meta's app 17–26% less. See DX 535 (TikTok Headwinds on FB and IG Deck) at 4. By comparison, Facebook users who were given a product with no ads whatsoever used the app only 7% more. See May 13 AM Tr. at 50:23–51:11; May 20 AM Tr. at 36:18–23. It is hard to believe that nudging down the ad load to whatever the FTC considers the competitive level would make substitution rates to TikTok unimportant.

Invoking the Cellophane fallacy here also puts the cart before the horse. The fallacy is a risk only if Meta is in fact a monopoly. Because the FTC's affirmative evidence does not establish monopoly power, it does not persuade the Court that Facebook and Instagram are charging supracompetitive prices. The substitution evidence therefore seems reliable here. Cf. PepsiCo, Inc. v. Coca-Cola Co., 114 F. Supp. 2d 243, 257–58 (S.D.N.Y. 2000) (no risk of Cellophane fallacy when plaintiff had "not submitted any evidence to show that [defendant's] prices are supracompetitive").

59

iii.    Expansion into New Market

The FTC's next theory is that Meta does not compete in one market but in two.  The agency acknowledges that Facebook and Instagram have added unconnected video and even admits that this option might compete with TikTok and YouTube.  But, the agency rejoins, Meta's original offering of friend content still has no substitute.  It is instead as "if the only supermarket in a town starts selling pet food."  FTC Post-trial Mem. at 3.  "[T]he supermarket would find itself in newfound competition with Petco and PetSmart[, b]ut those competitors would not alter the supermarket's dominance, because consumers cannot patron[ize] pet-store retailers to accomplish the purpose of buying groceries for the week."  Id.

The evidence, however, shows that consumers treat connected and unconnected content as substitutes.  In the FTC's telling, Meta added Reels to enter a new market where it could poach users from TikTok.  See FTC Post-trial Mem. at 3.  But it was the other way around: people were substituting time from Meta's apps to TikTok before Meta launched Reels.  See May 12 AM Tr. at 105:18–24; Apr. 16 AM Tr. at 24:19–24; Apr. 17 AM Tr. at 31:21–25, 32:17–19.  Meta did not create Reels to break into a new market but instead to hang onto its own users who were already flocking to TikTok.  See May 8 PM Tr. at 1634:14–20; May 12 AM Tr. at 69:13–24, 70:5–17; May 14 PM Tr. at 261:12–16.  Consumers therefore used TikTok as a replacement not just for unconnected video but for the friends' posts on Facebook and Instagram that the FTC claims have no substitute.

What is more, when Meta experimentally rolled out Reels for some users and not others, the users with Reels spent less time on their Instagram feed and marginally less time on Instagram Stories.  See DDX 36.17 (Reels Holdout Effects); May 21 AM Tr. at 101:22–103:19.  They therefore seemed to treat unconnected Reels as a substitute for the parts of the app where

60

they would see posts from their friends.  Those results were consistent with what happened to Meta's apps when TikTok first gained a foothold: it crimped the growth of time spent on every part of Facebook and Instagram, not just videos.  See Apr. 16 AM Tr. at 19:20–21:2.

Similarly, Snapchat found that users were ██████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████  For instance, when Snapchat surveyed users about ██████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████  A Snapchat executive confirmed that ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████  Another source of evidence, another confirmation that people use TikTok as a substitute for content from friends.

The Court is the first to admit that seeing a photo from a friend and watching a video of a stranger are different.  Yet like many differentiated products — Chinese and Mexican restaurants, Sprite and Coca-Cola, glass containers and metal cans — they compete.

2.    _Brown Shoe_

Courts also identify distinct product markets using the factors from Brown Shoe: (1) the products' "peculiar characteristics and uses," (2) "industry or public recognition of the

submarket as a separate economic entity," (3) "unique production facilities," (4) "distinct customers, distinct prices [and] sensitivity to price changes," and (5) "specialized vendors." Brown Shoe, 370 U.S. at 325. The parties do not discuss the last factor, so the Court will ignore it as well.

Before plunging into the Brown Shoe factors, the Court notes two preliminary points. First, those factors do not set out a separate inquiry from the one the Court has already been performing. Rothery, 792 F.2d at 218 & n.4. The controlling question remains which firms belong in the product market, and that depends on which apps are reasonably interchangeable with Facebook and Instagram. The Brown Shoe factors approach that same question via a different path, using qualitative evidence as "evidentiary proxies" for whether consumers would in fact substitute between products. Id. at 218. Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc., 875 F.2d 1369, 1375 (9th Cir. 1989) ("We have repeatedly noted that the Brown Shoe indicia are practical aids for identifying the areas of actual or potential competition and that their presence or absence does not decide automatically the submarket issue."); see also Whole Foods, 548 F.3d at 1038 (opinion of Brown, J.) (treating Brown Shoe factors and empirical substitution evidence as identical).

Second, the Court will avoid some confusing language that these factors have invited. Courts typically explain that the Brown Shoe factors pick out distinct "submarkets," which implies that a product market can be further split into cognizable niches. See Brown Shoe, 370 U.S. at 325. That impression would be misleading. The only relevant concept is the product market, indivisible as an atom. Id. (submarkets might be relevant only because they, "in themselves, constitute product markets for antitrust purposes"). By definition, the product market is already the smallest grouping of products on which a hypothetical monopolist could

profitably impose a SSNIP. Meta, 775 F. Supp. 3d at 36. If a subcomponent of that market meets that test, then it is not a "submarket" but a product market in its own right. See Areeda & Hovenkamp, ¶ 533c, at 288–91. If a subcomponent flunks that test, then it is legally irrelevant, and dignifying it with the name "submarket" adds only confusion. Id. (exhorting courts to abandon the word "submarket"); see also Geneva, 386 F.3d at 496 (noting these points).

Recall that the FTC argues that within social media, two relevant markets exist: one for PSN apps like Facebook, Instagram, and Snapchat, and a separate one for entertainment apps like TikTok and YouTube. The Court now tests that hypothesis against the evidence to which Brown Shoe points.

a.    Peculiar Characteristics and Uses

This factor will be familiar to any reader who has compared products in the aisle of a hardware store. It asks whether different products have physical or functional differences that make them less likely to be interchangeable. See Rothery, 792 F.2d at 218 n.4; Brown Shoe, 370 U.S. at 326–28. Of course, it is not enough to find some difference between products. Any two products will have differences, yet the Supreme Court has rejected the notion that "Brown Shoe w[as] intended to limit the competition protected by [antitrust law] to competition between identical products." Cont'l Can, 378 U.S. at 452; see also du Pont, 351 U.S. at 394 ("[I]llegal monopoly does not exist merely because the product said to be monopolized differs from others. If it were not so, only physically identical products would be a part of the market."). The Court therefore considers how Meta's apps differ from TikTok and YouTube but also how important those differences are in the context of the overall apps. See Brown Shoe, 370 U.S. at 326 (asking

whether this factor showed that product's "characteristics peculiar to itself render[ed] it generally noncompetitive with the others" at issue).

i.    Peculiar Characteristics

The FTC first points out that PSN apps all feature a so-called social graph — a map of each user's connections to other people on the app, whom the user usually knows in real life. See Apr. 14 PM Tr. at 162:7–163:8; Apr 23 AM Tr. at 85:4–86:18; Apr. 30 AM Tr. at 46:1–10; May 8 AM Tr. at 66:25–67:9, 70:4–71:1, 106:13–15; May 12 PM Tr. at 226:20–227:8; Jacob Andreou Deposition at 182:8–11; PX 729 (People You May Know Explanation) at 1–3. They use this graph to curate the content that each user sees. Think of Facebook's Feed showing you someone's picture because you are friends with her or Instagram showing you a Story because you followed the account that posted it. See Apr. 14 PM Tr. at 170:9–13; May 14 PM Tr. at 255:13–20; Andreou Dep. at 183:3–184:15 (without friend graph, Snapchat "can't deliver any value" to user).

By contrast, TikTok and YouTube are built around a content graph — a map of the topics that a user is interested in. See Apr. 17 PM Tr. at 172:20–173:7, 174:7–14; Apr. 30 AM Tr. at 46:11–25, 47:10–21; Blake Chandlee Deposition at 17:07–18:03; PX 13616 (TikTok Talking Points) at 3. Both apps use this content graph to recommend posts to users. See Apr. 16 AM Tr. at 37:14–23; Apr. 17 AM Tr. at 173:3–7; Apr. 23 AM Tr. at 95:12–21; Apr. 30 AM Tr. at 38:11–17; PX 13616 (TikTok Talking Points) at 3; PX 11525 (2019 Top Social-Media Trends Deck) at 23.

True enough, but TikTok has a social graph, too. It lets users follow people they know and has tried to make mapping those offline connections a bigger part of the app. It prompts users to import their list of Facebook and Instagram friends as well as their phone contacts, see

64

Apr. 30 AM Tr. at 57:21–58:5; May 12 AM Tr. at 55:12–20, 72:8–10, which it uses to suggest accounts to follow that belong to people the user knows.  See Apr. 30 PM Tr. at 151:20–152:6. TikTok has also added a Friends tab, which contains only posts created or reshared by accounts that the user follows and that follow the user back.  See Apr. 30 AM Tr. at 90:16–91:1. ███

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███ see also DX 535 (TikTok Headwinds on FB and IG Deck) at 16 (Meta noting that TikTok is building "[s]ocial graph"); PX 3827 (Aug. 2022 Meta Email Thread) at 2 (Alison noting that "TikTok [is] pushing so hard into friending and friend sharing[;] . . . we are not the only company working on blending recommendations and socially connected content"); DX 922 (TikTok Project Blue Summ.) at 19 ("Meta is concerned that the moat around its core differentiator, the social graph, is getting weaker as Tiktok Friends tab and messaging functionality continues to gain traction.").

To be sure, TikTok's social graph has not achieved great success.  A TikTok executive estimated that fewer than 10% of users import their contacts.  See Apr. 30 AM Tr. at 58:6–17. Meanwhile, users spend only about 1% of time on the app watching videos in the Friends tab. Id. at 56:13–21; Pappas Dep. at 23:3–24:14.

Then again, these features are now also ancillary on Facebook and Instagram.  Content from friends that is delivered through a social graph is a tiny minority of what users see on Meta's apps.  See DX 1152 (Jan. 2025 Facebook Surface Breakdown); DX 1153 (Jan. 2025 Instagram Surface Breakdown).  Instead, they overwhelmingly use the apps to see unconnected content recommended by AI algorithms.  Id.  That feature is identical to the core of TikTok and

YouTube. While social features are relatively more important on Facebook and Instagram, both apps' primary features are found on these two rivals.

Also probative is the fact that Meta's apps, Snapchat, TikTok, and YouTube all deliberately copy each other. See May 8 AM Tr. at 107:23–108:4; May 12 AM Tr. at 38:15–39:11; May 15 AM Tr. at 22:2–23:4. Meta's Reels and YouTube's shorts are transparent clones of TikTok, as is Snapchat's Spotlight feature. See DX 1088 (TikTok Resp. to Australian Regulators) at 3; Pappas Dep. at 55:19–20; Morrison Dep. at 85:16–19; May 15 AM Tr. at 22:17–23:7; May 15 PM Tr. at 265:12–19; May 19 AM Tr. at 53:7–9; Chandlee Dep. at 68:16–69:12. Snapchat first popularized stories, and Facebook, Instagram, and TikTok added identical versions. See Apr. 30 AM Tr. at 89:8–20; May 8 PM Tr. at 181:18–182:13; May 12 AM Tr. at 38:19–22; Chandlee Dep. at 68:13–15. Even YouTube tried its hand at a stories feature. See May 8 PM Tr. at 182:10–11. TikTok's addition of a social graph incorporates the feature that rocketed Facebook and Instagram to global popularity. See Apr. 16 AM Tr. at 21:3–23; Apr. 29 PM Tr. at 196:22–197:10; May 8 AM Tr. at 105:14–22; May 12 AM Tr. at 71:12–25.

The apps also compete to attract the same content creators. See Apr. 15 PM Tr. at 151:18–23; Apr. 16 AM Tr. at 36:13–37:10; Apr. 30 PM at 171:22–23; May 8 PM Tr. at 174:2–176:19; PX 12669 (FB App Strategy Thread) at 5. Those creators often post the same video to multiple platforms, as an Instagram Reel, a TikTok video, and a YouTube short. See Apr. 17 PM Tr. at 192:1–6; May 8 PM Tr. at 175:5–10.

When apps inside and outside the FTC's alleged market are deliberately offering the same features and competing to get the same people to post the same videos, that is strong evidence that that they are competing for the same users who are after the same things. See May

21 AM Tr. at 68:6–20.  It is also evidence that while these apps do indeed have distinguishing features, the identical ones predominate.

ii.       Peculiar Uses

Still hunting for differences, the FTC argues that people use Facebook, Instagram, and Snapchat for distinct reasons.  For one, they have norms of sharing personal content for others to see.  People find it natural to post a vacation photo to Instagram or a life update to Facebook, but they are far less likely to share moments from their daily life on TikTok or YouTube.  See May 8 AM Tr. at 92:7–17; Chandlee Dep. at 21:3–16; Apr. 23 PM Tr. at 143:13–144:7; May 12 PM Tr. at 216:2–20; PX 13564 at 13.

That is indeed a difference between the apps; once again, it is a minor one.  People seldom post on Facebook or Instagram these days.  See May 15 AM Tr. at 13:17–21 ("[F]or most people, [Facebook] is a consumption experience."); May 7 AM Tr. at 70:7–18; May 8 AM Tr. at 65:20–22, 87:7–11; May 14 PM Tr. at 176:14–177:11, 217:24–218:18, 221:5–9; May 15 AM Tr. at 11:9–23; DX 600 (Facebook U.S. Long-Term Themes Deck) at 5.  On a given day, only about 1 in 20 active Facebook users shares an original post in Facebook's News Feed, and about the same percentage posts an original story.  See May 15 AM Tr. at 84:11–17; DDX 29.2 (Participation Rates); see also May 15 AM Tr. at 12:1–6 (explaining participation rates).  Over on Instagram, "maybe 1 in 40 or 30 people a day will post something to Feed, and about 1 in 6, 1 in 7 will post something to Stories."  May 8 AM Tr. at 32:14–16.

Instead, the dominant way that people use Meta's apps to connect with friends is by sharing content in private messages or texts.  See DX 606 (Instagram U.S. Teen Messaging Deck) at 4; DX 585 (Facebook Board Meeting Deck on Messaging) at 3, 6; DX 517 (Mosseri Post on Meaningful Social Interactions) at 2; May 8 AM Tr. at 118:13–22; PX 708 (Mosseri

67

Interview) at 10. As of 2018, there were 63 times as many Facebook messages per day as posts. See DX 517 (Mosseri Post on Meaningful Social Interactions) at 2. Even when Meta's users want to share a picture with friends, they do so overwhelmingly using direct messages:



DX 585 (Facebook Board Meeting Deck on Messaging) at 6
(title reformatted and image rescaled for clarity)

The dominant way that people use Meta's apps to share with friends is therefore the same way they share content from TikTok or YouTube.

The FTC tries one last angle. Its expert Clifford Lampe testified that survey responses and social norms show that people use Facebook, Instagram, and Snapchat to connect with friends, but open TikTok and YouTube to be entertained. The Court found none of this persuasive.

Starting with the surveys, they are far more mixed than the FTC lets on. For instance, it turns out that TikTok is fairly social. In one survey, when asked why they used TikTok, 51% of respondents chose, "To watch videos posted by my friends." DX 584 (Facebook Deck on How People Share Across Social Platforms in U.S.) at 48. That answer was essentially tied for first, neck and neck with "[t]o watch videos from the creators I follow" (53%) and "[t]o watch videos recommended by TikTok" (52%). Id. Another survey found that people were more likely to report that they used TikTok to "[s]tay connected with others" than they were for Instagram. See

68

DX 952 (Social Media Landscape Quantification Deck) at 12.  The same survey found that people said interacting with "[f]riends, family, and other people I know" was more important on TikTok than on Instagram.  Id. at 22.  Indeed, Instagram is less social than the FTC thinks.  In one survey, more people said they use it for entertainment than to keep up with friends and family.  See Apr. 23 PM Tr. at 195:4–12.

To be fair, the totality of the survey evidence suggested that Americans considered at least Facebook and Snapchat to be more social than TikTok.  But this evidence was mixed at best and, even when read charitably, at most showed a difference of degree and not one of kind.

The evidence about social norms also had problems.  For one, norms can change.  Sure enough, as discussed above, they have changed in ways that have brought all four social-media apps together.  In addition, much of the FTC's evidence — for both surveys and norms — was outdated.  See Apr. 14 PM Tr. at 153:7–154:16 (discussing post from 2006); PX 292 (Facebook S-1) at 1, 78 (statement from 2012); PX 48 (Building a Better News Feed for You Announcement) at 2 (post from 2016); PX 3431 (Facebook Research Insights Post on Understanding Value Prop of Social Apps) at 1 (survey from 2017); PX 794 (Zuckerberg Post) at 1 (post from January 2018); PX 12991 (Aug. 9, 2018, Product Territories of Family of Apps in United States Deck) at 8 (survey from July 2018); PX 12333 (Mosseri Talking Points) at 2 (talking points from January 2018); PX 14986 (Cathcart-Zuckerberg Email Thread) at 1 (email from July 2018); PX 12992 (Aug. 21, 2018, Product Territories of Family of Apps in United States Deck) at 4, 44, 73 (deck from August 2018); PX 12993 (Facebook User Goals and Intent Survey) at 1, 3 (survey from August 2018).

Lampe also conceded points that make the survey and norm evidence seem rather otiose.  Were these differences ones of degree or of kind?  He could not really say, having asked only

whether the apps had differences at all.  See Apr. 23 PM Tr. at 160:17–161:2.  Did his analysis

of why people use these apps consider how they actually spend their time on them?  Nope.  Id. at

190:15–191:11, 193:12–194:2.  Did he study how consumers would respond to changes in one

app's price?  "That's not a question in my field . . . , so no."  Id. at 265:20–23.  Did the evidence

give him an opinion on whether Meta's apps compete with TikTok and YouTube?  No; "[m]y

field doesn't look in terms of competition."  Id. at 265:9–17.

> The field of antitrust law does.  In it, eyeballing the apps and looking at some surveys

does not produce evidence remotely as useful as examining actual consumer behavior.  Turning

to that question, whatever users say they are doing and whatever differences an expert might pick

out between screenshots of the apps, the facts are that people spend a tiny share of their time on

Meta's apps viewing content from their friends and a far greater share watching Reels.  See DX

1152 (Jan. 2025 Facebook Surface Breakdown); see DX 1153 (Jan. 2025 Instagram Surface

Breakdown).

> Meta's apps are primarily recommendation systems hooked onto messaging tools.  Their

characteristics and uses are hardly peculiar.

### b.    Industry or Public Recognition

> This factor looks at whether industry participants think that the proposed submarket

really is "a separate economic entity."  Brown Shoe, 370 U.S. at 325.  "[E]conomic actors

usually have accurate perceptions of economic realities," Rothery, 792 F.2d at 218 n.4, so if

those actors think that another firm competes in or outside their own market, they are probably

right.  Because market definition depends on competition, courts applying this factor pay

particular attention to which products and companies a firm considers its competitors.  FTC v.

Staples, Inc., 970 F. Supp. 1066, 1079–80 (D.D.C. 1997); United States v. SunGard Data Sys.,

Inc., 172 F. Supp. 2d 172, 187–88 (D.D.C. 2001); Geneva, 386 F.3d 485 at 498.

The FTC rests on a claim that industry participants consider PSN apps a different kind of

platform.  That is largely true: in internal and external discussions, industry experts typically

agreed that Facebook and Instagram let users keep up with friends, that TikTok and YouTube are

less effective at this, and that this makes them different options.  See PX 15043 (Twitter

CorpDev Discussion) at 4; Apr. 28 AM Tr. at 35:1–22; Apr. 30 AM Tr. at 40:24–43:8; PX 13581

(ByteDance Resp. to European Commission) at 5–6, 8–10; DX 856 (The Magic of Reddit:

Insights Report) at 10; Chandlee Dep. at 17:07–18:09, 20:21–21:16; Morrison Dep. at 190:22–

192:21; Pappas Dep. at 14:10–15:10; 22:4–24:14; 88:05–89:07.  That said, many industry

executives make no such distinction and consider our four apps, and others, part of a single

category.  See DX 855 (Reddit Competitive Benchmarking Analysis) at 7 (considering market of

"leading social media platforms," including Facebook, Instagram, and TikTok); DX 771 (Google

Executives Email Thread) at 3 (studying "major social platforms" and including Facebook,

Instagram, Snapchat, and TikTok); DX 1071 (Google Resps. to European Commission) at 5–6

(rejecting idea that there is "single industry definition of a social networking service" but saying

that if there were, TikTok would be included); Apr. 24 PM Tr. at 149:6–150:5; Jonathan Chen

Dep. at 19:15–21:10, 23:13–24:20, 25:16–27:07; Kumaresh Pattabiraman Deposition at 36:10–

37:04; Apr. 17 PM Tr. at 198:5–199:19; 202:17–20; DX 606 (Instagram U.S. Teen Messaging

Deck) at 4 (comparing Instagram and TikTok as part of single market); DX 965 (Walmart

Connect Q3 Competitive Update) at 10; May 20 PM Tr. at 231:16–232:1.

Either way, whether industry experts recognize different categories of apps is not

primarily the point.  More important is "industry or public recognition of the submarket as a

separate economic entity," <u>Brown Shoe</u>, 370 U.S. at 325 (emphasis added) — that is, recognition

that the submarket is its own competitive realm.  <u>See</u> <u>Staples</u>, 970 F. Supp. at 1079–80 (applying

this factor by asking which rivals firms considered their competition); <u>SunGard</u>,172 F. Supp. 2d

at 187–89 (same); <u>Geneva</u>, 386 F.3d 485 at 498 (same); <u>see also</u> <u>Reynolds Metals Co. v. FTC</u>,

309 F.2d 223, 229 (D.C. Cir. 1962) (looking to whether firms' economic behavior, like pricing

and purchasing practices, showed that they responded to putatively separate markets); <u>Rothery</u>,

792 F.2d at 218 n.4 (this factor susses out "economic realities").

Here, the evidence overwhelmingly shows that industry insiders think that TikTok and

YouTube compete with PSN apps.  Documents and testimony from these people noted this

competition.  <u>See</u> ██████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████ DX 947 (X Q3 '21

Competitive Earnings Analysis) at 9 (noting "shift" in Instagram "driven by stiff competition

from TikTok and YouTube"); DX 933 (TikTok 2021 July–Aug. Bimonthly Report) at 3

("YouTube and Instagram are TikTok's most important competitors."); DX 1306 (TikTok 2025

Q1 Management Quarterly) at 3 (similar); DX 931 (TikTok Leadership Townhall) at 4 (similar);

DX 917 (TikTok's Reels Post-Launch Resp.) at 2–3; Morrison Dep. at 85:4–87:9; Chandlee Dep.

at 68:16–73:20, 77:10–20; Apr. 17 PM Tr. at 206:2–19 (discussing Google document saying that

TikTok and YouTube compete with Facebook), 206:23–209:11; Apr. 30 AM Tr. at 108:1–109:8;

Apr. 30 PM Tr. at 134:7–137:15; Pappas Dep. at 37:21–39:1; Debbie Weinstein Deposition at

241:9–242:17.  TikTok and YouTube tracked Meta's products as competitive threats.  <u>See</u> DX

766 (YouTube Quarterly Industry Update) at 5; DX 782 (YouTube Facebook Competitive

Teardown); DX 917 (TikTok's Reels Post-Launch Resp.) at 2–3; DX 922 (TikTok Project Blue

Summ.) at 14; DX 932 (TikTok 2022 Mar.–Apr. Bimonthly Report) at 5; Weinstein Dep. at 336:1–338:13; Apr. 17 PM Tr. at 212:14–213:5 (YouTube executive could not recall single competitive report that omitted Facebook and Instagram). Both companies also monitored Meta's share of what they deemed the market. See DX 766 (YouTube Quarterly Industry Update) at 5; DX 768 (YouTube Quarterly Industry Deep Dive) at 6; DX 931 (TikTok Leadership Townhall) at 4; DX 932 (TikTok 2022 Mar.–Apr. Bimonthly Report) at 4–5; DX 1307 (TikTok Monthly 2025 Report) at 4–5.

Meta itself has no doubt that TikTok and YouTube compete with it. Its executives unsurprisingly testified to that belief. See Apr. 16 AM Tr at 36:13–37:10; Apr. 16 PM Tr. at 274:6–275:7; May 1 PM Tr. at 183:5–10; May 8 PM Tr. at 163:14–20, 179:2–16; May 12 AM Tr. at 62:19–63:4, 65:16–20, 68:14–69:1, 83:11–83:24; May 15 AM Tr. at 15:12–14. More persuasively, business documents created outside litigation reflect a consistent and urgent focus on TikTok's competitive threat. For instance, Zuckerberg told investors, "Competition has gotten more intense, especially with . . . the rise of TikTok which is one of the most effective competitors we have ever faced." DX 922 (TikTok Project Blue Summ.) at 22 (omission in original); see also DX 650 (May 2020 Raji Email) at 1 ("TikTok in the US is a much bigger threat to our entire family of apps."); DX 660 (IG Metric Softness Deck) at 6 ("Competition from TikTok is a big concern[.]"); DX 663 (Meta Executive Chat Thread) at 1 ("TikTock [sic] competition really matters . . . TikTock [sic] is the best competitor yet and this is what really competing feels like . . . . [W]e have the best competitor we've seen in a long way."); DX 1018

(Sep. 2020 Meta Board Meeting Deck) at 15; PX 3827 (Aug. 2022 Meta Email Thread) at 2; PX 12669 (FB App Strategy Thread) at 5.

Meta obsessively tracks TikTok's strategy and success.  See, e.g., DX 535 (TikTok Headwinds on FB and IG Deck) at 14–16; May 12 AM Tr. 116:9–120:4.  Schultz, Meta's Chief Marketing Officer and Vice President of Analytics, testified that he and his colleagues discussed TikTok "weekly."  May 12 AM Tr. at 81:24–82:1.  For example, at "every leadership dinner with Mark [Zuckerberg], like, once a month, Adam [Mosseri, the Head of Instagram,] would have to, at the beginning of the dinner, give us a full rundown of the growth of TikTok and what we were doing about Reels."  Id. at 82:2–5.  Put simply, "we analyze the hell out of them."  Id. at 72:23–25.

The balance of the persuasive evidence, then, shows that industry participants recognize that Facebook, Instagram, and Snapchat differ from TikTok and YouTube in important ways, but it also shows that they recognize that the apps compete.  The second fact is more probative of whether there is "industry . . . recognition of the submarket as a separate economic entity," Brown Shoe, 370 U.S. at 325, so this factor also weighs against the FTC's proposed market.

### c.    Unique Production Facilities

The next factor fits the digital world awkwardly, but its spirit asks whether firms outside the proposed market could quickly enter or whether their current production technology would need to be overhauled.  See Rothery, 792 F.2d at 218 (explaining cross-elasticity of supply).  In other words, how much would TikTok and YouTube need to change to produce an app like Facebook, Instagram, or Snapchat?

Not much at all.  As emphasized above, the apps are already quite similar.  True, to the extent that TikTok or YouTube wanted to replicate a traditional social network, they would need

lots of people using them socially to create network effects.  See PX 1136 (Zuckerberg Email Exchange) at 3; PX 1204 (Facebook Top Investor Questions Talking Points) at 2–3; PX 14319 (Facebook Roadshow Talking Points) at 5; PX 15200 (May 2016 Meta Executives Email Thread) at 2; PX 11304 (Google Executives Email Thread) at 4; DX 1317 (Snapchat Board Product Update) at 2; Apr. 14 PM Tr. at 194:6–15; Apr. 16 AM Tr. at 48:15–25.  Yet both apps have already achieved that scale, even if not as many users people use them to connect with people they know.  See Apr. 30 AM Tr. at 65:22–25 (TikTok had over 170 million monthly active users in United States at start of this year); DDX 24.15 (App Monthly Active Users). What is more, as Meta's apps have transitioned to focus on unconnected, recommended content, the experience depends less and less on having friends who post content and view your posts.  See Apr. 16 AM Tr. at 53:15–54:14; May 14 AM Tr. at 17:2–7; May 27 PM Tr. at 136:17–137:23. Instead, the key inputs are a library of content and an advanced algorithm to recommend it. TikTok and YouTube already have both.

Apps inside and outside the FTC's proposed market thus share similar raw ingredients and similar technology to build them into similar experiences.  This factor cuts against the agency.

### d.    Distinct Customers, Prices, and Sensitivity to Price Changes

The fourth factor also favors Meta.  First, the customers of its apps, YouTube, and TikTok are not distinct.  "[P]eople are . . . using every app."  May 12 PM Tr. at 175:18–176:4. In fact, most customers of each app are also customers of all the others.  Id. at 175:11–17 (there are about 250–300 million Americans older than 13); id. at 175:8–10 (240 million Americans use Facebook each month); id. at 173:2–4 (about 225 million Americans use Instagram each month); Apr. 30 AM Tr. at 65:22–25 (more than 170 million Americans use TikTok each month); DDX

24.15 (App Monthly Active Users) (more than 200 million people in United States and Canada use YouTube each month).

The price of all these apps is identical: $0.  See Apr. 15 PM Tr. at 221:22–24, 227:24–228:1.  Finally, undisputed evidence suggests that if Meta tried to raise its sticker price, users would flee.  Id. at 224:22–225:23; see also May 1 PM Tr. at 163:22–164:13 (almost nobody willing to pay for ad-free version).

e.    Overall Assessment

The FTC contends that Facebook, Instagram, and Snapchat form a distinct market that can be identified by those apps' unique features.  While those apps certainly show some distinct markings, they mostly resemble two other social-media apps that the FTC insists must be excluded: TikTok and YouTube.  Their dominant features are identical, people mostly use all four to watch unconnected content that they can send in direct messages, industry participants agree that the apps belong in the same competitive market, they use similar resources and technologies, and they charge the same price to the same customers.

* * * * *

Even when considering only qualitative evidence, the Court finds that Meta's apps are reasonably interchangeable with TikTok and YouTube.  Moreover, that evidence must be considered in light of the widespread substitution between these apps.  The Brown Shoe factors "necessitate, rather than avoid, careful consideration based upon the entire record."  Cont'l Can, 378 U.S. at 449; see also Geneva, 386 F.3d at 496 ("The emphasis always is on the actual dynamics of the market . . . .").  After all, it was Brown Shoe that declared that courts must "recognize competition where, in fact, competition exists."  370 U.S. at 326.  Taking all the evidence together, it shows that personal social networking is not a separate product market.

76

Instead, Meta competes in the market for social media, and that market includes — at minimum — TikTok and YouTube as well.

### 3.    *Whole Foods*

Faced with that evidence, the FTC offers one last argument: a subset of users cares especially about friend sharing, they have no substitute for Facebook and Instagram, and Meta exploits this smaller group by targeting them with a higher ad load. See FTC Post-trial Mem. at 12, 22–23. Plaintiff thinks that this makes our case like FTC v. Whole Foods Market.

In that case, the D.C. Circuit found that Whole Foods occupied a market for "premium natural and organic supermarkets" separate from conventional grocery stores. Whole Foods, 548 F.3d at 1041 (opinion of Brown, J.); id. at 1042 (Tatel, J., concurring in the judgment). Writing only for herself, Judge Janice Rogers Brown explained that while some shoppers might substitute between those premium organic stores and any old supermarket, a group of "core customers" would not, and premium organic stores like Whole Foods exploited those captive costumers by charging higher prices. Id. at 1038–40 (opinion of Brown, J.). By analogy, the FTC reasons, even if users in general might swap out time on Facebook and Instagram for time on TikTok and YouTube, a group of core Meta users wants to see content from their friends, cannot get it elsewhere, and Meta exploits that by showing them a higher ad load. See FTC Post-trial Mem. at 12, 22–23.

Never mind that Judge Brown's opinion did not command a majority. Set aside the fact that it has never been adopted by the D.C. Circuit. And ignore the obstacle that because the Whole Foods court was not statutorily authorized to decide whether the proposed merger would actually violate the antitrust laws, Judge Brown's opinion would have held only that the FTC had raised serious enough "questions going to the merits . . . as to make them fair ground for" a more

"thorough investigation."  Whole Foods, 548 F.3d at 1035 (opinion of Brown, J.) (quotation marks omitted).  Even on its own terms, the Whole Foods analogy does not work.

For one, the sign of a product market is that a monopolist could charge a significantly higher price.  See id. at 1038.  So if there were a separate market for users who cared about friend content, then that market's borders must be shown by significant differences in price.  It is hard to imagine that is true here.  Remember, Facebook and Instagram are free no matter how much someone values friend sharing.  The FTC thus frames price discrimination as offering a lower-quality app to some users.  But quality mostly does not vary across users: apps have the same features, layout, speed, reliability, and privacy practices for everyone.  See May 21 AM Tr. at 72:2–13.  The only aspect of quality that varies is ad load, see May 14 AM Tr. at 91:15–18, but, as discussed above, users barely seem to mind more ads.  When removing ads entirely caused users to spend only 7% more time on Facebook, see May 13 AM Tr. at 50:23–51:11; May 20 AM Tr. at 36:18–23, and cutting ad load in half for the most ad-sensitive users was expected to increase their Facebook sessions by only 1%, see PX 12501 (May 2021 Meta Executives Email Thread) at 1, 3–4, it is hard to see how presumably smaller variations in ad load could possibly constitute a significant difference in price.  Sure enough, Hemphill, who put forward this theory, admitted that he could not measure whether users faced significant price differences.  See May 27 AM Tr. at 46:4–47:7.

The FTC's theory also fails for a more old-fashioned reason: it is contradicted by the evidence.  As discussed earlier in this Opinion, Meta no doubt shows a higher ad load to some users than others.  The FTC's claim, however, is that the company bases this discrimination on how much users value friend sharing.  Meta's executives unanimously testified that it does not.  See May 1 AM Tr. at 62:21–63:10; May 1 PM Tr. at 180:21–183:5; May 12 PM Tr. at 149:11–

150:8; May 15 AM Tr. at 24:4–8.  True, Meta might achieve this effect indirectly: users who especially value seeing their friends' Facebook and Instagram posts might tolerate a higher ad load, and Meta's algorithm might sense this and show them more ads.  But that account is also at odds with the record.

The FTC claims that parts of Meta's apps with more friend content have higher ad loads — for instance, Facebook's Feed has a higher ad load than Facebook Reels.  See May 13 AM Tr. at 17:3–15.  When comparing all features, however, there is no consistent relationship between the share of friend content and the ad load.  See DX 1203 (Facebook Friend Content and Ad Load by Surface).  For instance, the Facebook feature with the highest share of friend content is Stories, yet it has a lower ad load than the main Facebook Feed.  Id.  The feature with the lowest share of friend content is Facebook Watch; it has a higher ad load than Stories.  Id.



DDX 36.30

Against this broader view, Hemphill offers only one comparison: Feed and Stories have a higher ad load than Reels.  See May 13 AM Tr. at 17:2–11, 17:25–18:2; May 27 AM Tr. at 52:5–

79

13. Yet even that fact does not justify his conclusion. Instead, the evidence suggests that Reels has a lower ad load because it is new and Meta wants to get people using it. John Hegeman, Meta's Chief Revenue Officer, see May 1 AM Tr. at 77:18–19, explained that "when a new surface is introduced, we'll often start with a fairly low ad load, and then we'll take time to carefully figure out how can we best introduce ads in a way that doesn't disrupt the user experience." May 1 PM Tr. at 181:14–25. Meta's rivals understood its strategy this way; for example, an internal TikTok document noted that "Facebook has primarily focused on growing Reels user adoption and engagement in the short-term, rather than monetization." DX 922 (TikTok Project Blue Summ.) at 14.

That matches Meta's approach in the past — in regard to Facebook's mobile app, for instance. As people were shifting to using the platform on their phones, a company document stated that "we currently don't monetize mobile in a meaningful way." PX 1204 (Facebook Top Investor Questions Talking Points) at 11. "Our strategy . . . has always been to build the best experience for users first and drive user engagement which leads to downstream monetization opportunities and the most long-term value for our business." Id. Once the mobile app had won a foothold, Meta squeezed it for all it was worth. See May 13 AM Tr. at 13:7–19 (ad load on Facebook's mobile feed tripled from 2014 to 2022); Apr. 17 AM Tr. at 15:8–14 (Meta was "[v]ery" successful in monetizing mobile because "we first built a consumer product on mobile that they were happy with and engaging, and then we added ads in"); Apr. 16 PM Tr. at 225:17–226:25; May 12 AM Tr. at 77:2–14. Meta did the same thing with Stories. They started out with almost no ads; then Meta cranked up the ad load. See May 12 AM Tr. at 77:11–14; May 13 AM Tr. at 11:23–12:1.

80

In the context of that pattern, the low ad load on Reels seems linked to its novelty, not its share of friend content.  Meta's ordinary-course documents reinforce this interpretation.  Schultz told other Meta executives that the shift to Reels was costing Meta money because "we have to provide consumers the formats they want first and monetize second."  DX 663 (Meta Executive Chat Thread) at 1.  "Engagement is shifting formats to one that hasn't got significant ad load yet . . . ."  Id. (emphasis added); see also May 1 PM Tr. at 181:24–25 ("[W]e expect . . . to ramp up the ad load on Reels over time.").  In fact, Meta has already started raising the ad load on Reels.  See May 13 AM Tr. at 17:4–6.

Facebook's Friends tab offers an almost perfect test.  It is a feature that Facebook just launched that shows only content from a user's friends.  See PX 796 (Friends Tab Announcement) at 2.  If the FTC's price-discrimination hypothesis were right, it should be choked with ads.  If Meta's story were right, this new feature's ad load should be low.  The Friends tab has no ads at all.  See May 15 AM Tr. at 24:9–12; see also id. at 24:14–25:3 ("[T]he friends tab is still a new product.  So when we are building a new product, we . . . want to first prioritize making sure that people actually want to use the product" before ramping up ad load.).  In sum, Meta's feature-level ad load does not show price discrimination against users who value friend content.

Judge Brown's Whole Foods opinion is nonbinding and tentative, and the Court doubts that marginal differences in ad load add up to significant differences in quality-adjusted price.  Even setting those doubts aside, the evidence shows that Meta does not discriminate against users who value friend content.  This last FTC rebuttal thus falls by the wayside.

E.    Monopoly Power

In assessing Meta's monopoly power, the Court considers a market that comprises Facebook, Instagram, Snapchat, MeWe, TikTok, and YouTube.  Monopoly power depends on whether the company can profitably and sustainably charge a price significantly above competitive levels.  Microsoft, 253 F.3d at 51.  Courts typically use the defendant's market share as an observable proxy for that unobservable fact.  See Reazin v. Blue Cross & Blue Shield of Kan., Inc., 899 F.2d 951, 967 (10th Cir. 1990).  The Court first explains how it will measure market share in this novel market, then evaluates whether Meta's share shows monopoly power.

1.    *Measuring Market Share*

When companies sell a product for a price, calculating their market share is straightforward.  Because the apps in this case are free, however, measuring their market share is trickier.  The obvious candidates are total time spent on each app or total users, which in turn can be measured as daily or monthly active users.

In the Court's view, the best single measure of market share is total time spent.  For one, that statistic makes the most analytic sense.  Because Facebook, Instagram, Snapchat, TikTok, and YouTube are all free, people often use all five apps, which pulls each one's market share toward an uninformative tie.  See May 12 PM Tr. at 175:18–176:4.  Measuring the market by number of users, then, would ensnare the Court in a mess of double counting.  Id.  Time spent avoids this problem.  It also captures the intensity of use: if someone spends two minutes on Instagram and two hours on TikTok, she should not count as an equal user of each.

Plus, time spent is the best proxy for what drives these apps' revenue: ads.  The more time someone spends on an app, the more ads it can show him, and the more money it will make.  See Apr. 17 AM Tr. at 11:17–21; May 8 PM Tr. at 265:21–266:3 ("[W]e show a certain number

of ads per hour and if you have less hours, you show less ads."); May 15 PM Tr. at 257:6–8 ("The longer time you spend on the app, the more ads you might be served and the more money these services might make."); May 21 PM Tr. at 154:20–155:2; PX 12664 (Meta Project Bluejay Update) at 7, 54.

It also matches how the companies themselves think about competition. Their executives' testimony and ordinary-course documents reveal that they understand themselves to be competing for users' time, not competing to get people to use their app at all. See May 1 PM Tr. at 182:18–24 (people are "unlikely to stop using [Facebook or Instagram] altogether"; they will just spend less time on the app "even in a case where they wouldn't choose to stop using the product entirely"); May 12 PM Tr. at 175:21–176:4 ("TikTok, YouTube, Facebook, and Instagram in the U.S." have all signed up most Americans already, so "the competition is about marginal time."); Chen Dep. at 21:13–19 (Q: "[W]hat did Twitter compete with Facebook over? What was the point of competition between the two companies?" A: "I would say we competed over the time share of people or users on consumer social platforms."), 24:21–25:03, 27:09–11; DX 885 (2022 Snapchat Stories Research Deck) at 2, 7, 21; ███████████████████████ ███████████████████████████████████████████████████████████ ███████████

In addition, time spent reflects how users themselves experience the relevant choice: they typically have multiple free apps, so the choice they face — when they are bored in line, sitting on their couch, or early to a date — is which app they will pop open and how long they will use it before switching to another.

Unsurprisingly, then, the companies themselves most often measure their market share using total time spent. See May 8 PM Tr. at 205:4–12 ("[W]e use time . . . as the best measure

of how well we are fairing [*sic*] relative to the competition."); <u>see also, e.g.</u>, DX 606 (Instagram U.S. Teen Messaging Deck) at 4; DX 643 (Reels Summary Deck) at 4–5; DX 875 (Snapchat Email Thread) at 1–2; DX 922 (TikTok Project Blue Summ.) at 1–2; DX 1307 (TikTok Monthly 2025 Report) at 4.

Yet time spent is an imperfect yardstick. Most obviously, it takes longer to watch a video than to scroll through a picture, so measuring market shares using time spent overestimates the competitive importance of video apps like YouTube. <u>See</u> Apr. 23 PM Tr. at 162:12–23; May 13 AM Tr. at 39:3–7; <u>see also</u> DX 1152 (Jan. 2025 Facebook Surface Breakdown) (showing difference between time spent and pieces of content viewed). While these apps predominantly measure their market share using time spent, they all also consider other measures, most often daily and monthly average users. <u>See</u> May 8 PM Tr. at 207:14–24 ("Time spent is the best metric that we have to measure our relevance relative to the competition," but "we have always . . . also looked at other metrics. I think it's important . . . that you don't try to oversimply all the way down to just one metric."); Apr. 22 AM Tr. at 29:12–30:11; DX 600 (Facebook U.S. Long-Term Themes Deck) at 12; DX 660 (IG Metric Softness Deck) at 4; DX 830 (Pinterest Competitive Assessment) at 16; DX 875 (Snapchat Email Thread) at 1–2; DX 888 (Dec. 2021 Snapchat Board Meeting Update on Stories) at 2; DX 1306 (TikTok 2025 Q1 Management Quarterly) at 3.

The Court follows their lead, using time spent as the most informative measure of market share but also checking it against daily and monthly average users to take a holistic view of these apps' size.

2.    *Meta's Market Share and Market Power*

As established above, the FTC must prove that Meta is a monopoly <u>now</u>. So where it can, the Court calculates market share using the latest available data from 2025.

The FTC concedes that Snapchat and MeWe belong in a product market with Facebook and Instagram. <u>See</u> FTC Post-trial Findings of Fact, ¶¶ 33, 40; FTC Post-trial Mem. at 8. Adding in TikTok and YouTube, Meta's share of that market comes out to around 30% of time spent. <u>See</u> DX 1185 (Apps Time Spent in 2022); DDX 24.14 (Apps Time Spent in Feb. 2025). As a matter of law, that modest share cannot establish monopoly power. <u>United States v. Aluminum Co. of Am.</u> (<u>Alcoa</u>), 148 F.2d 416, 424 (2d Cir. 1945) (Hand, J.) ("certainly thirty-three percent is not enough" market share for monopoly power); <u>Blue Cross</u>, 65 F.3d at 1411 (market share under 50% is "below any accepted benchmark for inferring monopoly power from market share"); <u>Rebel Oil Co. v. Atl. Richfield Co.</u>, 51 F.3d 1421, 1438 (9th Cir. 1995); <u>Bailey</u>, 284 F.3d at 1250; <u>U.S. Steel</u>, 251 U.S. at 444.

To be fair, while the case for including TikTok in the product market is overwhelming, YouTube's inclusion, which the Court finds appropriate, is concededly more debatable. Yet even if YouTube is excluded, Meta still would not hold a monopoly. That would leave Facebook, Instagram, Snapchat, MeWe, and TikTok. As measured by Hemphill, as of 2025, Meta's share of time spent in that market is only 54%. <u>See</u> PDX 149 (Hemphill Rebuttal Demonstrative) at 47. Its share of monthly average users is 59%, while its share of daily average users is 62%. <u>Id.</u> When measured using third-party data that Meta ordinarily relies on in its business, Meta's share of time spent falls to 42%, and its share of daily active users dips to 56%. <u>See</u> DDX 24.14 (Apps Usage Data); May 12 AM Tr. at 116:9–22; <u>but see</u> DDX 24.14 (Apps

85

Usage Data) (footnotes listing several inaccuracies in this data, which cause the Court to give it less weight).

Even the market shares calculated by Hemphill do not win the day for the FTC. There is no threshold that a firm must cross to hold a monopoly. Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co. (Kolon II), 748 F.3d 160, 174 (4th Cir. 2014). But courts that have surveyed the caselaw have found helpful guideposts. For instance, "the Supreme Court has never found a party with less than 75% market share to have monopoly power." Id.; accord Dimmitt Agri Indus., Inc. v. CPC Int'l Inc., 679 F.2d 516, 528 & n.11 (5th Cir. 1982). Lower courts have not lowered the bar much. See Colo. Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am., 885 F.2d 683, 694 n.18 (10th Cir. 1989) ("[L]ower courts generally require a minimum market share of between 70% and 80%."); Exxon Corp. v. Berwick Bay Real Estate Partners, 748 F.2d 937, 940 (5th Cir. 1984) (Fifth Circuit "has noted that monopolization is rarely found when the defendant's share of the relevant market is below 70%"); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc. (Kolon I), 637 F.3d 435, 450 (4th Cir. 2011) ("[W]hen monopolization has been found the defendant controlled seventy to one hundred per cent of the relevant market.") (internal quotation marks omitted); Image Tech. Servs., Inc. v. Eastman Kodak Co., 125 F.3d 1195, 1206 (9th Cir. 1997) ("Courts generally require a 65% market share to establish a prima facie case of market power.").

The canonical statement on the relationship between market shares and monopoly remains Judge Learned Hand's opinion in Alcoa, which declares that "it is doubtful whether sixty or sixty-four percent [market share] would be enough [for monopoly power]." 148 F.2d at 424. The Supreme Court, moreover, has held that a firm with 64% market share lacked monopoly power. United States v. Int'l Harvester Co., 274 U.S. 693, 709–10 (1927); see also

Alcoa, 148 F.2d at 430 (understanding International Harvester as holding that defendant was not monopoly because it "had less than two-thirds of the production in its hands").

Nothing, in short, suggests that a market share of 54% produces monopoly power, even if the Court nudges the figure upward in light of Meta's roughly 60% share of active users.  See PDX 149 (Hemphill Rebuttal Demonstrative) at 47.  Indeed, many cases expressly hold the contrary.  Kolon II, 748 F.3d at 174 ("market share of less than 60% during the relevant period does not necessarily foreclose a finding of monopoly power," but "it does weigh heavily against such a finding"); Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 201 (3d Cir. 1992) ("As a matter of law, absent other relevant factors, a 55 percent market share will not prove the existence of monopoly power."); Kolon II, 748 F.3d at 174 (market share that had fallen to 55%, along with other factors, not enough for monopoly power); Exxon, 748 F.2d at 939–40 (52% share not monopoly power as matter of law).

Of course, market shares must be considered in the context of each case's facts.  United States v. Columbia Steel Co., 334 U.S. 495, 528 (1948).  Here, that context weighs even further against finding monopoly power.

First, Meta's market share is falling.  "[I]n evaluating monopoly power, it is not market share that counts, but the ability to maintain market share."  United States v. Dentsply Int'l, Inc., 399 F.3d 181, 188–89 (3d Cir. 2005) (cleaned up).  A given market share is thus less likely to add up to a monopoly if it is eroding.  Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop., Inc., 89 F.4th 430, 445 (3d Cir. 2023); Kolon II, 748 F.3d at 174–75.

Meta has suffered that fate.  TikTok — which Meta considers its fiercest competitor — broke into the market only seven years ago, see Apr. 30 AM Tr. at 32:17–18, and has been overrunning the market ever since.  At least some usage data finds that it is more popular in the

87

United States and Canada than either Facebook or Instagram.  See DDX 24.14 (Apps Usage Data) (estimating that TikTok commands more daily active users than Instagram and more total time spent than either of Meta's apps).  Unsurprisingly, then, Meta's market share seems to be shrinking.  Compare DDX 36.3 (Carlton Demonstrative) (estimating Meta's share of market that includes TikTok as 58% in 2022), with PDX 149 (Hemphill Rebuttal Demonstrative) at 47 (estimate had fallen to 54% in 2025).  If "[m]onopoly power is the power to control prices or exclude competition," du Pont, 351 U.S. at 391, then that power seems to have slipped from Meta's grasp.

Plus, Meta's true share of this market is almost certainly below 54%.  In the real world, competition is a matter of degree.  But market definition is binary, forcing courts to artificially place products entirely in or out of the market.  See Areeda & Hovenkamp, ¶ 801, at 429–30.  As a result, every product market — and so every market share — is mismeasured, and courts must make realistic adjustments for the weak substitutes that barely squeaked into the market or the competitive ones lying just outside.  See id. at 427, 429–30; Kodak, 504 U.S. at 466–67 ("Legal presumptions that rest on formalistic distinctions rather than actual market realities are generally disfavored in antitrust law.").  Here, even if YouTube should be excluded from the market, it remains a behemoth that offers some alternative to Meta's apps.  A market share calculated by entirely excluding it thus overestimates Meta's power.

The Court ultimately finds that YouTube and TikTok belong in the product market, and they prevent Meta from holding a monopoly.  Even if YouTube is out, including TikTok alone defeats the FTC's case.

### III.    Conclusion

Like Heraclitus's river, the rapids of social media rush along so fast that the Court has never even stepped into the same case twice.  It considered motions to dismiss in 2021 and 2022, motions for summary judgment in 2024, and a full merits trial this year.  Each time it examined Meta's apps, they had changed.  The competitors had, too.  The Court's two Opinions on motions to dismiss did not even mention the word "TikTok."  Today, that app holds center stage as Meta's fiercest rival.

With apps surging and receding, chasing one craze and moving on from others, and adding new features with each passing year, the FTC has understandably struggled to fix the boundaries of Meta's product market.  Even so, it continues to insist that Meta competes with the same old rivals it has for the last decade, that the company holds a monopoly among that small set, and that it maintained that monopoly through anticompetitive acquisitions.  Whether or not Meta enjoyed monopoly power in the past, though, the agency must show that it continues to hold such power now.  The Court's verdict today determines that the FTC has not done so.  A judgment so stating shall issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  December 2, 2025